UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-61515-CIV-COOKE
MAGISTRATE JUDGE BANDSTRA

ASPEX EYEWEAR, INC. AND
CONTOUR OPTIK, INC.

  Plaintiffs,

vs.

HARDY LIFE, LLC., MARCHON
EYEWEAR, INC., NIKE, INC.,
REVOLUTION EYEWEAR, INC.,
AND GARY MARTIN ZELMAN,
AN INDIVIDUAL,

  Defendants.
_____/

**ANSWER, DEFENSES AND COUNTERCLAIMS OF DEFENDANTS REVOLUTION EYEWEAR, INC. AND GARY MARTIN ZELMAN TO PLAINTIFFS' COMPLAINT**

Defendants, Revolution Eyewear, Inc. ("Revolution) and Gary Martin Zelman (sometimes collectively "Defendants"), hereby answer Plaintiffs' Complaint as follows:

### I. ANSWER

### JURISDICTION AND VENUE

1. Defendants admit that the Complaint purports to initiate a civil action for patent infringement. Except as expressly admitted herein, Defendants deny the remaining allegations contained in paragraph 1 of the Complaint.

2. Defendants admit that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a). Except as expressly admitted herein, Defendants deny the remaining allegations contained in paragraph 2 of the Complaint.

3. Defendants deny that they have committed acts of infringement which would serve as the basis for personal jurisdiction in this Court. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 3 of the Complaint, and therefore deny such allegations.

4. Defendants admit that Plaintiffs assert that venue is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) and/or § 1400. Defendants deny that they have engaged in the alleged acts of infringement within this Judicial District. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 4 of the Complaint, and therefore deny such allegation.

## PARTIES

5. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 5 of the Complaint, and therefore deny such allegations.

6. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 6 of the Complaint, and therefore deny such allegations.

7. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 7 of the Complaint, and therefore deny such allegations.

8. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 8 of the Complaint, and therefore deny such allegations.

9. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9 of the Complaint, and therefore deny such allegations.

10. Defendants admit the allegations of paragraph 10 of the Complaint.

11. Defendants admit that Gary Martin Zelman is an individual, president and sole owner of Revolution, and resides at 2756 Capella Way, Thousand Oaks, California 91362. Except as expressly admitted herein, Defendants deny the remaining allegations contained in paragraph 11 of the Complaint.

## INFRINGEMENT OF THE '545 PATENT

12. Defendants admit that, on its face, the document attached as Exhibit A to the Complaint indicates that United States Patent No. US RE37,545 (the "'545 patent"): was issued on February 12, 2002 by the USPTO; is entitled "Auxiliary Lenses for Eyeglasses"; is a reissue of U.S. Patent No. 5,568,207 "Issued: October 22, 1996"; and lists the inventor as Richard Chao. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 12 of the Complaint, and therefore deny such allegations.

13. Defendants admit that, on its face, the document attached as Exhibit A to the Complaint includes a purported Reexamination Certificate numbered US RE37,545 F1, with an issue date of March 3, 2009. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 13 of the Complaint, and therefore deny such allegations.

14. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14 of the Complaint, and therefore deny such allegations.

## COUNT I:  DIRECT INFRINGEMENT OF THE '545 PATENT BY MARCHON

15. In response to paragraph 15 of the Complaint, Defendants incorporate by reference their responses to paragraphs 1 through 14 of the Complaint.

16. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 16 of the Complaint, and therefore deny such allegations.

17. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 17 of the Complaint, and therefore deny such allegations.

18. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 18 of the Complaint, and therefore deny such allegations.

19. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19 of the Complaint, and therefore deny such allegations.

## COUNT II:  DIRECT INFRINGEMENT OF THE '545 PATENT BY REVOLUTION

20. In response to paragraph 20 of the Complaint, Defendants incorporate by reference their responses to paragraphs 1 through 14 of the Complaint.

21. Defendants deny the allegations of paragraph 21 of the Complaint.

22. Defendants deny that the articles referred to in paragraph 22 are infringing or require authorization by Aspex or Contour. Defendants admit that the articles referred to in paragraph 22 were not manufactured or authorized by Aspex or Contour and that Revolution has not been granted rights under the '545 patent. Except as expressly admitted herein, Defendants deny the remaining allegations contained in paragraph 22 of the Complaint.

