UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  09-61515-CIV-COOKE/BANDSTRA

ORDER OF REFERENCE SEPTEMBER 25, 2009

ASPEX EYEWEAR, INC. AND
CONTOUR OPTIK, INC.

    Plaintiffs,

vs.

HARDY LIFE, LLC., MARCHON
EYEWEAR, INC., NIKE, INC.,
REVOLUTION EYEWEAR, INC.,
AND GARY MARTIN ZELMAN,
AN INDIVIDUAL,

    Defendants.
_____/

**MOTION OF DEFENDANT HARDY WAY, LLC (FORMERLY KNOWN
AS HARDY LIFE, LLC) TO DISMISS THE COMPLAINT PURSUANT
TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

**I.    INTRODUCTION**

Defendant Hardy Way, LLC (formerly known as Hardly Life, LLC) ("Hardy"), moves to dismiss the Complaint herein as against Hardy pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8(a)(2), for failure to adequately state a claim upon which relief can be granted. The only claim against Hardy is for inducement of patent infringement.  (Complaint, Count III.) The complaint's bare allegation that Hardy "aided and abetted Revolution's direct infringement" is deficient under the authority of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007) ("*Twombly*") and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) ("*Iqbal*").

CASE NO. 09-61515-CIV-COOKE/BANDSTRA

Inducement of patent infringement requires culpable conduct, directed to encouraging another's infringement, as well as knowledge of the direct infringer's activities. *DSU Medical Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (*en banc*). Under *Twombly* and *Iqbal*, a complaint must plead sufficient factual matter to allow a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949; *Twombly*, 550 U.S. at 556. Here, the Complaint pleads no factual matter regarding culpable conduct by Hardy or Hardy's alleged knowledge of infringement, and certainly no factual matter that allows a reasonable inference of culpable conduct directed to encouraging infringement. The Complaint is deficient and should be dismissed.

## II. THE COMPLAINT

The Complaint's only allegations concerning conduct or knowledge by Hardy are as follows:

> 26. Upon information and belief, Hardy, well knowing of the '545 Patent, has actively and knowingly aided and abetted Revolution's direct infringement of claims 23 and 35 of the '545 Patent, both literally and under the doctrine of equivalents, by reason of Revolution's unauthorized making, using, selling and/or offering for sale in this judicial district and elsewhere, magnetic clip-on eyewear under the Hardy brand, each of which incorporate an auxiliary spectacle frame having arms for securing magnetic members satisfying each and every element of claims 23 and 35.
>                * * *
> 28. Upon information and belief, Hardy has notice of infringement under 35 U.S.C. § 287. Upon information and belief, Hardy's infringement of the '545 Patent has been willful and deliberate under 35 U.S.C. § 284.

As addressed below, these allegations are conclusory, not factual, and are not entitled to be assumed true. See *Iqbal*, 129 S.Ct. at 1250; *Twombly*, 550 U.S. at 555.

### III.    THE SUPREME COURT'S REINVIGORATED PLEADING STANDARDS

At least as early as 2005, the Supreme Court expressed concerns that, without a robust enforcement of Rule 8's requirement that a complaint include facts "showing that the pleader is entitled to relief," a plaintiff can too easily assert a baseless claim.  *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005).  In *Twombly* in 2007, the Court again noted the need for a workable mechanism to weed out baseless claims early in the lawsuit "lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an in terrorem increment of the settlement value."  550 U.S. at 558.  The *Twombly* Court relied on this policy goal to hold that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  *Id*. at 555.  Consequently, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*.

Citing Rule 8(a)(2)'s requirement of "showing that the pleader is entitled to relief," the Court explained in *Twombly* that

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id*. at 555 n.3.  Thus, to "show" an entitlement to relief, a pleading must allege enough facts, which if taken as true, give a district court "plausible grounds" to reasonably infer that the law will allow the plaintiff to recover.  The Court explained:

> Asking for plausible grounds to infer an agreement [a requisite element for the asserted antitrust claim] does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that a recovery is very remote and unlikely."

*Id*. at 556-57.

