UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 09-61515-CIV-COOKE/BANDSTRA

ASPEX EYEWEAR, INC. and
CONTOUR OPTIK, INC.

       Plaintiffs,
vs.

HARDY LIFE, LLC, MARCHON
EYEWEAR, INC., NIKE, INC.,
REVOLUTION EYEWEAR, INC.,
and GARY MARTIN ZELMAN,

       Defendants.
_____/

**DEFENDANT MARCHON EYEWEAR, INC. MOTION TO DISMISS
COMPLAINT PURSUANT TO FED R. CIV. P. 12(b)(6) AND
<u>SUPPORTING MEMORANDUM OF LAW</u>**

<u>I.  INTRODUCTION</u>

Defendant Marchon Eyewear, Inc. ("Marchon") hereby moves to dismiss the Complaint as against it filed by Plaintiffs Aspex Eyewear, Inc. and Contour Optik, Inc. (collectively referred to herein as "Aspex") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In view of the circumstances of this case and the previous litigation between the parties in *Aspex Eyewear, Inc. et al. v. Marchon Eyewear, Inc.*, Case No. 06-08000 (C.D. Ca.) ("the First Aspex Action")[1], Aspex is legally barred from filing a second patent infringement complaint against Marchon.  In the First Aspex Action, Aspex sued Marchon for infringement of the same patent as

---

[1] *See* Marchon and defendant Nike's separately filed motion requesting that the court take judicial notice of *Aspex Eyewear, Inc. et al. v. Marchon Eyewear, Inc.,* Case No. 06-08000 (C.D. Cal.) which was finally adjudicated, so that the First Aspex Action can be considered for the purpose of this motion to dismiss, without converting the motion to dismiss into a summary judgment motion.

to the same products incorporating magnetically bottom-mounted auxiliary spectacle frames sold by Marchon, then and now.  Aspex and Marchon agreed to a settlement, and as a result, the First Aspex Action was dismissed with prejudice.  As such, Aspex is now legally barred under the doctrine of res judicata/claim preclusion from asserting infringement of the same patent in this action.  Therefore the Complaint in this action as against Marchon should also be dismissed with prejudice.

## II. BACKGROUND

1.      The Parties

Plaintiff Aspex is a Delaware corporation based in Florida, which conducts business principally as a wholesale distributor of eyewear products in the United States, including magnetically attached auxiliary eyeglass frames.  Aspex allegedly owns an interest in the patent-in-suit with the other plaintiff, Contour, a business entity located in Taiwan.

Defendant Marchon is one of the leading eyewear distributors in the United States and worldwide.  Defendant Nike is one of the leading sportswear and equipment suppliers in the United States.  Marchon distributes branded eyewear under its own name as well as under several designer labels such as Nike.  Marchon is licensed by Nike to sell products using the Nike name and trademarks.  Marchon is also licensed by co-defendant Revolution Eyewear, Inc. ("Revolution") under its patents for magnetically bottom-mounted auxiliary and primary frames and currently sells several different models relating to magnetically bottom-mounted designs.

2.      Factual and Procedural Background

This case involves a claim for infringement of U.S. Patent No. RE 37,545 (the "'545 Patent") [D.E. 1, ¶16].  The '545 Patent describes and claims primary eyeglass frames and auxiliary eyeglass frames, which are essentially sunglass frames that are designed to be

supported and positioned over regular prescription eyeglass frames, otherwise referred to as the primary eyeglass frames. In recent years, scores of patents have issued to multiple patent owners relating to different methods and devices used for magnetically attaching auxiliary frames to primary frames. Each of these patents are very narrowly directed to different variations for magnetically attaching an auxiliary frame to a primary frame. In particular, the '545 Patent is directed to an auxiliary frame supported on or over the top of a primary frame through magnetic engagement by way of magnets or magnetic projections attached to the primary frame, while the auxiliary frame has a set of second magnetic members secured to the arms of the auxiliary frame. *See* '545 Patent attached as Exhibit A to the Aspex Complaint. Aspex now asserts claims 23 and 35 of the '545 Patent, which cover only a magnetically top-mounted auxiliary frame. Id.[2] See the figure below (showing Figs. 3 and 4 of the '545 Patent):



