# Exhibit 1

**GREENBERG TRAURIG, LLP**
MICHAEL A. NICODEMA *(pro hac vice)*
NicodemaM@gtlaw.com
200 Park Avenue, 34th Floor
New York, NY 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Jon E. Hokanson (State Bar No. 118829)
Josephine A. Brosas (State Bar No. 239342)
221 N. Figueroa Street Suite 1200
Los Angeles, CA 90012
Telephone (213) 680-5050
Facsimile: (213) 250-7900

Attorneys for Plaintiffs ASPEX EYEWEAR, INC.,
and CONTOUR OPTIK, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASPEX EYEWEAR, INC., and CONTOUR OPTIK, INC., | Case No. CV 06-08000 JFW (CWx) |
| Plaintiffs, | |
| vs. | **SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |
| MARCHON EYEWEAR, INC., | |
| Defendant. | |
| | **DEMAND FOR JURY TRIAL** |

/ / /
/ / /
/ / /
/ / /
/ / /

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

4836-9333-8625.2

1          The Plaintiffs, Aspex Eyewear, Inc. ("Aspex"), and Contour Optik, Inc.

2   ("Contour"), (collectively referred to as "Plaintiffs"), by their attorneys, as and for

3   their Second Amended Complaint herein against Marchon Eyewear, Inc.,

4   ("Defendant"), allege the following:

5                     **JURISDICTION AND VENUE**

6          1.     This is a civil action for patent infringement arising under the

7   patent laws of the United States, 35 U.S.C. §§ 271, 281, and 283.

8          2.     This Court has jurisdiction over this action pursuant to 28 U.S.C.

9   § 1338 (a), as this action arises under an Act of Congress relating to patents.

10         3.     Venue is properly established in this Court pursuant to 28 U.S.C.

11  §§1391(b) and (c) and/or §1400, as, upon information and belief, Marchon has

12  engaged in acts of infringement within the jurisdiction of this Court, including this

13  Judicial District, which acts are the subject of this Complaint.

14                        **PARTIES**

15         4.     Aspex is a corporation duly organized and existing under the

16  laws of the state of Delaware having its principal place of business at: 2755 S.W.

17  32nd Avenue, Pembroke Park, Florida 33023.

18         5.     Contour is a corporation of Taiwan, whose post office address is

19  6 Industrial Fifth Road, Tou Chiau Industrial Park, Chiayl 621, Taiwan.

20         6.     Upon information and belief, Marchon is a corporation organized

21  and existing under the laws of New York, with its principal place of business at 35

22  Hub Drive, Melville, New York 11747.

23                  **FACTUAL BACKGROUND**

24         7.     On February 5, 2002 Revolution Eyewear, Inc. ("Revolution")

25  filed an action against Aspex Eyewear, Inc. et al. for infringement of U.S. Patent

26  No. 6,343,858 ("the '858 patent") in this Court (Case No. 02-1087 MMM (CWx)).

27  / / /

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

4836-9333-8625.2

1      8.      On February 12, 2002, the United States Patent and Trademark

2   Office issued United States Patent No. US RE37,545E ("the '545 patent")(a copy of

3   which is attached as Exhibit A), entitled "Auxiliary Lenses for Eyeglasses", in the

4   name of the inventor Richard Chao.  The '545 Patent is a reissue of United States

5   Patent No. 5,568,207 ("the '207 patent"), which issued on October 22, 1996 to Mr.

6   Chao.  Aspex and Contour are each co-owners of an undivided one-half interest in

7   and to the '545 patent.

8      9.      On September 10, 2002, Aspex answered the Complaint in Case

9   No. 02-1087, and counterclaimed for infringement of Plaintiffs' '545 patent by

10  Revolution's magnetic clip-on eyewear.

11     10.     By Order of August 8, 2003, the Court in Case No. 02-1087

12  granted Revolution's motion for summary judgment of non-infringement with

13  respect to asserted claims 6 and 32 of the '545 patent, but denied Revolution's

14  motion for summary judgment of non-infringement with respect to asserted claim

15  22.

16     11.     By Order of April 11, 2005 in Case No. 02-1087, Revolution's

17  claims for infringement of the '858 patent were dismissed for lack of standing.

18     12.     By Order of April 30, 2007, the Court in Case No. 02-1087,

19  granted Aspex's motion for partial summary judgment that Revolution literally

20  infringed claim 22 of the '545 patent.

21     13.     By Order of April 30, 2007, the Court in Case No. 02-1087,

22  denied Revolution's motion for summary judgment that claim 22 the '545 patent is

23  invalid.

24     14.     Claim 22 of the '545 patent is directed to a primary spectacle

25  frame only, not a primary frame/auxiliary frame combination.  As construed by the

26  Court in Case No. 02-1087, no limitation respecting an auxiliary frame appears in

27  claim 22, other than the requirement that the first magnetic members of the primary

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

3

4836-9333-8625.2

1    frame must be capable of engaging the second magnetic members of an auxiliary

2    frame when the second magnetic members are placed above the first magnetic

3    members, so that the auxiliary frame lenses are located front of the primary frame

4    lenses.

5              15.    In denying Revolution's motion for summary judgment of non-

6    infringement of claim 22, the Court in Case No. 02-1087 held that Aspex had

7    offered admissible evidence that Revolution's accused primary spectacle frames

8    were capable of satisfying the requirements of claim 22, as construed by the Court,

9    without modifying the primary spectacle frames in any way.  The Court rejected

10   Revolution's argument that Plaintiffs had to establish infringement of claim 22

11   based on the auxiliary spectacle frame actually sold by Revolution (which

12   Revolution contended could not be mounted on top of the primary frame without

13   misalignment of the primary frame and auxiliary frame lenses), reasoning that claim

14   22 is simply directed to a primary spectacle frame that is capable of magnetically

15   attracting an auxiliary spectacle frame in proper alignment when the auxiliary frame

16   is placed on top of the primary frame.

