UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 09-61515-CIV-COOKE/BANDSTRA

ASPEX EYEWEAR, INC. and
CONTOUR OPTIK, INC.

     Plaintiffs,
vs.

HARDY LIFE, LLC, MARCHON
EYEWEAR, INC., NIKE, INC.,
REVOLUTION EYEWEAR, INC.,
and GARY MARTIN ZELMAN,

     Defendants.
_____/

**DEFENDANT NIKE, INC.'S MOTION TO DISMISS
COMPLAINT PURSUANT TO FED R. CIV. P. 12(b)(6)
AND SUPPORTINGMEMORANDUM OF LAW**

I. <u>INTRODUCTION</u>

1. Defendant Nike, Inc. ("Nike") hereby moves to dismiss the Complaint filed by Plaintiffs Aspex Eyewear, Inc. and Contour Optik, Inc. (collectively referred to herein as "Aspex") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to adequately state a claim upon which relief can be granted.

2. Nike also adopts the positions set forth in the separately filed Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) filed by defendant Marchon Eyewear, Inc.

3. Nike is aware of the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) filed by defendant Hardy Way, LLC [D.E. 21] and adopts the positions in that motion as well.

4. The Complaint should be dismissed because the allegation that Nike "aided and abetted Marchon's direct infringement of claims 23 and 35 of the '545 patent" is deficient under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

## II.  BACKGROUND

**1.  The Parties**

Plaintiff Aspex is a Delaware corporation based in Florida, which conducts business principally as a wholesale distributor of eyewear products in the United States, including magnetically attached auxiliary eyeglass frames.  Aspex allegedly owns an interest in the patent-in-suit with the other plaintiff, Contour, a business entity located in Taiwan.

Defendant Marchon is one of the leading eyewear distributors in the United States and worldwide.  Defendant Nike is one of the leading sportswear and equipment suppliers in the United States.  Marchon distributes branded eyewear under its own name as well as under several designer labels such as Nike.  Marchon is licensed by Nike to sell products using the Nike name and trademarks.  Marchon is also licensed by co-defendant Revolution Eyewear, Inc. ("Revolution") under its patents for magnetically bottom-mounted auxiliary and primary frames and currently sells several different models relating to magnetically bottom-mounted designs.

**2.  Factual and Procedural Background**

This case involves a claim for infringement of U.S. Patent No. RE 37,545 (the "'545 Patent") [D.E. 1 ¶31].  The Complaint's only allegations concerning conduct or knowledge by Nike are as follows:

> 31.  Upon information and belief, Nike, well knowing of the '545 patent, has actively and knowingly aided and abetted Marchon's direct infringement of claims 23 and 35 of the '545 Patent, both literally and under the doctrine of equivalents, by reason of Marchon's unauthorized making, using, selling and/or offering for sale in this judicial district and elsewhere, magnetic clip-on eyewear under the Nike brand, which incorporates an auxiliary spectacle frame having arms for securing magnetic members satisfying each and every element of claims 23 and 35.

33. Upon information and belief, Nike has notice of its infringement under 35 U.S.C. §287. Upon information and belief, Nike's infringement of the '545 Patent has been willful and deliberate under 35 U.S.C. §284.

### III.  ARGUMENT

The Court should dismiss the Aspex Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because the Complaint fails to meet the pleading standards under *Twombly,* 550 U.S. 544.

**1.     Legal Standard**

Rule 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For purposes of a motion to dismiss, under Rule 12(b)(6), it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Ala.*, 30 F. 3d 117, 120 (11th Cir. 1994) (citation omitted).

The goal of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the claim asserted in a complaint. *See* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990). Such "sufficiency" is defined by the notice requirements of Rule 8(a), which provides for a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But even under a liberal pleading standard of a short plain statement, the Federal Rules still require that the defendant be given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly,* 550 U.S. at 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Accordingly, to survive a motion to dismiss, the non-moving party must do more than merely label his or her claims. *Id.* ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

3

the elements of a cause of action will not do . . . [f]actual allegations must be enough to raise a right to relief above the speculative level.") (citations omitted). Further, dismissal of the Complaint is appropriate where, as here, on the basis of a dispositive issue of law, no construction of the factual allegations will support Plaintiffs' causes of action. *See Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F. 2d 1171, 1174 (11th Cir. 1993).

