UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-61515-CIV-COOKE/BANDSTRA

ASPEX EYEWEAR, INC. AND )
CONTOUR OPTIK, INC. )
     Plaintiffs, )
v. )
HARDY LIFE, LLC., MARCHON )
EYEWEAR, INC., NIKE, INC., )
REVOLUTION EYEWEAR, INC., AND )
GARY MARTIN ZELMAN, AN )
INDIVIDUAL, )
     Defendants. )

**PLAINTIFFS' OPPOSITION TO DEFENDANTS', MARCHON EYEWEAR, INC. AND NIKE, INC., MOTION FOR JUDICIAL NOTICE OF PRIOR FEDERAL COURT PROCEEDING AND SUPPORTING MEMORANDUM OF LAW**

Plaintiffs, Aspex Eyewear, Inc. ("Aspex") and Contour Optik, Inc. ("Contour") (collectively, "Plaintiffs"), hereby oppose Defendants' Marchon Eyewear, Inc. ("Marchon") and Nike, Inc.'s ("Nike") (collectively, "Defendants"), Motion for Judicial Notice of Prior Federal Court Proceeding ("Motion"). In support thereof, Plaintiffs' state as follows:

1. As an initial matter, Plaintiffs dispute the Defendants' position that the previous litigation between the parties, *Aspex Eyewear, Inc. et al. v. Marchon Eyewear, Inc.,* Case No. 06-08000 (C.D. Cal.) ("California Case"), bars the instant action. These arguments, among others, will be addressed in Plaintiffs' Opposition to Defendants' Motions to Dismiss which is to be filed on or before December 24, 2009.

2. Defendants' Motion requests that the Court take judicial notice of the public record and that such consideration should not convert their Motion as one for summary judgment. (*See* DE #25 at ¶2.) Although that general principle is correct, the Defendants'

Motion appears to request that this Court take judicial notice of <u>the entire record</u> from the California Case.  (*See* DE # 25 at ¶ 3.)  This request is not proper as <u>the entire record</u> from the California Case has not been introduced into evidence by Defendants in this case.

      3.     "As a general rule, a court in one case will not take judicial notice of its own records in another and distinct case even between the same parties, ***unless the prior proceedings are introduced into evidence***."  *Concordia v. Bendekovic*, 693 F. 2d 1073, 1076 (11th Cir. 1982) (emphasis added); *see also Schlafer v. Indian Spring Maint. Ass'n*, 139 Fed. Appx. 147, 149 (11th Cir. 2005) ("The defendants attached copies of [plaintiff's] previous lawsuits to their motions to dismiss."); *Thomas v. Evans*, 880 F. 2d 1235, 1241 (11th Cir. 1989) ("The absence of this information in the record makes it very difficult for this court to review the district court's finding of res judicata.").  In short, although this Court may take judicial notice of the public record without converting a motion to dismiss into summary judgment, Defendants cannot simply request that every docket entry in that case be considered in this matter without inclusion of that record in their Motion.

      WHEREFORE, Plaintiffs, Aspex Eyewear, Inc. and Contour Optik, Inc., respectfully request that the Court deny Defendants', Marchon Eyewear, Inc. and Nike, Inc., Motion for Judicial Notice of Prior Federal Court Proceeding, and for such other relief the Court deems necessary and proper.

CASE NO. 09-61515-CIV-COOKE/BANDSTRA

DATED: December 17, 2009

Respectfully submitted,

GREENBERG TRAURIG, P.A.
1221 Brickell Avenue
Miami, FL 33131
Phone: (305) 579-0500
Facsimile: (305) 579-0717
E-mail: becerraj@gtlaw.com
turkmoree@gtlaw.com

BY:   /s/ Jacqueline Becerra
JACQUELINE BECERRA
Florida Bar No. 025135
ERICKA TURK-MOORE
Florida Bar No. 0038198

And

Michael Nicodema, *Admitted Pro Hac Vice*
Barry Schindler, *Admitted Pro Hac Vice*
Todd L. Schleifstein, *Admitted Pro Hac Vice*

GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, NJ 07932-0677
Telephone: (973) 360-7900
Facsimile: (973) 301-8410
Email: nicodemam@gtlaw.com

*Attorneys for Plaintiffs Aspex Eyewear, Inc. and Contour Optik, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of December 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

  /s/ Jacqueline Becerra
JACQUELINE BECERRA

**SERVICE LIST**

**Janet T. Munn**
jmunn@feldmangale.com
Feldman Gale, P.A.
One Biscayne Tower, 30th Floor
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305-397-0798
Facsimile: 305-358-3309

*Attorneys for Defendant*
*Hardy Way, LLC*


**Steven M. Hanle**, Admitted Pro Hac Vice
shanle@sheppardmullin.com
**Jennifer A. Trusso**, Admitted Pro Hac Vice
jtrusso@sheppardmullin.com
**Aaron Fennimore**, Admitted Pro Hac Vice
afennimore@sheppardmulli.com
Sheppard, Mullin, Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626
Telephone: 714-513-5100
Facsimile: 714-513-5130

*Attorneys for Defendants*
*Revolution Eyewear, Inc. and Gary Martin Zelman*

**W. Barry Blum**
bblum@gjb-law.com
**Martin J. Keane**
mkeane@gjb-law.com
Genovese Joblove & Battista, P.A.
100 S.E. 2nd Street, Suite 4400
Miami, Florida 33131
Telephone: 305-349-2300
Facsimile: 305-349-2310

**Edgar H. Haug**, Admitted Pro Hac Vice
ehaug@flhlaw.com
**Brian S. Goncalves**, Admitted Pro Hac Vice
bgoncalves@flhlaw.com
**David Herman**, Admitted Pro Hac Vice
dherman@flhlaw.com
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151
Telephone: 212-588-0888
Facsimile: 212-588-0500

*Attorneys for Defendants*
*Marchon Eyewear, Inc. and Nike, Inc.*