**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 09-61515-CIV-COOKE/BANDSTRA**

ASPEX EYEWEAR, INC. and
CONTOUR OPTIK, INC.,

      Plaintiffs,

vs.

HARDY LIFE, LLC, MARCHON
EYEWEAR, INC., NIKE, INC.,
REVOLUTION EYEWEAR, INC., and
GARY MARTIN ZELMAN, an
individual,

      Defendants.

_____/

**PLAINTIFFS' OPPOSITION TO DEFENDANT NIKE'S MOTION TO DISMISS**
**COMPLAINT, PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Plaintiffs Aspex Eyewear, Inc. and Contour Optik, Inc. (collectively, "Plaintiffs")

submit this Opposition to Defendant Nike, Inc.'s ("Nike") Motion to Dismiss the Complaint,

pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be

granted.[1]  Pleading claims of patent infringement with the particularized detail argued by

Nike is not required under the controlling law.  As Plaintiffs show below, their Complaint

meets the legal requirements for a patent infringement complaint under Supreme Court

precedent, as well the law of the Eleventh and Federal Circuits.  Plaintiffs have pleaded

sufficient facts to place Nike on notice as to the claims it must defend.

---

[1]  Nike's memorandum of law also purports to "adopt the positions" set forth in the separately filed
motions to dismiss of defendants Marchon Eyewear, Inc. ("Marchon") and Hardy Way, LLC,
formerly known as Hardy Life, LLC ("Hardy").  Plaintiffs respectfully refer the Court to their
opposition memoranda of law to those motions.

This is an action for direct patent infringement and inducement of patent infringement, and is properly pleaded as such. Nike's discussion of the pleading standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), is little more than window dressing, since Plaintiffs' Complaint is legally sufficient under *Twombly*, as well as the standards articulated by the Court of Appeals for the Federal Circuit and recognized by other Federal Courts for pleading claims of patent infringement. Nike's argument that Plaintiffs have not adequately particularized the details evidencing its "culpable conduct," its knowledge of the acts of patent infringement by Marchon pleaded in the Complaint, or Nike's encouragement of Marchon's infringement, improperly seeks to intermix issues of ***pleading*** with issues of ***proof on the merits***. At best, Nike merely raises issues meant to be explored and developed in the discovery process. Nike's motion to dismiss should therefore be denied, and it should be ordered to answer the Complaint.

## STATEMENT OF FACTS

On February 12, 2002, the U.S. Patent and Trademark Office ("USPTO") issued U.S. Patent No. US RE37,545, entitled "Auxiliary Lenses for Eyeglasses" (the "'545 Patent") (*See* Dec. of Turk-Moore at Exh. 1).[2]  Complaint ¶ 12 (*See* Dec. of Turk-Moore at Exh. 2). Following a September 13, 2007 request for re-examination of certain claims of the '545 Patent, the USPTO issued Reexamination Certificate No. RE37,545 F1 on March 3, 2009, which reconfirmed all of the claims of the '545 Patent and included a New amended Claim 23, and a New Claim 35. *Id*. at ¶ 13. Plaintiffs are the assignees of record of the '545 Patent, each owning a one-half undivided interest. *Id*. at ¶ 14.

---

[2]  Copies of Exhibits referenced in this Memorandum are attached to the Declaration of Ericka Turk-Moore, filed herewith.

Original Claim 23 of the '545 Patent, and New Claims 23 and 35 of the re-examined

'545 Patent, are reproduced below:

**Original Claim 23**

23.     An eyeglass device comprising:

An auxiliary spectacle frame for supporting auxiliary lenses therein, said frame including a front side, a rear side, and oppositely positioned side portions, each of said side portions having an arm extended therefrom, each of said arms having a rearwardly directed free end for securing a magnetic member, and a pair of ***magnetic members*** respectively secured in the free ends of said arms, said arms and said pair of magnetic members adapted to extend across respective side portions of a primary spectacle frame so that said pair of magnetic members can vertically engage corresponding magnetic members on a primary spectacle frame.

