# EXHIBIT "5"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **WIAV NETWORKS, LLC, a Virginia limited liability company,** | § § § § | |
| **Plaintiff,** | § § | **CIVIL ACTION NO. 5:09-CV-101 (DF)** |
| vs. | § § | |
| **3COM CORPORATION et al.,** | § § § | |
| **Defendants.** | § § | |

## ORDER

Before the Court is Defendant D-Link System, Inc.'s Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6). Dkt. No. 205. Also before the Court are Plaintiff's Response in Opposition and Defendant's Reply. Dkt. Nos. 227 and 237, respectively. Having considered all relevant papers and pleadings, the Court finds that Defendants' Motion to Dismiss should be **denied**.

### I. BACKGROUND

On July 7, 2009, Plaintiff WiAV Networks, LLC ("WIAV") initiated this patent infringement suit alleging that several defendants infringe certain claims of U.S. Patent Nos. 6,480,497 and 5,400,338 ("the '497 Patent" and "the '338 Patents", respectively). WIAV amended its complaint on September 2, 2009. Dkt. No. 107. Defendant D-Link Systems, Inc. ("D-Link") now moves to dismiss WIAV Amended Complaint under FED. R. CIV. P. 12(b)(6) for failing to state a claim upon which relief can be granted.

### II. LEGAL PRINCIPLES

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the complaint must be liberally

construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). It is recognized that a motion to dismiss under Rule 12(b)(6) is disfavored and rarely granted. *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004).

Although "heightened fact pleading of specifics" is not required, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). The Supreme Court has explained that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1964-65 (citations omitted); *see also S. Christian Leadership Conference v. Supreme Ct.*, 252 F.3d 781, 786 (5th Cir. 2001) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993))); *Banks v. Nat'l Collegiate Athletic Ass'n*, 977 F.2d 1081, 1093 (7th Cir. 1992) (citation omitted) ("[A] complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.").

When reviewing a motion to dismiss, courts look only to the allegations in the complaint to determine whether they are sufficient to survive dismissal. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). However, the "issue is not whether the plaintiff will ultimately prevail, but whether

he is entitled to offer evidence to support his claim." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

### III. PARTIES' POSITIONS

D-Link's main argument is that the "impossibly vague allegations" in WIAV's amended complaint do not satisfy the pleading requirements under the Supreme Court's recent case law. Dkt. No. 205 at 8. D-Link argues that WIAV's amended complaint offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Dkt. No. 205 at 8 (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). Specifically, D-Link argues that "WIAV's assertion that each Defendant has used patented technology 'in systems and methods' merely reflects the conclusion that all the claims of WIAV's patents-in-suit are, for the most part, method claims while two claims of WIAV's '497 patent are system claims." *Id.* at 8-9. Thus, D-Link adds, WIAV's assertions are the type of statements that are "not entitled to the assumption of truth" traditionally afforded to plaintiffs. *Id.*

Additionally, D-Link describes how its accused products cannot infringe the asserted claims. *Id.* at 9-11. For example, D-Link distinguishes the claimed method and "nodes" from its own products' operation. *Id.* at 10. D-Link contends that WIAV's conclusory allegation of patent infringement "fails to connect 'wireless network devices' or routers to a method or system that could infringe the patents-in-suit." *Id.* at 10.

In response, WIAV defends its Amended Complaint and argues that it is more than adequate under the applicable pleading requirements. Dkt. No. 227 at 4. WIAV contends that its complaint "pleads much more than a naked assertion of patent infringement and provides substantial factual details." *Id.* at 6. WIAV cites to its Amended Complaint's reference to D-

Link's specific accused products, including model names and numbers, for each asserted patent, which, WIAV argues, is "far greater than it was is deemed sufficient" under the Federal Rules. *Id.*

WIAV also submits that despite D-Link's arguments to the contrary, no court has found patent infringement pleadings with the level of detail provided in its Amended Complaint to be insufficient. *Id.* at 7. WIAV argues that in a complaint for patent infringement, the patents themselves provide "a wealth of information" to alleged infringers, thus making the pleading sufficient to state a claim for relief. *Id.* at 8-10. Finally, WIAV claims that D-Link's motion contravenes well-established and well-principled procedures for litigating patent infringement. *Id.* at 11. Specifically, WIAV argues that D-Link attempts to circumvent the Patent Local Rules by asking the complaint to contain the same detail as the infringement contentions. *Id.* at 12. Additionally, WIAV argues that D-Link's interpretations of the asserted claims contradict the claim language and violate claim construction principles. *Id.* at 12-13.

