# EXHIBIT "6"

# Greenberg
# Traurig

Jacqueline Becerra
Tel. (305) 579-0534
Fax (305) 579-0717
becerraj@gtlaw.com

November 25, 2009

**_VIA ELECTRONIC TRANSMITTAL_**

Steven M. Hanle, Esq.
Sheppard Mullin Richter & Hampton, LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626

      Re:    **Aspex Eyewear et al. v. Marchon Eyewear et al.
             Case No. 09-CIV-61515-Cooke/Bandsta (S.D. Fl)**

Dear Steve:

      This letter responds to your letter to Michael Nicodema dated November 17, 2009 ("the letter".)

      In your letter, you assert that "[your] clients believe there is no good faith basis for [our] clients' claims of patent infringement in this case." To support this assertion, you rely on two arguments. First, without providing any analysis, you simply conclude that "[our] clients' claims are barred under the doctrines of res judicata and/or collateral estoppel as a result of the rulings and judgment in [California Action]." Without any factual support and/or legal authority for your position, we cannot have a meaningful discussion. In fact, it is our understanding that your clients do not want to provide such analysis at this stage because, as you stated to Mr. Bersh, providing the analysis to your clients' allegation that this case lacks "a good basis" would require your clients to "open their cards," which your clients are unwilling to do. As you understand, my clients can not meaningfully respond to your clients' allegations without understanding the basis for it.

      Second, you assert that "U.S. Patent No. RE37,545 [F1] ("the [RE] '545 [F1] patent") and prior Court rulings have made clear that the asserted claims only cover auxiliary frames where the arms extend <u>over</u> the corresponding extension of the primary frames." Again, without any legal authority, this argument can not also serve as a basis for any meaningful discussion. In any event, your position appears to be clearly contradicted by the recent Federal Circuit's ruling in *Revolution Eyewear v. Aspex Eyewear, Inc.*, 563 F.3d 1358 (Fed. Cir. 2009). Indeed, in addition to other arguments, claims 23 and 35 of the RE '545 F1 patent cover an "auxiliary spectacle frame" and include the limitation "adapted to."

      As to your client Hardy, you simply state that "no... information exits" "to support a good faith belief that Hardy has induced infringement." On the contrary, upon information and belief, it is well-know in the industry that Hardy zealously protects its brand name. Specifically, in

Steven M. Hanle, Esq.
Sheppard Mullin Richter & Hampton, LLP
November 25, 2009
Page 2

accordance with public knowledge, upon information and belief, Hardy actively supervises development, production, distribution, and marketing of products that carry its brand. Further, upon information and belief, rights allowing for such active supervision are spelled out in Hardy's licensing agreements. However, if you believe that our information and belief is incorrect, please provide the licensing agreement between your clients. After reviewing and, if our information and belief is incorrect, we, of course, will reconsider our position.

Finally, you stated in your letter that during the November 16, 2009 meeting of parties' counsel ("the meeting"), you "attempted to discuss with plaintiffs' counsel in attendance plaintiffs' position with respect to ... settlement and scheduling" and "that [p]laintiffs' counsel at the meeting was not prepared to address the substantive issues [the application of doctrines of res judicata and /or collateral estoppel] that dictate this scheduling issue ["that these threshold issues can and should be resolved at the beginning of the case"]." Your recollection of the meeting is incorrect. Plaintiffs' counsel repeatedly asked you for your clients' scheduling and whether it would be a motion to dismiss or some other motions. At the meeting, however, you were not yet prepared to propose a schedule that would take into consideration your clients' issues. To date, we have not received your clients' counter-proposal to our proposed schedule.

We welcome a meaningful discussion to these issues, however, to do so we would need the factual support and legal authority on which you rely to assert that this action has not been filed in good faith and that it should be dismissed.

We look forward to discussing your proposed scheduling of this matter.

Sincerely,

*for* Jacqueline Becerra