UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 09-61515-CIV-COOKE/BANDSTRA

ASPEX EYEWEAR, INC. AND
CONTOUR OPTIK, INC.

    Plaintiffs,

vs.

HARDY LIFE, LLC, MARCHON
EYEWEAR, INC., NIKE, INC.,
REVOLUTION EYEWEAR, INC.,
and GARY MARTIN ZELMAN,

    Defendants.

_____/

**DEFENDANTS MARCHON EYEWEAR, INC. AND NIKE, INC.'S
REPLY MEMORANDUM IN SUPPORT OF MOTION FOR JUDICIAL
<u>NOTICE OF PRIOR FEDERAL COURT PROCEEDING</u>**

On November 30, 2009, Defendants Marchon Eyewear, Inc. and Nike, Inc. ("Defendants") filed their Motion for Judicial Notice of Prior Federal Court Proceeding [DE 25] requesting that this Court take notice of a prior federal court proceeding in connection with Defendants' contemporaneously-filed motions to dismiss the Complaint of Plaintiffs Aspex Eyewear, Inc. and Contour Optik, Inc. ("Aspex" or "Plaintiffs"). <u>See</u> [DE 23, 24]. As set out in Defendants' motions to dismiss, the previous litigation between the parties from the Central District of California in <u>Aspex Eyewear, Inc. et al. v. Marchon Eyewear, Inc.</u>, Case No. 06-08000 (the "First Aspex Action"), which was dismissed with prejudice, bars Plaintiffs from bringing the patent infringement claims asserted in the current Complaint under the doctrine of *res judicata/*claim preclusion. Accordingly, to fully consider and ultimately resolve this case, the

Defendants requested that the Court take judicial notice of the prior federal court proceeding. Defendants' request was properly submitted to the Court in the Defendants' motion for judicial notice.

### I. The Second Amended Complaint and Stipulation of Dismissal with Prejudice in the First Aspex Action

Copies of the second amended complaint and the stipulation of dismissal with prejudice in the first Aspex action are part of the record in this action as they were attached to the Defendants' motion to dismiss in connection with Defendants' contemporaneously-filed motion for judicial notice. [D.E. 23, Ex. 1 and 2]. As such, Plaintiffs' opposition appears to concede that the Court can properly take judicial notice of those two filings in the first Aspex action with respect to the doctrine of *res judicata* / claim preclusion.

### II. The Remainder of the Record in the First Aspex Action

Plaintiffs appear to argue that the Court should not take judicial notice of the remainder of the court record in the first Aspex action, apparently because Defendants did not attach to Defendants' motions a paper copy of the entire court record of the first Aspex action. Instead, Defendants properly filed a motion for judicial notice requesting that the Court take notice of the entire first Aspex Action, attaching the second amended complaint and stipulation of dismissal with prejudice and also properly citing to the entire first Aspex action. Because federal court files are public records, they "are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Davis v. Williams Commc'ns*, 258 F. Supp. 2d 1348, 1352 (N.D. Ga. 2003) (citing *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1279-80 (11th Cir. 1999)).

Defendants have no objection to the Court, for purposes of the motions to dismiss, limiting its judicial notice to the seconded amended complaint and the stipulation of dismissal

with prejudice. Defendants assert, in fact, that those two documents are dispositive and require that this action be dismissed on *res judicata* / claim preclusion grounds. Defendants have requested, however, that the Court take judicial notice of the entire record in the first Aspex action so that the Court is as informed as it deems necessary in deciding these dispositive motions. Again, Defendants have no objection if Plaintiffs want the Court to limit the judicial notice to the two documents attached to Defendants' motion for judicial notice.

The cases cited by Plaintiffs, however, do not require a party to attach a paper copy of an entire court record to a motion for judicial notice in order for the Court to consider that record on a motion to dismiss, or any other motion. None of the cases cited by Plaintiffs support the argument that this Court should not take judicial notice of the entire record in the first Aspex action based upon Defendants' motion for judicial notice. And certainly no cases support an argument that the Court can not take judicial notice of the two documents that have been filed with the Court attached to the motion for judicial notice.

In *Concordia v. Bendekovic*, 693 F. 2d 1073 (11th Cir. 1982), the Court's reluctance to apply judicial notice was based in large part on the fact that the judgment in the prior action was not conclusively final, and in fact there was record evidence indicating that the judgment had been appealed. *Id.* at 1076. In *Schlafer v. Indian Spring Maint. Ass'n*, 139 Fed. Appx. 147, 149 (11th Cir. 2005), there was no indication that the entire record of the previous case was before the court. Instead, the Eleventh Circuit noted that, just as Defendants here attached a copy of the operative second amended complaint filed by Aspex, "[t]he defendants attached copies of Schlafer's previous lawsuits to their motions to dismiss. *Id.* at 148-49. The court of appeals affirmed the dismissal of the complaint in *Schlafer* based on res judicata on the strength of those attached papers.

Finally, *Thomas v. Evans*, 880 F. 2d 1235 (11th Cir. 1989), cited by Aspex, is inapposite. That case involved Rule 11 sanctions based on frivolous filings and the court noted that the finding of res judicata was based on a previous complaint and jury verdict that were referred by the trial court but were not part of the court record. *Id.* at 1238, 1241. The Eleventh Circuit observed that the district court did not even describe on the record the prior case "with any precision." *Id.* at 1241.

The other cases relied upon in Defendants' motion for judicial notice certainly do not set require that a party must attach a paper copy of an entire court record to a motion for the purposes of judicial notice. *See Makro Capital of Am., Inc. v. UBS AG*, 372 F. Supp. 2d 623, 627 (S.D. Fla. 2005) (district court took judicial notice of settlement agreement in case concluded over 40 years earlier; no suggestion that entire record was filed with court); *Young v. City of Augusta*, 59 F.3d 1160, 1166 n. 11 (11th Cir.1995) (taking judicial notice of one order in an earlier proceeding for limited purpose of recognizing the judicial action taken); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271 (11th Cir. 1999) (court took judicial notice of SEC documents attached to motion to dismiss); *Davis v. Williams Commc'ns, Inc.*, 258 F.Supp.2d 1348 (N.D. Ga. 2003) (court taking judicial notice of public records attached to motion to dismiss).

For the foregoing reasons, and for the reasons stated in the motion for judicial notice, Defendants submit that the full record of the first Aspex action, in addition to the second amended complaint and the stipulation of dismissal that are presently in the court record here, will be helpful and necessary to the Court in considering the present motions to dismiss with respect to the doctrine of *res judicata* / claim preclusion. Accordingly, Defendants request that the Court take judicial notice of the second amended complaint and stipulation of dismissal with prejudice [DE 23, Ex. 1 and 2] and take judicial notice of the entire court record in the matter of

4

*Aspex Eyewear, Inc. et al. v. Marchon Eyewear, Inc.,* Case No. 06-08000 (C.D. Cal.). Additionally, if the Court deems it necessary, Defendants can provide the Court with a paper or electronic copy, at the Court's discretion, of the entire record in the first Aspex action.

Dated: December 28, 2009
      Miami, Florida

Respectfully submitted,

s/ W. Barry Blum
W. Barry Blum
bblum@gjb-law.com
Florida Bar No.: 379301
GENOVESE JOBLOVE & BATTISTA, P.A.
100 Southeast Second Street – 44th Floor
Miami, Florida  33131
Telephone:  (305) 349-2300
Facsimile:  (305) 349-2310

and

s/ Edgar H. Haug
Edgar H. Haug, Admitted Pro Hac Vice
ehaug@flhlaw.com
Brian S. Goncalves, Admitted Pro Hac Vice
bgoncalves@flhlaw.com
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, New York 10151
Telephone:  (212) 588-0800
Facsimile:  (212) 588-0500

*Attorneys for Defendants Marchon Eyewear, Inc. and Nike, Inc.*

CASE NO.: 09-61515-CIV-COOKE-BANDSTRA

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                              s/ W. Barry Blum  
                              Attorney

CASE NO.: 09-61515-CIV-COOKE-BANDSTRA

## SERVICE LIST

**Jacqueline Becerra, Esq.**
becerraj@gtlaw.com
**Ericka Yolanda Turk, Esq.**
turkmooree@gtlaw.com
GREENBERG TRAURIG, LLP
1221 Brickell Avenue
Miami, FL 33131
Telephone: (305) 579-0534
Facsimile: (305) 579-0717

**Michael Nicodema, Esq.**
nicodemam@gtlaw.com
GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue
New York, NY 10166-1400
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

*Attorneys for Plaintiffs Aspex Eyewear, Inc. and Contour Optix, Inc.*

**Janet T. Munn**
jmunn@feldmangale.com
FELDMAN GALE, P.A.
One Biscayne Tower, 30th Floor
2 South Biscayne Blvd.
Miami, FL 33131
Telephone: (305) 349-2300
Facsimile: (305) 349-2310

**Jennifer A. Trusso** (admitted *Pro Hac Vice*)
jtrusso@sheppardmullin.com
**Steven M. Hanle** (admitted *Pro Hac Vice*)
shanle@sheppardmullin.com
**Aaron M. Fennimore** (admitted *Pro Hac Vice*)
afennimore@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
650 Town Center Drive – Fourth Floor
Costa Mesa, California  92626
Telephone: (714) 513-5100
Facsimile: (714) 513-5130

*Attorneys for Defendants Revolution Eyewear, Inc. and Gary Martin Zelman*