UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 09-61515-CIV-COOKE/BANDSTRA

ASPEX EYEWEAR, INC. AND
CONTOUR OPTIK, INC.

    Plaintiffs,

vs.

HARDY LIFE, LLC, MARCHON
EYEWEAR, INC., NIKE, INC.,
REVOLUTION EYEWEAR, INC.,
AND GARY MARTIN ZELMAN,
AN INDIVIDUAL,

    Defendants.
_____/

**DEFENDANT NIKE, INC.'S
REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant Nike, Inc. ("Nike"), by and through its undersigned counsel and pursuant to S.D. Fla. L.R. 7.1, hereby submits its Reply Memorandum in Support of its Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) [DE 24] (the "Motion to Dismiss") and states the following in support thereof:[1]

**I. INTRODUCTION AND SUMMARY OF ARGUMENT**

In sum, Nike's Motion to Dismiss seeks dismissal of the Complaint and Demand for Jury Trial [DE 1] (the "Complaint") filed by Plaintiffs Aspex Eyewear, Inc. and Contour Optik, Inc.

---

[1] Nike adopts the positions set forth in the separately-filed Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [DE 7] filed by Defendant Marchon Eyewear, Inc. ("Marchon") and Marchon's Reply Memorandum filed in support thereof. If the Marchon Motion to Dismiss filed by Marchon is granted, the inducement of patent infringement claims asserted against Nike are rendered moot, and this Court should accordingly dismiss the inducement action against Nike independent of this Motion to Dismiss.

(collectively referred to herein as "Plaintiffs" or "Aspex") because the allegation that Nike "aided and abetted Marchon's direct infringement of Claims 23 and 35 of the '545 patent" is deficient under Supreme Court precedent, including Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), as well as the law of the Eleventh and Federal Circuits.

Aspex's lengthy Opposition to Defendant Nike's Motion to Dismiss Complaint, Pursuant to Fed. R. Civ. P. 12(b)(6) [DE 40] (the "Opposition") directs this Court to a line of inapplicable cases involving only direct patent infringement, not inducement of patent infringement and an irrelevant federal pleading form, both of which have no bearing on this action which only alleges inducement of patent infringement. As such, Aspex's Complaint should be dismissed as a matter of law.

## II.  ARGUMENT

### A. ASPEX'S COMPLAINT FAILS TO MEET THE PLEADING STANDARD OF FED. R. CIV. P. 8(A) AND OF *TWOMBLY*

In its Opposition, Aspex alleges that its inducement of infringement claims against Nike meet the notice requirements of Fed. R. Civ. P. 8(a). See Opposition [DE 40] at p. 5. However, despite the lengthy Opposition filed by Aspex, the Aspex Complaint simply fails to give Nike "fair notice of what the…claim is and the grounds upon which it rests" as required by the Federal Rules of Civil Procedure. See Twombly, 550 U.S. at 555 (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). Indeed, Aspex only alleges that:

> Nike, well knowing of the '545 Patent, has actively and knowingly aided and abetted Marchon's direct infringement of claims 23 and 35 of the '545 Patent, both literally, and under the doctrine of equivalents, by reason of Marchon's unauthorized making, using, selling, and/or offering for sale in this judicial district and elsewhere, magnetic clip-on eyewear under the Nike brand, which incorporates an auxiliary spectacle frame having arms for securing magnetic members satisfying each and every element of claims 23 and 35.

Complaint at ¶ 31.

The Complaint pleads no factual matter regarding alleged culpable conduct by Nike or Nike's alleged knowledge of infringement. Aspex alleges no factual matter that would allow a reasonable inference of culpable conduct directed to encouraging infringement. In fact, the pleadings in Twombly recited significantly more factual matter regarding culpable conduct than the factual matter recited by Aspex in the pleadings of the present case, and yet the Court held that the pleadings in Twombly failed to give fair notice to the defendant. Twombly, 550 U.S. at 551. Aspex, in its Opposition, has failed to point to any such factual matter in its Complaint against Nike which can satisfy the legal standard. Accordingly, the Complaint fails to satisfy the Twombly standards, which require a complaint to plead sufficient factual matter to allow a reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556.

> **B.  *MCZEAL* AND FEDERAL FORM 18 DO NOT APPLY TO PATENT CASES INVOLVING INDUCEMENT OF INFRINGEMENT**

In addition to several cases which pre-date Twombly, Aspex also relies heavily on a case involving direct infringement of a patent and on Federal Form 18 of the Federal Rules of Civil Procedure, neither of which have any applicability to the present inducement action against Nike. See McZeal v. Sprint Nextel Corp., 501 F.3d 1354 (Fed. Cir. 2007) (alleging direct patent infringement). Aspex, citing McZeal, incorrectly states that "in pleading causes of action for either direct infringement or inducement of infringement, plaintiff need only allege the elements set forth in Federal Form 16 (now Form 18) of the Federal Rules of Civil Procedure." See Opposition at p. 7. However, McZeal does not involve or even mention a cause of action relating to inducement of patent infringement. Second, it is clear that Form 18 "only provides an

example of how *direct* patent infringement may be alleged." Elan Microelectronics Corp. v. Apple, Inc., No. C 09-01531 RS, 2009 WL 2972374, *2 (N.D. Cal. Sept. 14, 2009). According to Elan, Form 18 has no relevance to the sufficiency of an inducement claim. Id.

In the present case, Aspex has only asserted claims against Nike which relate to inducement of patent infringement, and not direct patent infringement. As outlined by the court in Elan, inducement of patent infringement "include[s] additional elements" above and beyond direct patent infringement, "none of which Form 18 even purports to address." Id. Accordingly, McZeal and Form 18 are inapposite and, for the same reason, the long line of Form 18 cases cited by Aspex are similarly inapposite. See Opposition at pp. 8-9. There is no reason to burden this Court with a more detailed response to the several unnecessary and irrelevant arguments that Aspex has devoted to McZeal and to Form 18. Aspex simply cannot rely on Form 18 or the requisite elements of a properly pleaded cause of action for *direct* patent infringement.

Since McZeal and Form 18 fail to provide any authority in a patent case involving alleged inducement of infringement, "the Court must apply the teachings of Twombly." Elan, 2009 WL 2972374 at *2. As discussed above, Aspex's Complaint clearly fails to meet the pleading standards of Twombly as must therefore be dismissed as a matter of law.

Moreover, the assertion by Aspex that "the Complaint identifies the specific products that infringe the '545 Patent and explains how such infringement took place with respect to claims 23 and 35" is false. See Opposition at p. 10. To be clear, the Complaint completely lacks any detail with regard to the specific products that allegedly infringe the '545 Patent, or any detail explaining how such infringement (or inducement to infringe) allegedly took place.

Aspex should be required to identify with specificity how Nike has induced infringement of the '545 Patent. It is unfair to Nike and to this Court for Aspex to fail to more precisely

identify how Nike has allegedly induced infringement.

### III.  CONCLUSION

Based upon the foregoing, Nike respectfully requests that this Court enter an Order dismissing the Complaint [DE 1] filed by Aspex, together with such other and further relief as this Court deems just and proper.

Dated: January 11, 2010
      Miami, Florida

Respectfully submitted,

**s./ Martin J. Keane**
_____
W. Barry Blum
bblum@gjb-law.com
Florida Bar No.: 379301
Martin J. Keane
mkeane@gjb-law.com
Florida Bar No.: 524239
GENOVESE JOBLOVE & BATTISTA, P.A.
4400 Miami Tower
100 Southeast Second Street
Miami, Florida  33131
Telephone:  (305) 349-2300
Facsimile:  (305) 349-2310

and

**s./ Edgar H. Haug**
_____
Edgar H. Haug (admitted *Pro Hac Vice*)
ehaug@flhlaw.com
Brian S. Goncalves (admitted *Pro Hac Vice*)
bgoncalves@flhlaw.com
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, New York 10151
Telephone:  (212) 588-0800
Facsimile:  (212) 588-0500

Attorneys for Defendants Nike, Inc.

5

CASE NO.: 09-61515-CIV-COOKE-BANDSTRA

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 11, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**s./ Martin J. Keane**
_____
Attorney

## SERVICE LIST

### Aspex Eyewear, Inc. v. Hardy Life, LLC et. al.
### CASE NO.: 09-CIV-61515-COOKE/BANDSTRA

**(1)** Jacqueline Becerra
becerraj@gtlaw.com
Ericka Turk-Moore
turkmooree@gtlaw.com
Michael Nicodema (admitted *Pro Hac Vice*)
nicodemam@gtlaw.com
GREENBERG TRAURIG, P.A.
1221 Brickell Avenue
Miami, Florida  33131
Telephone:     (305) 579-0500
Facsimile:     (305) 579-0717
Attorneys for Plaintiffs Aspex Eyewear, Inc. and Contour Optik, Inc.

**(2)** Janet T. Munn
jmunn@feldmangale.com
FELDMAN GALE, P.A.
One Biscayne Tower – 30th Floor
2 South Biscayne Boulevard
Miami, Florida  33131
Telephone:     (305) 397-0798
Facsimile:     (305) 358-3309

--and--

**(3)** Jennifer A. Trusso (admitted *Pro Hac Vice*)
jtrusso@sheppardmullin.com
Steven M. Hanle (admitted *Pro Hac Vice*)
shanle@sheppardmullin.com
Aaron M. Fennimore (admitted *Pro Hac Vice*)
afennimore@sheppardmullin.com
SHEPPARD MULLIN RICHTER & HAMPTON LLP
650 Town Center Drive – Fourth Floor
Costa Mesa, California  92626
Telephone:     (714) 513-5100
Facsimile:     (714) 513-5130
Attorneys for Defendants Revolution Eyewear, Inc. and Gary Martin Zelman

**10289-001 / 90**