UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-61515-CIV-COOKE
MAGISTRATE JUDGE BANDSTRA

ASPEX EYEWEAR, INC. AND
CONTOUR OPTIK, INC.

      Plaintiffs,

vs.

HARDY LIFE, LLC., MARCHON
EYEWEAR, INC., NIKE, INC.,
REVOLUTION EYEWEAR, INC.,
AND GARY MARTIN ZELMAN,
AN INDIVIDUAL,

      Defendants.
_____

**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
SPECIAL SCHEDULING ORDER**

I. SUMMARY OF REPLY ARGUMENTS

Plaintiffs' opposition studiously avoids the fundamental facts and law that make this case ripe for summary adjudication. (1) The patent claims asserted by Plaintiffs in this action relate to the auxiliary frame, *i.e.,* the frame that magnetically attaches to a primary spectacle frame. (2) The auxiliary frame in the accused products here is the same as the auxiliary frame of the accused products in *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, Central District of California Case No. CV 02-1087 (the "California Action"). Thus, the patent infringement claims asserted in this action <u>could have been raised</u> in the California Action, which resulted in a final judgment, and claim preclusion applies. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) In fact, plaintiffs did accuse products incorporating the auxiliary frame in the California Action, but lost those infringement claims on summary judgment.

Plaintiffs concede that the evidence of what occurred in the California Action is a matter of public record. (Opp. p. 13, n.2.) Thus, there is no reason that the claim preclusion issues should not be decided now, without the need for time-consuming discovery. Indeed, plaintiffs did not identify a single issue on which they needed discovery in order to oppose a motion for

summary judgment regarding claim preclusion. Plaintiffs do not and cannot dispute that an early motion for summary judgment based on this issue would very likely be dispositive and save the parties and the Court significant time and resources.

Instead, plaintiffs' lead argument is that defendants' motion is an attempt to circumvent the Magistrate Judge. This argument is frivolous. The Joint Scheduling Report was not, to defendants' knowledge, submitted to the Magistrate Judge. Regardless, the Report expressly advised the Court (and the Magistrate Judge) that defendants would be filing the instant motion. (Dkt. No. 29, § D at p. 3.) Moreover, the Court's reference order appears to provide that scheduling issues are decided by the Court, not the Magistrate. (Dkt. No. 5: "... *any motion affecting deadlines set by the Court's Scheduling Order are excluded from this referral* ...") In any event, the Court is of course free to refer scheduling issues to the Magistrate. Addressing straightforward and dispositive claim preclusion issues early makes sense, regardless of which judge is deciding the case schedule.

Plaintiffs' half-hearted attempts to address the merits of the claim preclusion issue are also frivolous. Specifically, plaintiffs opposed Marchon's motion to dismiss based on claim preclusion because the settlement agreement with Marchon purported exclude the infringement claims asserted in this action. With respect to defendants Revolution, Zelman and Hardy, there is no such settlement agreement, and the final judgment in the California Action precludes all claims which could have been brought in that case, whether based on claim 23 or some other claim of the '545 patent. Further, claim 23 is not new, but rather "amended". Specifically, plaintiffs concede, and the law requires, that claim 23 was narrowed, not broadened, during reexamination. (35 U.S.C. § 305; Opp. pp. 7-8.) Thus, there can be no dispute that a claim for infringement of claim 23 could have been brought in the California Action. Again, the evidence that establishes this is a matter of public record, and there is no reason this dispositive issue should not be decided expeditiously.

Accordingly, the Court should grant defendants permission to file an early motion for summary judgment, without prejudice to their right to file a later motion on other grounds, if necessary.

## II.  THE PRESENT CLAIMS FOR INFRINGEMENT COULD HAVE BEEN RAISED IN THE CALIFORNIA ACTION

### A.    The Auxiliary Frames Have Not Changed

Plaintiffs do not dispute that the auxiliary frames of the products accused in this case are the same as the auxiliary frames of the products accused in the California Action.  (See Hanle Decl. Ex. 3, ¶¶ 5-6.)[1]  In fact, plaintiffs asserted in the California Action that these auxiliary frames infringed claims 6 and 34 of the '545 Patent.  *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 563 F.3d 1358, 1364 (Fed. Cir. 2009).  Thus, plaintiffs cannot dispute that they <u>could have raised</u> in the California Action an assertion that these same auxiliary frames infringe claim 23.  Such a claim, had it been brought, would have been rejected; the California court granted summary judgment of non-infringement on claims 6 and 34.  *Id.*

Contrary to plaintiffs' arguments, the California court's evidentiary ruling on "Non-IMF Products", has no bearing on claim preclusion.  (See Opp. pp. 4-5.)  Rather, the plaintiffs in the California Action conceded that the Non-IMF Products were not infringing, and the court excluded them as of little or no relevance and prejudicial.  (Turk-Moore Decl. Ex. 4 p. 2.)  The fact remains, plaintiffs could have asserted, and did assert, in the California Action that the auxiliary frames accused in this case were infringing, and that claim is now barred.  *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).[2]

### B.    Plaintiffs Could Have Asserted Claim 23 And Others In The California Action

Plaintiffs next assert that Claims 23 and 35 could not have been asserted in the California Action because they are "new" and cover a "separate and distinct invention."  (Opp. pp. 7-8, 13-

---

[1]    Notably, plaintiffs refused to respond to defendant's interrogatory asking plaintiffs to state "all differences between the auxiliary spectacle frame of the accused product in the Florida Action and the auxiliary spectacle frame of the accused product in the California Action."  (Ex. A hereto, Response No. 5.)

[2]    Plaintiffs concede that the reason they did not assert infringement against the Non-IMF products is that the <u>primary frames</u> have embedded magnets, rather than magnets secured in "projections", as required by the claims of the '545 Patent.  (Opp. p. 4.)  Plaintiffs do not dispute that the <u>auxiliary frames</u> are the same in both the IMF and the Non-IMF frames.  (Hanle Decl. Ex. 3, ¶¶ 5-6.)  Once again, if plaintiffs truly believed the auxiliary frames were infringing, they could have raised such claims in the California Action.

14, n.4.)  This argument both misstates the relevant inquiry and is wrong as a matter of law. First, the relevant inquiry is whether plaintiffs could have asserted <u>any</u> claim of the '545 patent against the auxiliary frames in the California Action.  If so, the present case is barred by the rule against claim splitting, which applies in patent cases.  (See the authority cited at page 4 of defendants' motion.)  The answer to the inquiry is <u>yes</u>, the plaintiffs did assert claims 6 and 34 of the '545 patent against products including the auxiliary frames.  *Revolution Eyewear*, 563 F.3d at 1364; Hanle Ex. 1 claims 6 ("an auxiliary spectacle frame …) and 34 (same).  Accordingly, it is irrelevant whether plaintiffs could have asserted claim 23.

Further, plaintiffs in fact <u>could have</u> asserted claim 23 in the California Action because the amended claim is, as admitted by plaintiffs and required by law, <u>narrower</u> than claim 23 as it existed during the California Action.  (Opp. p. 7; 35 U.S.C. § 305:  "no proposed amended or new claim enlarging the scope of a claim of the patent will be permitted in a reexamination proceeding"[3]; see *Cordis Corp. v. Medtronic Ave, Inc.*, 511 F.3d 1157, 1184 (Fed. Cir. 2008) ("As a limitation on a patent owner's ability to add or amend claims, section 305 provides that '[n]o proposed amended or new claim enlarging the scope of a claim of the patent will be permitted in a reexamination proceeding.'")  Thus, if the auxiliary frames were not covered by the prior version of claim 23, they cannot be covered under the amended version, and plaintiffs do not have a new cause of action. *Bionx Implants v. Biomet, Inc.*, 1999 U.S. Dist. LEXIS 21651 *6 (N.D. Ind. Dec. 29, 1999) ("No proposed amended or new claim enlarging the scope of a claim of the patent will be permitted in a reexamination proceeding pursuant to 35 U.S.C.S. § 305.  A reexamined patent claim is broader in scope than the original claims if it contains within its scope any conceivable apparatus or process which would not have infringed the original patent. Furthermore, a reexamined claim that is broader in any respect is considered to be

---

[3]     Thus, unlike reissued claims, claims amended upon reexamination can never be broader than the original claims.

broader than the original claims even though it may be narrower in other respects. Thus, any reexamined claim may be held invalid if it is found to broaden the scope of the original patent.")[4]

Still further, the law is clear that claims amended or added during reexamination do not relate to a new or separate invention. Specifically, 35 U.S.C. § 307 provides that such claims "will have the same effect as that specified in section 252 of this title for reissued patents."[5] Reissuance (and reexamination) are only available "for the invention disclosed in the original patent." 35 U.S.C. § 251. Thus, plaintiffs' attempt to distinguish the cases cited by defendants on the grounds that claims 23 and 35 cover "separate and distinct inventions" (Opp. p. 14, n.2) is incorrect as a matter of law.

In sum, the final judgment in the California Action bars a cause of action for infringement against Revolution's auxiliary frames based on <u>any claim</u> of the '545 Patent, including the <u>narrowed</u> version of claim 23, and the even narrower claim 35.

III.    PLAINTIFFS' CLAIMS ARE ALSO BARRED BASED ON ISSUE PRECLUSION

Plaintiffs' opposition fails to even address issue preclusion, pursuant to which the accused product does not contain a key element of the asserted claims as a matter of law. Specifically, in the California Action, the court determined that the '545 Patent did not cover an auxiliary frame that attached to the *bottom* of a primary eyeglass frame. (Hanle Decl., Ex. 4, p. 35; *Revolution Eyewear, Inc.*, 563 F.3d at 1368.) Based on the doctrine of issue preclusion and fundamental claim construction law, the nearly identical language of claim 23 must be construed consistently to require that the arms and magnetic members of the auxiliary frame are adapted to reach across the top of the corresponding extension of the primary frame. Thus, Revolution's auxiliary frames

---

[4]    Claim 23 was amended to add the additional limitation of "having a horizontal surface" to avoid a rejection based on the prior art. (Opp. pp. 7-8.) This additional narrowing language did not somehow create plaintiffs' ability to assert a claim for infringement. Similarly, plaintiffs were permitted to add an even narrower claim 35, which is dependent on claim 23 and adds the <u>additional</u> limitation that the "magnetic members" of the auxiliary frame are magnets. (Opp. p. 7.) Again, the issuance of <u>narrower</u> claim 35 did not create a new ground to claim infringement. If such a claim existed, it existed with respect to the broader version of claim 23 in existence throughout the California Action.

[5]    Under 35 U.S.C. § 252, reissued claims are deemed to constitute a "continuation" of the original claims – *i.e.*, <u>not</u> <u>new</u> claims.

do not infringe claims 23 and 35 as a matter of law, because they are adapted to extend underneath the corresponding extensions of the primary frame, and not to "reach across the top" of those extensions. (Hanle Decl. ¶¶ 5-6.) Like claim preclusion, this issue is based on clear and undisputed facts and can and should be decided by an early motion for summary judgment.

## IV. DEFENDANTS' MOTION IS PROPER AND MERITORIOUS

Plaintiffs' motion to strike defendants' motion on procedural grounds is frivolous, and shows the lengths to which plaintiffs' will go to delay adjudication of this clear case of claim preclusion and issue preclusion. As mentioned above, the Joint Scheduling Report was not, to defendants' knowledge, submitted to the Magistrate Judge. (Dkt. No. 29.) Indeed, the Court's reference order appears to provide that scheduling issues are decided by the Court, not the Magistrate. (Dkt. No. 5: "... *any motion affecting deadlines set by the Court's Scheduling Order are excluded from this referral* ...") Regardless, the Joint Report expressly advised the Court (and the Magistrate Judge) that defendants would be filing the instant motion:

> Defendants Revolution Eyewear, Zelman and Hardy Way plan to file an early motion for summary judgment on this defense, as well as their non-infringement position, if necessary. These defendants will be filing by December 11, 2009 a motion for an order permitting an early, focused summary judgment motion, without prejudice to their ability to file a later motion for summary judgment motion on other grounds, if necessary.

(Dkt. No. 29, § D at p. 3.) Further, the Court is of course free to refer scheduling issues to the Magistrate, and defendants' motion did not suggest otherwise. In sum, plaintiffs' motion to strike defendants' motion is frivolous and should be denied.

Plaintiffs do not seriously contest that the claim preclusion and issue preclusion issues addressed above would be dispositive, if decided in defendants' favor. Plaintiffs also concede that the evidence on these issues is a matter of public record. (Opp. p. 13, n.2) Accordingly, it is clear that these threshold issues addressed above can and should be resolved at the beginning of the case, before the unnecessary expenditure of the parties' resources on other issues that are very likely to be moot. Contrary to plaintiffs' argument, Local Rule 7.1(c)(2) itself provides authority for such a procedure by allowing additional motions for summary judgment with "prior

permission of the Court". The Court clearly has authority to manage case schedules and to permit procedures that will streamline its cases.[6]

Plaintiffs' argument that an early summary judgment would be inefficient is premised entirely on their arguments on the merits of the claim preclusion issues. As addressed above, plaintiffs' arguments on the merits fail because: (1) the final judgment in the California Action bars all claims which could have been raised in that case; (2) the claims asserted here could have been raised in the California Action because the auxiliary frames have remained the same; and (3) plaintiffs could have asserted claim 23, and other claims directed to the auxiliary frame, in the California Action, regardless of the fact that claim 23 was narrowed on reexamination. None of these facts require discovery, and can be established as a matter of law based on the public record.

## V.   CONCLUSION

For the foregoing reasons, defendants Revolution, Hardy and Zelman each seek the Court's advance permission, in accordance with S.D. Fla. L.R. 7.1.C.2, to file an additional motion for summary judgment if their motion based on claim preclusion is not granted. Of course, Defendants would file a joint motion on common issues and will otherwise limit the length of their submissions in order to minimize the burden on the Court.

---

[6]    The cases cited by plaintiffs are inapposite. In *National Fife Ins. Co. of Hartford v. Fortune Constr. Co.*, 320 F.3d 1260, 1265 n.5 (11th Cir. 2003), the trial court actually granted seven separate motions for partial summary judgment, and the Eleventh Circuit acknowledged the plaintiff's attempt to divide the "complex" case into "discrete legal issues." *Williams Island Synagogue, Inc. v. City of Aventura*, 2004 WL 2504633 (S.D. Fla. Nov. 2, 2004), involved denial of permission to file a second summary judgment motion where the court had found the first motion premature, requested that it be withdrawn, and specifically warned plaintiff that it would not be permitted a second motion if it failed to withdraw the first. In *Novartis Consumer Health, Inc. v. Elan Transdermal Techs., Inc.*, 209 F.R.D. 507, 508 (S.D. Fla. 2002) the defendant filed four separate summary judgment motions totaling 60 pages without requesting permission.

Respectfully submitted,

Respectfully submitted,

s/Janet T. Munn
Janet T. Munn
Florida Bar No. 501281
jmunn@rascoklock.com
Rasco Klock et al.
283 Catalonia Avenue, Suite 200
Coral Gables, FL 33134
305-476-7101 Office
305.476.7102 Fax

and

Steven M. Hanle, Admitted Pro Hac Vice
shanle@sheppardmullin.com
Jennifer A. Trusso, Admitted Pro Hac Vice
jtrusso@sheppardmullin.com
Aaron M. Fennimore, Admitted Pro Hac Vice
afennimore@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON
LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California  92626-1993
Telephone:     714.513.5100
Telecopy:      714.513.5130

*Attorneys for Defendants Revolution Eyewear, Inc., Gary Martin Zelman, and Hardy Way, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 19, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/EFC system. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified on the Notice of Electronic Filing generated by CM/ECF.

s/Janet T. Munn

## SERVICE LIST

Jacqueline Becerra, Esq.
Email: becerraj@gtlaw.com
Ericka Yolanda Turk, Esq.
Email: turkmooree@gtlaw.com
Greenberg Traurig
1221 Brickell Avenue
Miami, FL 33131
Telephone:  305-579-0534
Telefax:       305-579-0717

*Attorney for Plaintiffs Aspex
Eyewear, Inc. and Contour Optix, Inc.
Inc.*

W. Barry Blum, Esq.
Email: bblum@gjb-law.com
Martin J. Keane, Esq.
Email: mkeane@gjb-law.com
Genovese Joblove & Battista, P.A.
100 S.E. 2nd Street, Suite 4400
Miami, FL  33131
Telephone:  305.349.2300
Facsimile:  305.349.2310
*Attorney for Defendants Marchon Eyewear, Inc.
and Nike, Inc.*

Michael Nicodema, Esq.
Email: nicodemam@gtlaw.com
MetLife Building
Greenberg Traurig
200 Park Avenue
New York, NY 10166-1400
Telephone:  (212) 801-9200
Telefax:  (212) 801-6400

*Attorney for Plaintiffs Aspex
Eyewear, Inc. and Contour Optix,*

Edgar H. Haug, Esq.
ehaug@flhlaw.com
Brian S. Gonclaves, Esq.
BGoncalves@flhlaw.com
David Herman, Esq.
dherman@flhlaw.com
Frommer, Lawrence & Haug LLP
745 Fifth Avenue
New York, NY  10151
Telephone: 212-588-0888
Facsimile:  212-588-0500
*Attorney for Defendants Marchon
Eyewear, Inc. and Nike, Inc.*

4826-8067-2517, v. 1