UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61515-CIV-COOKE/BANDSTRA

ASPEX EYEWEAR, INC. and
CONTOUR OPTIK, INC.,

    Plaintiffs,

vs.

HARDY LIFE, LLC, MARCHON
EYEWEAR, INC., NIKE, INC.,
REVOLUTION EYEWEAR, INC., and
GARY MARTIN ZELMAN, an
individual,

    Defendants.
_____/

**PLAINTIFFS ASPEX EYEWEAR, INC.'S AND CONTOUR OPTIK, INC.'S FIRST SET OF DOCUMENT REQUESTS TO DEFENDANT MARCHON EYEWEAR, INC.**

Pursuant to Fed. R. Civ. P. 26 and 34, Plaintiffs Aspex Eyewear, Inc. and Contour Optik, Inc. (collectively, "Plaintiffs") request that Defendant Marchon Eyewear, Inc. ("Marchon") respond to these Document Requests pursuant to the Definitions and Instructions herein, within 30 days of service hereof.

**DEFINITIONS**

1.    The terms "you" and "your" mean and refer, individually or collectively as appropriate, to Marchon, as well as to any person retained by or under its direction or control. and to its parents, subsidiaries, affiliated companies, predecessors in interest, successors in interest, officers, directors, stockholders, owners, agents, employees, representatives, and attorneys, as well as to any other person retained by or under the direction or control of such persons.

EXHIBIT "A"

2. The term "'545 Patent" means U.S. Patent No. US RE37,545, issued on February 12, 2002, and including Reexamination Certificate No. RE37,545 F1, issued on March 3, 2009.

3. The term "Aspex" refers to Plaintiff Aspex Eyewear, Inc., as well as to any person retained by or under its direction or control. and to its parents, subsidiaries, affiliated companies, predecessors in interest, successors in interest, officers, directors, stockholders, owners, agents, employees, representatives, and attorneys, as well as to any other person retained by or under the direction or control of such persons.

4. The term "Contour" refers to Plaintiff Contour Optik, Inc., as well as to any person retained by or under its direction or control. and to its parents, subsidiaries, affiliated companies, predecessors in interest, successors in interest, officers, directors, stockholders, owners, agents, employees, representatives, and attorneys, as well as to any other person retained by or under the direction or control of such persons.

5. The term "VSP" refers to Vision Service Plan, as well as to any person retained by or under its direction or control. and to its parents, subsidiaries, affiliated companies, predecessors in interest, successors in interest, officers, directors, stockholders, owners, agents, employees, representatives, and attorneys, as well as to any other person retained by or under the direction or control of such persons.

6. The term "Accused Products" means magnetic clip-on eyewear products sold, marketed or distributed by you, including without limitation, those identified by brand name in the Complaint, that Plaintiffs contend infringe Claims 23 and 35 of the '545 Patent.

7. The phrase "prior art" has the same meaning as that phrase is used in 35 U.S.C. §§ 102 and 103, and includes any patent, printed publication, prior knowledge, prior

use, prior product, prior sale or offer of sale, or other art or event defined in 35 U.S.C. §§ 102 or 103, taken singly or in combination.

8. The term "concerning" means relating to, referring to, reflecting, describing, evidencing, or constituting.

9. The term "communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) and refers to every manner of transmitting or receiving information, opinions and thoughts, whether orally, in writing or otherwise, including without limitation, any writing transmitted between persons or any oral conversation of any kind or character, such as personal or telephone conversations, letters, meetings, memoranda, telegraphic, telex, facsimile, and e-mail and other computer communications or transmittal of documents, and all documents concerning such writings or oral conversations.

10. The term "document" includes originals and all non-identical copies, whether different from the original by reason of alterations or notations made on such copies or otherwise, whether in draft or final form, including without limitation: letters or other correspondence; memoranda; inter-office and intra-office communications; e-mails; reports; notes; contracts; agreements; leases; proposals; estimates; bonds; telegrams; telexes; faxes; cables; mailgrams; studies; messages; file folders; lists; schedules; tables; indices; transcripts; affidavits; tabulations; records of expenditures; receipts; financial, statistical and computerized data; diaries; calendars; time records; periodicals and newspaper articles; analyses; comparisons; records; books; booklets; circulars; bulletins; notices; purchase orders; work authorizations; invoices; vouchers; cancelled checks; bills; working papers; income tax returns; statements; minutes; summaries; records or recordings of telephone or

Greenberg Traurig, P.A | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

other conversations, conferences, meetings, inspections, test, or visits; ledgers; photographs; motion pictures or video films; press releases; advertisements; brochures; catalogs; promotional materials; instructions; other communications; questionnaires; surveys; notebooks; plans; summaries or reports of investigations or negotiations; blueprints; opinions; reports, evaluations or recommendations of consultants, architects, engineers, or independent contractors; charts; graphs; and translations of tapes, disks or other electronic data compilations. The term "document" also means any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however produced or reproduced.

11. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of each Interrogatory all answers that might otherwise be construed to be outside of its scope.

12. The use of the singular form of any word includes the plural and vice versa. Similarly, the use of one gender shall include all genders, as appropriate in the context.

### INSTRUCTIONS

1. These Requests call for documents, things and information in your possession, custody or control, including without limitation, in the possession, custody or control of your agents, representatives and attorneys.

2. You are requested to specify the grounds or reasons for any objection with particularity. Your objection to any Request or portion thereof does not excuse you from providing information in response to any non-objectionable Requests or portions thereof.

3. If you assert a claim of privilege or attorney work product in responding or objecting to a particular Request and do not provide information on the basis of such assertion, you are requested to (a) identify the nature of the privilege (including attorney

4

work product) which is being claimed and if the privilege is being asserted in connection with a defense governed by state law, (b) set forth the state privilege rule being invoked, and (c) indicate whether any such documents exist.

4.	If you are able to provide some, but not all, of the documents requested by a particular Request, provide such documents as you are able, and identify specifically the terms or aspects as to which you do not have responsive documents.

5.	Each Request requires a full and separate response. When a Request can be responded to in whole or in part by reference to the response to a preceding or subsequent Request, it is sufficient to so indicate by specifying the response to the preceding or subsequent Request by number, and by specifying whether it is claimed that the response to the preceding or subsequent Request is a full or partial response. If the latter, the response to the balance of the Request shall be completed.

6.	If a Request consists of a number of separate sub-parts, a complete response is required to each such part with the same effect as if it were propounded as a separate Request. If you object to such a Request, you should clearly indicate to which part of the Request such objection is directed and the specific basis for the objection.

7.	These Requests are continuing in nature, and to the extent that you acquire or discover additional documents pertaining to the subject matter of these Requests after the service of your responses, you are required immediately to serve supplemental responses to these Requests.

Greenberg Traurig, P A | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305 579 0500 | Fax 305 579 0717 | www.gtlaw.com

## REQUESTS FOR PRODUCTION

### REQUEST NO. 1

All documents concerning the '545 Patent, including Reexamination Certificate No. RE37,545 F1.

### REQUEST NO. 2

All documents concerning your first knowledge of the existence of the '545 Patent, and Reexamination Certificate No. RE37,545 F1.

### REQUEST NO. 3

All documents concerning Aspex's Easy Clip® magnetic clip-on eyewear.

### REQUEST NO. 4

All documents concerning Aspex.

### REQUEST NO. 5

All documents concerning Contour.

### REQUEST NO. 6

All documents concerning the conception, design, development, reduction to practice, operation, testing, commercialization, marketing, advertising, selling, offering for sale, or sales of the Accused Products, including without limitation, development notes, e-mails, correspondence, memoranda, notebook entries, draft or final requirements, analyses, source code documents, design specifications, flow charts, manuscripts, and prototypes.

### REQUEST NO. 7

All patents, patent applications and prosecution histories relating to the Accused Products.

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305 579 0500 | Fax 305 579 0717 | www.gtlaw.com

**REQUEST NO. 8**

All documents which you contend constitute prior art to asserted Claims 23 and 35 of the '545 Patent.

**REQUEST NO. 9**

To the extent that you contend that the Accused Products do not infringe Claims 23 or 35 of the '545 Patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, all documents concerning your basis for that contention.

**REQUEST NO. 10**

To the extent that you contend that you have not induced infringement of Claims 23 or 35 of the '545 Patent under 35 U.S.C. § 271(b), either literally or under the doctrine of equivalents, all documents concerning your basis for that contention.

**REQUEST NO. 11**

To the extent that you contend that Claims 23 or 35 of the '545 Patent are invalid for anticipation under 35 U.S.C. § 102(a), (b), (c), (d), (e), (f), or (g), all documents concerning your basis for that contention.

**REQUEST NO. 12**

To the extent that you contend that Claims 23 or 35 of the '545 Patent are invalid for obviousness under 35 U.S.C. § 103, all documents concerning your basis for that contention.

**REQUEST NO. 13**

To the extent that you contend that the '545 Patent is invalid for lack of enablement under 35 U.S.C. § 112(1), all documents concerning your basis for that contention.

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305 579 0500 | Fax 305 579 0717 | www.gtlaw.com

**REQUEST NO. 14**

To the extent that you contend that the '545 Patent is invalid for lack of written description under 35 U.S.C. § 112(1), all documents concerning your basis for that contention.

**REQUEST NO. 15**

To the extent that you contend that the '545 Patent is invalid for indefiniteness under 35 U.S.C. § 112(2), all documents concerning your basis for that contention.

**REQUEST NO. 16**

To the extent that you contend that the '545 Patent is invalid for failure to set forth the best mode under 35 U.S.C. § 112(1), all documents concerning your basis for that contention.

**REQUEST NO. 17**

Representative organizational charts.

**REQUEST NO. 18**

All documents concerning searches carried out by or on your behalf for prior art to the '545 Patent.

**REQUEST NO. 19**

All documents concerning any opinion of counsel that you received with respect to the validity, enforceability, or the question of your infringement of the '545 Patent.

**REQUEST NO. 20**

All documents concerning your customers for the Accused Products.

8

**REQUEST NO. 21**

All documents concerning your costs, profits or losses incurred in connection with the design, implementation, commercialization, advertising, marketing, or selling of the Accused Products.

**REQUEST NO. 22**

All documents concerning the manufacturing, sales, offers to sell, marketing, advertising, and importation of the Accused Products.

**REQUEST NO. 23**

All documents forwarded by or on your behalf to any state or federal governmental entity concerning the Accused Products.

**REQUEST NO. 24**

All documents concerning communications between you and any person or entity who was or is involved in the prosecution of any patent applications before the United States Patent and Trademark Officer for the Accused Products.

**REQUEST NO. 25**

All agreements entered into by you or on your behalf, or ever considered by your or on your behalf (whether or not ultimately executed), concerning the Accused Products.

**REQUEST NO. 26**

All contracts and license agreements between you and Defendant Nike, Inc., or any affiliated entity concerning in any way the Accused Products.

**REQUEST NO. 27**

All contracts and license agreements between you and Defendant Revolution Eyewear, Inc. or any affiliated entity concerning in any way the Accused Products.

- Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

**REQUEST NO. 28**

All public statements made by or attributed to you concerning the Accused Products, including without limitation, press releases, interviews, advertising materials, and marketing and promotional materials.

**REQUEST NO. 29**

All public statements made by or attributed to you concerning Aspex's Easy Clip® magnetic clip-on eyewear or the '545 Patent, including without limitation, press releases, interviews, advertising materials, and marketing and promotional materials.

**REQUEST NO. 30**

All public statements made by or attributed to you concerning Aspex or Contour, including without limitation, press releases, interviews, advertising materials, and marketing and promotional materials.

**REQUEST NO. 31**

All documents concerning your document retention policy.

**REQUEST NO. 32**

All documents concerning your computer systems and data storage facilities.

**REQUEST NO. 33**

All documents identified by you in response to the First Set of Interrogatories served by Plaintiffs contemporaneously with this Request.

**REQUEST NO. 34**

All documents that describe or otherwise indicate the education and experience of one of ordinary skill in the art of the '545 Patent as of March 3, 2009.

10

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

**REQUEST NO. 35**

All documents evidencing communications between you and VSP concerning Aspex.

**REQUEST NO. 36**

All documents evidencing communications between you and VSP concerning Contour.

**REQUEST NO. 37**

All documents evidencing communications between you and VSP concerning the '545 Patent.

**REQUEST NO. 38**

All documents evidencing communications between you and VSP concerning any prior litigation between you and Aspex or Contour.

**REQUEST NO. 39**

All documents evidencing communications between you and VSP concerning this action or its subject matter.

**REQUEST NO. 40**

All CVs of any experts that will testify on your behalf at trial.

**REQUEST NO. 41**

All other documents upon which you intend to rely in proving your defenses to the allegations in the Complaint or the counterclaims asserted in your Answer to the Complaint.

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

Respectfully submitted,

By: /s/ Ericka Turk-Moore
Jacqueline Becerra
BecerraJ@gtlaw.com
Ericka Turk-Moore
TurkMooreE@gtlaw.com
GREENBERG TRAURIG, P.A.
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

and

Michael A. Nicodema, Admitted *Pro Hac Vice*
NicodemaM@gtlaw.com
Barry J. Schindler, Admitted *Pro Hac Vice*
SchindlerB@gtlaw.com
Todd L. Schleifstein, Admitted *Pro Hac Vice*
SchleifsteinT@gtlaw.com
GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, New Jersey 07932
Telephone: (973) 360-7900
Facsimile: (973) 301-8410

*Attorneys for Plaintiffs Aspex Eyewear, Inc. and Contour Optik, Inc.*

12

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

## CERTIFICATE OF SERVICE

I HEREBY certify that on this 21st day of January, 2010, the foregoing document is being served on all counsel of record on the attached Service List *via first class U.S. Mail*.

_____
Ericka Turk-Moore

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305 579 0500 | Fax 305 579 0717 | www.gtlaw.com

## SERVICE LIST

*Aspex Eyewear, Inc., et al., v. Hardy Life, LLC, et al.,*
Case No. 09-61515-CIV-Cooke/ Bandstra
United States District Court, Southern District of Florida

Janet T. Munn
jmunn@rascoklock.com
Rasco Klock Reininger Perez
Esquenazi Vigil & Nieto
283 Catalonia Avenue
Second Floor
Miami, Florida 33134
Telephone: 305-476-7101
Facsimile: 305-476-7102

*Attorneys for Defendants*
*Hardy Way, LLC, Revolution Eyewear, Inc.*
*and Gary Martin Zelman*

Steven M. Hanle, Admitted Pro Hac Vice
shanle@sheppardmullin.com
Jennifer A. Trusso, Admitted Pro Hac Vice
jtrusso@sheppardmullin.com
Aaron Fennimore, Admitted Pro Hac Vice
afennimore@sheppardmulli.com
Sheppard, Mullin, Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626
Telephone: 714-513-5100
Facsimile: 714-513-5130

*Attorneys for Defendants*
*Revolution Eyewear, Inc. and Gary Martin*
*Zelman*

W. Barry Blum
bblum@gjb-law.com
Martin J. Keane
mkeane@gjb-law.com
Genovese Joblove & Battista, P.A.
100 S.E. 2nd Street, Suite 4400
Miami, Florida 33131
Telephone: 305-349-2300
Facsimile: 305-349-2310

Edgar H. Haug, Admitted Pro Hac Vice
ehaug@flhlaw.com
Brian S. Goncalves, Admitted Pro Hac Vice
bgoncalves@flhlaw.com
David Herman, Admitted Pro Hac Vice
dherman@flhlaw.com
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151
Telephone: 212-588-0888
Facsimile: 212-588-0500

*Attorneys for Defendants*
*Marchon Eyewear, Inc. and Nike, Inc.*

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305 579 0500 | Fax 305 579 0717 | www.gtlaw.com