UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 08-23543-CIV-JORDAN

| | |
|---|---|
| QUITO ENTERPRISES, LLC, | ) |
| Plaintiff | ) ) ) |
| vs. | ) ) |
| NETFLIX, INC., *et al.*, | ) ) |
| Defendants | ) ) |

### ORDER GRANTING MOTION FOR SPECIAL SCHEDULING ORDER

For the reasons stated below, the defendants' motion for a special scheduling order [D.E. 133] is GRANTED.

The defendants have made a sufficient showing that bifurcation of discovery may streamline resolution of this dispute. Based on my discretion to manage cases on my docket and narrow issues early in the litigation to reduce the burdens of broad (and possibly unnecessary) discovery, I will allow the defendants to file a joint summary judgment motion on the issue of invalidity due to prior art. All other merits discovery is stayed for now. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366-67 (11th Cir. 1997). This motion for summary judgment is due on September 30, 2009, and is limited to the invalidity of the '152 patent based on the prior art identified at the August 28, 2009 hearing, including LyricTime Jukebox, Newspace, and the two Herz patents. Quito Enterprises, LLC will have until January 31, 2009 to conduct discovery on the alleged invalidity of the '152 patent and to file a response to the defendants' motion. The defendants' joint reply is due two weeks after the plaintiffs file their response. Depending on my initial impressions of the summary judgment motion, I may allow the plaintiff to engage in discovery on the merits during this time period. If the defendants' initial summary judgment motion is denied, additional summary judgment motions on the infringement issue will be permitted.

DONE and ORDERED in chambers in Miami, Florida, this 1st day of September, 2009.

/s/ Adalberto Jordan
Adalberto Jordan
United States District Judge

Copy to:   All counsel of record


EXHIBIT B