# EXHIBIT 2

FILED by _LGS_ D.C.

SEP 23 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT
S. D. of FLA. – MIAMI

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### CASE NO. _____

ASPEX EYEWEAR, INC. AND
CONTOUR OPTIK, INC.

      Plaintiffs,

vs.

HARDY LIFE, LLC., MARCHON
EYEWEAR, INC., NIKE, INC.,
REVOLUTION EYEWEAR, INC., AND
GARY MARTIN ZELMAN, AN
INDIVIDUAL.

      Defendants.

_____/

**09-61515**

**CIV-COOKE**

**MAGISTRATE
BANDSTRA**

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Aspex Eyewear, Inc. ("Aspex") and Contour Optik, Inc. ("Contour"), (collectively, "Plaintiffs"), by and through counsel, hereby files this Complaint against Hardy Life, LLC., ("Hardy"), Marchon Eyewear, Inc., ("Marchon"), Nike, Inc., ("Nike"), Revolution Eyewear, Inc. ("Revolution"), and Gary Martin Zelman, an individual ("Zelman"), (collectively "Defendants"), and allege as follows:

### JURISDICTION AND VENUE

1.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, 281 and 283.

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1338 (a), as this action arises under an Act of Congress relating to patents.

3.      This Court has personal jurisdiction over the Defendants.

4.      Venue is properly established in this Court pursuant to 28 U.S.C. §§1391(b) and (c) and/or §1400, as, upon information and belief, the Defendants have engaged in acts of infringement within this Judicial District.

## PARTIES

5.      Aspex is a corporation duly organized and existing under the laws of the state of Delaware having its principal place of business at: 2755 S.W. 32nd Avenue, Pembroke Park, Florida 33023.

6.      Contour is a corporation of Taiwan, whose post office address is 6 Industrial Fifth Road, Tou Chiau Industrial Park, Chiayi 621, Taiwan.

7.      Upon information and belief, Hardy is a corporation organized and existing under the laws of Delaware, with its principal place of business at 849 S. Broadway, Suite 1102, Los Angeles, California 90014.

8.      Upon information and belief, Marchon is a corporation organized and existing under the laws of New York, with its principal place of business at 35 Hub Drive, Melville, New York 11747.

9.      Upon information and belief, Nike, Inc. is an Oregon corporation with its principal place of business at One Bowerman Drive, Beaverton, Oregon 97005.

10.     Upon information and belief, Revolution is a corporation organized and existing under the laws of California, with its principal place of business at 997 Flower Glen Street, Simi Valley, California 93065.

11.     Upon information and belief, Gary Martin Zelman, an individual, is the president, sole owner and operator of Revolution, and resides at 2756 Capella Way, Thousand Oaks, California 91362.

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

## INFRINGEMENT OF THE '545 PATENT

12.     On February 12, 2002, the United States Patent and Trademark Office ("USPTO") issued United States Patent No. US RE37,545, entitled "Auxiliary Lenses for Eyeglasses" which is a reissue of United States Patent No. 5,568,207 (which issued on October 22, 1996, the "'207 Patent") to inventor Richard Chao.

13.     On September 13, 2007 Clariti Eyewear, Inc. filed an *ex parte* request for reexamination of claims 1-9, 12-13, 16-20, 23-24 and 31-34 of U.S. Patent No. RE37,545.  On March 3, 2009 the USPTO issued a Reexamination Certificate No. RE37,545 F1 that reconfirmed the claims of the '545 Patent and included a newly amended claim 23 and a new claim 35 (collectively the "'545 Patent," a copy of which is attached as Exhibit A).

14.     Contour and Aspex are the assignees of record of the '545 Patent, each owning a one-half undivided interest, and thereby establishing joint ownership by Contour and Aspex over the '545 Patent.

## COUNT I: DIRECT INFRINGEMENT OF THE '545 PATENT BY MARCHON

15.     Plaintiffs incorporate by reference the allegations of paragraphs 1 through 14, inclusive, as if fully repeated herein.

16.     Upon information and belief, Marchon, well knowing of the '545 Patent, has infringed and continues to infringe at least claims 23 and 35 of the patent, both literally, and under the doctrine of equivalents, by reason of Marchon's unauthorized making, using, selling and/or offering for sale in this judicial district and elsewhere, magnetic clip-on eyewear under at least the Calvin Klein, Nike and Flexon brands and other similar products, each of which incorporate an auxiliary spectacle frame having arms for securing magnetic members satisfying each and every element of claims 23 and 35.

-3-

17.     These infringing articles, as alleged above, have not been manufactured or authorized in any manner by Aspex or Contour, nor has Marchon ever been authorized or otherwise granted the right to use, manufacture, offer for sale, sell, distribute, or import into the United States devices made according to the '545 Patent.

18.     Upon information and belief, Marchon has notice of its infringement under 35 U.S.C. §287. Upon information and belief, Marchon's infringement of the '545 Patent has been willful and deliberate under 35 U.S.C. §284.

19.     Upon information and belief, Marchon will continue to infringe the '545 Patent to the irreparable damage of Plaintiffs, unless enjoined by the Court. Plaintiffs have no adequate remedy at law.

## COUNT II: DIRECT INFRINGEMENT OF THE '545 PATENT BY REVOLUTION

20.     Plaintiffs incorporate by reference the allegations of paragraphs 1 through 14, inclusive, as if fully repeated herein.

21.     Upon information and belief, Revolution, well knowing of the '545 Patent, has infringed and continues to infringe at least claims 23 and 35 of the patent, both literally, and under the doctrine of equivalents, by reason of Revolution's unauthorized making, using, selling and/or offering for sale in this judicial district and elsewhere, magnetic clip-on eyewear under at least the Bling Bling Clips, Ed Hardy, Revolution, Revolution Airs Revolution Titanium, Revolution Kids, and That's So Raven brands and other similar products, each of which incorporate an auxiliary spectacle frame having arms for securing magnetic members satisfying each and every element of claims 23 and 35.

22.     These infringing articles, as alleged above, have not been manufactured or authorized in any manner by Aspex or Contour, nor has Revolution ever been authorized or

-4-

otherwise granted the right to use, manufacture, offer for sale, sell, distribute, or import into the United States devices made according to the '545 Patent.

23.     Upon information and belief, Revolution has notice of its infringement under 35 U.S.C. §287. Upon information and belief, Revolution's infringement of the '545 Patent has been willful and deliberate under 35 U.S.C. §284.

24.     Upon information and belief, Revolution will continue to infringe upon the '545 Patent to the irreparable damage of Plaintiffs, unless enjoined by the Court. Plaintiffs have no adequate remedy at law.

**COUNT III: INDUCEMENT OF INFRINGEMENT OF THE '545 PATENT BY HARDY**

25.     Plaintiffs incorporate by reference the allegations of paragraphs 1 through 14 and paragraphs 20 through 24, inclusive, as if fully repeated herein.

26.     Upon information and belief, Hardy, well knowing of the '545 Patent, has actively and knowingly aided and abetted Revolution's direct infringement of claims 23 and 35 of the '545 Patent, both literally and under the doctrine of equivalents, by reason of Revolution's unauthorized making, using, selling and/or offering for sale in this judicial district and elsewhere, magnetic clip-on eyewear under the Hardy brand, each of which incorporate an auxiliary spectacle frame having arms for securing magnetic members satisfying each and every element of claims 23 and 35.

27.     These infringing articles, as alleged above, have not been manufactured or authorized in any manner by Aspex or Contour, nor has Hardy ever been authorized or otherwise granted the right to use, manufacture, offer for sale, sell, distribute, or import into the United States devices made according to the '545 Patent, or actively induce infringement of the patent.

28.     Upon information and belief, Hardy has notice of its infringement under 35

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

U.S.C. §287. Upon information and belief, Hardy's infringement of the '545 Patent has been willful and deliberate under 35 U.S.C. §284.

29.     Upon information and belief, Hardy will continue to induce infringement of the '545 Patent to the irreparable damage of Plaintiffs, unless enjoined by the Court. Plaintiffs have no adequate remedy at law.

### COUNT IV: INDUCEMENT OF INFRINGEMENT OF THE '545 PATENT BY NIKE

30.     Plaintiffs incorporate by reference the allegations of paragraphs 1 through 19, inclusive, as if fully repeated herein.

31.     Upon information and belief, Nike, well knowing of the '545 Patent, has actively and knowingly aided and abetted Marchon's direct infringement of claims 23 and 35 of the '545 Patent, both literally and under the doctrine of equivalents, by reason of Marchon's unauthorized making, using, selling and/or offering for sale in this judicial district and elsewhere, magnetic clip-on eyewear under the Nike brand, which incorporates an auxiliary spectacle frame having arms for securing magnetic members satisfying each and every element of claims 23 and 35.

32.     These infringing articles, as alleged above, have not been manufactured or authorized in any manner by Aspex or Contour, nor has Nike ever been authorized or otherwise granted the right to use, manufacture, offer for sale, sell, distribute, or import into the United States devices made according to the '545 Patent, or actively induce infringement of the patent.

33.     Upon information and belief, Nike has notice of its infringement under 35 U.S.C. §287. Upon information and belief, Nike's infringement of the '545 Patent has been willful and deliberate under 35 U.S.C. §284.

34.     Upon information and belief, Nike will continue to induce infringement of the '545 Patent to the irreparable damage of Plaintiffs, unless enjoined by the Court. Plaintiffs have

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

no adequate remedy at law.

## COUNT V: INFRINGEMENT OF THE '545 PATENT BY ZELMAN

35.     Plaintiffs incorporate by reference the allegations of paragraphs 1 through 34, inclusive, as if fully repeated herein.

36.     Upon information and belief, Zelman, in his position as president, owner and operator of Revolution, makes all major decisions on behalf of the company; decides what products to sell; decides when to take products off the market; negotiates and signs agreements for Revolution, including license agreements; and is the sole designer of Revolution's products, including the infringing magnetic clip-on eyewear incorporating an auxiliary spectacle frame having arms for securing magnetic members satisfying each and every element of claims 23 and 35. Upon information and belief, Zelman is the alter ego of Revolution.

37.     Upon information and belief, Zelman, well knowing of the '545 Patent, has infringed and continues to infringe at least claims 23 and 35 of the patent, both literally, and under the doctrine of equivalents, by reason of Zelman's unauthorized making, using, selling and/or offering for sale in this judicial district and elsewhere, magnetic clip-on eyewear under at least the Bling Bling Clips, Ed Hardy, Revolution, Revolution Airs Revolution Titanium, Revolution Kids, and That's So Raven brands and other similar products, each of which incorporate an auxiliary spectacle frame having arms for securing magnetic members satisfying each and every element of claims 23 and 35.

38.     Upon information and belief, Zelman, well knowing of the '545 Patent, has actively and knowingly aided and abetted Revolution's direct infringement of claims 23 and 35 of the '545 Patent, both literally and under the doctrine of equivalents, by reason of Revolution's unauthorized making, using, selling and/or offering for sale in this judicial district and elsewhere,

-7-

magnetic clip-on eyewear under at least the Bling Bling Clips, Ed Hardy, Revolution, Revolution Airs Revolution Titanium, Revolution Kids, and That's So Raven brands, each of which incorporate an auxiliary spectacle frame having arms for securing magnetic members satisfying each and every element of claims 23 and 35 of the '545 Patent.

39.     Upon information and belief, Zelman, well knowing of the '545 Patent, has actively and knowingly aided and abetted Marchon's direct infringement of claims 23 and 35 of the '545 Patent, both literally and under the doctrine of equivalents, by licensing Marchon under Zelman's own patents to make, use, sell and/or offer for sale in this judicial district and elsewhere, magnetic clip-on eyewear under at least the Calvin Klein, Flexon, and Nike brands, each of which incorporate an auxiliary spectacle frame having arms for securing magnetic members satisfying each and every element of claims 23 and 35 of the '545 Patent.

40.     These infringing articles, as alleged above, have not been manufactured or authorized in any manner by Aspex or Contour, nor has Zelman ever been authorized or otherwise granted the right to use, manufacture, offer for sale, sell, distribute, or import into the United States devices made according to the '545 Patent, or actively induce infringement of the patent.

41.     Upon information and belief, Zelman, as the alter ego of Revolution and as an inducer of infringement of the '545 Patent by Revolution and Marchon, has conducted, engaged in, and carried on business in Florida under § 48.193 (a) of the Florida long-arm statute,

42.     Upon information and belief, Zelman, as the alter ego of Revolution and as an inducer of infringement of the '545 Patent by Revolution and Marchon, has committed a tortious act in Florida under § 48.193 (b) of the Florida long-arm statute.

43.     Upon information and belief, Zelman has notice of his infringement under 35

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

U.S.C. §287. Upon information and belief, Zelman's infringement of the '545 Patent has been willful and deliberate under 35 U.S.C. §284.

44.     Upon information and belief, Zelman will continue to infringe upon the '545 Patent to the irreparable damage of Plaintiffs, unless enjoined by the Court. Plaintiffs have no adequate remedy at law.

**WHEREFORE,** Plaintiffs request that this Court grant Judgment in their favor, and award them the following relief:

1.     Declare that Defendants' acts and conduct infringe the '545 Patent and the exclusive rights in said patents held by the Plaintiffs;

2.     Declare that such infringements are willful;

3.     Pursuant to 35 U.S.C. §283, enter a permanent injunction which:

   a.     Enjoins the Defendants, their officers, agents, employees, privies, subsidiaries, successors, and assigns and all holding by, through or under them, and all those acting for them or in their behalf, from infringing upon the '545 Patent; and

   b.     Enjoins the Defendants, their officers, agents, employees, representatives, and all other persons in active participation with them, to recall from all distributors, wholesalers, retailers and all others known to Defendants, all products which infringe upon '545 Patent, and requires Defendants to file with this Court and to serve upon the Plaintiffs, within 30 days after service of the Court's Order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Court's Order;

4.    Require Defendants to account to Plaintiffs for all profits and expenses realized by Defendants and by any subsidiary of the Defendants;

5.    Award the Plaintiffs damages adequate to compensate for the infringement, pursuant to 35 U.S.C. §284, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest and costs, taking account of Plaintiffs' actual damages and Defendants' profits as a result of the infringement;

6.    Grant an award of treble damages, pursuant to 35 U.S.C. §284;

7.    Find that this case is exceptional and award Plaintiffs' reasonable attorney fees as the prevailing party, pursuant to 35 U.S.C. §285 ; and

8.    Grant such other and further relief as the equity of the case may require and as this Court may deem just and proper, together with costs and disbursements of this action, including attorneys' fees.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a jury trial as to all issues triable at law, and respectfully request an early trial.

Dated: September 22, 2009                    Respectfully submitted,

                                             GREENBERG TRAURIG, P.A.
                                             1221 Brickell Avenue
                                             Miami, Florida 33131
                                             Telephone: (305) 579-0500
                                             Facsimile: (305) 579-0717

                                             By: _____
                                             JACQUELINE BECERRA
                                             Florida Bar No. 025135
                                             BecerraJ@gtlaw.com
                                             ERICKA TURK-MOORE
                                             Florida Bar No. 0038198
                                             TurkmooreE@gtlaw.com

MICHAEL NICODEMA
*Pro hac vice*
NicodemaM@gtlaw.com

GREENBERG TRAURIG, LLP
200 Park Avenue, 34th Floor
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

*Attorneys for Plaintiffs Aspex Eyewear, Inc.,
and Contour Optik, Inc.*

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

# EXHIBIT A



US00RE37545E

(19) **United States**
(12) **Reissued Patent**
Chao

(10) Patent Number: **US RE37,545 E**
(45) Date of Reissued Patent: **Feb. 12, 2002**

(54) **AUXILIARY LENSES FOR EYEGLASSES**

(75) Inventor: **Richard Chao**, Chia Yi Hsien (TW)

(73) Assignees: **Contour Optik, Inc.**, Chiayi (TW); **Asahi Optical Co., Ltd.**

(21) Appl. No.: **09/182,862**

(22) Filed: **Oct. 21, 1998**

**Related U.S. Patent Documents**

Reissue of:
(64) Patent No.: **5,568,207**
    Issued: **Oct. 22, 1996**
    Appl. No.: **08/554,854**
    Filed: **Nov. 7, 1995**

(51) Int. Cl.7 ............................... G02C 7/08; G02C 9/00
(52) U.S. Cl. ...................................... 351/57; 351/47
(58) Field of Search .............................. 351/47, 57, 41, 351/44; 2/441, 443

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 1,679,233 A | 7/1928 | Strauss | 351/47 |
| 2,737,847 A | 3/1956 | Tesauro | 351/41 |
| 2,770,168 A | 11/1956 | Tesauro | 351/41 |
| 3,498,701 A | 3/1970 | Miller | 351/57 |
| 3,531,188 A | 9/1970 | LeBlanc et al. | 351/48 |
| 3,531,190 A | 9/1970 | LeBlanc | 351/113 |
| 3,536,385 A | 10/1970 | Johnston | 351/47 |
| 3,565,517 A | 2/1971 | Gitlin et al. | 351/106 |
| 3,582,192 A | 6/1971 | Gitlin et al. | 351/52 |
| 3,838,914 A | 10/1974 | Fernandez | 351/106 |
| 4,070,103 A | 1/1978 | Mecker | 351/52 |
| 4,070,105 A | 1/1978 | Marzouk | 351/159 |
| 4,196,981 A | 4/1980 | Waldrop | 351/59 |
| 4,217,037 A | 8/1980 | Lemelson | 351/47 |
| 4,547,909 A | 10/1985 | Bell | 2/431 |
| 4,988,181 A | 1/1991 | Riach | 351/52 |

(List continued on next page.)

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| CH | 572222 | 1/1976 |
| CN | 76209045 | 9/1976 |
| CN | 107096 | 4/1985 |
| CN | 1117593 | 2/1996 |
| DE | 1797366 | 1/1971 |
| DE | G 85 07 761.5 | 6/1985 |
| DE | G 88 06 898.6 | 10/1988 |
| DE | 3905041 | 8/1990 |
| DE | 3919489 | 12/1990 |
| DE | 3920879 | 1/1991 |
| DE | 3921987 | 1/1991 |
| DE | 39333310 | 1/1991 |
| DE | 9216919 | 2/1993 |
| DE | 43 16 698 | 11/1994 |
| EP | 0469699 | 2/1992 |

(List continued on next page.)

OTHER PUBLICATIONS

English language abstract of Japanese Publication No. 55–50217.

English language abstract of Japanese Publication No. 54–111842.

English language abstract of Japanese Publication No. 54–111841.

English language abstract of Japanese Publication No. 1–136114.

(List continued on next page.)

*Primary Examiner*—Huy Mai
(74) *Attorney, Agent, or Firm*—Morgan & Finnegan, L.L.P.

(57)    **ABSTRACT**

An eyeglass device includes a primary and an auxiliary spectacle frames for supporting lenses. The primary spectacle frame includes two legs pivotally coupled to two side extensions and includes two magnetic members secured in the rear and side portions. The auxiliary spectacle frame includes two legs engaged on the primary spectacle frame and each having a magnetic member for engaging with the magnetic members of the primary spectacle frame so as to secure the spectacle frames together and so as to prevent the auxiliary spectacle frame from moving downward relative to the primary spectacle frame.

**34 Claims, 2 Drawing Sheets**



## US RE37,545 E
### Page 2

### U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 5,181,051 A | | 1/1993 | Townsend et al. | 351/52 |
| 5,243,366 A | | 9/1993 | Blevins | 351/57 |
| 5,321,442 A | | 6/1994 | Albanese | 351/44 |
| 5,389,981 A | | 2/1995 | Riach | 351/158 |
| 5,410,763 A | | 5/1995 | Bolle | 2/436 |
| 5,416,537 A | * | 5/1995 | Sadler | 351/47 |
| 5,642,177 A | | 6/1997 | Nishioka | 351/47 |
| 5,682,222 A | | 10/1997 | Chao | 351/111 |
| 5,696,571 A | | 12/1997 | Spencer et al. | 351/47 |
| 5,737,054 A | | 4/1998 | Chao | 351/47 |
| 5,877,838 A | | 3/1999 | Chao | 351/47 |
| 5,882,101 A | | 3/1999 | Chao | 351/47 |
| 5,883,688 A | | 3/1999 | Chao | 351/47 |
| 5,883,689 A | | 3/1999 | Chao | 351/47 |
| 5,929,964 A | | 7/1999 | Chao | 351/47 |
| 6,012,811 A | | 6/2000 | Chao et al. | 351/47 |
| 6,092,896 A | | 7/2000 | Chao et al. | 351/47 |
| 6,109,747 A | | 8/2000 | Chao | 351/47 |
| 6,170,948 B1 | | 1/2001 | Chao | 351/47 |

### FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| EP | 0743545 | 11/1996 |
| FR | 915421 | 11/1946 |
| FR | 1037755 | 9/1953 |
| FR | 1061253 | 4/1954 |
| FR | 2483632 | 4/1981 |
| FR | 1266652 | 12/1981 |
| FR | 2657436 | 7/1991 |
| GB | 846425 | 8/1960 |
| GB | 855268 | 11/1960 |
| JP | 44-15392 | 7/1969 |
| JP | 54-111841 | 9/1979 |
| JP | 54-111842 | 9/1979 |
| JP | 55-50217 | 4/1980 |
| JP | 56-29209 | 3/1981 |
| JP | 57-184910 | 11/1982 |
| JP | 612621 | 1/1986 |
| JP | 1-136114 | 5/1989 |
| JP | 2-109325 | 8/1990 |
| JP | 5-157997 | 6/1993 |
| JP | 5-40493 | 10/1993 |
| JP | 3011174 | * 5/1995 |
| JP | 7-128620 | 5/1995 |
| RU | 220885 | 6/1968 |
| TW | 274588 | 4/1996 |
| WO | WO 90/09611 | 8/1990 |
| WO | WO 96/23241 | 8/1996 |

### OTHER PUBLICATIONS

English language abstract of Japanese Publication No. 56-29209.

English language abstract of Japanese Publication No. 44-15392.

English language abstract of Japanese Publication No. 5-157997.

English language abstract of Japanese Publication No. 612621.

English language abstract of Japanese Publication No. 5-40493.

English language abstract of German Publication No. 9216919.

English language abstract of German Publication No. 1797366.

English language abstract of German Publication No.43 16 698.

English language abstract of German Publication No.39333310.

English language abstract of German Publication No.3920879.

English language abstract of German Publication No.3919489.

English language abstract of German Publication No.3905041.

English language abstract of French Publication No.1266652.

English language abstract of French Publication No.1037755.

English language abstract of French Publication No.2,657,436.

English language abstract of French Publication No.2,483,632.

English language abstract of French Publication No.915,421.

English language abstract of Switzerland Publication No.572,222.

English language abstract of Russian Publication No.220885.

English language abstract of Taiwan Publication No.274588.

English language abstract of Chinese Publication No.1117593.

Documents describing Twincome in a Patent Opposition Proceeding in Germany initiated by Pentax, on or around Apr. 30, 1997.

* cited by examiner

**U.S. Patent**      Feb. 12, 2002      Sheet 1 of 2      US RE37,545 E



FIG.1

FIG.2

FIG.3

FIG.4

**U.S. Patent**     Feb. 12, 2002     Sheet 2 of 2     US RE37,545 E



# FIG.5

# FIG.6



# FIG.7

US RE37,545 E

**1**

## AUXILIARY LENSES FOR EYEGLASSES

Matter enclosed in heavy brackets [ ] appears in the original patent but forms no part of this reissue specification; matter printed in italics indicates the additions made by reissue.

### BACKGROUND OF THE INVENTION

1. Field of the Invention

The present invention relates to auxiliary lenses, and more particularly to auxiliary lenses for eyeglasses.

2. Description of the Prior Art

A typical spectacle frame having an attachable one-piece slide-on rim is disclosed in U.S. Pat. No. 4,070,103 to Meeker. In Meeker, a spectacle frame includes a magnetic material secured to the peripheral portion thereof for facilitating attachment of the auxiliary lens rim cover to the spectacle frame. The lens rim cover also includes a magnetic strip for engaging with the magnetic material of the spectacle frame.

Another typical eyeglasses are disclosed in U.S. Pat. No. 5,416,537 to Sadler and comprise first magnetic members secured to the temporal portions of the frames and second magnetic members secured to the corresponding temporal portions of the auxiliary lenses.

In both of the eyeglasses, the auxiliary lenses are simply attached to the frames by magnetic materials and have no supporting members for preventing the auxiliary lenses from moving downward relative to the frames such that the auxiliary lenses may easily move downward relative to the frames and may be easily disengaged from the frames when the users conduct jogging or jumping exercises. In addition, the magnetic materials are embedded in the frames of the primary lenses and of the auxiliary lenses such that the frames should be excavated with four or more cavities for engaging with the magnetic members and such that the strength of the frames is greatly decreased.

The present invention has arisen to mitigate and/or obviate the afore-described disadvantages of the conventional spectacle frames.

### SUMMARY OF THE INVENTION

The primary objective of the present invention is to provide auxiliary lenses which may be stably secured and supported on the frames.

In accordance with one aspect of the invention, there is provided an eyeglass device comprising a primary spectacle frame for supporting primary lenses therein, the primary spectacle frame including two side portions each having an extension extended therefrom for pivotally coupling a leg means thereto, the primary spectacle frame including two rear and side portions each having a projection secured thereto, the primary spectacle frame including an upper portion, a pair of first magnetic members secured in the projections respectively, an auxiliary spectacle frame for supporting auxiliary lenses therein, the auxiliary spectacle frame including two side portions each having an arm extended therefrom for extending over and for engaging with the upper portion of the primary spectacle frame, and a pair of second magnetic members secured to the arms respectively for engaging with the first magnetic members of the primary spectacle frame so as to secure the auxiliary spectacle frame to the primary spectacle frame. The arms are engaged with and supported on the upper portion of the primary spectacle frame so as to allow the auxiliary spectacle frame to be stably supported on the primary spectacle frame and so as to prevent the auxiliary spectacle frame from moving downward relative to and so as to prevent the

**2**

auxiliary spectacle frame from being disengaged from the primary spectacle frame.

The projections and the first magnetic members are arranged lower than the upper portion of the primary spectacle frame, the second magnetic members are extended downward toward the projections for hooking on the primary spectacle frame so as to further secure the auxiliary spectacle frame to the primary spectacle frame. The auxiliary spectacle frame may be prevented from disengaging from the primary spectacle frame.

Further objectives and advantages of the present invention will become apparent from a careful reading of a detailed description provided hereinbelow, with appropriate reference to accompanying drawings.

### BRIEF DESCRIPTION OF THE DRAWINGS

FIGS. 1 and 2 are front views of a spectacle frame and of auxiliary lenses in accordance with the present invention respectively;

FIGS. 3 and 4 are top views of the spectacle frame and of the auxiliary lenses respectively;

FIG. 5 is a front view of the spectacle frame and the auxiliary lenses combination;

FIG. 6 is a top view of the spectacle frame and the auxiliary lenses combination; and

FIG. 7 is a cross sectional view taken along lines 7—7 of FIG. 6.

### DETAILED DESCRIPTION OF THE PREFERRED EMBODIMENT

Referring to the drawings, and initially to FIGS. 1 to 4, an eyeglass device in accordance with the present invention comprises a primary spectacle frame 10 for supporting primary lenses therein. The primary spectacle frame 10 includes two side portions each having an extension 11 extended rearward therefrom for pivotally coupling leg 12 thereto. The primary spectacle frame 10 includes two projections 13 secured to the rear and side portions thereof for supporting magnetic members 14 therein. An auxiliary spectacle frame 20 is provided for supporting the auxiliary lenses therein and includes two side portions each having an arm 21 extended rearward therefrom for extending over and for engaging with the upper portion of the primary spectacle frame 10 (FIGS. 5 and 6). The auxiliary spectacle frame 20 also includes two magnetic members 22 secured to the arms 21 therefor for engaging with the magnetic members 14 of the primary spectacle frame 10 such that the auxiliary spectacle frame 20 may be stably supported on the primary spectacle frame 10, best shown in FIGS. 5 and 6.

It is to be noted that the arms 21 are engaged with and supported on the upper portion of the primary spectacle frame 10 such that the auxiliary spectacle frame 20 may be stably supported and secured to the primary spectacle frame 10. The auxiliary spectacle frame 20 will not move downward relative to the primary spectacle frame and will not be easily disengaged from the primary spectacle frame when the users conduct jogging or jumping exercises.

It is further to be noted that the projections 13 and the magnetic members 14 are secured to the primary spectacle frame 10 and the magnetic members 22 are secured in the arms 21. The magnetic members 14, 22 are not embedded in the frames 10, 20 such that the frames 10, 20 are not required to be formed with cavities therein and such that the strength of the frames 10, 20 will not be decreased.

*As shown in FIGS. 3–7, the engaging surfaces between magnetic members 14 in primary spectacle frame 10 and the magnetic members 22 in the auxiliary spectacle frame 20 lie in a plane that is substantially horizontal when the eyeglass device is worn.*

US RE37,545 E

**3**

Referring next to FIG. 7, it is preferable that the projections 13 and the magnetic members 14 are located slightly lower than the upper portion of the primary spectacle frame 10; and the end portions of the arms 21 and/or the magnetic members 22 are slightly extended downward toward the projections 13 such that the arms 21 and the magnetic members 22 may hook on the primary spectacle frame 10 and such that the auxiliary spectacle frame 20 may further be stably supported and secured to the primary spectacle frame 10.

*In one embodiment, as shown in FIG. 7, magnetic members 14 and 22 are not in contact with each other; magnetic members 14 and 22 are engaged with, but not supported on, each other. Instead, the arm 21 securing the magnetic member 22 is supported on an upper side portion of the primary spectacle frame 10. As shown in FIG. 7, the upper side portion can be an upper part of the side portion securing the projection 13.*

Accordingly, the eyeglass device in accordance with the present invention includes an auxiliary spectacle frame that may be stably secured to the primary spectacle frame and will not move downward relative to the primary spectacle frame and will not be easily disengaged from the primary spectacle frame when the users conduct jogging or jumping exercises. In addition, the magnetic members are not embedded in the frames such that the strength of the frames will not be decreased.

Although this invention has been described with a certain degree of particularity, it is to be understood that the present disclosure has been made by way of example only and that numerous changes in the detailed construction and the combination and arrangement of parts may be resorted to without departing from the spirit and scope of the invention as hereinafter claimed.

I claim:

1. An eyeglass device comprising:

a primary spectacle frame for supporting primary lenses therein, said primary spectacle frame including two side portions each having an extension extended therefrom for pivotally coupling a leg means thereto, said primary spectacle frame including two rear and side portions each having a projection secured thereto, said primary spectacle frame including an upper side portion,

a pair of first magnetic members secured in said projections respectively,

an auxiliary spectacle frame for supporting auxiliary lenses therein, said auxiliary spectacle frame including two side portions each having an arm extended therefrom for extending over and for engaging with said upper side portion of said primary spectacle frame, and

a pair of second magnetic members secured to said arms respectively for engaging with said first magnetic members of said primary spectacle frame so as to secure said auxiliary spectacle frame to said primary spectacle frame,

said arms being engaged with and supported on said upper side portion of said primary spectacle frame so as to allow said auxiliary spectacle frame to be stably supported on said primary spectacle frame and so as to prevent said auxiliary spectacle frame from moving downward relative to said primary spectacle frame and so as to prevent said auxiliary spectacle frame from being disengaged from said primary spectacle frame.

2. An eyeglass device according to claim 1, wherein said projections and said first magnetic members are arranged lower than said upper side portion of said primary spectacle frame, said second magnetic members are extended down-

**4**

ward toward said projections for hooking on said primary spectacle frame so as to further secure said auxiliary spectacle frame to said primary spectacle frame.

3. An eyeglass device as recited in claim 1 wherein the first and the second magnetic members are magnets.

4. An eyeglass device comprising:

a primary spectacle frame for supporting primary lenses therein with the lenses defining a vertical plane, the primary spectacle frame including two side portion extensions extended therefrom for pivotally coupling a leg thereto and a first magnet having a horizontal surface and secured to said side portion extensions of the primary spectacle frame, and

an auxiliary spectacle frame for supporting auxiliary lenses therein, and for disposing in front of the primary spectacle frame, the auxiliary spectacle frame including two auxiliary side portions, the auxiliary spectacle frame including two second magnets, each secured to one of the auxiliary side portions for respectively engaging the horizontal surface of one of the first magnets so as to secure the auxiliary spectacle frame to the primary spectacle frame.

5. An eyeglass device as recited in claim 4 wherein at least an end portion of one auxiliary side portion extends downward toward one of the side portions of the primary spectacle frame for hooking on the primary spectacle frame such that the auxiliary spectacle frame is further stably supported and secured to the primary spectacle frame.

6. An eyeglass device comprising:

a primary spectacle frame for supporting primary lenses therein;

the primary spectacle frame including two side portion extensions extended therefrom for pivotally coupling a leg thereto; and

the primary spectacle frame including two first magnetic members respectively having a horizontal surface and being secured to one of the side portions extensions of the primary spectacle frame; and

an auxiliary spectacle frame for supporting auxiliary lenses therein, and for disposing in front of the primary spectacle frame, the auxiliary spectacle frame including two auxiliary side portions, wherein the auxiliary spectacle frame further includes two second magnetic members each secured to one of the auxiliary side portions and having a horizontal surface for coupling a corresponding horizontal surface of one of the first magnetic members so as to secure the auxiliary spectacle frame to the primary spectacle frame.

7. An eyeglass device as recited in claim 6 wherein the second magnetic members are magnets.

8. An eyeglass device as recited in claim 6 wherein the first magnetic members are magnets.

9. An eyeglass device as recited in claim 6 wherein the first and the second magnetic members are magnets.

10. An eyeglass device as recited in claim 9 wherein the auxiliary side portions are respectively supported on a corresponding extension and the first magnetic members are not in contact with the second magnetic members.

11. An eyeglass device as recited in claim 6 wherein the auxiliary side portions are respectively supported on a corresponding extension and the first magnetic members are not in contact with the second magnetic members.

12. An eyeglass device comprising:

a primary spectacle frame having two side portion extensions, each of said extensions having a front side, a rear side and a first magnetic member secured to said rear side,

US RE37,545 E

5

an auxiliary spectacle frame including two side portions each having an arm extended therefrom for extending toward and beyond said rear side, each of said arms containing a second magnetic member, and

said arms and said first and second magnetic members cooperating to stably support said auxiliary spectacle frame on said primary spectacle frame.

13. The eyeglass device according to claim 12, wherein said first and second magnets members are magnets.

14. An eyeglass device comprising:

a primary spectacle frame for supporting primary lenses therein, said primary spectacle frame including two side portion extensions extended therefrom for pivotally coupling a leg, each of said extensions also including an outer side, an inner side, and a top side with a projection secured to said inner side, each of said projections respectively securing a first magnetic member, and

an auxiliary spectacle frame for supporting auxiliary lenses therein, said auxiliary spectacle frame including two side portions each having an arm extended therefrom, said auxiliary spectacle frame further including a pair of second magnetic members secured to said arms respectively for engaging said first magnetic members of said primary spectacle, each of said arms adapted to extend over one of said top sides.

15. The eyeglass device according to claim 14, wherein said first and second magnets members are magnets.

16. An eyeglass device comprising:

a primary spectacle frame having two side portion extensions, each of said extensions having a front side and a rear side with a first magnetic member secured to said rear side, and

an auxiliary spectacle frame including two side portions, having an arm extended therefrom for extending beyond said rear side, said arms containing corresponding second magnetic members, said arms and said first and second magnetic members supporting said auxiliary spectacle frame on said primary spectacle frame.

17. An eyeglass device comprising:

a primary spectacle frame having two side portion extensions, each of said extensions extending laterally away from one another and rearwardly of said frame, each of said extensions having a top side, a front side and a rear side with a first magnetic member secured to said rear side, and

an auxiliary spectacle frame including two side portions each having an arm extending from said front side over said top side, said arms containing corresponding second magnetic members, said arms and said first and second magnetic members supporting said auxiliary spectacle frame on said primary spectacle frame.

18. An eyeglass device comprising:

a primary spectacle frame having two side portion extensions extending rearwardly therefrom having a top side and a rear side with a first magnetic member secured thereto, and

an auxiliary spectacle frame including two arms for extending over a corresponding top side of said extensions, said arms respectively containing second magnetic members for cooperation with said first magnetic members and downwardly extended end portions for hooking said auxiliary spectacle frame to said primary spectacle frame, said arms and said first and second magnetic members supporting said auxiliary spectacle frame on said primary spectacle frame.

6

19. An eyeglass device comprising:

a primary spectacle frame for supporting primary lenses therein having two side portion extensions, said side portion extensions each having a top side and a projection attached to a rear side thereof, each of said projections securing a first magnetic member, and

an auxiliary spectacle frame including two arms for extending over and engaging a corresponding top side of said side portion extensions, said arms respectively containing second magnetic members and downwardly extended end portions, at least said arms and said first and second magnetic members supporting said auxiliary spectacle frame on said primary spectacle frame.

20. An eyeglass device comprising:

a primary spectacle frame for supporting primary lenses therein having two side portion extensions having a top side and a rear side with a first magnetic member secured to said rear side, and

an auxiliary spectacle frame including two arms for extending over and engaging a corresponding top side of said extensions, said arms respectively containing downwardly extended second magnetic members for hooking said auxiliary spectacle frame to said primary spectacle frame, said arms and said first and second magnetic members cooperating to support said auxiliary spectacle frame on said primary spectacle frame.

21. An eyeglass device comprising:

a primary spectacle frame for supporting primary lenses therein having an extension at each side for pivotal coupling to a leg, each of said extensions having a front side, a rear side, a top side and a projection attached to said rear side, each of said projections securing first magnetic members, and

an auxiliary spectacle frame for supporting auxiliary lenses therein and including two side portions, each of said side portions having an arm extended therefrom and adapted to extend from said front side to beyond said rear side of said extension of said primary spectacle frame, said arms each containing corresponding second magnetic members, said arms locating each of said second magnetic members in an engagement position to engage respective first magnetic members of said primary spectacle frame and inhibit relative vertical movement therebetween.

22. An eyeglass device comprising:

a primary spectacle frame for supporting primary lenses therein and having two side portion extensions extending rearwardly therefrom and having a front side, a rear side, a top side, and a rear end, each of said rear ends pivotally coupling a leg configured to conform to a user at a distal end thereof, each of said extensions of said primary spectacle frame further having a projection attached to each of said rear sides, and a pair of first magnetic members respectively secured in said projections, said first magnetic members capable of engaging second magnetic members of an auxiliary spectacle frame so that lenses of an auxiliary spectacle frame are located in front of said primary lenses.

23. An eyeglass device comprising:

an auxiliary spectacle frame for supporting auxiliary lenses therein, said frame including a front side, a rear side, and oppositely positioned side portions, each of said side portions having an arm extended therefrom, each of said arms having a rearwardly directed free end for securing a magnetic member, and a pair of magnetic members respectively secured in the free ends of

US RE37,545 E

7

said arms, said arms and said pair of magnetic members adapted to extend across respective side portions of a primary spectacle frame so that said pair of magnetic members can vertically engage corresponding magnetic members on a primary spectacle frame.

24. An eyeglass device comprising:

an auxiliary spectacle frame for supporting auxiliary lenses therein, said frame including a front side, a rear side, and oppositely positioned side portions, each of said side portions having an arm extended therefrom, each of said arms having a rearwardly directed end for securing a magnetic member, a pair of magnetic members respectively located at said ends of said arms, each of said ends further including a downwardly extended end portion for hooking onto a primary spectacle, said arms and said pair of magnetic members adapted to extend across respective side portions of a primary spectacle frame so that said pair of magnetic members can engage corresponding magnetic members on a primary spectacle frame.

25. An eyeglass device comprising:

a primary spectacle frame having two side portion extensions extending therefrom and adapted to pivotally couple a leg thereto, said extensions each having a front side, a rear side, a top side and a projection extending from said rear side, each of said projections securing a first magnetic member, and

an auxiliary spectacle frame including two side portions each having an arm extended therefrom for extending over said top side, said arms containing corresponding second magnetic members, said arms with said second magnetic members engaging said first magnetic members thereby securing said auxiliary frame to said primary spectacle frame to prevent said auxiliary spectacle frame from moving downward relative to and/or disengaging from said primary spectacle frame.

26. An eyeglass device, comprising:

a primary spectacle frame for supporting primary lenses therein;

a pair of extensions mounted to said primary spectacle frame at laterally spaced locations and each projecting toward a wearer when the eyeglass device is worn;

a first pair of magnetic members, each affixed to a respective one of a pair of projections attached to a rear side of said extensions so as to be concealed by said extensions when said eyeglass is worn, said first pair of magnetic members each having a first surface;

an auxiliary spectacle frame for supporting auxiliary lenses therein;

a pair of spaced apart arms mounted to said auxiliary spectacle frame and projecting toward the wearer when the eyeglass device is worn; and

a second pair of magnetic members, each affixed to said pair of arms, said second pair of magnetic members each having a second surface, said auxiliary spectacle frame capable of being supported by said primary spectacle frame by mounting said second pair of magnetic members to said first pair of magnetic members, said first and second surfaces being oppositely directed so that said surfaces are juxtaposed.

27. An eyeglass device according to claim 26 wherein said auxiliary frame includes an abutment surface for engagement with an oppositely directed surface on said primary frame to inhibit relative movement therebetween.

28. An eyeglass device according to claim 27 wherein said abutment surface is provided on each of said arms on said auxiliary frame.

8

29. An eyeglass device according to claim 27 wherein said extensions are located adjacent respective ones of said arms.

30. An eyeglass device according to claim 29 wherein said auxiliary frame includes an abutment surface for engagement with an oppositely directed surface on said primary frame to inhibit relative movement therebetween.

31. An eyeglass device comprising:

a primary spectacle frame having two side portion extensions extending rearwardly therefrom with a top side and a rear side with a first magnetic member secured thereto, and

an auxiliary spectacle frame including two arms for extending over a corresponding top side of said extensions, said arms respectively containing second magnetic members for cooperation with said first magnetic members and downwardly extended end portions for hooking said auxiliary spectacle frame to said primary spectacle frame, said arms and said first and second magnetic members supporting said auxiliary spectacle frame on said primary spectacle frame, wherein at least one of said first magnetic members and said second magnetic members are magnets.

32. An eyeglass device comprising:

a primary spectacle frame having two side portion extensions, each of said extensions having a front side, a rear side and a first magnetic member secured to said rear side,

an auxiliary spectacle frame including two side portions each having an arm extended therefrom and traversing said extension from said front side to said rear side, each of said arms containing a second magnetic member, and

said first and second magnetic members engaging one another to support said auxiliary spectacle frame on said primary spectacle frame.

33. An eyeglass device comprising:

a primary spectacle frame having two side portion extensions, each of said extensions having a front side, a rear side and a first magnetic member secured to said rear side,

an auxiliary spectacle frame including two side portions each having an arm extended therefrom, each of said arms containing a second magnetic member, said arms extending across said extension from said front side to said rear side, and

said arms and said first and second magnetic members stably support said auxiliary spectacle frame on said primary spectacle frame.

34. An eyeglass device comprising:

a primary spectacle frame having two side portion extensions with a front side, a rear side and a first magnetic member

an auxiliary spectacle frame including two side portions each having an arm extended therefrom, each of said arms containing a second magnetic member, said arms extending across a respective extension from said front side to said rear side so that said first and second magnetic members engage one another whereby said auxiliary spectacle frame is supported by said primary spectacle frame.

* * * * *



US00RE37545F1

(12) **EX PARTE REEXAMINATION CERTIFICATE** (6678th)

# United States Patent
Chao

(10) Number: **US RE37,545 F1**

(45) Certificate Issued: **Mar. 3, 2009**

(54) AUXILIARY LENSES FOR EYEGLASSES

(75) Inventor: Richard Chao, Chia Yi Hsien (TW)

(73) Assignee: Aspex Eyewear, Inc., Miramar, FL (US)

Reexamination Request:
No. 90/008,864, Sep. 13, 2007

Reexamination Certificate for:
Patent No.: Re. 37,545
Issued: Feb. 12, 2002
Appl. No.: 09/182,862
Filed: Oct. 21, 1998

Related U.S. Patent Documents

Reissue of:
(64) Patent No.: 5,568,207
Issued: Oct. 22, 1996
Appl. No.: 08/554,854
Filed: Nov. 7, 1995

(51) Int. Cl.
G02C 07/08        (2006.01)
G02C 09/00        (2006.01)

(52) U.S. Cl. .......................................... 351/57; 351/47

(58) Field of Classification Search ....................... None
See application file for complete search history.

(56)           References Cited

U.S. PATENT DOCUMENTS

| | | |
|---|---|---|
| 188,246 A | 3/1877 | Johnson |
| 1,613,765 A | 1/1927 | Nerney |
| 1,679,233 A | 7/1928 | Strauss |
| 1,907,749 A | 5/1933 | Dechau |
| 1,936,319 A | 11/1933 | Wingate |
| 2,065,122 A | 12/1936 | Diggins |
| 2,117,436 A | 5/1938 | Lindblom |
| 2,141,063 A | 12/1938 | Euler |
| 2,254,637 A | 9/1941 | Welsh |
| 2,492,072 A | 12/1949 | Tapper |
| 2,587,472 A | 2/1952 | Hoffmaster |

| | | |
|---|---|---|
| D170,435 S | 9/1953 | Weissman |
| 2,737,847 A | 3/1956 | Tessauro |
| 2,770,168 A | 11/1956 | Tessauro |
| 3,498,701 A | 3/1970 | Miller |

(Continued)

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| CA | 773287 | 12/1967 |
| CH | 572222 | 1/1976 |
| CN | 1117593 | 2/1996 |
| DE | 1797366 | 1/1971 |
| DE | G 85 87 761.5 | 6/1985 |
| DE | G 88 06 898.6 | 10/1988 |
| DE | 3905041 | 8/1990 |
| DE | 3920879 | 1/1991 |
| DE | 3921987 | 1/1991 |
| DE | 39333310 | 1/1991 |
| DE | G 92 16 919.8 | 2/1993 |
| DE | 43 16 698 | 11/1994 |
| DE | 29518590 | 11/1995 |
| EP | 0469699 | 2/1992 |
| EP | 0502796 B1 | 2/1995 |

(Continued)

OTHER PUBLICATIONS

"Twincome–Pentax Documents" Describing Twincome in A Patent Opposition in Germany initiated by Pentax, on or about Apr. 30, 1997.

*Primary Examiner*—Glenn K. Dawson

(57)           **ABSTRACT**

An eyeglass device includes a primary and an auxiliary spectacle frames for supporting lenses. The primary spectacle frame includes two legs pivotally coupled to two side extensions and includes two magnetic members secured in the rear and side portions. The auxiliary spectacle frame includes two legs engaged on the primary spectacle frame and each having a magnetic member for engaging with the magnetic members of the primary spectacle frame so as to secure the spectacle frames together and so as to prevent the auxiliary spectacle frame from moving downward relative to the primary spectacle frame.



## US RE37,545 F1
Page 2

| U.S. PATENT DOCUMENTS | | | | FOREIGN PATENT DOCUMENTS | | |
|---|---|---|---|---|---|---|
| 3,531,188 A | 9/1970 | LeBlanc et al. | | EP | 0743545 | 11/1996 |
| 3,531,190 A | 9/1970 | LeBlanc | | FR | 915421 | 11/1946 |
| 3,536,385 A | 10/1970 | Johnston | | FR | 1037755 | 9/1953 |
| 3,565,517 A | 2/1971 | Gitlin et al. | | FR | 1061253 | 4/1954 |
| 3,582,192 A | 6/1971 | Gitlin et al. | | FR | 2483632 | 4/1981 |
| D221,480 S | 8/1971 | Tagnon | | FR | 1266652 | 12/1981 |
| 3,838,914 A | 10/1974 | Fernandez | | FR | 2657436 | 7/1991 |
| 4,021,892 A | 5/1977 | Piper | | GB | 864625 | 8/1960 |
| 4,070,103 A | 1/1978 | Meeker | | GB | 855268 | 11/1960 |
| 4,070,105 A | 1/1978 | Marzouk | | JP | 57-184910 | 5/1956 |
| 4,196,981 A | 4/1980 | Waldrop | | JP | 44-15392 | 7/1969 |
| 4,217,037 A | 8/1980 | Lemelson | | JP | 54-111841 | 9/1979 |
| 4,380,379 A | 4/1983 | Ahern | | JP | 54-111842 | 9/1979 |
| 4,432,616 A | 2/1984 | Kurosaka | | JP | 54-163052 | 12/1979 |
| 4,466,713 A | 8/1984 | Tanaka | | JP | 55-50217 | 4/1980 |
| 4,547,909 A | 10/1985 | Bell | | JP | 55-083022 | 6/1980 |
| 4,685,782 A | 8/1987 | Lhospice | | JP | 55-133014 | 10/1980 |
| D291,808 S | 9/1987 | Meyerspeer | | JP | 55-135814 | 10/1980 |
| 4,822,158 A | 4/1989 | Porsche | | JP | 56-29209 | 3/1981 |
| 4,878,749 A | 11/1989 | McGee | | JP | 56-925214 | 8/1981 |
| D307,756 S | 5/1990 | Porsche | | JP | 56-153317 | 11/1981 |
| 4,988,181 A | 1/1991 | Riach | | JP | 57-178215 | 11/1982 |
| 5,181,051 A | 1/1993 | Townsend et al. | | JP | 57-184910 | 11/1982 |
| 5,243,366 A | 9/1993 | Blevins | | JP | 61-2621 | 1/1986 |
| 5,321,442 A * | 6/1994 | Albanese ................. 351/44 | | JP | 63-188626 | 12/1988 |
| 5,389,981 A | 2/1995 | Riach | | JP | 1-136114 | 5/1989 |
| 5,410,763 A | 5/1995 | Bolle | | JP | 2-109325 | 8/1990 |
| 5,416,537 A | 5/1995 | Sadler | | JP | 5-157997 | 6/1993 |
| 5,642,177 A | 6/1997 | Nishioka | | JP | 05-196899 | 8/1993 |
| 5,682,222 A | 10/1997 | Chao | | JP | 5-40493 | 10/1993 |
| 5,684,558 A | 11/1997 | Hamamoto | | JP | 05-289029 | 11/1993 |
| 5,696,571 A | 12/1997 | Spencer et al. | | JP | 06-265828 | 9/1994 |
| 5,710,614 A | 1/1998 | Cereda | | JP | 06-331943 | 12/1994 |
| 5,724,118 A | 3/1998 | Krebs | | JP | 07-028001 | 1/1995 |
| 5,737,054 A | 4/1998 | Chao | | JP | 07-101722 | 2/1995 |
| 5,867,244 A | 2/1999 | Martin | | JP | 07-056123 | 3/1995 |
| 5,877,838 A | 3/1999 | Chao | | JP | 3011174 | 5/1995 |
| 5,882,101 A | 3/1999 | Chao | | JP | 7-128620 | 5/1995 |
| 5,883,688 A | 3/1999 | Chao | | JP | 07-156856 | 5/1995 |
| 5,883,689 A | 3/1999 | Chao | | JP | 07-244259 | 5/1995 |
| 5,889,574 A | 3/1999 | Gandl-Schiller | | JP | 08-050263 | 2/1996 |
| 5,912,718 A | 6/1999 | Murai et al. | | JP | 9-043544 A | 2/1997 |
| 5,914,768 A | 6/1999 | Hyoi | | RU | 220885 | 6/1968 |
| 5,929,964 A | 7/1999 | Chao | | TW | 274588 | 4/1996 |
| 6,012,811 A | 1/2000 | Chao et al. | | WO | WO 90/09611 | 8/1990 |
| 6,092,896 A | 7/2000 | Chao et al. | | WO | WO-95/18986 | 7/1995 |
| 6,109,747 A | 8/2000 | Chao | | WO | WO-95/23995 | 9/1995 |
| 6,149,269 A | 11/2000 | Madison | | WO | WO 96/23241 | 8/1996 |
| 6,170,948 B1 | 1/2001 | Chao | | | | |
| 7,040,751 B2 | 5/2006 | Madison | | * cited by examiner | | |

US RE37,545 F1

**1**

## EX PARTE
## REEXAMINATION CERTIFICATE
## ISSUED UNDER 35 U.S.C. 307

THE PATENT IS HEREBY AMENDED AS
INDICATED BELOW.

Matter enclosed in heavy brackets [ ] appeared in the original patent but was deleted by the reissue patent; matter printed in italics was added by the reissue patent. Matter enclosed in heavy double brackets [[ ]] appeared in the reissue patent but is deleted by this reexamination certificate; matter printed in boldface is added by this reexamination certificate.

AS A RESULT OF REEXAMINATION, IT HAS BEEN DETERMINED THAT:

Claims 1–9, 12, 13, 16–20, 24, and 31–33 is confirmed.

Claims 23 and 34 are determined to be patentable as amended.

New claim 35 is added and determined to be patentable.

Claims 10, 11, 14, 15, 21, 22 and 25–30 were not reexamined.

*23. An eyeglass device comprising:*
*an auxiliary spectacle frame for supporting auxiliary lenses therein, said frame including a front side, a rear*

**2**

*side, and oppositely positioned side portions, each of said side portions having an arm extended therefrom, each of said arms having a rearwardly directed free end for securing a magnetic member* having a horizontal surface, *and a pair of magnetic members respectively secured in the free ends of said arms, said arms and said pair of magnetic members adapted to extend across respective side portions of a primary spectacle frame so that said pair of magnetic members* having a horizontal surface *can vertically engage corresponding magnetic* [[members]] **member** *surfaces on a primary spectacle frame.*

*34. An eyeglass device comprising:*

*a primary spectacle frame having two side portion extensions with a front side, a rear side and a first magnetic member at said rear side,*

*an auxiliary spectacle frame including two side portions each having an arm extended therefrom, each of said arms containing a second magnetic member, said arms extending across a respective extension from said front side to said rear side so that said first and second magnetic members engage one another whereby said auxiliary spectacle frame is supported by said primary spectacle frame.*

**35. The eyeglass device according to claim 23, wherein, said magnetic members of said auxiliary spectacle frame are magnets.**

* * * * *

OJS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

## I. (a) PLAINTIFFS
ASPEX EYEWEAR, INC. and CONTOUR OPTIK, INC.

**DEFENDANTS**
HARDY LIFE, LLC, MARCHON EYEWEAR, INC., NIKE, INC., REVOLUTION EYEWEAR, INC. and MARTIN ZELMAN, an individual

**09 - 61515**

(b) County of Residence of First Listed Plaintiff  Broward County, FL
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

SEP 23 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA - MIAMI

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jacqueline Becerra, Esq.
Greenberg Traurig, P.A.
1221 Brickell Avenue
Miami, Florida 33131
(305) 579-0500

Attorneys (If Known)

**CIV - COOKE**

**MAGISTRATE**
**BANDSTRA**

(d) Check County Where Action Arose: ☒ MIAMI- DADE ☐ MONROE ☒ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE / HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                            and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 480 Consumer Credit |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO   b) Related Cases ☐ YES ☒ NO
JUDGE _____   DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity): 35 U.S.C. §§ 271, 281, 283 and 284. Defendants have committed the following violations: direct infringement on the '545 Patent and inducement of infringement of the '545 patent.

LENGTH OF TRIAL via  5  days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD
DATE 9/23/09

FOR OFFICE USE ONLY
AMOUNT $350.00

10089.2L   9/23/09

American LegalNet, Inc.   www.USCourtForms.com