UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-61515-CIV-COOKE
MAGISTRATE JUDGE BANDSTRA

ASPEX EYEWEAR, INC. AND
CONTOUR OPTIK, INC.

    Plaintiffs,

vs.

HARDY LIFE, LLC., MARCHON
EYEWEAR, INC., NIKE, INC.,
REVOLUTION EYEWEAR, INC.,
AND GARY MARTIN ZELMAN,
AN INDIVIDUAL,

    Defendants.

## REPLY BRIEF OF REVOLUTION EYEWEAR, INC. IN SUPPORT OF MOTION TO COMPEL COMPLETE RESPONSES TO INTERROGATORIES

### I. SUMMARY OF REPLY ARGUMENTS

With the fact discovery cutoff one month away (D.E. # 59), Contour has admittedly refused to provide the following information at the very heart of its case:

- The identity of all the products it is accusing of infringing. (Interrogatory No. 1) Even in its supplemental response, Contour only identifies products that it was aware of before it filed this case, over five months ago.

- Plaintiffs' proposed construction of the critical element of the asserted claims: "arms … adapted to extend across respective side portions of a primary spectacle frame." (Interrogatory Nos. 2 and 3) Contour has provided proposed constructions of numerous other terms, but refuses to construe this one. Unless plaintiffs have a construction totally at odds with the construction of the district court in the California Action, there can be no infringement.

- The alleged differences between the accused products in the California Action and the accused products in this action. (Interrogatory No. 5) Unless there are differences that

-1-

are more than merely colorable, plaintiffs could have included their present causes of action in the California action, and their claims are barred by the doctrine of *res judicata*/claim preclusion.

Contour's excuses for its refusals are frivolous.

- Defendants' position that they are entitled to summary judgment does not permit plaintiffs to refuse to provide discoverable information. As it stands, plaintiffs should be precluded from using in opposition to defendants' motion for summary judgment any information requested and not disclosed in response to defendants' discovery.[1]

- Contour's position that their claim construction contentions should occur at some unspecified time in the future is contrary to Federal Circuit law. Plaintiffs had the duty to <u>construe the patent claims</u> being asserted and to apply that construction to the accused products before they filed this case. See, e.g., *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300-01 (Fed. Cir. 2004).

- Contour cannot refuse to provide information "that is relevant to [defendants'] claim or defense" on the ground that it may support defendants' position on *res judicata*. (See Fed. R. Civ. P. 26(b)(1).) Once again, Contour should either be compelled to state the alleged differences between the accused products in the California Action and the accused products in this action, or be precluded from making such a contention in this case.

Plaintiffs cannot stand on the legally incorrect argument that the amendments to claim 23 to save the validity of the claim during reexamination somehow create a new cause of action. (See 35 U.S.C. § 305, which permits only <u>narrowing</u> amendments in reexaminations.) Because the earlier version of claim 23 was necessarily broader, the current claims <u>could</u> have been raised in the California Action, and are thus barred here <u>unless Revolution's products have changed in some meaningful way</u>. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999); *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1324 (Fed. Cir. 2008). That is why plaintiffs must

---

[1] Further, Plaintiffs opposed Revolution's motion for an early summary judgment and disagrees with Revolution's position that this issue is ripe for early resolution without the need for discovery. (Opp. p. 6, fn. 4 "Plaintiffs vigorously dispute this contention.")

identify any alleged differences between the products in the California Action and those accused here.

Revolution's interrogatories are either directly relevant to Plaintiff's claim of patent infringement (Interrogatory Nos. 2 and 3) or directly relevant to Revolution's affirmative defense of claim preclusion (Interrogatory Nos. 1 and 5). See Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense"). These interrogatories are basic questions that were required to be addressed in plaintiffs' pre-filing investigation under Federal Circuit law and Plaintiff Contour should be ordered to fully respond to these interrogatories without any further delay.

## II.  DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF FACTS

Significantly, Contour spends the first few pages of its opposition discussing the California Action, in a transparent attempt to prejudice Revolution. But plaintiffs cannot have it both ways. Having touted the results of the California Action in their favor, they cannot ignore the rulings against them or the preclusive effect of that case. So there is no confusion, the fundamental facts regarding the relationship between the California Action and this action are as follows: (1) The accused products in the California Action and this Action both contain an auxiliary frame and primary frame (See Hanle Decl. (D.E. # 39-1) Ex. 3, ¶¶ 5-6); (2) Plaintiff's California Action related to claims in the '545 patent directed at the primary frame and the combination of the primary and auxiliary frames (*Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 563 F.3d 1358, 1364 (Fed. Cir. 2009): Aspex claimed infringement of claim 6, 22 and 34); (3) for reasons unknown to Revolution, Plaintiffs' California Action was never directed solely to the auxiliary frame; (4) Plaintiff's Florida Action relates solely to the auxiliary frame (see Complaint D.E. # 1); (5) the "new design" Plaintiff alludes to relates to the primary frame not the auxiliary frame; the auxiliary frame has not changed (See Hanle Decl. (D.E. # 39-1) Ex. 3, ¶¶ 5-6); (6) in accordance with the law, the amended re-examined claims relating to the auxiliary frame have been narrowed, not broadened (see 35 U.S.C. § 305); and (7) Plaintiff has yet to provide any explanation in any of the Court documents it has filed explaining why it could not have asserted a claim for patent infringement against the auxiliary frame in the California Action.

The only party guilty of increasing the cost of litigation is Plaintiff. Revolution has been forced to seek relief from the Court because Plaintiff continues to play hide the ball. It is Plaintiffs, not defendants, that are needlessly increasing the cost of litigation and wasting judicial resources. Straightforward, full and complete answers to interrogatories would have avoided this motion.

## II.   FULL AND COMPLETE RESPONSES TO INTERROGATORY NOS. 1 – 3 AND 5 ARE WARRANTED

### A.   Interrogatory No. 1

Revolution's interrogatory No. 1 asks Contour to identify the <u>specific</u> products it accuses of infringement in this case. In its initial response, Contour only identified broad product lines, *e.g.* "Ed Hardy," without identifying specific products. After pointing out this deficiency, Contour supplemented its response by improperly asserting a new objection and limiting its identification of specific products to only those products that "Contour <u>was aware of prior</u> to the filing of this lawsuit." Specifically, Contour supplemented its response as follows:

> Contour objects to this interrogatory on the ground that it is overbroad and unduly burdensome. Contour further objects to this Interrogatory on the ground that it is premature, as Contour will be unable to comprehensively identify each infringing Revolution product at issue until after the completion of fact discovery from Revolution and Defendants Hardy Way, LLC, formerly known as Hardy Life, LLC ("Hardy") and Gary Martin Zelman (collectively, the Revolution Defendants"). Moreover, in light of the fact that discovery in this case is still ongoing, Contour reserves its right to amend and supplement these responses as the law and the Federal and Local Rules allow and require. Without waiver of these objections, Contour responds as follows: As previously advised, the Revolution Defendants have made, used, sold, or offered for sale various brands of magnetic clip-on eyewear that satisfy every element of Claims 23 and 35 of the '545 patent. Such products include, without limitation, Bling Bling Clips, Alter Egos, Revolution Kids, Ed Hardy, Revolution, Revolution Airs, Revolution Titanium, and That's So Raven branded magnetic clip-on eyewear. More specifically, listed below are the model numbers of the products that Contour was aware of prior to the filing of this lawsuit:

| | |
|---|---|
| BB034 | REV547 |
| EHK101 | REV549 |
| EHK102 | REV550 |
| EHK103 | REV551 |
| EHK104 | REV555 |
| EHK105 | REV557 |
| EHK106 | REV559 |
| REV525 | REV560 |
| REV527 | REV561 |
| REV528 | REV562 |
| REV529 | REV564 |
| REV530 | REV566 |
| REV531 | REV567 |
| REV532 | REV568 |
| REV535 | REV581 |
| REV537 | REVT62 |
| REV539 | REVT63 |
| REV540 | REVT64 |
| REV542 | REVT65 |
| REV543 | REVT66 |
| REV546 | |

(Decl. of Turk-Moore, Exh. 6.) Despite Contour's argument that this case is in its "early stages of discovery" and that it has fully responded to Interrogatory No. 1, Contour's supplemental response calls into serious question whether it has provided all such information. Instead, Contour hedges and qualifies its supplemental response by <u>adding</u> a new qualifying objection: "Moreover, in light of the fact that discovery in this case is still ongoing, Contour reserves its right to amend and supplement these responses as the law and the Federal and Local Rules allow and require" and improperly states that the specific products listed "are the model numbers of the products that Contour <u>was aware of prior to the filing of this lawsuit</u>." (Emphasis added.)

In short, Contour still refuses to identify all the products it alleges infringe the patent in suit. Contour's supplemental response still contains a sweeping statement that almost every line of Revolution's products infringe but then only identifies products <u>from only some of those lines</u> that it "was aware of prior to the filing of this lawsuit." For example, Contour's supplemental response does not identify a single "Alter Ego" product, even though it includes that product line in its complaint and in its original interrogatory response. With a discovery deadline of a month away, Contour should not be allowed to play hide the ball any longer. Contour should be ordered to identify all the specific products it accuses of infringement forthwith. Revolution is

-5-

entitled to know the identity of all allegedly infringing products, and not just those facts Contour was "aware" of prior to filing suit.

    B.    **Interrogatory No. 2**

Before filing a patent infringement case, a plaintiff has an affirmative duty pursuant to Rule 11 to perform an infringement analysis of the products it accuses of infringing, which includes the duty for the plaintiffs' attorney to construe the patent claims being asserted and to apply that construction to the accused products. See, e.g., *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300-01 (Fed. Cir. 2004). In light of these requirements, plaintiffs simply have no justification to refuse to provide their claim construction positions.

Nevertheless, Plaintiffs refuse to provide their constructions, arguing that Revolution has previously used this terminology. This is not the case. Contrary to Contour's argument, Revolution's '722 patent does not support plaintiffs' position that Revolution's products have arms "adapted to extend across respective side portions of a primary spectacle frame." (Opp. pp. 10-11.) In fact, the '722 patent does not use either of the terms "arms" or "across." Rather, the "appendages" 18 and magnets of the auxiliary frame in the '722 patent "fit below" the magnets on the conventional or primary frame. (Turk-Moore Ex. 7, Figs. 1-3, e.g., col. 7:6-11.) Indeed, the '722 patent specifically distinguishes the device disclosed in the '545 patent (which shares its specification with its predecessor U.S. Patent No. 5,568,207) because the auxiliary frame arms in that patent "must be carefully positioned above the conventional [primary] eyeglass frame to be sure the extensions are above the temples." (Turk-Moore Ex. 7 col. 5:2-12.) Thus, the California court, the Federal Circuit and the '722 patent -- written many years before this lawsuit was filed -- all agree that the arms of the '545 patent auxiliary frames extend across the top of the primary frame extensions. Contour's only response is to bury its head in the sand and hope this fatal flaw in its case goes away.

And despite Plaintiff's argument to the contrary, Contour's response to Interrogatory No. 2 <u>is</u> merely a regurgitation of the claim language. Contour argues that it provided that the arms are located on the side portions of the frame and that this is more than a regurgitation of the claim language or a repeating of the claim language. (Opp. p. 10). Yet, the claim language <u>specifically</u> <u>requires</u> that the arms be located at each side portion of the frame ("each of said side portions having an arm extended therefrom…").

Contour's objection and argument (footnote 9) that the interrogatory is premature is completely without merit since the discovery deadline is a month away. Still further, as pointed out in its moving papers and completely ignored by plaintiff in its opposition, plaintiffs themselves recently propounded interrogatories to Revolution that clearly call for Revolution's interpretation of relevant claim terms, and the "alleged differences between each of the Accused Products and each limitation of the claims." (Plaintiffs' Interrogatory No. 1.) Plaintiffs cannot have it both ways.

Again, Contour's response demonstrates that it has either failed to perform the required analysis or refuses to provide it, in either event justifying sanctions.

C. **Interrogatory No. 3**

Plaintiff simply repeats the same arguments it made in response to Interrogatory No. 2. As such, Revolution will not repeat its response as provided above. However, what is telling about Plaintiff's response to Interrogatory No. 3 is that Plaintiff <u>does</u> provide considerable claim construction, but not the construction specifically requested by defendants. Despite Plaintiff's acknowledgement that the parties should focus on the "real claim construction dispute," Plaintiff conveniently construed those terms that are not likely to be in dispute and completely avoids providing its construction for those terms that are in dispute. As Plaintiff acknowledges (Opp. p. 13), Plaintiff provided its construction of the following terms: (1) "auxiliary spectacle frame" as "a sunglass frame;" (2) "auxiliary lenses" as "sunglass lenses;" (3) "the front side" as "the front side of the frame when worn;" (4) "has a rearwardly directed free end" as "an end that extends substantially rearward of the lenses and is not attached to the side portions of the frame;" (5) "horizontal surface" as "a surface in a substantially horizontal plane when the frame is worn;" and (6) vertically engage as "from a direction in a substantially vertical plane when the frame is worn."

Noticeably absent from the above constructions is a construction of the limitation "arms … adapted to extend across respective side portions of a primary spectacle frame." There can be no good faith argument that there is no "real claim construction dispute" with respect to this particular limitation. As established in defendants' moving papers, the district court in the California Action construed a similar element in such a way as to preclude a finding of infringement in this action. Further, Interrogatory No. 2 is specifically tailored to this limitation, and Interrogatory No. 3 calls for Plaintiff's construction of the entire claim. Plaintiff

conveniently cherry picks only those limitations and provides constructions that are not at the center of the parties' dispute. Plaintiff is correct that the parties should focus on the real dispute and not "multiply[] the cost of litigation" any longer by focusing on non-issues. (Opp. p. 14.) Further, as stated above, plaintiffs have propounded interrogatories that seek detailed non-infringement contentions from defendants. (Plaintiffs' Interrogatory No. 1.) Plaintiffs cannot have it both ways. Accordingly, the Court should compel a complete response that includes Contour's construction of the particular limitations at issue and how the components of the specific products accused allegedly meet each claim limitations as construed.

### D.  Interrogatory No. 5

Contour's entire argument rests on its position that it can unilaterally decide what is relevant and, based on such a determination, refuse to respond to discovery that it believes are irrelevant to this action. Rule 26 could not be clearer that relevancy rises and falls on the parties' claims and defenses. There is no question that Revolution has asserted an affirmative defense based on *res judicata*. Part of that factual analysis, as demonstrated in its moving papers, is whether the products that were at issue in the California Action are "essentially the same" as the accused products in this Action. *Acumed LLC v. Stryker Corp.*, 525 F.3d 1319, 1324 (Fed. Cir. 2008). Accused products are "essentially the same" where the differences between them are merely "colorable" or "unrelated to the limitations in the claim of the patent." *Id.* As such, Interrogatory No. 5 properly requests that Contour identify any alleged differences between the auxiliary frames of the accused products in the California Action and the auxiliary frames of the accused products in this Action. Contour's statement that it has yet to take a position on whether there are any such differences is not a proper basis for refusing to respond to such discovery. (Opp. p. 15.) Again, absent such differences, plaintiffs claims are barred. Again, Contour cannot continue to bury its head in the sand and refuse to reveal its position. Either Contour believes there are differences or it does not. Either way, Contour should be ordered to provide its position now or, in the alternative, be precluded from ever arguing that any such differences exist.

Further, Contour's reliance on *In re Vitamins Antitrust Litigation*, 120 F. Supp. 2d. 45,

57-58 (D.D.C. 2000) is misplaced.[2] The fact that information sought by interrogatories relates to the case of the party seeking it rather than to that of the party to whom interrogatories are directed is not the basis for a valid objection. The law is well settled that a party may propound discovery on its theory of facts and law as well as that of its opponent. Parties are entitled to interrogate each other as to their respective cases and the ultimate burden of proof is not a limitation upon the boundaries of discoverable material. *Scovill Mfg. Co. v. Sunbeam Corp.*, 61 F.R.D. 598, 601 (D. Del. 1973) cited with approval in *Perfect Web Techs. v. InfoUSA, Inc.*, 2008 U.S. Dist. LEXIS 20761 (S.D. Fla. Mar. 17, 2008); see also *United States v. An Article of Drug.*, 43 F.R.D. 181 (D. Del. 1967); *RCA Mfg. Co. v Decca Records, Inc.*, 1 FRD 433 (1940, DC NY); *The Raphael Semmes*, 3 F.R.D. 71 (D.N.Y. 1942); *Roth v. Paramount Film Distributing Corp.*, 4 F.R.D. 302 (D. Pa. 1945); *Bowles v. Safeway Stores, Inc.*, 4 F.R.D. 469 (D. Mo. 1945). If the law was as plaintiff argues then Revolution could refuse to respond to discovery regarding Plaintiff's infringement contentions until after Plaintiff proved infringement. Obviously this is not the law. Plaintiff's position lacks any merit and it should be compelled to respond to Interrogatory No. 5 forthwith or be precluded from ever alleging any differences between the auxiliary frames in the California Action and those at issue in this action.

## CONCLUSION

Plaintiff's opposition confirms that Plaintiffs have no legitimate excuse for refusing to provide the most basic of information, information that it should have obtained prior to filing this Action. Either Plaintiffs marched into this Court without doing a proper pre-filing investigation or are refusing to provide the factual underpinnings of this investigation. With a discovery

---

[2] *In re Vitamins* dealt specifically with seeking discovery on a foreign defendant to establish personal jurisdiction. Pursuant to well-established procedural rules (Fed. R. Civ. P. 4(k)(2)) regarding the constitutional requirement of jurisdiction, the court held that only after a proper certification by plaintiff could plaintiff seek certain discovery from defendants regarding its contacts with any state. That case has no application to this case.

deadline of a month away, Revolution respectfully request that Plaintiff be ordered to provide complete responses to the interrogatories, without delay and without objection.

Respectfully submitted,

/s Jennifer A. Trusso
Steven M. Hanle, Admitted Pro Hac Vice
shanle@sheppardmullin.com
Jennifer A. Trusso, Admitted Pro Hac Vice
jtrusso@sheppardmullin.com
Aaron M. Fennimore, Admitted Pro Hac Vice
afennimore@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California  92626-1993
Telephone:    714.513.5100
Telecopy:     714.513.5130

*Attorneys for Defendants Revolution Eyewear, Inc., Gary Martin Zelman, and Hardy Way, LLC*

and

/s Janet T. Munn
Florida Bar No. 501281
jmunn@rascoklock.com
Rasco Klock, et al.
283 Catalonia Avenue
Suite 200
Miami, Florida 33134
Telephone: 305.476.7101
Telecopy: 305.476.7102

-11-

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 1, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/EFC system. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified on the Notice of Electronic Filing generated by CM/ECF.

/s Janet T. Munn

## SERVICE LIST

Jacqueline Becerra, Esq.
Email: becerraj@gtlaw.com
Ericka Yolanda Turk, Esq.
Email: turkmooree@gtlaw.com
Greenberg Traurig
1221 Brickell Avenue
Miami, FL 33131
Telephone: 305-579-0534
Telefax:    305-579-0717

*Attorney for Plaintiffs Aspex Eyewear, Inc. and Contour Optix, Inc. Inc.*

W. Barry Blum, Esq.
Email: bblum@gjb-law.com
Martin J. Keane, Esq.
Email: mkeane@gjb-law.com
Genovese Joblove & Battista, P.A.
100 S.E. 2nd Street, Suite 4400
Miami, FL 33131
Telephone: 305.349.2300
Facsimile: 305.349.2310
*Attorney for Defendants Marchon Eyewear, Inc. and Nike, Inc.*

Michael Nicodema, Esq.
Email: nicodemam@gtlaw.com
MetLife Building
Greenberg Traurig
200 Park Avenue
New York, NY 10166-1400
Telephone: (212) 801-9200
Telefax: (212) 801-6400

*Attorney for Plaintiffs Aspex Eyewear, Inc. and Contour Optix, Inc.*

Edgar H. Haug, Esq.
ehaug@flhlaw.com
Brian S. Gonclaves, Esq.
BGoncalves@flhlaw.com
David Herman, Esq.
dherman@flhlaw.com
Frommer, Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151
Telephone: 212-588-0888
Facsimile: 212-588-0500
*Attorney for Defendants Marchon Eyewear, Inc. and Nike, Inc.*