**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

CASE NO.: 09-61515-CIV-COOKE/BANDSTRA

ASPEX EYEWEAR, INC. AND
CONTOUR OPTIK, INC.

     Plaintiffs,

vs.

HARDY LIFE, LLC, MARCHON
EYEWEAR, INC., NIKE, INC.,
REVOLUTION EYEWEAR, INC.,
AND GARY MARTIN ZELMAN,
AN INDIVIDUAL,

     Defendants.
_____/

**DEFENDANTS MARCHON EYEWEAR, INC.'S AND
NIKE, INC.'S REQUEST FOR A HEARING ON THEIR
<u>MOTIONS FOR SUMMARY JUDGMENT</u>**

     Defendants Marchon Eyewear, Inc. ("Marchon") and Nike, Inc., ("Nike") pursuant to S.D. Fla. L.R. 7.1(B), submit this Request for Hearing on their Motions for Summary Judgment against Plaintiffs Aspex Eyewear, Inc. and Contour Optik, Inc. (collectively referred to herein as "Aspex") and state:

     Simultaneously herewith, Marchon and Nike have each filed, under seal, Motions for Summary Judgment and Incorporated Memoranda of Law in Support of their respective positions that they are entitled to summary judgment.

     With respect to Marchon: (i) Aspex's Complaint Counts I and IV are barred by *res judicata*/ claim preclusion; (ii) Marchon's bottom-mounted auxiliary frame eyeglass products do

not infringe claims 23 and 35 of U.S. Patent No. RE37,545 F1 (the "'545 Patent"); and (iii) claims 23 and 35 of the '545 Patent are invalid under 35 U.S.C. §§ 102 and/or 103.

With respect to Nike:  Nike has not in any way induced infringement of the '545 Patent. Moreover, this case is "exceptional" under 35 U.S.C. § 285, and Nike is entitled to attorneys' fees and costs.

The Marchon and Nike summary judgment motions reference a number of different magnetic clip-on eyeglass products.  Marchon products are sometimes referred to as "old designs" or "new designs."  There are also "top-mounted" auxiliary eyeglass frame designs and others that are "bottom-mounted" auxiliary eyeglass frame designs.  In view of these various products and how the auxiliary frames may attach to corresponding primary frames, a hearing with presentation and demonstration of these physical examples will be of great assistance and benefit to the Court.  Marchon and Nike will make such eyewear products available for the Court's inspection and review.

The Court's consideration of the motions for summary judgment and the nature of the patent claims and accused products will be aided by oral argument.  The requested hearing will also better enable the parties to explain to the Court the nature of the various claims asserted and the differences between the patent claims and the accused products.  Nike and Marchon believe that such a hearing will assist the Court in reaching a full, fair, and expedited determination of the issues in this matter.

It is estimated that the time required for argument would be no more than approximately 45 minutes combined for the Marchon and Nike parties.

WHEREFORE, Defendants Marchon and Nike request that the Court schedule oral argument on the Motions for Summary Judgment filed by Marchon and Nike.

CASE NO.: 09-61515-CIV-COOKE/BANDSTRA

Dated:  May 20, 2010
      Miami, Florida

Respectfully submitted,

s/ W. Barry Blum
W. Barry Blum
bblum@gjb-law.com
Florida Bar No.: 379301
Martin J. Keane
Florida Bar No.: 524239
mkeane@gjb-law.com
GENOVESE JOBLOVE & BATTISTA, P.A.
100 Southeast Second Street
Miami, Florida  33131
Telephone:  (305) 349-2300
Facsimile:  (305) 349-2310

and


s/ Edgar H. Haug
Edgar H. Haug, Admitted Pro Hac Vice
ehaug@flhlaw.com
Porter F. Fleming, Admitted Pro Hac Vice
pfleming@flhlaw.com
Brian S. Goncalves, Admitted Pro Hac Vice
bgoncalves@flhlaw.com
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, New York 10151
Telephone:  (212) 588-0800
Facsimile:  (212) 588-0500

*Attorneys for Defendants Marchon Eyewear, Inc. and Nike, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2010, the foregoing document is being served this day on the following counsel by electronic and First Class U.S. Mail.

s/ W. Barry Blum<br>Attorney

| | |
|---|---|
| **Jacqueline Becerra, Esq.** | **Michael Nicodema, Esq.** |
| becerraj@gtlaw.com | nicodemam@gtlaw.com |
| **Ericka Yolanda Turk, Esq.** | GREENBERG TRAURIG, LLP |
| turkmooree@gtlaw.com | MetLife Building |
| GREENBERG TRAURIG, LLP | 200 Park Avenue |
| 1221 Brickell Avenue | New York, NY 10166-1400 |
| Miami, FL 33131 | Telephone: (212) 801-9200 |
| Telephone: (305) 579-0534 | Facsimile: (212) 801-6400 |
| Facsimile: (305) 579-0717 | |

*Attorneys for Plaintiffs Aspex Eyewear, Inc. and Contour Optix, Inc.*

| | |
|---|---|
| **Janet T. Munn** | **Steven M. Hanle** |
| jmunn@rascoklock.com | shanle@sheppardmullin.com |
| RASCO KLOCK REININGER PEREZ ESQUENAZI VIGIL & NIETO, P.L. | **Jennifer A. Trusso** |
| | jtrusso@sheppardmullin.com |
| 283 Catalonia Avenue | **Aaron M. Fennimore** |
| Suite 200 | afennimore@sheppardmullin.com |
| Coral Gables, FL 33134 | SHEPPARD MULLIN RICHTER & |
| Telephone: (305) 476-7121 | HAMPTON LLP |
| Facsimile: (305) 476-7102 | 650 Town Center Drive – Fourth Floor |
| | Costa Mesa, CA 92626 |
| | Telephone: (714) 513-5100 |
| | Facsimile: (714) 513-5130 |

*Attorneys for Defendants Revolution Eyewear, Inc., Hardy Way, LLC, and Gary Martin Zelman*