# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 09-61515-CIV-COOKE/BANDSTRA**

ASPEX EYEWEAR, INC. and
CONTOUR OPTIK, INC.,

        Plaintiffs,

vs.

HARDY LIFE, LLC, MARCHON
EYEWEAR, INC., NIKE, INC.,
REVOLUTION EYEWEAR, INC., and
GARY MARTIN ZELMAN, an
individual,

        Defendants.

_____/

### PLAINTIFF CONTOUR OPTIK, INC.'S SUPPLEMENTAL RESPONSES TO DEFENDANT REVOLUTION'S INTERROGATORY NOS. 2, 3 AND 5, AND SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Court's

Endorsed Order dated March 3, 2010 (DE 63), Plaintiff Contour Optik, Inc. ("Contour")

provides the following supplemental responses to Defendant Revolution Eyewear, Inc.'s

("Revolution") interrogatory nos. 2, 3 and 5, and second supplemental response to Revolution's

interrogatory. no. 1.

### GENERAL OBJECTIONS

1.    Contour objects to these interrogatories to the extent they attempt to impose

obligations on it other than those authorized or imposed by the applicable laws, the Federal Rules

of Civil Procedure or the Local Civil Rules of the United States District Court for the Southern

District of Florida.

**DEPOSITION EXHIBIT 71**



not and should not be deemed to be a waiver of the above General Objections or of any specific objection set forth in Response to any specific Interrogatory.

## INTERROGATORY NO. 1

Identify by name and all other available commercial designations each accused product in the Florida Action.

## SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1

Contour objects to this interrogatory on the ground that it is overbroad and unduly burdensome. Contour further objects to this interrogatory on the ground that it is premature, as Contour will be unable to comprehensively identify each infringing Revolution product at issue until after the completion of fact discovery from Revolution and Defendants Hardy Way, LLC, formerly known as Hardy Life, LLC ("Hardy") and Gary Martin Zelman (collectively, the "Revolution Defendants"). Moreover, in light of the fact that discovery in this case is still ongoing, Contour reserves its right to amend and supplement these responses as the law and the Federal and Local Rules allow and require. Without waiver of these objections, Contour responds as follows: As previously advised, the Revolution Defendants have made, used, sold, or offered for sale various brands of magnetic clip-on eyewear that satisfy every element of Claims 23 and 35 of the '545 Patent. Such products include, without limitation, Bling Bling Clips, Alter Egos, Revolution Kids, Ed Hardy, Revolution, Revolution Airs, Revolution Titanium, and That's So Raven branded magnetic clip-on eyewear. More specifically, listed below are the model numbers of the products that Contour was aware of prior to the filing of this lawsuit:

| BB034 | REV547 |
|-------|--------|
| EHK101 | REV549 |
| EHK102 | REV550 |
| EHK103 | REV551 |
| EHK104 | REV555 |
| EHK105 | REV557 |

4

Greenberg Traurig, P.A.   Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305 579 0500 | Fax 305 579 0717 | www.gtlaw.com

| | |
|---|---|
| EHK106 | REV559 |
| REV525 | REV560 |
| REV527 | REV561 |
| REV528 | REV562 |
| REV529 | REV564 |
| REV530 | REV566 |
| REV531 | REV567 |
| REV532 | REV568 |
| REV535 | REV581 |
| REV537 | REVT62 |
| REV539 | REVT63 |
| REV540 | REVT64 |
| REV542 | REVT65 |
| REV543 | REVT66 |
| REV546 | |

Contour does not presently contend that any other Revolution eyewear infringes claims 23 and 35. However, there is no Federal Rule of Civil Procedure or Local Rule that requires Contour to indentify infringe products it has no knowledge of. The above listed eyewear is what Contour is presently aware of. Because Contour has not yet received any discovery from Revolution on its accused products, and similar products made with the same or equivalent infringing design, Contour reserves the right to further supplement this response as discovery progresses.

## SUPPLEMENTAL RESPONSES TO INTERROGATORY NOS. 2, 3 AND 5

### INTERROGATORY NO. 2

State the basis for your contention that the accused products have "arms" and "magnetic members adapted to extend across respective side portions of a primary spectacle frame," including without limitation the portions of the accused products that you contend meet this limitation, your proposed construction of this claim language and the factual and legal basis for this construction.

### RESPONSE TO INTERROGATORY NO. 2

Contour objects to this interrogatory on the ground that it is overbroad and unduly burdensome. Contour further objects to this interrogatory on the ground that it calls for Contour

5

## CERTIFICATION

I, David Chao, certify that I am the Director and Vice President of International Sales, of Contour Optik, Inc., one of the Plaintiffs in this action, that I have read the foregoing Plaintiff Contour Optik, Inc.'s Supplemental Responses to Defendant Revolution Eyewear, Inc.'s Interrogatory Nos. 2, 3 and 5, and Second Supplemental Response to Revolution's interrogatory. No. 1., and that I believe, to the best of my knowledge and based on information provided to me by others, that the matters stated therein are true and correct.

Dated: March 18, 2010

_____
David Chao

13

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com