# EXHIBIT C

Elizabeth Barrowman Gibson (Bar No. 136710)
Brian W. Kasell, Esq. (Bar No. 143776)
**JEFFER, MANGELS, BUTLER
& MARMARO LLP**
1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067-5010
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Attorneys for Defendants
Aspex Eyewear, Inc. and Thierry Ifergan
and Counterclaimants
Aspex Eyewear, Inc., Manhattan Design Studio, Inc.,
Contour Optik, Inc. and Asahi Optical Co., Ltd

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVOLUTION EYEWEAR, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ASPEX EYEWEAR, INC., a Delaware Corporation; THIERRY IFERGAN, an individual; REAL EYES OPTICAL, a business; and SCOTT STRENK, an individual,<br><br>Defendants. | CASE NO.: CV-02-01087 LGB (CWx)<br><br><br>**ANSWER AND COUNTERCLAIMS**<br><br>**JURY TRIAL DEMAND**<br><br>Judge: Honorable Lourdes G. Baird |
| ASPEX EYEWEAR, INC., a Delaware Corporation; MANHATTAN DESIGN STUDIO, INC., a New York Corporation; CONTOUR OPTIK, INC., a Taiwanese Corporation, and ASAHI OPTICAL CO., LTD., a Japanese Corporation,<br><br>Counterclaimants,<br><br>v.<br><br>REVOLUTION EYEWEAR, INC., a California Corporation,<br><br>Counterclaim-Defendants. | |

PRINTED ON RECYCLED PAPER

LA 3014783 v1

Elizabeth Barrowman Gibson (Bar No. 136710)
Brian W. Kasell, Esq. (Bar No. 143776)
**JEFFER, MANGELS, BUTLER & MARMARO LLP**
1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067-5010
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

Attorneys for Defendants
Aspex Eyewear, Inc. and Thierry Ifergan
and Counterclaimants
Aspex Eyewear, Inc., Manhattan Design Studio, Inc.,
Contour Optik, Inc. and Asahi Optical Co., Ltd

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVOLUTION EYEWEAR, INC., a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> ASPEX EYEWEAR, INC., a Delaware Corporation; THIERRY IFERGAN, an individual; REAL EYES OPTICAL, a business; and SCOTT STRENK, an individual, <br><br> Defendants. | CASE NO.: CV-02-01087 LGB (CWx) <br><br> **ANSWER AND COUNTERCLAIMS** <br><br> **JURY TRIAL DEMAND** <br><br> Judge: Honorable Lourdes G. Baird |
| ASPEX EYEWEAR, INC., a Delaware Corporation; MANHATTAN DESIGN STUDIO, INC., a New York Corporation; CONTOUR OPTIK, INC., a Taiwanese Corporation, and ASAHI OPTICAL CO., LTD., a Japanese Corporation, <br><br> Counterclaimants, <br><br> v. <br><br> REVOLUTION EYEWEAR, INC., a California Corporation, <br><br> Counterclaim-Defendants. | |

SERVICE COPY

PRINTED ON RECYCLED PAPER

LA 3014783 v1

Defendants Aspex Eyewear, Inc. ("Aspex") and Thierry Ifergan ("Ifergan") (collectively "Defendants"), through their undersigned counsel, respond to the Complaint as follows:

1. Admit that plaintiff purports to bring this suit for patent infringement pursuant to 35 U.S.C. Section 271, *et seq.*, as alleged in paragraph 1 of the Complaint.

2. Deny sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2.

3. Deny sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3.

4. Admit that Aspex is a corporation organized and existing under the laws of the state of Delaware with a place of business at 3950 Executive Way, Miramar, Florida 33025, but deny the remaining allegations contained in paragraph 4.

5. Admit that Ifergan is an executive vice president of Aspex, but deny the remaining allegations contained in paragraph 5.

6. Deny sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6.

7. Deny sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7.

8. Admit the allegations contained in paragraph 8.

9. Deny the allegations contained in paragraph 9.

10. Deny the allegations contained in paragraph 10.

11. With respect to the allegations contained in paragraph 11, repeat and reallege the responses to paragraphs 1 through 10 as if fully set forth herein.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 12. Deny the remaining allegations contained in paragraph 12.

///

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 13. Admit that Aspex and Ifergan have not been granted rights to the '858 patent.

14. Deny the allegations contained in paragraph 14 of the Complaint.

15. Deny the allegations contained in paragraph 15 of the Complaint.

16. In answer to the prayer for relief, deny that plaintiff is entitled to judgment in its favor as set forth therein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

### (Invalidity)

The 858 patent is invalid because it fails to satisfy the requirements of Part II of Title 35 of the United States Code, including, but not limited to, one or more of 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Second Affirmative Defense

### (Marking and Notice)

Aspex is informed and believes, and on that basis aver, that some or all of Revolution's claims are limited and/or barred pursuant to 35 U.S.C. § 287.

## COUNTERCLAIMS

Defendant-Counterclaimant, Aspex Eyewear, Inc. ("Aspex") and Counterclaimants Manhattan Design Studio, Inc. ("MDS"), Contour Optik, Inc. ("Contour"), and Asahi Optical Co., Ltd. ("Pentax") (collectively referred to as "Counterclaimants"), by their attorneys, as and for their counterclaims herein against the Plaintiff-Counterclaim Defendant, Revolution Eyewear, Inc. ("Revolution"), allege the following:

### The Parties

1. Aspex is a corporation duly organized and existing under the laws of the state of Delaware with its principal place of business at 3950 Executive Way, Miramar, Florida 33025.



2. MDS is a corporation duly organized and existing under the laws of the state of New York with its principal place of business at 3950 Executive Way, Miramar, Florida 33025.

3. Contour is a Taiwanese corporation with its post office address at 6 Industrial Fifth Road, Tou Chiau Industrial Park, Chiaya 621, Taiwan.

4. Pentax is a Japanese corporation with its post office address at 2-36-9 Xaero-cho, Itabashi-ku, Tokyo, Japan 174-8639.

5. Upon information and belief, Revolution is a corporation organized and existing under the laws of California and has a place of business at 997 Flower Glen Road, Simi Valley, California 93065.

## Jurisdiction and Venue

6. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, 281 and 283.

7. This Court has jurisdiction over the subject matter of the First Counterclaim, pursuant to 28 U.S.C. § 1338(a). This Court has jurisdiction over the subject matter of the Second Counterclaim, pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202.

8. Venue is properly established in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c), as upon information and belief, Revolution resides in this judicial district and has engaged in acts of infringement within the jurisdiction of this Court; including this judicial district, which acts are the subject of the First Counterclaim.

## First Counterclaim

## (Patent Infringement)

9. On February 13, 2002, the United States Patent and Trademark Office issued United States Patent No. US RE37, 545 E (the "545 Patent"), entitled Auxiliary Lenses for Eyeglasses, which is a reissue of United States Patent No. 5,568,207 (which issued on October 22, 1996, the "207 Patent") to inventor Richard Chao.

10. Contour and Pentax are the assignees of record of the 545 Patent, each owning a one half undivided interest, and thereby establishing joint ownership by Contour and Pentax over the 545 Patent. By virtue of their respective license agreements with Contour and Pentax, Aspex and MDS jointly share exclusive rights to the 545 reissue patent in the United States.

11. The invention described and claimed in the 545 Patent has been accepted by the eyewear and fashion eyewear industries and is of great utility and value.

12. Revolution has been infringing the 545 Patent by manufacturing, and/or selling, and/or offering for sale eyeglass devices as described in multiple claims of the 545 Patent within this district and, on information and belief, elsewhere as well.

13. Revolution's infringing articles, as alleged in paragraph 12 above, have not been manufactured or authorized in any manner by Aspex, MDS, Contour or Pentax, nor has Revolution ever been authorized or otherwise granted the right to manufacture, offer for sale, sell or otherwise distribute the devices made according to the 545 Patent.

14. Upon information and belief, Revolution will continue to infringe upon the 545 Patent, to the irreparable damage of Counterclaimants, unless enjoined by this Court. Counterclaimants have no adequate remedy at law.

## Second Counterclaim

## (Declaratory Judgment of Patent Invalidity)

15. Upon information and belief, Revolution is the owner of United States Patent No. 6,343,858 (the "858 Patent").

16. Revolution has charged Aspex with infringement of the 858 Patent.

17. The 858 Patent is invalid under 35 U.S.C. §§ 102, 103 and/or 112.

///

///

**WHEREFORE,** Counterclaimants request that this Court grant Judgment in their favor, and award them the following relief:

1. Declare that Revolution's acts and conduct infringe the 545 Patent and the exclusive rights in said patent held by Counterclaimants;

2. Enter a permanent injunction which:

   a. enjoins Revolution, its officers, agents, employees, privies, subsidiaries, successors, and assigns and all holding by, through or under it, and all those acting for it or in its behalf, from infringing upon the 545 Patent; and

   b. enjoins Revolution, its directors, officers, agents, employees, representatives, and all other persons in active participation with it, to recall from all distributors, wholesalers, retailers and all others known to Revolution, all products which infringe upon the 545 Patent, and require Revolution to file with this Court and to serve upon the Counterclaimants, within 30 days after service of the Court's Order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which Revolution has complied with the Court's Order;

3. Pursuant to 35 U.S.C. § 284, award the Counterclaimants their actual damages suffered as a result of the Defendants' infringement of the 545 Patent and the rights held by Counterclaimants in said patent;

4. Declare that each and every claim of the 858 Patent is invalid;

///
///
///
///
///
///
///
///
///

5. Grant such other and further relief as the equity of the case may require and as this Court may deem just and proper, together with costs and disbursements of this action, including attorneys' fees.

JEFFER, MANGELS, BUTLER & MARMARO LLP

Dated: September 10, 2002

*[signature]*

Brian W. Kasell, Esq. (Bar No. 143776)
Attorneys for Defendants
Aspex Eyewear, Inc. and Thierry Ifergan
and Counterclaimants
Aspex Eyewear, Inc., Manhattan Design Studio, Inc., Contour Optik, Inc. and Asahi Optical Co., Ltd.

## DEMAND FOR JURY TRIAL

Counterclaimants hereby demand a jury trial as provided in Rule 38(a) in the Federal Rules of Civil Procedure.

JEFFER, MANGELS, BUTLER & MARMARO LLP

Dated: September 10, 2002

*/s/ Brian W. Kasell*

Brian W. Kasell, Esq. (Bar No. 143776)
Attorneys for Defendants
Aspex Eyewear, Inc. and Thierry Ifergan
and Counterclaimants
Aspex Eyewear, Inc., Manhattan Design Studio, Inc., Contour Optik, Inc. and Asahi Optical Co., Ltd

PROOF OF SERVICE
1013A (3) CCP Revised 5/1/88
Revolution v. Aspex Eyewear, Inc.

STATE OF CALIFORNIA, CITY AND COUNTY OF LOS ANGELES

I am employed in the city and county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2121 Avenue of the Stars, 10th Floor, Los Angeles, California 90067.

On September 10, 2002, I served the attached **ANSWER AND COUNTERCLAIMS** in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

SEE ATTACHED PROOF OF SERVICE

[X]  (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]  **(BY FAX)** I caused to be transmitted, pursuant to Rules 2001 et seq., the above-described document by facsimile machine (which complied with Rule 2003(3)), to the above-listed fax number(s). The transmission originated from facsimile phone number (310) 203-0567 and was reported as complete and without error.

[ ]  (BY PERSONAL SERVICE) I caused to be delivered such envelope by hand to the named parties.

[ ]  (BY OVERNIGHT DELIVERY) I caused said envelope(s) to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressee(s).

Executed on September 10, 2002 at Los Angeles, California.

[ ]  (STATE)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X]  (FEDERAL)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Lisa Victor

LA 3014800 v1

<u>SERVICE LIST</u>
REVOLUTION v. ASPEX

R. Joseph Trojan, Esq.
TROJAN LAW OFFICES
9250 Wilshire Boulevard, Suite 325
Beverly Hills, CA  90212
*Attorneys for Plaintiff Revolution Eyewear, Inc.*

Samuel L. Alberstadt, Esq.
FULWIDER, PATTON, LEE & UTECHT
Howard Hughes Center
6060 Center Drive, 10th Floor
Los Angeles, CA 90045
*Local Counsel for Defendants Real Eyes Optical and Scott Strenk*

Stephen T. Sullivan, Esq.
Tish L. Berard, Esq.
SULLIVAN LAW GROUP
5060 North 40th Street, Suite 120
Phoenix, Arizona  85018
*Lead Counsel for Defendants Real Eyes Optical and Scott Strenk*