# EXHIBIT D

2/14/53

1  R. Joseph Trojan (No. 137067)
   Joyce E. Crucillo (No. 185405)
2  Roy A. Kim (No. 213682)
   TROJAN LAW OFFICES
3  9250 Wilshire Blvd., Suite 325
   Beverly Hills, CA 90212
4  Tel: (310) 777-8399
   Fax: (310) 777-8348
5
6  Attorneys for Plaintiff, Revolution Eyewear, Inc.

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVOLUTION EYEWEAR, Inc., a California Corporation, <br><br> Plaintiff. <br> v. <br><br> ASPEX EYEWEAR, INC., a Delaware Corporation; THIERY IFERGAN, an individual; REAL EYES OPTICAL, a business; and SCOTT STRENK, an individual, <br><br> Defendants. | Case No. CV 02-1087 LGB (CWx) <br><br> **PLAINTIFF, REVOLUTION EYEWEAR, INC.'S FIRST AMENDED (1) REPLY TO DEFENDANTS' COUNTERCLAIMS;** <br> **(2) COUNTERCLAIM FOR DECLARATORY RELIEF RE U.S. PATENT NO. RE 37,545 E;** <br> **(3) DEMAND FOR JURY TRIAL** |
| ASPEX EYEWEAR, INC., a Delaware Corporation; MANHATTAN DESGIN STUDIO, INC., a New York Corporation; CONTOUR OPTICK, INC., a Taiwanese Corporation, and ASAHI OPTICAL CO., LTD., a Japanese Corporation, <br><br> Counterclaimants and Counterdefendants, <br> v. <br><br> REVOLUTION EYEWEAR, Inc., a California Corporation, <br><br> Counterdefendants and Counterclaimants. | |

1

Pursuant to Hon. Judge Baird's Order of January 22, 2003, Plaintiff, Revolution Eyewear, Inc. ("Revolution"), by and through its undersigned counsel, hereby submit this 1st amended reply and counterclaim for declaratory relief against Defendants', Aspex Eyewear, Inc., Manhattan Design Studio, Inc., Contour Optik, Inc., and Asahi Optical Co., Ltd. (collectively "Aspex"). Revolution responds to Aspex's counterclaims as follows:

**THE PARTIES**

1. In answer to Paragraph 1, Revolution lacks sufficient information as to the allegations contained in this paragraph so as to form a belief regarding the same, and on this basis denies these allegations.

2. In answer to Paragraph 2, Revolution lacks sufficient information as to the allegations contained in this paragraph so as to form a belief regarding the same, and on this basis denies these allegations.

3. In answer to Paragraph 3, Revolution lacks sufficient information as to the allegations contained in this paragraph so as to form a belief regarding the same, and on this basis denies these allegations.

4. In answer to Paragraph 4, Revolution lacks sufficient information as to the allegations contained in this paragraph so as to form a belief regarding the same, and on this basis denies these allegations.

5. In answer to Paragraph 5, Revolution admits the allegations contained therein.

///

///

## JURISDICTION AND VENUE

6. In answer to Paragraph 6, Revolution admits the allegations contained therein.

7. In answer to Paragraph 7, Revolution admits the allegations contained therein.

8. In answer to Paragraph 8, Revolution admits the allegations contained therein.

## FIRST COUNTERCLAIM

9. In answer to Paragraph 9, Revolution admits the allegations contained therein.

10. In answer to Paragraph 10, Revolution denies the allegations contained therein.

11. In answer to Paragraph 11, Revolution denies the allegations contained therein.

12. In answer to Paragraph 12, Revolution denies the allegations contained therein.

13. In answer to Paragraph 13, Revolution denies the allegations contained therein.

14. In answer to Paragraph 14, Revolution denies the allegations contained therein.

## SECOND COUNTERCLAIM

15. In answer to Paragraph 15, Revolution admits the allegations contained therein.

16. In answer to Paragraph 16, Revolution admits the allegations contained therein.

17. In answer to Paragraph 17, Revolution denies the allegations contained therein.

///

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

1. Neither Counterclaim asserts facts sufficient to constitute a cause of action against Revolution.

### SECOND AFFIRMATIVE DEFENSE
(Unclean Hands)

2. Aspex's causes of action are barred by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE
(Bad Faith)

3. Aspex's allegations and claims are frivolous, unreasonable, groundless, and were brought in bad faith.

### FOURTH AFFIRMATIVE DEFENSE
(Reasonableness and Good Faith)

4. Revolution acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by Revolution at the time they acted. Accordingly, Aspex is barred from any recovery in this action.

### FIFTH AFFIRMATIVE DEFENSE
(Consent)

5. Aspex consented to Revolution's acts and conduct. Accordingly its causes of action are barred.

### SIXTH AFFIRMATIVE DEFENSE
(Waiver)

6. Due to Axpex's acts and omissions, the Counterclaims are barred as Aspex has waived all of its causes of action against Revolution.

## SEVEN AFFIRMATIVE DEFENSE
### (Estoppel)

7. Any of Revolution's conduct which is alleged in the Counterclaims to be unlawful was taken as a result of conduct or omissions by Aspex. Aspex is thus estopped from asserting any cause of action against Revolution.

## EIGHTH AFFIRMATIVE DEFENSE
### (Lack of Damages)

8. Aspex has not suffered any damages as a result of any actions taken by Revolution and are thus barred from asserting any cause of action against Revolution.

## NINTH AFFIRMATIVE DEFENSE
### (Failure to Notify)

9. Aspex's damages claims are barred in whole or in part for failure to mark the patent number on allegedly covered products and/or Aspex's failure to notify Revolution.

## TENTH AFFIRMATIVE DEFENSE
### (Res Judicata)

10. Aspex is barred from bringing this Complaint and any causes of action under the Complaint under the doctrine of Res Judicata.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Collateral Estoppel)

11. Aspex is collaterally estopped from asserting any of the issues raised in its Counterclaims.

## TWELFTH AFFIRMATIVE DEFENSE
### (Misuse)

12. Aspex is barred from recovery due to exploitation of a patent in an improper manner.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Invalidity of the '545 Patent)

13. Revolution alleges on information and belief that the '545 Patent is invalid and void for failure to comply with the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 100, et seq., including but not necessarily limited to 35 U.S.C. § 102, 35 U.S.C. § 103, and 135 U.S.C. § 12.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Laches)

14. Aspex has inexcusably and unreasonably delayed the prosecution of the '545 Patent and in bringing forth its causes of action. Accordingly Plaintiffs' purported causes of action are barred.

### FIFTEENTH AFFIRMATIVE DEFENSE

(No Infringement)

15. Revolution does not infringe any valid and enforceable claim of the '545 patent, literally, or under the doctrine of equivalents.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Recapture Rule)

16. The '545 Patent claims are barred by the recapture rule which bars the issuance of claims for subject matter given up to obtain the original patent.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Intervening Rights)

17. Revolution has intervening rights that bar enforcement of the reissue patent pursuant to 35 U.S.C. §252. The reissue patent did not issue until four years after Revolution had already built up its business using its own patented technology.

///

EIGHTEENTH AFFIRMATIVE DEFENSE

(Lack of Standing)

18. Aspex lack standing to sue under the '545 Patent.

NINETEENTH AFFIRMATIVE DEFENSE

(Reservation of Right to Supplement with Additional Defenses)

19. Revolution presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Revolution reserves the right to assert additional affirmative defenses as may become available during discovery in this action.

**COUNTERCLAIM**

Plaintiff and Counterdefendant, Revolution Eyewear, Inc. (hereinafter "Revolution") alleges the following counterclaim for declaratory relief against Defendants' and Counterclaimants', Aspex Eyewear, Inc., Manhattan Design Studio, Inc., Contour Optik, Inc., and Asahi Optical Co., Ltd. (hereinafter collectively referred to as "Aspex et al.").

1. This is an action for declaratory judgment of non-infringement, patent invalidity and unenforceability of the '545 Patent under the Patent Laws of the United States, 35 U.S.C. §§ 100 et seq.

**JURISDICTION**

2. This Court has subject matter jurisdiction over Revolution's Federal Counterclaim pursuant to 28 U.S.C.A. §§ 1331, 1338(a), 2201 and 2202.

3. Venue properly lies in this District under 28 U.S.C. §1391 and

§1400 because acts asserted in this action have been committed and are being committed in this Judicial District.

**THE PARTIES**

4.  Revolution, is a California Corporation having its principle place of business at 997 Flower Glen Rd., Simi Valley, CA 93065.

5.  Counterdefendant, Aspex Eyewear, Inc. (hereinafter, "Aspex") is, upon information and belief, a corporation duly organized and existing under the laws of the state of Delaware having its principal place of business at: 3950 Executive Way, Miramar, Florida 33025.

6.  Counterdefendant, Manhattan Design Studio, Inc. (hereinafter, "MDS") is, upon information and belief, a corporation duly organized and existing under the laws of the state of New York having its principal place of business at: 3950 Executive Way, Miramar, Florida 33025.

7.  Counterdefendant, Contour Optik, Inc. (hereinafter, "Contour") is, upon information and belief, a corporation of Taiwan whose post office address is 6 Industrial Fifth Road, Tou Chiau Industrial Park, Chiayl 621, Taiwan.

8.  Counterdefendant, Asahi Optical Co., Ltd. (hereinafter "Pentax") is, upon information and belief, a corporation of Japan, whose post office address is 2-36-9, Maeno-cho, Itabashi-ku, Tokyo, Japan 174-8639.

///
///
///
///

**FACTUAL BACKGROUND**

9. Aspex et al. have asserted a first counterclaim, in which they allege that Contour and Pentax are the assignees of record of the '545 Patent, each owning a one half undivided interest in the '545 Patent. Aspex et al. further allege that Aspex and MDS jointly share exclusive rights to the 545 reissue patent by virtue of license agreements with Contour and Pentax.

10. In Aspex et al. first counterclaim, they allege that the '545 Patent is validly issued and that Revolution has infringed it.

11. An actual case or controversy exists between Aspex et al. and Revolution regarding Aspex et al. allegations as set forth in their first crossclaim.

**COUNTERCLAIM FOR PATENT INVALIDITY,**

**UNENFORCEABILITY AND NON-INFRINGEMENT**

12. Revolution hereby incorporate by reference the allegations contained in paragraphs 1 through 11, inclusive.

13. The '545 Patent is invalid and void for failure to comply with the requirements of the Patent Laws of the United States, 35 U.S.C. §§ 100, et sea., including but not necessarily limited to 35 U.S.C. § 102, 35 U.S.C. § 103, and 35 U.S.C. § 112.

14. The '545 Patent claims are barred by the recapture rule which bars the issuance of claims for subject matter given up to obtain the original patent.

15. Revolution does not infringe any valid and enforceable claim of the '545 Patent, literally or under the doctrine of equivalents.

9

16. The '545 Patent is unenforceable against Revolution both for equitable and legal reasons, including but not limited to the following: Revolution's intervening rights pursuant to 35 U.S.C. §252. The reissue patent did not issue until four years after Revolution had already built up its business using its own patented technology.

17. Aspex et al. claims are barred in whole or in part by estoppel and/or acquiescence during the course of prosecuting the application before the U.S. Patent and Trademark Office that led to the issuance of the '545 Patent.

18. Aspex et al. intentionally brought the underlying action against Revolution knowing that the '545 Patent was invalid, unenforceable, and not infringed by Revolution, thereby making this an exceptional case under 35 U.S.C. §285.

19. A judicial determination of the invalidity of the '545 Patent and of Revolution's non-infringement of the '545 Patent, is necessary and appropriate at this time.

**Wherefore**, Revolution prays for the following relief:

A. A declaratory judgment declaring the '545 Patent to be invalid, void, and unenforceable against Revolution.

B. A declaratory judgment declaring that Revolution does not infringe any valid and enforceable claim of the '545 Patent.

C. A declaratory judgment declaring that Revolution has intervening rights pursuant to 35 U.S.C. §252.

D. An award of its attorneys fees, costs and expenses incurred in connection with this suit, on all claims and counterclaims.

E. Such further relief as this Court may deem just and proper given the facts and circumstances of this case.

**DEMAND FOR JURY TRIUAL**

Revolution hereby exercises its right to a jury trial pursuant to the Seventh Amendment of the U.S. Constitution and Fed. R. Civ. P. Rule 38(b) and hereby demand a trial by jury.

TROJAN LAW OFFICES

by

Dated: February 14, 2003

Roy A. Kim

Attorneys for Defendant,

Revolution Eyewear, Inc.

# PROOF OF SERVICE

I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above entitled action. My business address is 9250 Wilshire Blvd., Suite 325 Beverly Hills, California 90212.

On February 14, 2003, I served:

REVOLUTION EYEWEAR INC.'S FIRST AMENDED (1) REPLY TO DEFENDANTS' COUNTERCLAIMS; (2) COUNTERCLAIM FOR DECLARATORY RELIEF RE U.S. PATENT NO. RE 37,545 E; (3) DEMAND FOR JURY TRIAL

by placing a true copy thereof in a sealed envelope, addressed as follows to:

Brian W. Kasell, Esq.
JEFFER, MANGELS, BUTLER & MARMARO
1900 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067
Fax (310) 203-0567
(Local Counsel for Aspex & Thierry Ifergan)

Michael A. Nicodema, Esq..
Barry Schindler, Esq.
Mike Roth, Esq.
Dreier & Baritz LLP
499 Park Avenue
New York, NY 10022
Fax (212) 328-6101
(Attorney for Aspex & Thierry Ifergan)

Samuel L. Albertstadt, Esq.
FULWIDER PATTON LEE & UTECHT
6060 Center Drive
10th Floor
Los Angeles, CA 90045
Fax (310) 824-9696
(Local cousel for Real Eyes Optical & Scott Strenk)

Stephen T. Sullivan, Esq.
SULLIVAN LAW GROUP
5060 North 40th St., Ste. 120
Phoenix, AZ 85018-2140
Fax (602) 956-6262
(Attorney for Real Eyes Optical & Scott Strenk)

[X] <u>BY MAIL</u>: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid at Beverly Hills, California, in the ordinary course of business. I am aware that on the motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing shown on this proof of service.

[ ] <u>BY FACSIMILE</u>: I caused a copy of such document to be sent via facsimile machine to the office of the addressee(s) at the phone number shown above.

[X] <u>FEDERAL</u>: I declare, under penalty of perjury under the laws of the United States that the foregoing is true and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 14, 2003, at Beverly Hills, California.

Michiko Speier