# EXHIBIT G

# ASPEX EYEWEAR, INC. VS. HARDY LIFE, LLC

## RICHARD CHAO
### April 21, 2010
### CONFIDENTIAL - ATTORNEYS' EYES ONLY



**Ellen Grauer COURT REPORTING Co. LLC**

126 East 56h Street, Fifth Floor, New York, New York 10022
Phone: (212) 750-6434   Fax: (212) 750-1097
WWW.ELLENGRAUER.COM

*Original File 93224.TXT*
*Min-U-Script® with Word Index*

```
 1   UNITED STATES DISTRICT COURT

 2   SOUTHERN DISTRICT OF FLORIDA
     ------------------------------------------------------x
 3   ASPEX EYEWEAR, INC., and
     CONTOUR OPTIK, INC.,
 4
                    Plaintiffs,
 5
          -vs-
 6
     HARDY LIFE, LLC., MARCHON EYEWEAR, INC.
 7   NIKE, INC., REVOLUTION EYEWEAR, INC., and
     GARY MARTIN ZELMAN, an individual,
 8
                    Defendants.
 9
     CASE NO.: 09-61515-civ-Cooke
10   ------------------------------------------------------x

11
           * * * CONFIDENTIAL - ATTORNEYS' EYES ONLY * * *
12

13                                  1221 Brickell Avenue
                                    Miami, Florida
14
                                    April 21, 2010
15                                  9:56 a.m.

16

17         VIDEOTAPED DEPOSITION OF RICHARD CHAO, as

18   reported by KELLI ANN WILLIS, a Registered Professional,

19   Certified Realtime Reporter and Notary Public within

20   and for The State of Florida.

21

22

23          ELLEN GRAUER COURT REPORTING CO. LLC
               126 East 56th Street, Fifth Floor
24                New York, New York 10022
                        212-750-6434
25                      Ref: 93224
```

```
 1   A P P E A R A N C E S:

 2


 3   On behalf of the Plaintiff:

 4   Greenberg Traurig, LLP

 5        1221 Brickell Avenue
          Miami, Florida   33131
 6
     BY:  BARRY SCHINDLER, ESQ.
 7        305.597.0500
          schindlerb@gtlaw.com
 8


 9   On behalf of the Defendants Marchon and Nike:

10   Frommer Lawrence & Haug, LLP

11        745 Fifth Avenue
          New York, New York   10151
12
     BY:  PORTER F. FLEMING, ESQ.
13        212.588.0800
          pfleming@flhlaw.com

14


15   On behalf of the Defendants Revolution and Zelman:

16   Sheppard Mullin Richter & Hampton, LLP

17        650 Town Center Drive, Fourth Floor
          Costa Mesa, California   92626
18
     BY:  STEVEN M. HANLE, ESQ. and
19        JENNIFER TRUSSO, ESQ.
          714.513.5100
20        shanle@sheppardmullin.com
          jtrusso@sheppardmullin.com
21


22


23   Also Present:  Dave Zeber, Videographer

24                  Junping Sun, Mandarin Interpreter

25                  Jose Pena, Esq.
```

```
 1        CHAO - CONFIDENTIAL - ATTORNEYS' EYES ONLY
 2             MR. HANLE:  I have got another question
 3        about that.  So let me just ask this question
 4        first.
 5   BY MR. HANLE:
 6        Q.   Do you recall telling David Chao, at the
 7   time of your invention, that it was mainly about
 8   your idea of a top-mounted design?
 9             MR. SCHINDLER:  Objection, form of the
10        question.
11             THE WITNESS:  I told him about the idea to
12        move the magnet from the front because there
13        was the -- the existed product on the market,
14        which the magnet attach -- attached to the
15        mainframe from the front.  And I told him that
16        we can move the position from the front to the
17        top.  To the vertical way.  I'm sorry, the
18        horizontal way.
19   BY MR. HANLE:
20        Q.   Okay. That is not my question.  So you
21   testified a moment ago that your memory was better
22   in 1999 than it is today regarding your invention,
23   correct?
24        A.   Yes.
25        Q.   Okay.  So do you believe your testimony
```

```
 1         CHAO - CONFIDENTIAL - ATTORNEYS' EYES ONLY
 2   here is accurate that you told your brother, at the
 3   time of your invention, that it was mainly about my
 4   idea of a top-mounted design?
 5             MR. SCHINDLER:  Again, objection.  Without
 6        the next Q and A, I'm objecting.
 7             THE WITNESS:  Yes.
 8             MR. SCHINDLER:  You can answer the
 9        question.
10             THE WITNESS:  Yes.
11   BY MR. HANLE:
12        Q.   And was your invention also that there
13   would be a hook on the auxillary clip extending over
14   the primary frame to prevent the clip from being
15   disengaged?
16        A.   Yes.
17        Q.   Could you explain the hook concept in your
18   invention?
19        A.   The hook concept is to extend the -- the
20   auxillary frame over the primary frame arm, and then
21   by using a device to hook, a form of hook to attach
22   the primary frame to prevent falling down.
23        Q.   So the top-mounting concept with the hook
24   was an anti-gravity concept, correct?
25        A.   Yes.
```

```
 1         CHAO - CONFIDENTIAL - ATTORNEYS' EYES ONLY
 2    Exhibit 5, which is the '545 patent before you, and
 3    take a look at Figure 7 of that patent, please.
 4              Do you agree that in the invention
 5    disclosed in the '545 patent, the magnet of the
 6    auxiliary frame extends downward toward the primary
 7    frame?
 8         A.   It look like.
 9         Q.   You said that is what it looks like?
10         A.   Yes.
11              MR. SCHINDLER:  It looks like, he said.
12    BY MR. HANLE:
13         Q.   Well, so is it your belief that in your
14    invention, disclosed in the '545 patent, the magnet
15    from the auxiliary frame extends downward towards
16    the primary frame?
17         A.   I don't know about the patent, but I just
18    do know about my invention.
19         Q.   Okay.  And in your invention, the magnet
20    from the auxiliary frame extends downward towards
21    the primary frame, correct?
22              (Thereupon, the requested portion was read
23         back by the reporter as above recorded.)
24              MR. SCHINDLER:  Objection to the form of
25         the question.
```

```
 1         CHAO - CONFIDENTIAL - ATTORNEYS' EYES ONLY
 2    BY MR. HANLE:
 3         Q.    I apologize, 9 through 16.
 4               And starting on Page 9, the witness
 5    states, "When I first thought about the top-mounted
 6    design and the hook, I told many people, who in turn
 7    provided me with a good suggestion.  So no matter if
 8    it was my original idea or the drawing made by David
 9    or some other people, the suggestion, all of these
10    related back to my original concept of having it
11    hooked up."
12               Was that testimony accurate when you gave
13    it in 1999?
14               MR. SCHINDLER:  9 through 16.
15               THE WITNESS:  Yes.
16    BY MR. HANLE:
17         Q.    So in June of 1999, did you regard your
18    invention as a magnetic device to mount the
19    auxillary frame on top and the primary frame on the
20    bottom?
21         A.    I need to repeat again.
22               (Thereupon, the requested portion was read
23         back by the reporter as above recorded.)
24               MR. SCHINDLER:  Are you quoting from a
25         quote from that document, or are you just --
```

```
 1            CHAO - CONFIDENTIAL - ATTORNEYS' EYES ONLY
 2               MR. HANLE:  No.
 3               MR. SCHINDLER:  Okay.
 4     BY MR. HANLE:
 5         Q.   So you can put that aside.  I don't want
 6     to mislead you.
 7               MR. SCHINDLER:  Just read the question
 8          back again.  Sorry.
 9               (Thereupon, the requested portion was read
10          back by the reporter as above recorded.)
11               THE WITNESS:  It was -- it is my -- part
12          of my invention.
13     BY MR. HANLE:
14         Q.   Okay.  I would like to show you a
15     transcript of your deposition on June 3rd, 1999, in
16     Dearborn, Michigan.  This was produced by Contour
17     and Aspex.
18               Turn to Page 22.  Starting at Line 4, it
19     says:
20               "QUESTION:  Is that accurate of what you
21     regarded as your invention, the idea of a magnetic
22     device to mount the auxillary frame on top and the
23     primary frame on the bottom?
24               "ANSWER:  Yeah."
25               MR. SCHINDLER:  The objection I have is
```

```
 1          CHAO - CONFIDENTIAL - ATTORNEYS' EYES ONLY
 2       with taking it in parts, as the witness has not
 3       read the full transcript.
 4              With that said, you can answer the
 5       question.
 6   BY MR. HANLE:
 7       Q.   Was the testimony you gave in June of 1999
 8   accurate?
 9              MR. SCHINDLER:  On that Q and A that you
10       read.
11              Do you see what lines he read?
12              THE WITNESS:  No.  What number?
13   BY MR. HANLE:
14       Q.   Line 4 through 7.
15       A.   Page 23?
16       Q.   22.
17       A.   Page 22.
18              MR. SCHINDLER:  That is the right page.
19              Read the question back.
20   BY MR. HANLE:
21       Q.   It starts at Line 4:
22              "QUESTION:  Is that accurate of what you
23   regarded as your invention?"
24       A.   Yeah.
25              MR. SCHINDLER:  And the question, is that
```

```
 1        CHAO - CONFIDENTIAL - ATTORNEYS' EYES ONLY
 2   reading that he wrote onto the top-mounted because
 3   he saw the prototype, which the prototype showed a
 4   top-mounted prototype.  And that was not only me
 5   that mentioned.
 6        Q.   You testified that the truth was that you
 7   really didn't mention top-mounted.
 8             Did we not read at least four examples
 9   from your deposition testimony in 1999 of you
10   describing your invention as top-mounted?
11        A.   Yes.
12        Q.   Okay.  So it is true that you described
13   your invention in 1995 to your patent agent as
14   top-mounted, correct?
15        A.   Yes.  But that was easy to describe the
16   change of prior art.  And also, at that moment,
17   nobody was thought about the top -- the top-mounted.
18   Nobody had thought about the bottom-mounted.
19        Q.   So let me get --
20             MR. SCHINDLER:  Wait, wait, wait.  Let him
21        finish his answer.
22   BY MR. HANLE:
23        Q.   Were you finished?
24        A.   Yes.
25        Q.   So as of 1995, when you filed your patent
```

```
 1        CHAO - CONFIDENTIAL - ATTORNEYS' EYES ONLY
 2   year?  Isn't that true?
 3        A.   I don't really get your question.  Do you
 4   want to repeat it again?
 5        Q.   When is the very first time you came to
 6   believe that your patent covered bottom-mounted
 7   auxillary clip-ons?  Is it within the last year?
 8        A.   My invention, as I say, my invention is
 9   for the horizontal position, and it doesn't matter
10   if it is top-mounted.
11        Q.   What I want to know now about is
12   bottom-mounted.  When is the first time you thought
13   about a bottom-mounted magnetic clip-on?
14        A.   I never thought of it.
15        Q.   So is today --
16        A.   Well, until I find a product from
17   Revolution.
18        Q.   When was that?
19        A.   I don't know.
20        Q.   So you never thought of a bottom-mounted
21   magnetic clip-on until you saw Revolution's
22   products, correct?
23        A.   Yes.
24        Q.   And give me your best estimate of when
25   that occurred.
```

```
 1        CHAO - CONFIDENTIAL - ATTORNEYS' EYES ONLY
 2        A.   I cannot remember.
 3        Q.   I want your best estimate.  Was it within
 4   the last year?
 5        A.   No.
 6        Q.   Was it within the last five years?
 7        A.   Maybe.  Yeah.
 8        Q.   Can you say for sure it was within the
 9   last 10 years?
10        A.   Probably less than that.
11        Q.   Okay.  So your best estimate would be
12   sometime in the last five years?
13        A.   Yes.
14        Q.   Your affidavit in the Singapore action
15   goes on to describe the events leading to the
16   invention of a different patent where the magnets
17   are moved to the bridge.
18             And that starts at Paragraph 16.  Please
19   take a look.  In your affidavit it is Paragraph 16,
20   not Page 16.  The page number is 1883.
21             Do you recall that you had another idea
22   for an invention where the magnets were moved to the
23   bridge?
24        A.   Yes.
25        Q.   And did you end up filing a patent
```