# EXHIBIT J

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REVOLUTION EYEWEAR, INC. a California corporation,<br><br>    Plaintiff,<br><br> v.<br><br>ASPEX EYEWEAR, INC., a Delware Corporation; and THIERY IFERGAN, an individual,<br><br>    Defendants. | Case No. CV 02-1087-VAP (CWx)<br><br>**JUDGMENT** |

  This action arises from Plaintiff Revolution Eyewear, Inc.'s ("Revolution") allegation that defendants Aspex Eyewear, Inc. ("Aspex"), Thiery Ifergan, Real Eyes Optical, and Scott Strenk ("Defendants") infringed its U.S. Patent No. 6,343,858 (the "'858 Patent"). Aspex, Manhattan Design Studio, Inc., Contour Optik, Inc. ("Contour") and Asahi Optical Co., Ltd ("Counterclaimants") counterclaimed against Revolution

for infringement of their U.S. Patent No. RE 37,545 (the "'545 Patent").

On August 7, 2003, the Court granted Revolution's Motion for Partial Summary Judgment of infringement of claim 1 of the '858 Patent by Aspex's recessed bottom-mounted Cool Clip product.

On August 28, 2003, Revolution and Aspex stipulated that Aspex's flush-mounted Cool Clip product does not infringe any of claims 1 through 8 of the '858 patent.

On March 15, 2004, the Court granted Defendant Strenk's Motion for Summary Judgment, holding that Strenk was not individually liable for Revolution's claims. On May 21, 2004, the Court issued a Judgment in favor of Strenk on Revolution's claims against him.

On February 24, 2005, pursuant to the parties' stipulation, the Court dismissed all claims and counterclaims between Revolution and Real Eyes Optical LLC and Strenk with prejudice.

On April 13, 2005, the Court granted Defendants' Motion to Dismiss Revolution's claims of infringement of the '858 patent, with prejudice.

///

On April 30, 2007, the Court granted Counterclaimants' Motion for Partial Summary Judgment on the issue of infringement, holding that Revolution infringed the '545 patent.

On July 24, 2007, the Court granted Revolution's Motion to Dismiss Aspex as a Counterclaimant.

The matter came on for a jury trial on September 18, 19, 20 and 21, 2007, on Contour's claim for damages for infringement of the '545 patent against Revolution.[1] A jury was regularly impaneled and sworn to try the action. Witnesses were sworn and testified.

On September 20, 2007, after hearing the evidence, the arguments of counsel and the instructions given to the jury, the jury retired to consider its verdict, and on September 21, 2007, returned its verdict by way of answers to the questions propounded to it, as follows:

**Question No. 1:** Did Contour prove by a preponderance of the evidence what a reasonable royalty rate would be

---

[1] Although Manhattan Design Studio, Inc. and Asahi Optical Co. Ltd. remained Counterclaimants in this case, only Contour sought damages.

3

to license technology covered by claim 22 of Reissue Patent No. 37,545?

**Answer: YES**

If you answered "yes," please state the royalty rate.
If you answered "no," please sign and date the verdict form on page 5.

**Royalty Rate: 5 percent.**

**Question No. 2:** Based on the royalty rate found in your answer to Question No. 1, what is the amount of damages that will adequately compensate Contour for Revolution's infringement of claim 22 of U.S. Patent No. RE 37,545?

**The Amount: $4,319,530.70**

Additionally, the jury returned answers to ten advisory questions.

On January 3, 2008, the Court issued a Memorandum and Opinion on Equitable Issues, Findings of Fact and Conclusions of Law, granting Revolution absolute

///

intervening rights and accordingly reducing the damages awarded by the jury's verdict by $125,964.

Concurrently with this Judgment, the Court issued an Order granting Contour prejudgment interest in the amount of $ 508,081 up through December 31, 2007.

It appearing by reason of the above Orders and the special verdict that Counterclaimants are entitled to Judgment against Counterdefendant Revolution, **NOW, THEREFORE, IT IS ADJUDGED, ORDERED AND DECREED THAT:**

**A.   On Counterclaimants' Claim for Infringement of the '545 Patent**

1. Pursuant to the Court's Order of July 24, 2007, Aspex Eyewear, Inc. is dismissed as a Counterclaimant with prejudice;

2. On Counterclaimants Manhattan Design Studio, Inc., Contour Optik, Inc. and Asahi Optical Co., Ltd's claim for infringement of the '545 patent under 35 U.S.C. §§ 271 and 284, Judgment is hereby entered in favor of Counterclaimants and against Counterdefendant Revolution Eyewear, Inc.;

///
///

3. Revolution Eyewear, Inc. shall pay Contour Optik, Inc. the sum of $4,193,567 in damages;

4. Revolution Eyewear, Inc. shall pay Contour Optik, Inc. prejudgment interest in the amount of $508,081 up through December 31, 2007. Prejudgment interest shall continue to accrue until the entry of Judgment in this case, at the rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the Judgment;

5. Post-judgment interest will accrue at the rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the Judgment; all such post-judgment interest to run until the Judgment against Revolution is paid in full;

6. Contour Optik, Inc. is awarded costs of suit, as determined by an appropriate bill of costs to be submitted by Contour Optik, Inc.;

///
///

7. The Court hereby orders the entry of a permanent injunction as follows:

> Counterclaim Defendant Revolution Eyewear, Inc. and its officers, agents, servants, employees, and attorneys, and all other persons acting in active concert or participation with any of these persons are permanently enjoined for all future time without limitation from:
>
> A. Offering to sell, selling, manufacturing, using in the United States, IMF and IMFT frame sets which were found on April 30, 2007 as infringing Claim 22 of U.S. Patent No. RE 37,545.
>
> B. Importing into the United States, IMF and IMFT frame sets which were found on April 30, 2007 as infringing Claim 22 of U.S. Patent No. RE 37,545.
>
> C. Publishing and distributing marketing or promotional materials regarding IMF and IMFT frame sets, which were found on April 30, 2007 as infringing Claim 22 of U.S. Patent No. RE 37,545.

///
///

**B. On Plaintiff's Claim for Infringement of the '858 Patent**

1. In Plaintiff Revolution Eyewear Inc.'s claim for infringement of the '858 patent, Judgment is hereby entered, pursuant to the Court's Order of April 13, 2005, in favor of Defendants Aspex Eyewear, Inc. and Thiery Ifergan.

Dated: February 25, 2008

*Virginia A. Phillips*

VIRGINIA A. PHILLIPS
United States District Judge