23. Defendants deny the allegations of paragraph 23 of the Complaint.

24. Defendants deny the allegations of paragraph 24 of the Complaint.

**COUNT III: INDUCEMENT OF INFRINGEMENT OF THE '545 PATENT BY HARDY**

25. In response to paragraph 25 of the Complaint, Defendants incorporate by reference their responses to paragraphs 1 through 14 and 20 through 24 of the Complaint.

26. Defendants deny the allegations of paragraph 26 of the Complaint.

27. Defendants deny that the articles referred to in paragraph 27 are infringing or require authorization by Aspex or Contour. Defendants admit that the articles referred to in paragraph 27 were not manufactured or authorized by Aspex or Contour. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 27 of the Complaint, and therefore deny such allegations.

28. Defendants deny that Revolution infringes the '545 patent and therefore deny that Hardy has induced infringement by Revolution. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 28 of the Complaint, and therefore deny such allegations.

29. Defendants deny the allegations of paragraph 29 of the Complaint.

**COUNT IV: INDUCEMENT OF INFRINGEMENT OF THE '545 PATENT BY NIKE**

30. In response to paragraph 30 of the Complaint, Defendants incorporate by reference their responses to paragraphs 1 through 19 of the Complaint.

31. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 31 of the Complaint, and therefore deny such allegations.

32. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 32 of the Complaint, and therefore deny such allegations.

33. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 33 of the Complaint, and therefore deny such allegations.

34. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 34 of the Complaint, and therefore deny such allegations.

**COUNT V: INFRINGEMENT OF THE '545 PATENT BY ZELMAN**

35. In response to paragraph 35 of the Complaint, Defendants incorporate by reference their responses to paragraphs 1 through 34 of the Complaint.

36. Insofar as Defendants understand the allegations of paragraph 36 of the Complaint, Defendants admit that Zelman, as president and owner of Revolution: makes certain major decisions on behalf of Revolution; makes certain decisions regarding what products Revolution sells and when Revolution takes products off the market; negotiates or participates in the negotiation of and signs certain agreements on behalf of Revolution, including certain license

agreements; and designs or participates in the design of certain of Revolution's products, including certain magnetic clip-on eyewear.  Except as expressly admitted herein, Defendants deny the remaining allegations of paragraph 36 of the Complaint as stated.

37. Defendants deny the allegations of paragraph 37 of the Complaint.

38. Defendants deny the allegations of paragraph 38 of the Complaint.

39. Defendants deny the allegations of paragraph 39 of the Complaint.

40. Defendants deny that the articles referred to in paragraph 38 are infringing or require authorization by Aspex or Contour.  Defendants admit that the articles referred to in paragraph 38 were not manufactured or authorized by Aspex or Contour and that Zelman has not been granted rights under the '545 patent.  Zelman denies that he has actively induced infringement of the '545 patent.  Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 40 of the Complaint, and therefore deny such allegations.

41. Defendants deny the allegations of paragraph 41 of the Complaint.

42. Defendants deny the allegations of paragraph 42 of the Complaint.

43. Defendants deny the allegations of paragraph 43 of the Complaint.

44. Defendants deny the allegations of paragraph 44 of the Complaint.

Defendants deny all allegations of the Complaint that are not expressly admitted above.  Defendants deny that Plaintiffs are entitled to the relief they seek or any relief based on the allegations of the Complaint.

## II.  DEFENSES

For their defenses to the Complaint, Defendants allege as follows:

### FIRST DEFENSE – NON-INFRINGEMENT

1. Defendants have not infringed and do not infringe the '545 patent as alleged in the Complaint, directly, contributorily, by inducement or in any other manner and are not liable for any infringement.

### SECOND DEFENSE – INVALIDITY

2. The '545 patent is invalid and/or unenforceable for failure to satisfy one or more of the conditions for patentability specified in U.S.C. Title 35, or the rules, regulations and law related thereto, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112. Among other things, the asserted claims are anticipated by and/or obvious in light of the following prior art references, alone or in combination: Sadanaga JP 5-40493, Nishioka US 5,642,177, Huang US 5,461,432, Lhospice US 4,685,782, and Sadler US 5,416,537.

### THIRD DEFENSE – RES JUDICATA/COLLATERAL ESTOPPEL

3. Plaintiffs' claims against Defendants are barred, in whole or in part, under the doctrines of collateral estoppel and/or res judicata, based on the rulings and judgment in *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, Central District of California Case No. CV 02-1087.

### FOURTH DEFENSE – ESTOPPEL

4. Plaintiffs' claims against Defendants are barred, in whole or in part, under the doctrine of estoppel, including prosecution history estoppel based on amendments and or statements made during prosecution, and equitable estoppel based on Plaintiffs' failure to assert the claims of the '545 patent asserted herein years earlier and Counterclaimants detrimental reliance thereon.

**FIFTH DEFENSE – LACHES**

5.     Plaintiffs are barred, in whole or in part, from obtaining the relief they seek under the doctrine of laches because they unreasonably and inexcusably delayed in filing suit on the asserted claims of the '545 patent to the prejudice of Counterclaimants.

**SIXTH DEFENSE – INTERVENING RIGHTS**

6.     Plaintiffs are barred, in whole or in part, from obtaining the relief they seek under the doctrines of absolute and equitable intervening rights pursuant to 35 U.S.C. § 252 based on broadened claims in the '545 reissue patent, issued February 12, 2002, and/or 35 U.S.C. § 307 based on changes to the asserted claims during reexamination, effective March 3, 2009.

**SEVENTH DEFENSE – COSTS BARRED**

7.     Pursuant to 35 U.S.C. § 288, Plaintiffs are barred from recovering any costs because they did not enter a disclaimer of invalid claims of the '545 patent with the PTO before the commencement of this action.

## III. COUNTERCLAIMS

For their Counterclaims against Plaintiffs, Defendants and Counterclaimants Revolution and Zelman allege as follows:

1.     Defendants counterclaim against Plaintiffs pursuant to the patent laws of the United States, Title 35 of the United States Code, and laws authorizing actions for declaratory judgments in the courts of the United States, 28, U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure 13.

**THE PARTIES**

2.     Revolution is a California corporation with its principal place of business at 997 Flower Glen Street, Simi Valley, California 93065.  Gary Martin Zelman is an individual

residing in California. Revolution and Zelman are referred to in this counterclaim as "Counterclaimants".

3. Plaintiff Aspex is a Delaware corporation with its principal place of business at 2755 S.W. 32nd Avenue, Pembroke Park, Florida 33023.

4. Plaintiff Contour is a Taiwan corporation whose post office address is 6 Industrial Fifth Road, Tou Chiau Industrial Park, Chiayl 621, Taiwan.

5. Aspex and Contour claim to be the joint owners by assignment of the '545 patent.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a) and 2202.

7. This Court has personal jurisdiction over the Plaintiffs as a result of Plaintiffs' filing of the Complaint in this Court, among other reasons.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400 as a result of Plaintiffs' filing of the Complaint in this Court, among other reasons.

## FIRST COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT

9. Counterclaimants restate and incorporate by reference each of the allegations of paragraphs 1 through 8 of this Counterclaim.

10. Plaintiffs in this action allege in their Complaint that Counterclaimants infringe the '545 patent. Counterclaimants deny that they have infringed the '545 patent as alleged in the Complaint and deny that they are liable for any infringement as alleged in the Complaint. As such, an actual controversy exists between Counterclaimants and Plaintiffs as to whether Counterclaimants have infringed Plaintiffs' alleged rights under the '545 patent and/or whether Counterclaimants are liable for any such infringement.

11. Counterclaimants therefore seek and are entitled to a judgment against Plaintiffs that Counterclaimants have not infringed the '545 patent as alleged in the Complaint and are not liable for any such infringement.

## SECOND COUNTERCLAIM – DECLARATION OF INVALIDITY

12. Counterclaimants restate and incorporate by reference each of the allegations of paragraphs 1 through 8 of this Counterclaim.

13. Plaintiffs in this action allege in their Complaint that Counterclaimants infringe the '545 patent. Counterclaimants contend that one or more claims of the '545 patent, including the claims identified in the Complaint, are invalid and/or unenforceable for failure to satisfy the conditions for patentability specified in U.S.C. Title 35, or the rules, regulations and law related thereto, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112. Among other things, the asserted claims are anticipated by and/or obvious in light of the following prior art references, alone or in combination: Sadanaga JP 5-40493, Nishioka US 5,642,177, Huang US 5,461,432, Lhospice US 4,685,782, and Sadler US 5,416,537. As such, an actual controversy exists between Counterclaimants and Plaintiffs as to the validity and/or enforceability of one or more claims of the '545 patent.

14. Counterclaimants therefore seek and are entitled to a judgment against Plaintiffs that one of more claims of the '545 patent are invalid and/or unenforceable.

## PRAYER FOR RELIEF

Counterclaimants pray for judgment on Plaintiffs' Complaint and on the Counterclaims as follows:

a. for a judgment against Plaintiffs and in favor of Defendants on the claims set forth in the Complaint and that such claims be dismissed with prejudice;

b.      for a finding and declaration that the '545 patent was not infringed by Counterclaimants as alleged in the Complaint and that Counterclaimants are not liable for any such infringement;

c.      for a finding and declaration that the asserted claims of the '545 patent are invalid and/or unenforceable;

d.      for a finding that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Defendants their attorneys' fees and litigation expenses;

e.      for such other and further relief as the Court deems appropriate.

## IV.  DEMAND FOR JURY TRIAL

Defendants and Counterclaimants demand trial by jury on all issues so triable.

Respectfully submitted,

s/Janet T. Munn
Janet T. Munn
jmunn@feldmangale.com
Florida Bar. No. 501281
FELDMAN GALE, P.A.
One Biscayne Tower, 30th Floor
2 South Biscayne Blvd.
Miami, Florida 33131
Telephone: 305.397.0798
Telecopy: 305.358.3309

and

CASE NO. 09-61515-CIV-COOKE/BANDSTRA

s/Steven M. Hanle
Steven M. Hanle, Admitted Pro Hac Vice
shanle@sheppardmullin.com
Jennifer A. Trusso, Admitted Pro Hac Vice
jtrusso@sheppardmullin.com
Aaron Fennimore, Admitted Pro Hac Vice
afennimore@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California  92626-1993
Telephone:     714-513-5100
Facsimile:     714-513-5130

*Attorneys for Defendants Revolution Eyewear, Inc. and Gary Martin Zelman*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 5, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/EFC system.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified on the Notice of Electronic Filing generated by CM/ECF .

By:   s/Janet T. Munn
           Janet T. Munn

CASE NO. 09-61515-CIV-COOKE/BANDSTRA

## SERVICE LIST

Jacqueline Becerra, Esq.
Email: becerraj@gtlaw.com
Ericka Yolanda Turk, Esq.
Emal: turkmooree@gtlaw.com
Greenberg Traurig
1221 Brickell Avenue
Miami, FL 33131
Telephone:  305-579-0534
Telefax:     305-579-0717

*Attorney for Plaintiffs Aspex Eyewear, Inc. and Contour Optix, Inc.*

Michael Nicodema, Esq.
nicodemam@gtlaw.com
MetLife Building
Greenberg Traurig
200 Park Avenue
New York, NY 10166-1400
Telephone:  (212) 801-9200
Telefax:  (212) 801-6400

*Attorney for Plaintiffs Aspex Eyewear, Inc. and Contour Optix, Inc.*

W. Barry Blum, Esq.
Emal: bblum@gjb-law.com
Martin J. Keane, Esq.
Emal: mkeane@gjb-law.com
Genovese Joblove & Battista, P.A.
100 S.E. 2nd Street, Suite 4400
Miami, FL  33131
305.349.2300 - Telephone
305.349.2310 - Facsimile
*Attorney for Defendants Marchon Eyewear, Inc. and Nike, Inc.*

14