Earlier this year in *Iqbal*, the Supreme Court again addressed Rule 8's standards, and the "plausible grounds" requirement of *Twombly*.  *Iqbal*, 129 S. Ct. 1937.  Dispelling contentions that *Twombly* announced a special pleading rule limited to antitrust actions, the Supreme Court instructed that *Twombly's* pleading standard applies to all causes of actions because it is based on the Court's "interpretation and application of Rule 8," and Rule 8 "governs the pleading standard 'in all civil actions and proceedings in the United States district courts.'"  *Id*. at 1953.  Accordingly, *Twombly's* plausibility standard applies to patent-related actions, such as this one, brought in federal court.

Providing further explanation of its "plausible grounds" standard, the Court explained that merely pleading conclusory allegations that the defendant committed an identified legal wrong without pleading facts showing a plausible basis to infer that the defendant did indeed commit the identified wrong does not suffice under Rule 8.  In other words, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not meet a plaintiff's pleading burden.  *Iqbal*, 129 S. Ct. at 1949.  The Court expressly instructed that "Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  *Id*. at

1950. Accordingly, a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949.

In October 2009, the Federal Circuit applied the standards of *Twombly* and *Iqbal* in addressing the sufficiency of allegations of design patent infringement. *Colida v. Nokia Inc.*, No. 2009-1326, 2009 WL 3172724, *1-2 (Fed. Cir. Oct. 6, 2009) (nonprecedential). The Federal Circuit affirmed a district court's dismissal of the claim after finding that the claim as pled was "facially implausible" and that the patentee failed to plead facts alleging where the claimed ornamental design appears in the accused product. The Federal Circuit stated:

> [A]s the Supreme Court recently clarified, the complaint must have sufficient "facial plausibility" to "allow[] the court to draw the reasonable inference that the defendant is liable." The plaintiff's factual allegations must "raise a right to relief above the speculative level" and cross "the line from conceivable to plausible."

Id. at *1. The Federal Circuit explained that the facts alleged in the complaint did not permit the district court to "reasonably infer" that the accused infringer infringed the design patent. *Id*. at *2. The court faulted the patentee for not alleging in its complaint where, in the accused products, the claimed ornamental design could be found. *Id*. The court further noted that the patentee's amended complaint had "state[d] nothing about how the accused [product] ... bears this [claimed] design or anything remotely similar to it." *Id*.; see also *Quito Enterprises, LLC v. Netflix, Inc.*, No. 08-23543, slip op. (S.D. Fla. Aug. 4, 2009) (Jordan, J.) (unpublished order dismissing patent infringement complaint based on *Twombly*; copy attached as Exhibit A); *Financial Sec. Assur., Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007).

The Supreme Court and the Federal Circuit have left no doubt that courts should seriously apply the reinvigorated pleading standards of *Twombly* and *Iqbal* to complaints for patent infringement. In summary, *Iqbal* and *Twombly* require that a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. These alleged facts must "raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

## IV.  THE COMPLAINT IS DEFICIENT

Applying these standards to this case, the Complaint plainly fails to meet them. As mentioned above, inducement of patent infringement requires culpable conduct, directed to encouraging another's infringement, as well as knowledge of the direct infringer's activities. *DSU Medical*, 471 F.3d at 1306, citing *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 162 L. Ed. 2d 781, 125 S. Ct. 2764, 2780 (2005). This standard requires actual, not constructive, knowledge of the patent and specific intent to encourage another's infringement of the patent. *DSU Medical*, 471 F.3d at 1304. The mere knowledge of possible infringement will not suffice. *Id.* at 1305-06; see also *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009).

The Complaint's allegation <u>upon information and belief</u> that "Hardy, well knowing of the '545 Patent, has actively and knowingly aided and abetted Revolution's direct infringement of claims 23 and 35 of the '545 Patent," does no more than state the <u>conclusions</u> of knowledge and unspecified culpable conduct, without a single fact to support these conclusions:

> [T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

*Iqbal*, 129 S.Ct. at 1949-50 (citations omitted), quoting *Twombly*, 550 U.S. at 555. The Complaint's allegation that "Upon information and belief, Hardy has notice of infringement under 35 U.S.C. § 287," fares no better. Section 287 is the statute related to marking a patented product with the patent number, and does not provide a basis for a court to reasonably infer either <u>actual</u> knowledge of the '545 patent or specific intent to encourage infringement.

These standards are consistent with the Federal Circuit's requirement that plaintiffs in patent infringement cases are required to perform an investigation <u>before filing their complaint</u> and must have a basis "well grounded in fact" for bringing the suit:

> [Rule 11] requires that the inquiry [into infringement] be undertaken *before* the suit is filed, not after. Defendants have no choice when served with a complaint if they wish to avoid a default. They must undertake a defense, and that necessarily involves costs. Rule 11 prohibits imposing those costs upon a defendant absent a basis, well-grounded in fact, for bringing the suit.

*Judin v. United States*, 110 F.3d 780, 784 (Fed. Cir. 1997) (emphasis in original); *View Engineering, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000). Presumably, if Plaintiffs had performed such an investigation before filing their Complaint, they would have included supporting factual allegations if they had any.

**V.     CONCLUSION**

Because the Complaint against Hardy fails to meet the pleading standards under *Twombly* and *Iqbal*, Hardy's motion should be granted and the Complaint should be dismissed. If Plaintiffs attempt to replead, they must be held to the standards addressed above to perform an adequate investigation and to plead <u>facts</u> which support their unsupported <u>conclusions</u> against Hardy. A proposed order granting this motion is attached hereto as Exhibit B.

CASE NO. 09-61515-CIV-COOKE/BANDSTRA

Respectfully submitted,

s/Janet T. Munn
Janet T. Munn
jmunn@feldmangale.com
Florida Bar. No. 501281
FELDMAN GALE, P.A.
One Biscayne Tower, 30th Floor
2 South Biscayne Blvd.
Miami, Florida 33131
Telephone: 305.397.0798
Telecopy: 305.358.3309

And


s/ Steven M. Hanle
Steven M. Hanle, Admitted Pro Hac Vice
shanle@sheppardmullin.com
Jennifer A. Trusso, Admitted Pro Hac Vice
jtrusso@sheppardmullin.com
Aaron Fennimore, Admitted Pro Hac Vice
afennimore@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California  92626-1993
Telephone:     714-513-5100
Facsimile:      714-513-5130

*Attorneys for Defendant Hardy Way, LLC*


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of November 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/EFC.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List in the manner specified on the Notice of Electronic Filing generated by EM/ECF.

By:       s/Janet T. Munn
Janet T. Munn

CASE NO. 09-61515-CIV-COOKE/BANDSTRA

**SERVICE LIST**

Jacqueline Becerra, Esq.
Email: becerraj@gtlaw.com
Ericka Yolanda Turk, Esq.
Email: turkmooree@gtlaw.com
Greenberg Traurig
1221 Brickell Avenue
Miami, FL 33131
Telephone: 305-579-0534
Telefax:     305-579-0717

*Attorney for Plaintiffs Aspex Eyewear, Inc. and Contour Optix, Inc. Inc.*

W. Barry Blum, Esq.
Email: bblum@gjb-law.com
Martin J. Keane, Esq.
Email: mkeane@gjb-law.com
Genovese Joblove & Battista, P.A.
100 S.E. 2nd Street, Suite 4400
Miami, FL  33131
Telephone: 305.349.2300
Facsimile: 305.349.2310
*Attorney for Defendants Marchon Eyewear, Inc. and Nike, Inc.*

Michael Nicodema, Esq.
Email: nicodemam@gtlaw.com
MetLife Building
Greenberg Traurig
200 Park Avenue
New York, NY 10166-1400
Telephone:  (212) 801-9200
Telefax:  (212) 801-6400

*Attorney for Plaintiffs Aspex Eyewear, Inc. and Contour Optix, Inc.*

Edgar H. Haug, Esq.
ehaug@flhlaw.com
Brian S. Gonclaves, Esq.
BGoncalves@flhlaw.com
David Herman, Esq.
dherman@flhlaw.com
Frommer, Lawrence & Haug LLP
745 Fifth Avenue
New York, NY  10151
Telephone: 212-588-0888
Facsimile:  212-588-0500
*Attorney for Defendants Marchon Eyewear, Inc. and Nike, Inc.*