Primary Frame

Auxiliary Frame

---

[2] The '545 patent was reexamined during an infringement action against another party following the dismissal with prejudice of the First Aspex Action. On March 3, 2009, a reexamination certificate for the '545 patent was issued wherein Aspex narrowed claim 23. *See* '545 Patent attached as Exhibit A to the Aspex Complaint. Aspex added new dependent claim 35, which specified only a non-material limitation related to the type of magnetic members in the auxiliary frame. *Id.*

The First Aspex Action was filed in the Central District of California on December 15, 2006. In that action, Aspex asserted only claim 22 of the '545 Patent, which covered only a primary frame capable of magnetic attachment. Aspex alleged that certain bottom-mount primary frames sold by Marchon, under a license with Revolution, infringed that claim. *Aspex Eyewear, Inc. et al. v. Marchon Eyewear, Inc.,* Case No. 06-08000 (C.D. Ca.). Aspex did not allege infringement with regard to any other claims of the '545 patent or as to any of the bottom-mount auxiliary frames sold by Marchon. *See* ¶¶ 22 and 23 of the Second Amended Complaint in the First Aspex Action, attached to this motion as Exhibit 1.

The parties reached a settlement and, as a result, Aspex stipulated to dismissal of the First Aspex Action with prejudice. *See* February 8, 2008 Order Dismissing Claims and Counterclaims with Prejudice in the First Aspex Action ("Order Dismissing Claims and Counterclaims with Prejudice") attached to this motion as Exhibit 2. In this regard, Aspex did not assert any of the '545 patent claims against any of the then existing Marchon bottom-mounted auxiliary frames. Aspex has also made no allegation in the Complaint in this case that the design of the Marchon bottom-mounted auxiliary frames currently sold by Marchon has been changed in any material way since the First Aspex Action.

Plaintiffs filed the present action on September 23, 2009, and now apparently allege that these same bottom-mounted auxiliary frames sold by Marchon infringe claims 23 and 35 of the '545 Patent. However, in view of the above circumstances, Aspex is estopped under the doctrine of *res judicata*/claim preclusion from again asserting the '545 patent against Marchon.

### III.  ARGUMENT

The Court should dismiss, with prejudice, the Aspex Complaint as against Marchon pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because Plaintiffs are estopped

from bringing claims conclusively resolved in the First Aspex Action under the doctrines of *res judicata/*claim preclusion.

### 1. Legal Standard

Rule 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For purposes of a motion to dismiss, under Rule 12(b)(6), it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Ala.*, 30 F. 3d 117, 120 (11th Cir. 1994) (citation omitted).

Under the doctrine of "claim splitting," a party cannot avoid the effects of *res judicata* by splitting a cause of action into separate grounds of recovery and then raising the separate grounds in successive lawsuits. *See Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 619 (Fed. Cir. 1995). Further, courts have found that the defenses of *res judicata* or claim-splitting can be properly brought in a Rule 12(b)(6) motion. *Hemphill v. Kimberly-Clark Corp.*, 530 F. Supp. 2d 108, 111 (D.D.C. 2008), *aff'd*, 2008 U.S. App. LEXIS 21433 (Fed. Cir. 2008).

The goal of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the claim asserted in a complaint. *See* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990). Further, dismissal of the Complaint is appropriate where, as here, the claim is legally barred, and no construction of the factual allegations will support Plaintiffs' causes of action. *See Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F. 2d 1171, 1174 (11th Cir. 1993).

### 2. Aspex' Claim For Infringement Is Legally Barred and Should Be Dismissed Pursuant to Rule 12(b)(6)

**A.** *Aspex is barred from suing Marchon again based on clear res judicata/claim preclusion principles*

In view of the First Aspex Action, which was dismissed with prejudice, Plaintiffs are legally barred under the doctrine of *res judicata*/claim preclusion from again suing Marchon for infringement of the '545 patent.

The doctrine of *res judicata*, or claim preclusion, bars the filing of claims which were raised or could have been raised in an earlier proceeding. *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990). The purpose behind the doctrine of *res judicata* is that the full and fair opportunity to litigate protects a party's adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions. Accordingly, *res judicata* bars the filing of claims which were raised or could have been raised in an earlier proceeding. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (citations omitted).

Under Eleventh Circuit precedent, "a claim will be barred by prior litigation if the four following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Id.*

*Res judicata* clearly bars the present action against Marchon. In the First Aspex Action, the stipulated dismissal with prejudice serves as a final judgment on the merits, thereby barring a later suit on the same patent. The Eleventh Circuit has, in fact, held that it "is clear that a stipulation of dismissal with prejudice . . . at any stage of a judicial proceeding, normally constitutes a final judgment on the merits which bars a later suit on the same cause of action." *Citibank,* 904 F.2d at 1501-1502 (citation omitted).

Second, there can be no dispute that the Order Dismissing Claims and Counterclaims with Prejudice in the First Aspex Action was entered by a court of competent jurisdiction.

Third, for purposes of claim preclusion, the parties to both actions are identical.[3]

Finally, with regard to the fourth element of *res judicata*, in "determining whether the causes of action are the same, a court must compare the substance of the actions, not their form." *Ragsdale*, 193 F.3d at 1239.

> It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same 'claim' or 'cause of action' for purposes of *res judicata*.

*Id*. at 1239 (quoting *Citibank,* 904 F. 2d at 1503). Clearly, the present action arises from the same nucleus of operative facts as the First Aspex Action. First, although the current Complaint fails to specifically identify any allegedly infringing auxiliary eyeglass frames, it makes no allegation that the design of Marchon auxiliary eyeglass frames has changed in any material way since the First Aspex Action. Nor could Aspex in good faith make such an allegation because the Marchon auxiliary frames have not changed since the First Aspex Action. In the First Aspex Action, Aspex never asserted infringement of claim 23 and dismissed with prejudice that action as to the entire '545 patent. Accordingly, Plaintiffs are now legally estopped under the doctrine of *res judicata/*claim preclusion from asserting the '545 patent in this action.

### B. Res judicata/claim preclusion principles bar Aspex from asserting different patent claims from the same '545 patent

Under the doctrine of "claim splitting," a party cannot avoid the effects of *res judicata* by splitting a cause of action into separate grounds of recovery and then raising the separate grounds in successive lawsuits. *See Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 619 (Fed. Cir. 1995). Rather, a party must bring in one action all legal theories arising out of the same transaction or series of transactions. *Id.* Courts have consistently held that a plaintiff is

---

[3] Moreover, Nike is in privity with Marchon under a license agreement with respect to the magnetically bottom-mounted frames at issue.

Case 0:09-cv-61515-MGC   Document 23   Entered on FLSD Docket 11/30/2009   Page 8 of 11

CASE NO.: 09-61515-CIV-COOKE-BANDSTRA

barred from asserting patent claims in a subsequent action against products or processes if those claims could have been asserted in the prior action. *See, e.g., Kearns v. Gen. Motors Corp.*, 94 F.3d 1553, 1555 (Fed. Cir. 1996) (barring plaintiff from bringing subsequent action where previous action on same patents was dismissed); *Hemphill*, 530 F. Supp. 2d at 111 (holding that where the "nucleus of facts [is] identical in both actions," a patent holder is precluded from bringing a second lawsuit against the same defendant based on different claims of a previously asserted patent); *Biogenex Labs., Inc. v. Ventana Med. Sys., Inc.*, 2005 U.S. Dist. LEXIS 45405 at 6-8 (N.D. Cal. 2005) (barring patent holder from splitting causes of action within a single patent where the patent holder attempted to bring separate lawsuits based on different patent claims of the same patent); *AMEX, LLC v. Mopex, Inc.*, 215 F.R.D. 87, 92 (S.D.N.Y. 2002) (holding that patentee's attempt to assert a new patent claim after the close of fact discovery was properly precluded by the Magistrate Judge and affirming the judge's decision to make the ruling dispositive, barring patentee "forever from asserting that claim against the [defendant]"); *Panoualias v. Nat'l Equip. Co.*, 269 F. 630, 632-33 (2d Cir. 1920) (commenting "even if it were suggested (as it is not) that there are claims other than Nos. 37 and 38 which may be infringed by the [device], since that device was before the trial court [in the first action], it was the duty of plaintiff then and there to put forth all of the claims that were infringed"); *Gen.Ry. Signal Co. v. Union Simplex Train Control Co.,* 23 F. Supp. 667, 671 (D. Del. 1938), *aff'd,* 106 F.2d 1018 (3d Cir. 1939) (prohibiting plaintiff from pursuing in a second infringement action patent claims that could have been brought in the first infringement action).

     Further, courts have found that the defenses of *res judicata* or claim-splitting can be properly brought in a Rule 12(b)(6) motion. In *Hemphill*, 530 F. Supp. 2d 108, the plaintiff sued the same previously-accused defendant for infringement of the same patent, but under different

patent claims, prompting the defendants to move to dismiss the complaint based on *res judicata* under Rule 12(b)(6). *Id.* at 110. The court granted the defendant's motion to dismiss, with prejudice, recognizing that *res judicata* is "properly brought in a pre-answer Rule 12(b)(6) motion when 'all relevant facts are shown by the court's own records, of which the court takes notice.'" *Id.* at 111.

In this action, Aspex is attempting to do precisely what the courts in the above cases prohibit a party from doing – splitting causes of action for infringement of the same patent in successive lawsuits. The First Aspex Action involved the same '545 patent and the same Marchon products as the present Complaint, and Aspex has not alleged anything to the contrary. Indeed, Marchon's auxiliary frames that are now apparently alleged to infringe the same '545 patent, have not changed since the First Aspex Action was filed. Aspex could have asserted the claim made here in the First Aspex Action, but did not do so, and that action was dismissed with prejudice. Thus, Aspex is precluded from bringing a second action against Marchon asserting infringement of claims that were or could have been brought in the First Aspex Action.

## IV. CONCLUSION

Based upon the foregoing, Marchon respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice under the doctrine of *res judicata/*claim preclusion.

CASE NO.: 09-61515-CIV-COOKE-BANDSTRA

Dated: November, 30 2009					Respectfully submitted,

s/ W. Barry Blum
W. Barry Blum
bblum@gjb-law.com
Florida Bar No.: 379301
GENOVESE JOBLOVE & BATTISTA, P.A.
4400 Bank of America Tower
100 Southeast Second Street
Miami, Florida  33131
Telephone:  (305) 349-2300
Facsimile:  (305) 349-2310

and

s/ Edgar H. Haug
Edgar H. Haug, Admitted Pro Hac Vice
ehaug@flhlaw.com
Brian S. Goncalves, Admitted Pro Hac Vice
bgoncalves@flhlaw.com
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, New York 10151
Telephone:  (212) 588-0800
Facsimile:  (212) 588-0500

*Attorneys for Defendants Marchon Eyewear, Inc. and Nike, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ W. Barry Blum
Attorney

CASE NO.: 09-61515-CIV-COOKE-BANDSTRA

## SERVICE LIST

**Jacqueline Becerra, Esq.**
becerraj@gtlaw.com
**Ericka Yolanda Turk, Esq.**
turkmooree@gtlaw.com
GREENBERG TRAURIG, LLP
1221 Brickell Avenue
Miami, FL 33131
Telephone:  (305) 579-0534
Facsimile:  (305) 579-0717

**Michael Nicodema, Esq.**
nicodemam@gtlaw.com
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, NY 10166-1400
Telephone:  (212) 801-9200
Facsimile:  (212) 801-6400

*Attorneys for Plaintiffs Aspex Eyewear, Inc. and Contour Optix, Inc.*

**Janet T. Munn**
jmunn@feldmangale.com
FELDMAN GALE, P.A.
One Biscayne Tower, 30th Floor
2 South Biscayne Blvd.
Miami, FL 33131
Telephone:  (305) 349-2300
Facsimile:  (305) 349-2310

**Jennifer A. Trusso** (admitted *Pro Hac Vice*)
jtrusso@sheppardmullin.com
**Steven M. Hanle** (admitted *Pro Hac Vice*)
shanle@sheppardmullin.com
**Aaron M. Fennimore** (admitted *Pro Hac Vice*)
afennimore@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
650 Town Center Drive – Fourth Floor
Costa Mesa, California  92626
Telephone: (714) 513-5100
Facsimile: (714) 513-5130

*Attorneys for Defendants Revolution Eyewear, Inc. and Gary Martin Zelman*