17             16.    Upon information and belief, during the pendency of Case No.

18   02-1087, Marchon and Revolution entered into a patent license agreement under

19   certain of Revolution's patents, pursuant to which Marchon was given the right to

20   manufacture, and/or sell, and/or offer for sale bottom-mounted magnetic clip-on

21   eyewear in the United States.

22             17.    Upon information and belief, soon thereafter, Marchon began

23   selling and/or offering for sale, in this judicial district and elsewhere, bottom-

24   mounted magnetic clip-on eyewear incorporating the substantially identical primary

25   spectacle frame design used in the Revolution magnetic clip-on products accused of

26   infringement by Plaintiffs in Case No. 02-1087.

27

28                                                        4

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

4836-9333-8625.2

18.    Upon information and belief, Marchon's magnetic clip-on eyewear incorporating Revolution's primary spectacle frame design have been sold and continue to be sold in this judicial district and elsewhere under the "Calvin Klein," "Nike" and "Flexon" brands.

**COUNT I – PATENT INFRINGEMENT – THE '545 PATENT**

19.    Plaintiffs incorporate by reference the allegations of paragraphs 1 through 18, inclusive, as if fully repeated herein.

20.    Contour and Aspex are the assignees of record of the '545 patent, each owning a one-half undivided interest, and thereby establishing joint ownership by Contour and Aspex over the '545 patent.

21.    The invention described and claimed in the '545 patent has been accepted by the eyewear and fashion eyewear industries and is of great utility and value.

22.    Upon information and belief, Marchon, well knowing of the '545 patent, has infringed and continues to infringe at least claim 22 of the '545 patent by selling and/or offering for sale in this judicial district and elsewhere, without limitation, bottom-mounted magnetic clip-on eyewear under the Calvin Klein, Nike and Flexon brands incorporating primary spectacle frames satisfying each and every element of claim 22, both literally, and under the doctrine of equivalents. Exemplary model numbers of the accused eyewear include, without limitation, Calvin Klein model numbers 5121MGB and 5119MGB, Nike 4009MGB and the Flexon Magnetics 703MAG product.

23.    Upon information and belief, Marchon, well knowing of the '545 patent, has infringed and continues to infringe at least claim 22 of the '545 patent by selling and/or offering for sale in this judicial district and elsewhere, without limitation, Marchon's bottom-mounted magnetic clip-on eyewear incorporating primary spectacle frames satisfying each and every element of claim 22, both

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1  literally and under the doctrine of equivalents.  Exemplary models of the accused

2  eyewear include those marked with production numbers MAR000005-MAR000008,

3  MAR000013,       MAR000017-18,       MAR000029,       MAR000031-MAR000047,

4  MAR000050, MAR000052, and MAR000054 from the samples produced by

5  Marchon to Plaintiffs on May 25, 2007.

6        24.    Marchon's infringing eyewear, as alleged above, have not been

7  manufactured or authorized in any manner by Aspex or Contour, and Marchon has

8  not been authorized or otherwise granted the right to manufacture, offer for sale, sell

9  or otherwise distribute eyewear covered by the '545 patent.

10       25.    Marchon has notice of its infringement, as prescribed in 35

11 U.S.C. §287.  Marchon's infringement of the '545 patent has been willful and

12 deliberate.

13       26.    Upon information and belief, Marchon will continue to infringe

14 upon the '545 patent to the irreparable damage of Plaintiffs, unless enjoined by the

15 Court.  Plaintiffs have no adequate remedy at law.

16       **WHEREFORE**, Plaintiffs request that this Court grant Judgment in

17 their favor, and award them the following relief:

18       1.    Declare that Marchon's acts and conduct infringe the '545 patent

19 and the exclusive rights in said patent held by the Plaintiffs;

20       2.    Declare that such infringement is willful;

21       3.    Pursuant to 35 U.S.C. §283, enter a permanent injunction which:

22       a.    Enjoins Marchon, its officers, agents, employees, privies,

23 subsidiaries, successors, and assigns and all holding by, through or under them, and

24 all those acting for them or in their behalf, from infringing upon the '545 patent; and

25       b.    Enjoins Marchon, its directors, officers, agents,

26 employees, representatives, and all other persons in active participation with them,

27 to recall from all distributors, wholesalers, retailers and all others known to

28

4836-9333-8625.2

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

1  Marchon, all products which infringe upon the '545 patent, and requires Marchon to
2  file with this court and to serve upon the Plaintiffs, within 30 days after service of
3  the Court's Order as herein prayed, a report in writing under oath setting forth in
4  detail the manner and form in which Marchon has complied with the Court's order;

5        4.    Require Marchon to account to Plaintiffs for all profits and
6  expenses realized by Marchon and any subsidiary of Marchon;

7        5.    Pursuant to 35 U.S.C. §284, award the Plaintiffs damages
8  adequate to compensate for the infringement, but in no event less than a reasonable
9  royalty, together with interest and costs, taking account of Plaintiffs' actual damages
10  and Marchon's profits as a result of the infringement;

11        6.    Pursuant to 35 U.S.C. §284, order that any award of damages be
12  trebled;

13        7.    Pursuant to 35 U.S.C. §285, find that this case is exceptional and
14  award the Plaintiffs reasonable attorney fees as the prevailing party;

15        8.    Grant such other and further relief as the equity of the case may
16  require and as this Court may deem just and proper, together with costs and
17  disbursements of this action, including attorneys' fees.

18

19  DATED: June 4, 2007       Respectfully submitted,

20           **GREENBERG TRAURIG, LLP**

21           **LEWIS BRISBOIS BISGAARD & SMITH LLP**

22

23           By

24           Michael A. Nicodema
25           Jon E. Hokanson
26           Josephine Brosas

27           Attorneys for Plaintiffs ASPEX EYEWEAR,
                  INC., and CONTOUR OPTIK, INC.

28

4836-9333-8625.2

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a jury trial as to all issues triable at law, and respectfully request an early trial.

DATED:  June 4, 2007

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By

Michael A. Nicodema
Jon E. Hokanson
Josephine Brosas

Attorneys for Plaintiffs ASPEX EYEWEAR, INC., and CONTOUR OPTIK, INC.

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012-2601
TELEPHONE (213) 250-1800

4836-9333-8625.2

8

# EXHIBIT "A"

US00RE37545E

(19) **United States**

(12) **Reissued Patent**
Chao

(10) Patent Number: **US RE37,545 E**
(45) Date of Reissued Patent: **Feb. 12, 2002**

(54) **AUXILIARY LENSES FOR EYEGLASSES**

(75) Inventor: **Richard Chao**, Chia Yi Hsien (TW)

(73) Assignees: **Contour Optik, Inc.**, Chiayi (TW); **Asahi Optical Co., Ltd.**

(21) Appl. No.: **09/182,862**

(22) Filed: **Oct. 21, 1998**

**Related U.S. Patent Documents**

Reissue of:
(64) Patent No.: **5,568,207**
Issued: **Oct. 22, 1996**
Appl. No.: **08/554,854**
Filed: **Nov. 7, 1995**

(51) Int. Cl.[7] .............................. G02C 7/08; G02C 9/00
(52) U.S. Cl. .......................................... 351/57; 351/47
(58) Field of Search .............................. 351/47, 57, 41, 351/44; 2/441, 443

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 1,679,233 A | 7/1928 | Strauss | 351/47 |
| 2,737,847 A | 3/1956 | Tesauro | 351/41 |
| 2,770,168 A | 11/1956 | Tesauro | 351/41 |
| 3,498,701 A | 3/1970 | Miller | 351/57 |
| 3,531,188 A | 9/1970 | LeBlanc et al. | 351/48 |
| 3,531,190 A | 9/1970 | LeBlanc | 351/113 |
| 3,536,385 A | 10/1970 | Johnston | 351/47 |
| 3,565,517 A | 2/1971 | Gitlin et al. | 351/106 |
| 3,582,192 A | 6/1971 | Gitlin et al. | 351/52 |
| 3,838,914 A | 10/1974 | Fernandez | 351/106 |
| 4,070,103 A | 1/1978 | Meeker | 351/52 |
| 4,070,105 A | 1/1978 | Marzouk | 351/159 |
| 4,196,981 A | 4/1980 | Waldrop | 351/59 |
| 4,217,037 A | 8/1980 | Lemelson | 351/47 |
| 4,547,909 A | 10/1985 | Bell | 2/431 |
| 4,988,181 A | 1/1991 | Riach | 351/52 |

(List continued on next page.)

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| CH | 572222 | 1/1976 |
| CN | 76209045 | 9/1976 |
| CN | 107096 | 4/1985 |
| CN | 1117593 | 2/1996 |
| DE | 1797366 | 1/1971 |
| DE | G 85 07 761.5 | 6/1985 |
| DE | G 88 06 898.6 | 10/1988 |
| DE | 3905041 | 8/1990 |
| DE | 3919489 | 12/1990 |
| DE | 3920879 | 1/1991 |
| DE | 3921987 | 1/1991 |
| DE | 39333310 | 1/1991 |
| DE | 9216919 | 2/1993 |
| DE | 43 16 698 | 11/1994 |
| EP | 0469699 | 2/1992 |

(List continued on next page.)

OTHER PUBLICATIONS

English language abstract of Japanese Publication No. 55–50217.

English language abstract of Japanese Publication No. 54–111842.

English language abstract of Japanese Publication No. 54–111841.

English language abstract of Japanese Publication No. 1–136114.

(List continued on next page.)

*Primary Examiner*—Huy Mai
(74) *Attorney, Agent, or Firm*—Morgan & Finnegan, L.L.P.

(57) **ABSTRACT**

An eyeglass device includes a primary and an auxiliary spectacle frames for supporting lenses. The primary spectacle frame includes two legs pivotally coupled to two side extensions and includes two magnetic members secured in the rear and side portions. The auxiliary spectacle frame includes two legs engaged on the primary spectacle frame and each having a magnetic member for engaging with the magnetic members of the primary spectacle frame so as to secure the spectacle frames together and so as to prevent the auxiliary spectacle frame from moving downward relative to the primary spectacle frame.

**34 Claims, 2 Drawing Sheets**



## US RE37,545 E

Page 2

### U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 5,181,051 A | | 1/1993 | Townsend et al. ............ 351/52 |
| 5,243,366 A | | 9/1993 | Blevins ....................... 351/57 |
| 5,321,442 A | | 6/1994 | Albanese ..................... 351/44 |
| 5,389,981 A | | 2/1995 | Riach ......................... 351/158 |
| 5,410,763 A | | 5/1995 | Bolle .......................... 2/436 |
| 5,416,537 A | * | 5/1995 | Sadler ........................ 351/47 |
| 5,642,177 A | | 6/1997 | Nishioka ..................... 351/47 |
| 5,682,222 A | | 10/1997 | Chao .......................... 351/111 |
| 5,696,571 A | | 12/1997 | Spencer et al. ............... 351/47 |
| 5,737,054 A | | 4/1998 | Chao ........................... 351/47 |
| 5,877,838 A | | 3/1999 | Chao ........................... 351/47 |
| 5,882,101 A | | 3/1999 | Chao ........................... 351/47 |
| 5,883,688 A | | 3/1999 | Chao ........................... 351/47 |
| 5,883,689 A | | 3/1999 | Chao ........................... 351/47 |
| 5,929,964 A | | 7/1999 | Chao ........................... 351/47 |
| 6,012,811 A | | 6/2000 | Chao et al. ................... 351/47 |
| 6,092,896 A | | 7/2000 | Chao et al. ................... 351/47 |
| 6,109,747 A | | 8/2000 | Chao ........................... 351/47 |
| 6,170,948 B1 | | 1/2001 | Chao ........................... 351/47 |

### FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| EP | 0743545 | 11/1996 |
| FR | 915421 | 11/1946 |
| FR | 1037755 | 9/1953 |
| FR | 1061253 | 4/1954 |
| FR | 2483632 | 4/1981 |
| FR | 1266652 | 12/1981 |
| FR | 2657436 | 7/1991 |
| GB | 846425 | 8/1960 |
| GB | 855268 | 11/1960 |
| JP | 44-15392 | 7/1969 |
| JP | 54-111841 | 9/1979 |
| JP | 54-111842 | 9/1979 |
| JP | 55-50217 | 4/1980 |
| JP | 56-29209 | 3/1981 |
| JP | 57-184910 | 11/1982 |
| JP | 612621 | 1/1986 |
| JP | 1-136114 | 5/1989 |
| JP | 2-109325 | 8/1990 |
| JP | 5-157997 | 6/1993 |
| JP | 5-40493 | 10/1993 |
| JP | 3011174 | * 5/1995 |
| JP | 7-128620 | 5/1995 |
| RU | 220885 | 6/1968 |
| TW | 274588 | 4/1996 |
| WO | WO 90/09611 | 8/1990 |
| WO | WO 96/23241 | 8/1996 |

### OTHER PUBLICATIONS

English language abstract of Japanese Publication No. 56–29209.

English language abstract of Japanese Publication No. 44–15392.

English language abstract of Japanese Publication No. 5–157997.

English language abstract of Japanese Publication No. 612621.

English language abstract of Japanese Publication No. 5–40493.

English language abstract of German Publication No. 9216919.

English language abstract of German Publication No. 1797366.

English language abstract of German Publication No.43 16 698.

English language abstract of German Publication No.39333310.

English language abstract of German Publication No.3921987.

English language abstract of German Publication No.3920879.

English language abstract of German Publication No.3919489.

English language abstract of German Publication No.3905041.

English language abstract of French Publication No.1266652.

English language abstract of French Publication No.1037755.

English language abstract of French Publication No.2,657,436.

English language abstract of French Publication No.2,483,632.

English language abstract of French Publication No.915,421.

English language abstract of Switzerland Publication No.572,222.

English language abstract of Russian Publication No.220885.

English language abstract of Taiwan Publication No.274588.

English language abstract of Chinese Publication No.1117593.

Documents describing Twincome in a Patent Opposition Proceeding in Germany initiated by Pentax, on or around Apr. 30, 1997.

* cited by examiner



FIG.1

FIG.2

FIG.3

FIG.4



# FIG.5



# FIG.6



# FIG.7

US RE37,545 E

1

# AUXILIARY LENSES FOR EYEGLASSES

Matter enclosed in heavy brackets [ ] appears in the original patent but forms no part of this reissue specification; matter printed in italics indicates the additions made by reissue.

## BACKGROUND OF THE INVENTION

1. Field of the Invention

The present invention relates to auxiliary lenses, and more particularly to auxiliary lenses for eyeglasses.

2. Description of the Prior Art

A typical spectacle frame having an attachable one-piece slide-on rim is disclosed in U.S. Pat. No. 4,070,103 to Meeker. In Meeker, a spectacle frame includes a magnetic material secured to the peripheral portion thereof for facilitating attachment of the auxiliary lens rim cover to the spectacle frame. The lens rim cover also includes a magnetic strip for engaging with the magnetic material of the spectacle frame.

Another typical eyeglasses are disclosed in U.S. Pat. No. 5,416,537 to Sadler and comprise first magnetic members secured to the temporal portions of the frames and second magnetic members secured to the corresponding temporal portions of the auxiliary lenses.

In both of the eyeglasses, the auxiliary lenses are simply attached to the frames by magnetic materials and have no supporting members for preventing the auxiliary lenses from moving downward relative to the frames such that the auxiliary lenses may easily move downward relative to the frames and may be easily disengaged from the frames when the users conduct jogging or jumping exercises. In addition, the magnetic materials are embedded in the frames of the primary lenses and of the auxiliary lenses such that the frames should be excavated with four or more cavities for engaging with the magnetic members and such that the strength of the frames is greatly decreased.

The present invention has arisen to mitigate and/or obviate the afore-described disadvantages of the conventional spectacle frames.

## SUMMARY OF THE INVENTION

The primary objective of the present invention is to provide auxiliary lenses which may be stably secured and supported on the frames.

In accordance with one aspect of the invention, there is provided an eyeglass device comprising a primary spectacle frame for supporting primary lenses therein, the primary spectacle frame including two side portions each having an extension extended therefrom for pivotally coupling a leg means thereto, the primary spectacle frame including two rear and side portions each having a projection secured thereto, the primary spectacle frame including an upper portion, a pair of first magnetic members secured in the projections respectively, an auxiliary spectacle frame for supporting auxiliary lenses therein, the auxiliary spectacle frame including two side portions each having an arm extended therefrom for extending over and for engaging with the upper portion of the primary spectacle frame, and a pair of second magnetic members secured to the arms respectively for engaging with the first magnetic members of the primary spectacle frame so as to secure the auxiliary spectacle frame to the primary spectacle frame. The arms are engaged with and supported on the upper portion of the primary spectacle frame so as to allow the auxiliary spectacle frame to be stably supported on the primary spectacle frame and so as to prevent the auxiliary spectacle frame from moving downward relative to and so as to prevent the

2

auxiliary spectacle frame from being disengaged from the primary spectacle frame.

The projections and the first magnetic members are arranged lower than the upper portion of the primary spectacle frame, the second magnetic members are extended downward toward the projections for hooking on the primary spectacle frame so as to further secure the auxiliary spectacle frame to the primary spectacle frame. The auxiliary spectacle frame may be prevented from disengaging from the primary spectacle frame.

Further objectives and advantages of the present invention will become apparent from a careful reading of a detailed description provided hereinbelow, with appropriate reference to accompanying drawings.

## BRIEF DESCRIPTION OF THE DRAWINGS

FIGS. 1 and 2 are front views of a spectacle frame and of auxiliary lenses in accordance with the present invention respectively;

FIGS. 3 and 4 are top views of the spectacle frame and of the auxiliary lenses respectively;

FIG. 5 is a front view of the spectacle frame and the auxiliary lenses combination;

FIG. 6 is a top view of the spectacle frame and the auxiliary lenses combination; and

FIG. 7 is a cross sectional view taken along lines 7—7 of FIG. 6,

## DETAILED DESCRIPTION OF THE PREFERRED EMBODIMENT

Referring to the drawings, and initially to FIGS. 1 to 4, an eyeglass device in accordance with the present invention comprises a primary spectacle frame 10 for supporting primary lenses therein. The primary spectacle frame 10 includes two side portions each having an extension 11 extended rearward therefrom for pivotally coupling leg 12 thereto. The primary spectacle frame 10 includes two projections 13 secured to the rear and side portions thereof for supporting magnetic members 14 therein. An auxiliary spectacle frame 20 is provided for supporting the auxiliary lenses therein and includes two side portions each having an arm 21 extended rearward therefrom for extending over and for engaging with the upper portion of the primary spectacle frame 10 (FIGS. 5 and 6). The auxiliary spectacle frame 20 also includes two magnetic members 22 secured to the arms 21 therefor for engaging with the magnetic members 14 of the primary spectacle frame 10 such that the auxiliary spectacle frame 20 may be stably supported on the primary spectacle frame 10, best shown in FIGS. 5 and 6.

It is to be noted that the arms 21 are engaged with and are supported on the upper portion of the primary spectacle frame 10 such that the auxiliary spectacle frame 20 may be stably supported and secured to the primary spectacle frame 10. The auxiliary spectacle frame 20 will not move downward relative to the primary spectacle frame and will not be easily disengaged from the primary spectacle frame when the users conduct jogging or jumping exercises.

It is further to be noted that the projections 13 and the magnetic members 14 are secured to the primary spectacle frame 10 and the magnetic members 22 are secured in the arms 21. The magnetic members 14, 22 are not embedded in the frames 10, 20 such that the frames 10, 20 are not required to be formed with cavities therein and such that the strength of the frames 10, 20 will not be decreased.

As shown in FIGS. 3–7, the engaging surfaces between magnetic members 14 in primary spectacle frame 10 and the magnetic members 22 in the auxiliary spectacle frame 20 lie in a plane that is substantially horizontal when the eyeglass device is worn.

US RE37,545 E

3

Referring next to FIG. 7, it is preferable that the projections 13 and the magnetic members 14 are located slightly lower than the upper portion of the primary spectacle frame 10; and the end portions of the arms 21 and/or the magnetic members 22 are slightly extended downward toward the projections 13 such that the arms 21 and the magnetic members 22 may hook on the primary spectacle frame 10 and such that the auxiliary spectacle frame 20 may further be stably supported and secured to the primary spectacle frame 10.

In one embodiment, as shown in FIG. 7, magnetic members 14 and 22 are not in contact with each other; magnetic members 14 and 22 are engaged with, but not supported on, each other. Instead, the arm 21 securing the magnetic member 22 is supported on an upper side portion of the primary spectacle frame 10. As shown in FIG. 7, the upper side portion can be an upper part of the side portion securing the projection 13.

Accordingly, the eyeglass device in accordance with the present invention includes an auxiliary spectacle frame that may be stably secured to the primary spectacle frame and will not move downward relative to the primary spectacle frame and will not be easily disengaged from the primary spectacle frame when the users conduct jogging or jumping exercises. In addition, the magnetic members are not embedded in the frames such that the strength of the frames will not be decreased.

Although this invention has been described with a certain degree of particularity, it is to be understood that the present disclosure has been made by way of example only and that numerous changes in the detailed construction and the combination and arrangement of parts may be resorted to without departing from the spirit and scope of the invention as hereinafter claimed.

I claim:

1. An eyeglass device comprising:

a primary spectacle frame for supporting primary lenses therein, said primary spectacle frame including two side portions each having an extension extended therefrom for pivotally coupling a leg means thereto, said primary spectacle frame including two rear and side portions each having a projection secured thereto, said primary spectacle frame including an upper side portion,

a pair of first magnetic members secured in said projections respectively,

an auxiliary spectacle frame for supporting auxiliary lenses therein, said auxiliary spectacle frame including two side portions each having an arm extended therefrom for extending over and for engaging with said upper side portion of said primary spectacle frame, and

a pair of second magnetic members secured to said arms respectively for engaging with said first magnetic members of said primary spectacle frame so as to secure said auxiliary spectacle frame to said primary spectacle frame,

said arms being engaged with and supported on said upper side portion of said primary spectacle frame so as to allow said auxiliary spectacle frame to be stably supported on said primary spectacle frame and so as to prevent said auxiliary spectacle frame from moving downward relative to said primary spectacle frame and so as to prevent said auxiliary spectacle frame from being disengaged from said primary spectacle frame.

2. An eyeglass device according to claim 1, wherein said projections and said first magnetic members are arranged lower than said upper side portion of said primary spectacle frame, said second magnetic members are extended downward toward said projections for hooking on said primary spectacle frame so as to further secure said auxiliary spectacle frame to said primary spectacle frame.

3. An eyeglass device as recited in claim 1 wherein the first and the second magnetic members are magnets.

4. An eyeglass device comprising:

a primary spectacle frame for supporting primary lenses therein with the lenses defining a vertical plane, the primary spectacle frame including two side portion extensions extended therefrom for pivotally coupling a leg thereto and a first magnet having a horizontal surface and secured to said side portion extensions of the primary spectacle frame, and

an auxiliary spectacle frame for supporting auxiliary lenses therein, and for disposing in front of the primary spectacle frame, the auxiliary spectacle frame including two auxiliary side portions, the auxiliary spectacle frame including two second magnets, each secured to one of the auxiliary side portions for respectively engaging the horizontal surface of one of the first magnets so as to secure the auxiliary spectacle frame to the primary spectacle frame.

5. An eyeglass device as recited in claim 4 wherein at least an end portion of one auxiliary side portion extends downward toward one of the side portions of the primary spectacle frame for hooking on the primary spectacle frame such that the auxiliary spectacle frame is further stably supported and secured to the primary spectacle frame.

6. An eyeglass device comprising:

a primary spectacle frame for supporting primary lenses therein;

the primary spectacle frame including two side portion extensions extended therefrom for pivotally coupling a leg thereto; and

the primary spectacle frame including two first magnetic members respectively having a horizontal surface and being secured to one of the side portions extensions of the primary spectacle frame; and

an auxiliary spectacle frame for supporting auxiliary lenses therein, and for disposing in front of the primary spectacle frame, the auxiliary spectacle frame including two auxiliary side portions, wherein the auxiliary spectacle frame further includes two second magnetic members each secured to one of the auxiliary side portions and having a horizontal surface for coupling a corresponding horizontal surface of one of the first magnetic members so as to secure the auxiliary spectacle frame to the primary spectacle frame.

7. An eyeglass device as recited in claim 6 wherein the second magnetic members are magnets.

8. An eyeglass device as recited in claim 6 wherein the first magnetic members are magnets.

9. An eyeglass device as recited in claim 6 wherein the first and the second magnetic members are magnets.

10. An eyeglass device as recited in claim 9 wherein the auxiliary side portions are respectively supported on a corresponding extension and the first magnetic members are not in contact with the second magnetic members.

11. An eyeglass device as recited in claim 6 wherein the auxiliary side portions are respectively supported on a corresponding extension and the first magnetic members are not in contact with the second magnetic members.

12. An eyeglass device comprising:

a primary spectacle frame having two side portion extensions, each of said extensions having a front side, a rear side and a first magnetic member secured to said rear side,

US RE37,545 E

5

an auxiliary spectacle frame including two side portions
each having an arm extended therefrom for extending
toward and beyond said rear side, each of said arms
containing a second magnetic member, and

said arms and said first and second magnetic members
cooperating to stably support said auxiliary spectacle
frame on said primary spectacle frame.

13. The eyeglass device according to claim 12, wherein
said first and second magnets members are magnets.

14. An eyeglass device comprising:

a primary spectacle frame for supporting primary lenses
therein, said primary spectacle frame including two
side portion extensions extended therefrom for pivot-
ally coupling a leg, each of said extensions also includ-
ing an outer side, an inner side, and a top side with a
projection secured to said inner side, each of said
projections respectively securing a first magnetic
member, and

an auxiliary spectacle frame for supporting auxiliary
lenses therein, said auxiliary spectacle frame including
two side portions each having an arm extended
therefrom, said auxiliary spectacle frame further
including a pair of second magnetic members secured
to said arms respectively for engaging said first mag-
netic members of said primary spectacle, each of said
arms adapted to extend over one of said top sides.

15. The eyeglass device according to claim 14, wherein
said first and second magnets members are magnets.

16. An eyeglass device comprising:

a primary spectacle frame having two side portion
extensions, each of said extensions having a front side
and a rear side with a first magnetic member secured
to said rear side, and

an auxiliary spectacle frame including two side portions,
each of said side portions having an arm extended
therefrom for extending beyond said rear side, said
arms containing corresponding second magnetic
members, said arms and said first and second magnetic
members supporting said auxiliary spectacle frame on
said primary spectacle frame.

17. An eyeglass device comprising:

a primary spectacle frame having two side portion
extensions, each of said extensions extending laterally
away from one another and rearwardly of said frame,
each of said extensions having a top side, a front side
and a rear side with a first magnetic member secured
to said rear side, and

an auxiliary spectacle frame including two side portions
each having an arm extending from said front side over
said top side, said arms containing corresponding
second magnetic members, said arms and said first and
second magnetic members supporting said auxiliary
spectacle frame on said primary spectacle frame.

18. An eyeglass device comprising:

a primary spectacle frame having two side portion exten-
sions extending rearwardly therefrom having a top side
and a rear side with a first magnetic member secured
thereto, and

an auxiliary spectacle frame including two arms for
extending over a corresponding top side of said
extensions, said arms respectively containing second
magnetic members for cooperation with said first mag-
netic members and downwardly extended end portions
for hooking said auxiliary spectacle frame to said
primary spectacle frame, said arms and said first and
second magnetic members supporting said auxiliary
spectacle frame on said primary spectacle frame.

6

19. An eyeglass device comprising:

a primary spectacle frame for supporting primary lenses
therein having two side portion extensions, said side
portion extensions each having a top side and a pro-
jection attached to a rear side thereof, each of said
projections securing a first magnetic member, and

an auxiliary spectacle frame including two arms for
extending over and engaging a corresponding top side
of said side portion extensions, said arms respectively
containing second magnetic members and downwardly
extended end portions, at least said arms and said first
and second magnetic members supporting said auxil-
iary spectacle frame on said primary spectacle frame.

20. An eyeglass device comprising:

a primary spectacle frame for supporting primary lenses
therein having two side portion extensions having a top
side and a rear side with a first magnetic member
secured to said rear side, and

an auxiliary spectacle frame including two arms for
extending over and engaging a corresponding top side
of said extensions, said arms respectively containing
downwardly extended second magnetic members for
hooking said auxiliary spectacle frame to said primary
spectacle frame, said arms and said first and second
magnetic members cooperating to support said auxil-
iary spectacle frame on said primary spectacle frame.

21. An eyeglass device comprising:

a primary spectacle frame for supporting primary lenses
therein having an extension at each side for pivotal
coupling to a leg, each of said extensions having a front
side, a rear side, a top side and a projection attached
to said rear side, each of said projections securing first
magnetic members, and

an auxiliary spectacle frame for supporting auxiliary
lenses therein and including two side portions, each of
said side portions having an arm extended therefrom
and adapted to extend from said front side to beyond
said rear side of said extension of said primary spec-
tacle frame, said arms each containing corresponding
second magnetic members, said arms locating each of
said second magnetic members in an engagement posi-
tion to engage respective first magnetic members of
said primary spectacle frame and inhibit relative ver-
tical movement therebetween.

22. An eyeglass device comprising:

a primary spectacle frame for supporting primary lenses
therein and having two side portion extensions extend-
ing rearwardly therefrom and having a front side, a
rear side, a top side, and a rear end, each of said rear
ends pivotally coupling a leg configured to conform to
a user at a distal end thereof, each of said extensions
of said primary spectacle frame further having a pro-
jection attached to each of said rear sides, and a pair
of first magnetic members respectively secured in said
projections, said first magnetic members capable of
engaging second magnetic members of an auxiliary
spectacle frame so that lenses of an auxiliary spectacle
frame are located in front of said primary lenses.

23. An eyeglass device comprising:

an auxiliary spectacle frame for supporting auxiliary
lenses therein, said frame including a front side, a rear
side, and oppositely positioned side portions, each of
said side portions having an arm extended therefrom,
each of said arms having a rearwardly directed free end
for securing a magnetic member, and a pair of mag-
netic members respectively secured in the free ends of

**7**

said arms, said arms and said pair of magnetic members adapted to extend across respective side portions of a primary spectacle frame so that said pair of magnetic members can vertically engage corresponding magnetic members on a primary spectacle frame.

24. An eyeglass device comprising:

an auxiliary spectacle frame for supporting auxiliary lenses therein, said frame including a front side, a rear side, and oppositely positioned side portions, each of said side portions having an arm extended therefrom, each of said arms having a rearwardly directed end for securing a magnetic member, a pair of magnetic members respectively located at said ends of said arms, each of said ends further including a downwardly extended end portion for hooking onto a primary spectacle, said arms and said pair of magnetic members adapted to extend across respective side portions of a primary spectacle frame so that said pair of magnetic members can engage corresponding magnetic members on a primary spectacle frame.

25. An eyeglass device comprising:

a primary spectacle frame having two side portion extensions extending therefrom and adapted to pivotally couple a leg thereto, said extensions each having a front side, a rear side, a top side and a projection extending from said rear side, each of said projections securing a first magnetic member, and

an auxiliary spectacle frame including two side portions each having an arm extended therefrom for extending over said top side, said arms containing corresponding second magnetic members, said arms with said second magnetic members engaging said first magnetic members thereby securing said auxiliary frame to said primary spectacle frame to prevent said auxiliary spectacle frame from moving downward relative to and/or disengaging from said primary spectacle frame.

26. An eyeglass device, comprising:

a primary spectacle frame for supporting primary lenses therein;

a pair of extensions mounted to said primary spectacle frame at laterally spaced locations and each projecting toward a wearer when the eyeglass device is worn;

a first pair of magnetic members, each affixed to a respective one of a pair of projections attached to a rear side of said extensions so as to be concealed by said extensions when said eyeglass is worn, said first pair of magnetic members each having a first surface;

an auxiliary spectacle frame for supporting auxiliary lenses therein;

a pair of spaced apart arms mounted to said auxiliary spectacle frame and projecting toward the wearer when the eyeglass device is worn; and

a second pair of magnetic members, each affixed to said pair of arms, said second pair of magnetic members each having a second surface, said auxiliary spectacle frame capable of being supported by said primary spectacle frame by mounting said second pair of magnetic members to said first pair of magnetic members, said first and second surfaces being oppositely directed so that said surfaces are juxtaposed.

27. An eyeglass device according to claim 26 wherein said auxiliary frame includes an abutment surface for engagement with an oppositely directed surface on said primary frame to inhibit relative movement therebetween.

28. An eyeglass device according to claim 27 wherein said abutment surface is provided on each of said arms on said auxiliary frame.

**8**

29. An eyeglass device according to claim 27 wherein said extensions are located adjacent respective ones of said arms.

30. An eyeglass device according to claim 29 wherein said auxiliary frame includes an abutment surface for engagement with an oppositely directed surface on said primary frame to inhibit relative movement therebetween.

31. An eyeglass device comprising:

a primary spectacle frame having two side portion extensions extending rearwardly therefrom with a top side and a rear side with a first magnetic member secured thereto, and

an auxiliary spectacle frame including two arms for extending over a corresponding top side of said extensions, said arms respectively containing second magnetic members for cooperation with said first magnetic members and downwardly extended end portions for hooking said auxiliary spectacle frame to said primary spectacle frame, said arms and said first and second magnetic members supporting said auxiliary spectacle frame on said primary spectacle frame, wherein at least one of said first magnetic members and said second magnetic members are magnets.

32. An eyeglass device comprising:

a primary spectacle frame having two side portion extensions, each of said extensions having a front side, a rear side and a first magnetic member secured to said rear side,

an auxiliary spectacle frame including two side portions each having an arm extended therefrom and traversing said extension from said front side to said rear side, each of said arms containing a second magnetic member, and

said first and second magnetic members engaging one another to support said auxiliary spectacle frame on said primary spectacle frame.

33. An eyeglass device comprising:

a primary spectacle frame having two side portion extensions, each of said extensions having a front side, a rear side and a first magnetic member secured to said rear side,

an auxiliary spectacle frame including two side portions each having an arm extended therefrom, each of said arms containing a second magnetic member, said arms extending across said extension from said front side to said rear side, and

said arms and said first and second magnetic members stably support said auxiliary spectacle frame on said primary spectacle frame.

34. An eyeglass device comprising:

a primary spectacle frame having two side portion extensions with a front side, a rear side and a first magnetic member

an auxiliary spectacle frame including two side portions each having an arm extended therefrom, each of said arms containing a second magnetic member, said arms extending across a respective extension from said front side to said rear side so that said first and second magnetic members engage one another whereby said auxiliary spectacle frame is supported by said primary spectacle frame.

* * * * *

**PROOF OF SERVICE**
*Aspex Eyewear v. Marchon Eyewear, Inc., et al* - File No. 28450-8

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, California 90012.

On **June 4, 2007,** I served the following document(s) described as **SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT; DEMAND FOR JURY TRIAL** on all interested parties in this action by placing [X] a true [ ] the original - thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

## PLEASE SEE ATTACHED MAILING LIST

**[X]**    (BY MAIL, 1013a, 2015.5 C.C.P.)

   **[X]**    I am readily familiar with the firm's practice for collection and processing of correspondence for mailing. Under that practice, this document will be deposited with the U.S. Postal Service on this date with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X]    (BY FACSIMILE) At or before 5:00 p.m., I caused said document(s) to be transmitted by facsimile pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was 213.250.7900. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

   **[X] [FEDERAL]** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 4, 2007, at Los Angeles, California.

_Cora Ruvalcaba_
Cora Ruvalcaba

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

4844-1528-1409.1
1
PROOF OF SERVICE

**PROOF OF SERVICE**

*Aspex Eyewear v. Marchon Eyewear, Inc., et al* - File No. 28450-8

Roderick G. Dorman, Esq.
dorman@hbdlawyers.com
Mieke K. Malmberg, Esq.
malmbergm@hbdlawyers.com
HENNIGAN, BENNETT, & DORMAN, LLP
865 South Figueroa Street, Suite 2900
Los Angeles, CA 90017
(213) 694-1200 – Telephone
(213) 694-1234 - Facsimile

Edgar h. Haug, Esq.
ehaug@flhlaw.com
John R. Lane, Esq.
jlane@flhlaw.com
FROMMER LAWRENCE & HAUG, LLP
745 Fifth Avenue
New York, NY 10151
Telephone:  (212) 588-0800
Facsimile:   (212) 588-0500
**Attorneys for Defendant-Counterclaimant**
**MARCHON EYEWEAR, INC.**

Michael A. Nicodema, Esq.
NicodemaM@gtlaw.com
GREENBERG TRAURIG, LLP
200 Park Avenue, 34th Floor
New York, NY 10166
Telephone:  (212) 801-9200
Facsimile:  (212) 688-6400
**Attorneys for Plaintiffs-Counterdefendants**
**ASPEX EYEWEAR, INC., and CONTOUR OPTIK, INC.**

LEWIS BRISBOIS BISGAARD & SMITH LLP
221 NORTH FIGUEROA STREET, SUITE 1200
LOS ANGELES, CALIFORNIA 90012
TELEPHONE 213.250.1800

4844-1528-1409.1

PROOF OF SERVICE

# Exhibit 2

1    **MICHAEL A. NICODEMA** (*admitted pro hac vice*)
     **NicodemaM@gtlaw.com**
2    **GREENBERG TRAURIG, LLP**
     **200 Park Avenue, 34th Floor**
3    **New York, NY 10166**
     **Telephone: (212) 801-9200**
4    **Facsimile: (212) 688-6400**

5    **LEWIS BRISBOIS BISGAARD & SMITH, LLP**
     **JON E. HOKANSON (SBN 118829)**
6    **Hokanson@lbbslaw.com**
     **JOSEPHINE E. BROSAS (SBN 239342)**
7    **Brosas@lbbslaw.com**
     **221 North Figueroa Street, Suite 1200**
8    **Los Angeles, California 90012**
     **Telephone:  (213) 250-1800**
9    **Facsimile:   (213) 250-7900**

10   Attorneys for Plaintiffs-Counterdefendants
     ASPEX EYEWEAR, INC. and
11   CONTOUR OPTIK, INC.

12   **HENNIGAN, BENNETT & DORMAN** LLP
     **RODERICK G. DORMAN (SBN 96908)**
13   **dormanr@hbdlawyers.com**
     **MIEKE K. MALMBERG (SBN 209992)**
14   **malmbergm@hbdlawyers.com**
     **865 South Figueroa Street, Suite 2900**
15   **Los Angeles, California  90017**
     **(213) 694-1200 - Telephone**
16   **(213) 694-1234 - Facsimile**

17   **FROMMER LAWRENCE & HAUG**, LLP
     **EDGAR H. HAUG** (*admitted pro hac vice*)
18   **ehaug@flhlaw.com**
     **JOHN R. LANE** (*admitted pro hac vice*)
19   **jlane@flhlaw.com**
     **745 Fifth Avenue**
20   **New York, New York 10151**
     **(212) 588-0800 - Telephone**
21   **(212) 588-0500 – Facsimile**

22   Attorneys for Defendant-Counterclaimant
     MARCHON EYEWEAR, INC.
23

24                 UNITED STATES DISTRICT COURT

25                CENTRAL DISTRICT OF CALIFORNIA

26                      WESTERN DIVISION

27   ASPEX EYEWEAR, INC. and          ) Case No. CV 06-08000 MMM (CWx)
     CONTOUR OPTIK, INC.,             )
28                                    )
     _____)  [~~PROPOSED~~] ORDER DISMISSING
                      Plaintiffs,     )

CV 06-08000 MMM (CWx)          [PROPOSED]  ORDER  DISMISSING  WITH PREJUDICE

| | |
|---|---|
| vs. | ) CLAIMS AND COUNTERCLAIMS<br>) WITH PREJUDICE<br>) |
| MARCHON EYEWEAR, INC., | ) |
| Defendant. | ) CTRM:    Hon. Margaret M. Morrow<br>)            780, Roybal Federal Bldg. |
| _____ | ) |
| AND RELATED COUNTERCLAIMS. | ) |
| _____ | ) |

The Court, having considered the stipulation of the parties and for good cause shown, it is HEREBY ORDERED that:

1.    The above captioned action, including all claims and counterclaims, is dismissed in its entirety with prejudice, pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure.  Each party will bear its own fees and costs.

**IT IS SO ORDERED.**

Dated:  February 8, 2008

_____
United States District Court Judge