Aspex fails to meet the requirements of Fed. R.Civ. P. 8 by asserting a claim based upon the cursory allegation that, "Nike, well knowing of the '545 Patent, has actively and knowingly aided and abetted Marchon's direct infringement of claims 23 and 35 of the '545 Patent, both literally, and under the doctrine of equivalents, by reason of Marchon's unauthorized making, using, selling, and/or offering for sale in this judicial district and elsewhere, magnetic clip-on eyewear under the Nike brand, which incorporates an auxiliary spectacle frame having arms for securing magnetic members satisfying each and every element of claims 23 and 35." [D.E. 1, ¶ 31].

Inducement of patent infringement requires culpable conduct, directed to encouraging another's infringement, as well as knowledge of the direct infringer's activities. *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc). Under *Twombly*, a complaint must plead sufficient factual matter to allow a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. Here, plaintiffs plead no factual matter regarding culpable conduct by Nike or Nike's alleged knowledge of infringement, and certainly no factual matter that allows a reasonable inference of culpable conduct directed to encouraging infringement.

Given Aspex' extensive '545 Patent litigation record, Aspex should be required to identify with specificity how Nike has induced infringement of the '545 Patent. It is unfair to

4

Nike and to this Court for Aspex to fail to more precisely identify how Nike has allegedly induced infringement.  Even under the liberal standards of notice pleading, the Complaint here fails to provide Nike with fair notice of the basis for Aspex' claims.  *Twombly,* 550 U.S. at 555 (2007).

## IV.  CONCLUSION

Based upon the foregoing, defendant Nike respectfully requests that the Court dismiss Plaintiffs' Complaint as against Nike as Plaintiffs have failed to meet the pleading standards under *Twombly*.

Dated:  November, 30 2009            Respectfully submitted,

s/ W. Barry Blum
W. Barry Blum
bblum@gjb-law.com
Florida Bar No.: 379301
GENOVESE JOBLOVE & BATTISTA, P.A.
4400 Bank of America Tower
100 Southeast Second Street
Miami, Florida  33131
Telephone:  (305) 349-2300
Facsimile:  (305) 349-2310

and

s/ Edgar H. Haug
Edgar H. Haug, Admitted Pro Hac Vice
ehaug@flhlaw.com
Brian S. Goncalves, Admitted Pro Hac Vice
bgoncalves@flhlaw.com
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, New York 10151
Telephone:  (212) 588-0800
Facsimile:  (212) 588-0500

*Attorneys for Defendants Marchon Eyewear, Inc. and Nike, Inc.*

CASE NO.: 09-61515-CIV-COOKE-BANDSTRA

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ W. Barry Blum
Attorney

## SERVICE LIST

**Jacqueline Becerra, Esq.**
becerraj@gtlaw.com
**Ericka Yolanda Turk, Esq.**
turkmooree@gtlaw.com
GREENBERG TRAURIG, LLP
1221 Brickell Avenue
Miami, FL 33131
Telephone:  (305) 579-0534
Facsimile:  (305) 579-0717

**Michael Nicodema, Esq.**
nicodemam@gtlaw.com
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, NY 10166-1400
Telephone:  (212) 801-9200
Facsimile:  (212) 801-6400

*Attorneys for Plaintiffs Aspex Eyewear, Inc. and Contour Optix, Inc.*

**Janet T. Munn**
jmunn@feldmangale.com
FELDMAN GALE, P.A.
One Biscayne Tower, 30th Floor
2 South Biscayne Blvd.
Miami, FL 33131
Telephone:  (305) 349-2300
Facsimile:  (305) 349-2310


**Jennifer A. Trusso** (admitted *Pro Hac Vice*)
jtrusso@sheppardmullin.com
**Steven M. Hanle** (admitted *Pro Hac Vice*)
shanle@sheppardmullin.com
**Aaron M. Fennimore** (admitted *Pro Hac Vice*)
afennimore@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
650 Town Center Drive – Fourth Floor
Costa Mesa, California  92626
Telephone: (714) 513-5100
Facsimile: (714) 513-5130


*Attorneys for Defendants Revolution Eyewear, Inc. and Gary Martin Zelman*