**New Claim 23**

23. An eyeglass device comprising:

An auxiliary spectacle frame for supporting auxiliary lenses therein, said frame including a front side, a rear side, and oppositely positioned side portions, each of said side portions having an arm extended therefrom, each of said arms having a rearwardly directed free end for securing a ***magnetic member having a horizontal surface***, and a pair of magnetic members respectively secured in the free ends of said arms, said arms and said pair of magnetic members adapted to extend across respective side portions of a primary spectacle frame so that said pair of magnetic members having a horizontal surface can vertically engage corresponding magnetic {members} member surfaces on a primary spectacle frame.

**New Claim 35**

35.     ***The eyeglass device according to claim 23***, wherein, said magnetic members of said auxiliary spectacle frame are ***magnets***.

3

Under 35 U.S.C. § 112, Original Claim 23 and New Claim 23 are both known as "independent" claims -- that is, the claims stand on their own.  By contrast, New Claim 35 is known as a "dependent" claim under Section 112, because it incorporates all the elements of New Claim 23, and adds an additional feature -- namely, New Claim 35 requires that the "magnetic members" recited in New Claim 23 be actual "magnets."

Importantly, New Claim 23 is significantly different in scope than Original Claim 23. Specifically, whereas Original Claim 23 was *generic* as to the spatial orientation of the auxiliary frame magnetic members, New Claim 23 requires that the auxiliary frame magnetic members be *horizontally* oriented.  Original Claim 23 was amended to add this horizontal orientation limitation in response to the Patent Office Examiner's rejection of Original Claim 23 over the prior art.  The Patent Office issued claim 23 based on this amendment:

> With respect to claim 23, the prior art fails to disclose or fairly suggest and eyeglass device having an auxiliary frame having front, rear and side portions, each side portion having an arm extended therefrom and having a rearward directed free end securing magnetic members therein, *each magnetic member having a horizontal surface*, the arms and magnetic members adapted to extend across respective side portions of a primary spectacle frame so that the magnetic members can vertically engage corresponding magnetic members on the primary frame.

*See* Dec. of Turk-Moore at Exh. 3: 12/1/09 Patent Office "Notice Of Intent To Issue Ex Parte Reexamination Certificate" at 5 (emphasis added).

As alleged in Plaintiffs' Complaint, three of the defendants in this action, Marchon, Revolution Eyewear, Inc. ("Revolution") and Gary Martin Zelman, knowingly infringed (and continue to infringe) at least claims 23 and 35 of the '545 Patent, both literally and under the doctrine of equivalents, through their unauthorized making, use, sale, or offering for sale of various brands of magnetic clip-on eyewear that satisfy every element of claims 23 and 35.

*Id*. at ¶¶ 16-17, 21-22, 37, 40.[3]   The other two defendants, Nike and Hardy, have also infringed claims 23 and 35 by knowingly inducing, aiding and abetting the above acts of patent infringement by Marchon and Revolution, respectively.  *Id*. at ¶¶ 26, 31.

With respect to the inducement of infringement cause of action against Nike, Plaintiffs specifically pleaded that:

1.   Nike had actual knowledge of the '545 Patent.  *Id*. at ¶ 31.

2.   Nike had knowledge of Marchon's direct infringement of claims 23 and 35 of the '545 Patent, and actively and knowingly aided and abetted such infringing activities.  *Id*.

3.   Nike has infringed claims 23 and 35 both literally and under the doctrine of equivalents.  *Id*.

4.   Marchon has made, used, sold, or offered for sale magnetic clip-on eyewear under the Nike brand, and each such product incorporated an auxiliary spectacle frame having arms for securing magnetic members that satisfy every element of claims 23 and 35.  *Id*.

5.   Neither Plaintiff manufactured or authorized the above eyewear bearing the Nike brand name.  *Id*. ¶ 32.

6.   Neither Plaintiff authorized or granted Nike the right to use, manufacture, offer for sale, sell, distribute, or import into the United States any devices made according to the '545 Patent.  *Id*.

7.   Neither Plaintiff consented to Marchon's infringement, or Nike's inducement of infringement of the '545 Patent by Marchon.  *Id*.

8.   Nike had notice of its inducement of infringement of the '545 Patent, pursuant to 35 U.S.C. § 287.  Complaint ¶ 33.

9.   Nike's inducement of infringement of the '545 Patent was willful and deliberate, within the meaning of 35 U.S.C. § 284.  Complaint ¶ 33.

10.   Nike will continue to induce infringement of the '545 Patent, thus irreparably damaging Plaintiffs, unless enjoined by this Court.  *Id*. ¶ 34.

---

[3]  In addition, Mr. Zelman actively and knowingly aided and abetted Revolution's acts of patent infringement.  Complaint ¶¶ 38-39.

Plaintiffs filed their Complaint on September 23, 2009, and subsequently served each defendant.  Nike did not answer the Complaint, but instead moved to dismiss it pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons discussed below, the motion should be denied.

**ARGUMENT**

**A.  Rules 8(a) and 12(b)(6) Do Not Require the Overly Particularized and Detailed Pleading of Infringement Claims Argued by Nike**

Nike argues that Plaintiffs' Complaint should be dismissed because it fails to lay bare all of the detailed factual proof that Plaintiffs would offer at trial to demonstrate (a) Nike's culpable conduct and state of mind, (b) Nike's knowledge of Marchon's acts of infringement of claims 23 and 35 of the '545 Patent, and (c) Nike's active encouragement of such acts of infringement by Marchon.  (Nike Mem. at 4-5.)  As we show below, the applicable law, as set forth in *Twombly* and opinions in the Federal and Eleventh Circuits construing *Twombly*, does not require such an excessive level of detail at the pleading stage.

Motions to dismiss under Rules 8(a) and 12(b)(6) are purely procedural, and therefore, the law of the regional circuit will apply to the disposition of such a motion in patent cases.  *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007).  Accordingly, Eleventh Circuit law applies to the disposition of Hardy's motion.

Under Eleventh Circuit law, it is well established that for purposes of satisfying the pleading requirements of Rule 8(a), "[f]actual allegations in a complaint need not be detailed but 'must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'"  *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555).

In addition, the Eleventh Circuit recognizes that "the threshold of sufficiency to which a complaint is held at the motion-to-dismiss stage is 'exceedingly low.'"  *United*

6

*States v. Baxter Int'l, Inc.*, 345 F.3d 866, 881 (11th Cir. 2003), quoting *In re Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995).  This is particularly so in patent infringement actions, where the absence of a claim construction and a fully developed evidentiary record weigh heavily against a Rule 12(b)(6) dismissal.  *See, e.g., Ola, LLC v. Builder Homesite, Inc.*, 2009 WL 3190443 *3 (E.D. Tex. Sept. 29, 2009).

Consistent with the above authorities, the Federal Circuit has held that, in the context of causes of action for patent infringement, "the Federal Rules require only notice pleading by the claimant" and that "discovery allows the plaintiff to develop facts to support the theory of the complaint and allows the defendant to develop facts to support its defenses." *O2 Micro Int'l, Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006).

Thus, in pleading causes of action for either direct infringement or inducement of infringement, plaintiff need only allege the elements set forth in Federal Form 16 (now Form 18) of the Federal Rules of Civil Procedure.  *McZeal*, 501 F.3d at 1357.  *McZeal* examined the sufficiency of a claim for patent infringement under Fifth Circuit law, whose pleading standards are similar to those in the Eleventh Circuit.[4]  It concluded that the pleading standards exemplified in Federal Form 18 not only satisfied the Fifth Circuit's requirements, but those expressly set forth in Fed. R. Civ. P. 8(a)(2) and *Twombly* as well.  *Id*. at 1356-57 (holding that "[i]t logically follows that a patentee need only plead facts sufficient to place the alleged infringer on notice as to what he must defend.").  Similarly, under this standard, it is "not necessary . . . to identify each and every infringing device," as long as the complaint cites some examples of infringing devices.  *In re Papst Licensing GmbH Litig.*, 631 F. Supp. 2d 42, 45 (D.D.C. 2009) (applying *McZeal* and pleading standards of Federal Form 18).

---

[4]  *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief."), *cited with approval in McZeal*, 501 F.3d at 1356.

As discussed in Point III(B) below, Plaintiffs' Complaint meets the pleading standards set forth in *Twombly*, as well as those set by the Eleventh Circuit and those recognized by other Federal Courts in similar actions asserting causes of action for patent infringement.

**B.   Plaintiffs' Complaint Satisfies the Requirements of Federal Form 18**

Nike argues that Plaintiffs' Complaint does not contain sufficient factual detail to permit it to survive Nike's Rule 12(b)(6) motion.  (Nike Mem. at 4-5.)  As discussed below, however, Plaintiffs' Complaint meets all the requirements of Federal Form 18, and otherwise fully complies with Fed. R. Civ. P. 8(a), *Twombly*, and the Eleventh and Federal Circuit standards for pleading claims of patent infringement.  In fact, the level of detail provided in Plaintiffs' Complaint goes well beyond these minimum standards.

Federal Form 18 contains a sample patent infringement complaint which merely requires that plaintiff plead the following to make out a sufficient claim for infringement: (1) jurisdiction; (2) ownership of the patent; (3) that each defendant has been infringing the patent by "making, selling, and using [the device] embodying the patent"; (4) notification to defendants of the infringement; and (5) a demand for an injunction and damages.  Fed. R. Civ. P. Form 18 (*See* Dec. of Turk-Moore at Exh. 4).  *See* Fed. R. Civ. P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate.").

Federal Form 18 has been endorsed by numerous federal courts post-*Twombly*, and contrary to Nike's arguments, these courts have held that the heightened pleading supposedly required by *Twombly* did not change that pleading standard in patent infringement actions. *See, e.g., McZeal*, 501 F.3d at 1356 n.4; *WiAV Networks, LLC v. 3COM Corp.*, Civ. Act. No.

5:09-CV-101 (DF) (E.D. Tex. Dec. 15, 2009), slip op. at 5-6 (*See* Dec. of Turk-Moore at Exh. 5); *Mallinckrodt Inc. v. E-Z-EM Inc.*, 2009 WL 4023134 *2-*3 (D. Del. Nov. 20, 2009); *Advanced Analogic Techs., Inc. v. Kinetic Techs., Inc.*, 2009 WL 1974602 *1 (N.D. Cal. July 8, 2009); *Swingless Golf Club Corp. v. Taylor*, 2009 WL 2031768 *3 (N.D. Cal. July 7, 2009); *S.O.I.TEC Silicon On Insulator Techs., S.A. v. MEMC Elec. Materials, Inc.*, 2009 WL 423989 *2 (D. Del. Feb. 20, 2009).

Federal Form 18 is fully consistent with Eleventh Circuit law.  Under the Form 18 standard, all of the requisite elements of a properly pleaded cause of action for patent infringement appear in Plaintiffs' Complaint.  In this regard, Plaintiffs have properly pleaded all the requisites of Federal Form 18, as follows:

1.   Subject matter and personal jurisdiction over Nike.  Complaint ¶¶ 2-3, 31.

2.   Ownership of the patent.  *Id*. at ¶ 14.

3.    That Nike has been inducing infringement of the patent by aiding and abetting Marchon in its "making, selling, and using [the device] embodying the patent."  *Id*. at ¶ 31.

4.   Notification to Nike of the infringement and the induced infringement.  *Id*. at ¶ 33.

5.   A demand for an injunction and damages.  *Id*. at ¶ 34, pp. 9-10.

Although Nike cites to *Twombly*, Plaintiffs' Complaint is fully consistent with the pleading standard articulated in that opinion.  *Twombly* held that, to survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations," but that "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 1964-65.  Thus, a complaint's factual allegations must merely "be enough to raise a right to relief above the speculative level."  *Id*. at 1965.  In other words, the facts pleaded in a complaint must merely be "plausible," "even if it strikes a savvy judge that

actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely."
*Id*. (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  As discussed in the preceding
paragraph, Plaintiffs' Complaint transcends mere labels and conclusions, and provides a
factual basis for a non-speculative, plausible claim of infringement against Nike.

In fact, Plaintiffs have gone even further than they are required to by *Twombly*, the
Federal Circuit or the Eleventh Circuit.  Specifically, Plaintiffs have additionally pleaded
that:  (1) Nike had actual knowledge of the '545 Patent,  *id*. at ¶ 31, (2) Nike had knowledge
of Marchon's direct infringement of claims 23 and 35 of the '545 Patent, and actively and
knowingly aided and abetted those activities, *id.*, and (3) such infringement was both literal
and under the doctrine of equivalents.  *Id*.  The Complaint also identifies the specific
products that infringe the '545 Patent and explains how such infringement took place with
respect to claims 23 and 35.  *Id*.  Finally, the Complaint alleges that Nike's and Marchon's
actions were unauthorized, that Plaintiffs did not grant Nike the right to use, manufacture,
offer for sale, sell, distribute, or import into the United States any devices made according to
the '545 Patent, and that Plaintiffs did not consent to either Marchon's infringement or
Nike's inducement of such infringement by Marchon.  *Id*. at ¶ 32.

For the reasons discussed above, Plaintiffs' Complaint is more than sufficient to plead
a cause of action for patent infringement against Nike meeting the Rule 12(b)(6) standard.[5]

In short, the Complaint provides a sufficient level of detail to Nike to answer its
allegations.[6]  Moreover, the Complaint's level of detail exceeds what is required in Federal

---

[5]  Nike's citations to *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006), and *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009), are unavailing, because both opinions concern the standard of ***proof***, not the standard for ***pleading***.

[6]  Indeed, Revolution and Mr. Zelman were able to do so.

Form 18, and its format has been approved by the Federal Circuit and other federal courts on multiple occasions.  Accordingly, Nike's motion to dismiss should be denied.

**<u>CONCLUSION</u>**

For the foregoing reasons, Plaintiffs respectfully request that Nike's motion be denied in its entirety, and that this Court order Nike to answer the Complaint within the time frame required by Fed. R. Civ. P. 12(a)(4).

Dated:  December 23, 2009

Respectfully submitted,

By: s/Jacqueline Becerra
Jacqueline Becerra
BecerraJ@gtlaw.com
Ericka Turk-Moore
TurkMooreE@gtlaw.com
GREENBERG TRAURIG, P.A.
1221 Brickell Avenue
Miami, Florida 33131
Telephone:  (305) 579-0500
Facsimile:  (305) 579-0717

And

Michael A. Nicodema, Admitted *Pro Hac Vice*
NicodemaM@gtlaw.com
Barry J. Schindler, Admitted *Pro Hac Vice*
SchindlerB@gtlaw.com
Todd L. Schleifstein, Admitted *Pro Hac Vice*
SchleifsteinT@gtlaw.com
GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, New Jersey 07932
Telephone:  (973) 360-7900
Facsimile:  (973) 301-8410

*Attorneys for Plaintiffs Aspex Eyewear, Inc.*
*and Contour Optik, Inc.*

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 23<u>rd</u> day of December 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/EFC.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/EFC or in some other manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Jacqueline Becerra<br>
JACQUELINE BECERRA

## SERVICE LIST

Aspex Eyewear, Inc., et al., v. Hardy Life, LLC, et al.,
Case No. 09-61515-CIV-Cooke/ Bandstra
United States District Court, Southern District of Florida

**Janet T. Munn**
jmunn@feldmangale.com
Feldman Gale, P.A.
One Biscayne Tower, 30th Floor
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: 305-397-0798
Facsimile: 305-358-3309

*Attorneys for Defendant*
*Hardy Way, LLC*

**Steven M. Hanle**, Admitted Pro Hac Vice
shanle@sheppardmullin.com
**Jennifer A. Trusso**, Admitted Pro Hac Vice
jtrusso@sheppardmullin.com
**Aaron Fennimore**, Admitted Pro Hac Vice
afennimore@sheppardmulli.com
Sheppard, Mullin, Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626
Telephone: 714-513-5100
Facsimile: 714-513-5130

*Attorneys for Defendants*
*Revolution Eyewear, Inc. and Gary Martin*
*Zelman*

**W. Barry Blum**
bblum@gjb-law.com
**Martin J. Keane**
mkeane@gjb-law.com
Genovese Joblove & Battista, P.A.
100 S.E. 2nd Street, Suite 4400
Miami, Florida 33131
Telephone: 305-349-2300
Facsimile: 305-349-2310

**Edgar H. Haug**, Admitted Pro Hac Vice
ehaug@flhlaw.com
**Brian S. Goncalves**, Admitted Pro Hac Vice
bgoncalves@flhlaw.com
**David Herman**, Admitted Pro Hac Vice
dherman@flhlaw.com
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151
Telephone: 212-588-0888
Facsimile: 212-588-0500

*Attorneys for Defendants*
*Marchon Eyewear, Inc. and Nike, Inc.*

*NJ 226,818,363v1 12-23-09*