In reply, D-Link argues that "[i]t is not necessary to engage in claim construction to see that WIAV is wrong." Dkt. No. 237 at 3. In support, D-Link walks through claim 1 of the '338 Patent and describes how its products cannot infringe. *Id.* at 4. D-Link adds that WIAV must "show that a person has actually practiced the claimed steps, not just that D-Link Systems sold products capable of infringing the patents." *Id.*

### IV. DISCUSSION

WIAV accuses D-Link of infringing certain claims of the '497 and '338 Patent by making, using, offering to sell, and/or selling products and devices which embody the patented invention in violation of 35 U.S.C. §271. D-Link submits that WIAV's Amended Complaint for

-4-

patent infringement does not meet the required pleading standards as recently articulated by the Supreme Court in *Ashcroft v. Iqbal* and *Bell Atl. Corp. v. Twombly*. Taking all facts pled in the complaint as true, the Court finds that WIAV has sufficiently pled factual allegations that would raise a right to relief that is "plausible on its face" and above the speculative. D-Link's arguments to the contrary lack merit.

D-Link seeks to have WIAV, in its Amended Complaint, specifically describe how its products practice the claimed methods or systems.[1] This is not the proper pleading standard even after *Iqbal* and *Twombly*. The Federal Circuit has found that a complaint contains enough detail when it "alleges ownership of the asserted patent, names each individual defendant, cites the patent that is allegedly infringed, describes the means by which the defendants allegedly infringe, and points to the specific sections of the patent law invoked." *Phonometrics, Inc. v. Hospitality Franchise Sys.*, Inc., 203 F.3d 790, 794 (Fed. Cir. 2000). This standard remains undisturbed after

---

[1] Additionally, in this jurisdiction, such information is typically provided early during discovery in the form of a Plaintiff's Infringement Contentions. Patent Local Rule 3-1 requires a party claiming patent infringement to serve infringement contentions on all parties. The infringement contentions must include, among other requirements, the following:

> (b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process; [and]
>
> (c) A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function[.]

Thus, the infringement contentions – not the complaint – must provide the information D-Link seeks regarding how its accused products allegedly infringe the asserted claims. As the Federal Circuit has explained, "discovery allows the plaintiff to develop facts to support the theory of the complaint and allows the defendant to develop facts to support its defenses." *O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1365 (Fed. Cir. 2006).

Twombly. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007) (applying Fifth Circuit law); *see also, Swingless Golf Club Corp. v. Taylor*, No. C 08-05574, 2009 WL 2031768, at *3 (N.D. Cal. July 7, 2009).

D-Link's cited cases-in-support are readily distinguishable, if not inapposite. In *Colida v. Nokia, Inc.*, the Federal Circuit affirmed the trial court's dismissal of plaintiff's infringement claims that were "facially implausible and provided the district court with no basis on which to reasonably infer that an ordinary observer would confuse the pleaded patented designs with the accused Nokia 6061 phone." *Colida v. Nokia, Inc.*, 2009 WL 3172724, at *2 (Fed. Cir. Oct. 6, 2009). In *Rozenblat v. Kappos*, the Federal Circuit found that the Plaintiff "presented no viable legal theory for suing the Director of the PTO." *Rozenblat v. Kappos*, 2009 WL 2952180, at *2 (Fed. Cir. Sept. 16, 2009). In this case, construing the allegations in favor of WIAV, WIAV's claims are facially plausible and provide a viable theory of recovery, namely 35 U.S.C. §271.

Similarly, *Elan Microelectronics v. Apple, Inc.* does not support granting D-Link's motion. In *Elan*, the magistrate judge dismissed Apple's counterclaims that Elan "directly and/or indirectly" infringed certain patents assigned to Apple "in violation of 35 U.S.C. §271" because Apple failed to plead the additional elements required to assert claims of contributory infringement and inducement. *Elan Microelectronics v. Apple, Inc*, No. C 09-01531, 2009 WL 2972374, at *2 (N.D. Cal. September 14, 2009). Here, WIAV alleges direct infringement, which does not require more than the alleged "importing, making, using, offering to sell, and/or selling." *See, e.g.*, Dkt. No. 107 at ¶54. Again, taking the facts adduced in the complaint as true, WIAV has stated a claim for relief that is plausible on its face.

Finally, D-Link's argument that it's products cannot infringe is similarly unavailing. The

absence of a claim construction and evidentiary record weighs heavily against dismissing the claims. *See, e.g., Ola, LLC v. Builder Homesite, Inc.*, No. 2:08-cv-324, 2009 WL 3190443, at *3 (E.D. Tex. September 29, 2009).

## V. CONCLUSION

For at least the foregoing, D-Link System, Inc.'s Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6), Dkt. No. 205, is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 15th day of December, 2009.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE