# EXHIBIT M

Express Mail Label No.: EM025339758US
Date of Deposit: September 13, 2007

´1338   U.S PTO
90008864

´1338   U.S PTO


09/13/07

09/13/07

Attorney Docket No. 36337-002

# IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| In Re Patent of | : | Richard Chao and Chi Y. Hsien |
| Patent No. | : | 5,568,207 (RE37,545) |
| For | : | AUXILIARY LENSES FOR EYEGLASSES |
| Serial No. | : | 08/554,854 |
| Filed | : | November 7, 1995 |
| Issued | : | October 22, 1996 |
| Reissued | : | February 12, 2002 |

**MAIL STOP EX PARTE RE-EXAM**
Commissioner for Patents
**P. O. Box 1450**
Alexandria, VA  22313-1450

## REQUEST FOR REEXAMINATION OF U.S. PATENT NO. RE 37,545

Sir,

Reexamination under 35 U.S.C. §§302-307 and 37 C.F.R. §1.510 is respectfully requested of United States Patent No. RE 37,545 ("US '545") to David Yinkai Chao, which was originally filed as application serial no. 08/847,711 on April 28, 1997. A copy of US '545 is attached as Exhibit A, as required by 37 C.F.R. §1.510(b)(4) . Requester understands that US '545 is still in force. The requirements set forth in 37 C.F.R. § 1.510 are fulfilled below.

Requestor notes that the arguments provided herein with regard to the scope of the claims are for the purposes of advising the Patent Office of prior art upon which one or more of the claims of US '545 could reasonably read. As noted in the MPEP at §904.01, during patent examination, the claims are given the broadest reasonable interpretation consistent with the specification. See *In re Morris*, 127 F.3d 1048 (Fed.Cir.1997). Claims 12, 16, and 24 of US '545 have undergone judicial review by the United States

District Court, C.D. California (*Aspex Eyewear, Inc. v. Miracle Optics, Inc.* C.D.Cal., 2003). The court issued an order construing disputed terms appearing these claims which is attached as Exhibit B. Because the use and meaning of terms in one claim of a patent can be dispositive of their construction in other claims, the Court's analysis may inform some of the points discussed here.[1]  Requestor does not necessarily agree with the Court's claim construction arguments as presented herein, nor should the Court's construction be interpreted as a waiver of future arguments regarding claim scope. As noted previously by the Federal Circuit, statements by an attorney do not override the meaning of the claims as finally worded and issued by the Patent Office. See *Intervet America, Inc. v. Kee-Vet Labs.*, 887 F.2d 1050, 1055 (Fed.Cir.1989).

## I.  CLAIMS FOR WHICH REEXAMINATION IS REQUESTED.

Requester respectfully asks for reexamination of at least claims 1-9, 12-13, 16-20, 23-24, and 31-34 of US '545 in view of U.S. Patent No. 5,867,244 issued February 2, 1999 to Gary Martin ("the Martin patent"), U.S. Patent No. 5,642,177 issued June 24, 1997 to Takahiro Nishioka ("the Nishioka patent"), and U.S. Patent No. 5,416,537 issued May 16, 1995 to Frank Sadler ("the Sadler patent"). These references are listed on the accompanying Form PTO-1449 attached as Exhibit C. The effective filing date of US '545 is the filing date of U.S. Patent Application serial no. 08/554,854: November 7, 1995. The Martin patent was originally filed on August 3, 1995. The Nishioka patent was originally filed on December 9, 1994. The Sadler patent was originally filed on March 22, 1994 and issued on May 16, 1995. Thus, these references each qualify as prior art under 35 U.S.C. §102(e). The Martin patent was not cited during prosecution of US '545, while the Nishioka and Sadler patents were cited. The Martin patent is attached as Exhibit D, the Nishioka patent is attached as Exhibit E, and the Sadler patent is attached as Exhibit F pursuant to 37 C.F.R. §1.510(b)(1).

---

[1] While judicial interpretation of the claims in a patent can be informative, it should be noted that the order attached here as Exhibit B is not an appellate decision. As such, it is not binding. Further, claim constructions adopted by a court based on agreement between the parties are not generally considered as decided issues (for example under the doctrines of collateral estoppel or issue preclusion) unless the issue in question was litigated in the prior litigation and the determination of the issue in the prior litigation was a critical and necessary part of the judgment in the earlier action (see e.g. *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir.1992).

## II.   STATEMENT OF SUBSTANTIAL NEW QUESTIONS OF PATENTABILITY.

This Request presents a substantial new question of patentability because the Martin patent, viewed in combination with the Nishioka patent and/or the Sadler patent render one or more of claims 1-9, 12-13, 16-20, 23-24, and 31-34 of US '545 unpatentable as obvious under 35 U.S.C. §103.

The Martin patent discloses auxiliary clip-on eyewear for use with eyeglasses. The auxiliary eyewear includes clips that engage the eyeglasses at the sides of the eyeglass frames.

The Nishioka patent discloses detachable sunglasses for use with a pair of eyeglasses. The frames of the eyeglasses include magnets or a magnetic material at attachment points that correspond to magnets or a magnetic material mounted outboard of the auxiliary frame lenses.

The Sadler patent discloses an eyeglass device that includes auxiliary lenses that are supported on a frame that includes primary lenses. The auxiliary lenses and the frame each include magnetic members that detachably connect to affix the auxiliary lenses onto the frame. The magnetic members on the frame can be attached in the temporal region of the frame.

No combination of references cited during prosecution presented a similar question as to patentability. As discussed below, the newly cited Martin patent presents substantial new questions of patentability since, in combination with either the previously cited Nishioka or Sadler patents, it discloses and/or suggests exactly the subject matter that is claimed in one or more of claims 1-9, 12-13, 16-20, 23-24, and 31-34. A description of why claims 1-9, 12-13, 16-20, 23-24, and 31-34 of US '545 are obvious in light of these prior-art references is provided below.

## III.   EXPLANATION OF THE PERTINENCE AND MANNER OF APPLYING CITED PRIOR ART TO CLAIMS.

### A.   Summary of the invention.

US '545 purports to describe and claim eyeglass devices that include a primary frame supporting primary lenses and an auxiliary frame supporting auxiliary lenses. In

3

particular, US '545 purports to claim as an invention combinations of an auxiliary frame and primary frame as well as auxiliary frames and primary frames alone that include features adapted to magnetically connect the auxiliary frame to the primary frame at the sides of the primary frame. For the reasons given herein, Requestor maintains that the claims to this subject matter are unpatentable in US '545 at least because this subject matter is disclosed and/or suggested by a combination of the prior art Martin patent and one or more of the Nishioka and Sadler patents.

**B. Prosecution history of US '545**

Applicant filed U.S. Application for Patent Serial No. 08/554,854 (the '854 application) on November 7, 1995 containing claims 1 and 2, including independent claim 1. Claim 1 of US '207 read as follows:

> 1.  An eyeglass combination comprising:
> a primary spectacle frame for supporting primary lenses therein, said primary spectacle frame including two side portions each having an extension extended therefrom for pivotally coupling a leg means thereto, said primary spectacle frame including two rear and side portions each having a projection secured thereto, said primary spectacle frame including an upper side portion,
> a pair of first magnetic members secured in said projections respectively,
> an auxiliary spectacle frame for supporting auxiliary lenses therein, said auxiliary spectacle frame including two side portions each having an arm extended therefrom for extending over and for engaging with said upper side portion of said primary spectacle frame, and
> a pair of second magnetic members secured to said arms respectively for engaging with said first magnetic members of said primary spectacle frame so as to secure said auxiliary spectacle frame to said primary spectacle frame,
> said arms being engaged with and supported on said upper side portion of said primary spectacle frame so as to allow said auxiliary spectacle frame to be stably supported on said primary spectacle frame and so as to prevent said auxiliary spectacle frame from moving downward relative to said primary spectacle frame and so as to prevent said auxiliary spectacle frame from being disengaged from said primary spectacle frame.

The first substantive action in the '854 application was a notice of allowance issued on May 7, 1996. Applicant paid the issue fee on August 8, 1996, and the '854 application issued as U.S. Patent No. 5,568,207 ("US '207") on October 22, 1996 with claims 1 and

4

2 as shown above. The Sadler patent is the only prior art reference listed on US '207 as having been considered by the Examiner before allowance of the '854 application.

On October 21, 1998, Applicants filed Reissue Application Serial No 09/182,862 (the '862 application), alleging, among other justifications, that Applicant had erroneously failed to claim subject matter disclosed in US '207. Amendments to claim 1 were proposed, and new claims 3-35 were added. New claims 12 and 34 are reproduced below:

> 12.    An eyeglass combination comprising:
> a primary frame for supporting primary lenses therein;
> the primary spectacle frame including two side portions;
> each side portion having an extension extended therefrom for pivotally coupling a leg thereto; and
> the primary spectacle frame including two first magnets, each secured to one of the side portions of the primary frame; and
> an auxiliary frame for supporting auxiliary lenses therein, and for disposing in front of the primary frame; the auxiliary frame including two auxiliary side portions; and
> the auxiliary frame including two second magnets, each secured to one of the auxiliary side portions, for engaging on a horizontal position with one of the first magnets so as to secure the auxiliary frame to the primary frame.

> 34.    An eyeglass combination comprising:
> a primary frame for supporting primary lenses therein;
> the primary spectacle frame including two side portions;
> each side portion having an extension extended therefrom for pivotally coupling a leg thereto; and
> the primary spectacle frame including two first magnets, each secured to one of the side portions of the primary frame; and
> an auxiliary frame for supporting auxiliary lenses therein, and for disposing in front of the primary frame; the auxiliary frame including two auxiliary side portions; and
> the auxiliary frame including two second magnets, each secured to one of the auxiliary side portions, for coupling on a horizontal position with one of the first magnets so as to secure the auxiliary frame to the primary frame.

Applicants also attempted to make several amendments to the original specification, including adding a FIG. 8 as well as new descriptive text pertaining to an embodiment in which magnetic members of the auxiliary frame are engaged with but not supported on the corresponding magnetic members in the primary frame

In an Office Action issued July 15, 1999, claims 1-35 were rejected under 35 U.S.C. §112, first paragraph as containing subject matter that was not described in the original specification. Specifically, the Examiner noted that new Figure 8 and the added specification text were not supported by the originally filed application, and thus were not a proper basis for written description support for the claims as presented. Claims 5-9, 10-13, 22, and 32-35 were rejected under 35 U.S.C. §112, second paragraph as being indefinite. Claims 12 and 34 were also rejected under 35 U.S.C. §102(e) as anticipated by the Nishioka patent, while claims 1, 3-7, 10-21, 23, 24, and 34 were rejected under 35 U.S.C. §102(a) as anticipated by a marketing brochure allegedly published by Twincome-Pentax in October, 1995.

Applicant filed a Response on January 14, 2000 adding various clarifying amendments to claims 6, 9, 12, 13, 22, 34, and 35 to overcome various of the pending 35 U.S.C. §112, second paragraph rejections and adding new claims 36-46. Claim 12 was amended as follows to add the limitation that the primary lenses define a vertical plane:

> 12.    An eyeglass combination comprising:
> a primary <u>spectacle</u> frame for supporting primary lenses therein<u>, with the lenses defining a vertical plane</u>;
> the primary spectacle frame including two side portions;
> each side portion having an extension extended therefrom for pivotally coupling a leg thereto; and
> the primary spectacle frame including two first magnets, each secured to one of the side portions of the primary frame; and
> an auxiliary <u>spectacle</u> frame for supporting auxiliary lenses therein, and for disposing in front of the primary frame; the auxiliary spectacle frame including two auxiliary side portions; and
> the auxiliary <u>spectacle</u> frame including two second magnets, each secured to one of the auxiliary side portions, for engaging on a horizontal position with one of the first magnets so as to secure the auxiliary frame to the primary frame.

Similar amendments were proposed to the remaining claims. Applicants argued that Nishioka disclosed magnetic members oriented in a vertical plane parallel to the primary lenses that differed from the claimed subject matter which specified magnets in a horizontal orientation relative to the vertical lenses. Applicants also proffered a declaration from a researcher (Richard Samuels) familiar with the operations of Japanese companies that allegedly disqualified the Twincome-Pentax material as prior art.

6

The Examiner mailed a Notice of Non-Responsive Amendment on June 6, 2000, which precipitated a series of revised Responses and Supplemental Amendments filed by the Applicants in which additional new claims 36-46 were added (July 6, 2000 Response), amendments to the specification were proposed and new claims 47-66 were added (August 23, 2000 and August 30, 2000 Supplemental Amendments[2]). The Examiner and Applicants' attorney held a telephone interview on September 7, 2000 in which procedural issues were apparently discussed.

The Examiner issued a new Notice of Non-Responsive Amendment on October 12, 2000, and Applicants then filed a Response on November 22, 2000 in which claims 1-66 were re-presented and the arguments presented in the January 14, 2000 Response were presented for reconsideration. The Applicants also followed the November 22, 2000 filing with a Supplemental Amendment filed on February 28, 2001 in which claim 1 was returned to its original form and a Second Supplemental Amendment filed on March 1, 2001 in which claim 1 was re-amended to read as it did in the original reissue application. Both Supplemental Amendments were made with no explanation.

On April 4, 2001, Applicants attorney and the Examiner held a personal interview to discuss the new Figure 8 that had been proposed to be added by Applicants as well as rejections under 35 U.S.C. §112, first paragraph and 35 U.S.C. §102(e) pertaining to the Nishioka patent and the Twincome-Pentax documents. the Examiner agreed to consider the declaration by Richard Samuels that Applicants had previously submitted in an attempt to disqualify the Twincome-Pentax documents as prior art.

On April 20, 2001, Applicants filed an Amendment and Interview Summary in which they deleted new Figure 8, canceled pending claims 4-11, 13-27, 29-35, and 42-66, and added new claims 67-89. Claim 36 (which eventually issued as claim 6) read as follows after this amendment:

> 36.    An eyeglass device comprising:
> a primary spectacle frame for supporting primary lenses therein;

---

[2] The August 23, 2000 and August 30, 2000 Supplemental Amendments appear to differ only in that the August 30, 2000 Supplemental Amendment includes a replacement sheet for the proposed amendments to the specification and the text of the new claims is underlined to indicate new material.

7

the primary spectacle frame including two side portions, each side portion having an extension extended therefrom for pivotally coupling a leg thereto; and

the primary spectacle frame including two first magnetic members, each secured to one of the side portions of the primary spectacle frame; and

an auxiliary spectacle frame for supporting auxiliary lenses therein, and for disposing in front of the primary spectacle frame, the auxiliary spectacle frame including two auxiliary side portions, wherein the auxiliary spectacle frame further includes two second magnetic members, each secured to one of the auxiliary side portions, for coupling on a horizontal position with one of the first magnetic members so as to secure the auxiliary spectacle frame to the primary spectacle frame, the horizontal position being substantially perpendicular to a front surface of the primary spectacle frame.

The Examiner replied with an Office Action mailed May 22, 2001 in which claims 1-3, 12, 28, 67-72, and 74-89 were allowed and claims 36-41 were rejected as anticipated by the Nishioka patent.

Another interview between the Examiner and the Applicants' attorney was held on June 18, 2001. The interview summary prepared by the Examiner included a listing of suggested amendments to put the claims in condition for allowance. The Applicants filed an Amendment on June 21, 2001 in which these suggested amendments were entered. Claim 36 was amended to read as follows:

36.    An eyeglass device comprising:
a primary spectacle frame for supporting primary lenses therein;
the primary spectacle frame including two side portion extensions portions, each side portion having an extension extended therefrom for pivotally coupling a leg thereto; and
the primary spectacle frame including two first magnetic members respectively having a horizontal surface, each secured to one of the side portions extensions of the primary spectacle frame; and
an auxiliary spectacle frame for supporting auxiliary lenses therein, and for disposing in front of the primary spectacle frame, the auxiliary spectacle frame including two auxiliary side portions, wherein the auxiliary spectacle frame further includes two second magnetic members, each secured to one of the auxiliary side portions and having a horizontal surface for coupling a corresponding horizontal surface on a horizontal position with one of the first magnetic members so as to secure the auxiliary spectacle frame to the primary spectacle frame **[, the horizontal position being substantially perpendicular to a front surface of the primary spectacle frame].**[3]

---

[3] Claim 36 as presented in the Amendment of June 21, 2001 and the Examiner's interview summary of June 18, 2001 omitted the final clause that is indicated here in brackets. Most of Applicants' amendments in this

8

The amendments to claim 36 were intended to overcome the anticipation rejections based on the Nishioka patent. The Examiner issued a notice of allowance on July 30, 2001 as the next communication in this matter.

### C. Judicial construction of claim terms in US '545

The District Court in *Aspex v. Miracle Optics* accepted the plaintiff patent holder's arguments for construction of most of the terms in claim 12. Judicial interpretations of terms used in claim 12 of US '747 are highlighted in the following table. Page references are to the copy of the order in Exhibit B.

| Term | Judicial Interpretation | Page reference in Exhibit B |
|---|---|---|
| "primary spectacle frame" | The entirety of the primary eyeglass frame with the exception of the lenses, the plastic nose pieces, and the legs | Page 5, second full paragraph of first column |
| "two side portion extensions" | Those portions of the of the primary spectacle frame which extend outwardly and rearwardly of the lenses or lens rims to pivotally connect to the legs | Page 5, end of first paragraph of second column |
| "magnetic member" | A permanent magnet or a ferromagnetic member, but at least either the magnetic material in the primary frame or in the auxiliary frame is a permanent magnet[4] | Page 7, end of last paragraph of first column |

---

matter did not comply with standard practices for noting claim amendments, so tracking changes in claims throughout the reissue prosecution is extremely difficult. No remarks were offered as to the omission of the final clause of claim 36.

[4] Requestor disagrees with the District Court's construction of this element. First, the court could not find the term defined in the '545 patent or its prosecution history and thus looked to how a prior art patent used the term. Second, according to the district court, "magnetic member" includes a device with ferromagnetic material or a permanent magnet, but somehow also includes the added limitation of a magnet appearing in at least one of the auxiliary or primary frames. A more proper reading of "magnetic material" is that it is simply a magnet -- especially as US '545 discloses only magnetic members (14 and 22), never once indicating that that these elements can be anything other than a magnet. For purposes of claim validity, however, the artificial limitation added by the court as to one or the other of the magnetic members being a permanent magnet is incorrect. The claims as issued in the '545 patent include no such distinction and would thus read on and be invalidated by prior art disclosing or suggesting either ferromagnetic materials or permanent magnets corresponding to such elements, without the unstated limitation that one or the other must be a permanent magnet. As such, the claims should be found invalid over prior art that discloses structures similar to those recited and that teaches or suggests that those structures can be constructed of a ferromagnetic material.

| "secured to said rear side" | Each first magnetic member is connected to the rear side of the corresponding extension or to other portions of the primary spectacle frame in a manner such that the connection is not likely to fail or give away. | Page 8, second paragraph of first column |
|---|---|---|
| "auxiliary spectacle frame" | The entirety of the auxiliary frame with the exception of the lenses and including the lens rims, the auxiliary magnetic members, the nose bridge, and the arms which secure the auxiliary frame magnetic members | Page 8, last paragraph of first column |
| "two side portions" of the auxiliary spectacle frame | Those portions of the auxiliary spectacle frame each having an arm extending rearward form the sides of the lens or the lens rim | Page 8, end of third paragraph of second column. |
| "an arm extended therefrom for extending beyond said rear side" | An arm which extends back from the auxiliary spectacle frame over the rear side of the side portion extension of the primary frame but not past the rear edge of the projection containing the magnetic members of the primary frame[5] | Page 10, first paragraph of first column |
| "arms having a rearwardly directed end for securing a magnetic member" | Arms which extend backward from the side portions of the auxiliary frame but not past the rear edge of the projection of the primary frame and which include an end for securing a permanent magnet or a ferromagnetic member[6] | Page 10, third paragraph of second column |
| "said arms and said second magnetic members cooperating to stably support said auxiliary spectacle frame on said primary spectacle frame" | The arms and the first and the second magnetic members cooperate to stably support the auxiliary spectacle frame on the primary spectacle frame | Page 11, third to last paragraph of second column |
| "said arms and said first and second magnetic members supporting said auxiliary spectacle frame on said primary spectacle frame" | The arms and the first and second magnetic members maintain in position the auxiliary spectacle frame on the primary spectacle frame | Page 12, first paragraph of first column |

---

[5] The district court incorrectly distinguished the Federal Circuit opinion in *Ethicon Endo-Surgery, Inc. v. United States Surgical Corp.*, 93 F.3d 1572 (Fed.Cir.1996) to assert that this claim term was limited as noted above because Applicants had not overcome a rejection under 35 U.S.C. §112, first paragraph in which the Examiner noted that the original specification did not disclose that the auxiliary frame arms extended behind the magnetic members on the primary frame. Applicants were properly precluded from adding a limitation to auxiliary frame arms that extend behind the primary frame magnetic members. However, the claims as issued in US '545 most certainly read upon, and are therefore invalid over, prior art that discloses or suggests such a structure.

[6] The same argument as in footnote 4 applies here with regards to limiting the scope to an arm that does not extend past the rear edge of the primary frame projection.

| "each of said ends further including a downwardly extended end portion for hooking onto a primary spectacle" | Each of the ends further includes a portion that extends downward relative to the remainder of the arm, and where the downward extending portion is bent in a manner to connect or catch with the primary spectacle frame as if with a hook | Page 12, second to last paragraph of first column |
|---|---|---|
| "said arms and said pair of magnetic members adapted to extend across respective side portions of a primary spectacle frame so that said pair of magnetic members can engage corresponding magnetic members on a primary spectacle frame" | The arms and the pair of auxiliary frame magnetic members are capable of or suitable for reaching from one side to the other of the respective side portions of the primary spectacle frame so that the pair of magnetic members can either contact the corresponding surfaces of the primary spectacle frame magnetic members or magnetically attract those corresponding surfaces of the primary spectacle frame magnetic members without actual contact to attach the auxiliary spectacle frame to the primary spectacle frame | Page 12, last paragraph of second column |

### D. Application of the cited reference to claims 1-9, 12-13, 16-20, 23-24, and 31-34 of US '545.

The Martin patent taken in view of the Nishioka and/or Sadler patents render claims 1-9, 12-13, 16-20, 23-24, and 31-34 of US '545 invalid as obvious under 35 U.S.C. §103(a). The cited references describe removable eyeglass devices that include features for hooking on a primary frame and for attaching through magnetic attraction between magnetic members on the primary and auxiliary frames. The following tables and discussion demonstrate that the subject matter claimed in claims 1-9, 12-13, 16-20, 23-24, and 31-34 of US '545, which recite either an eyeglass combination including a primary frame and an auxiliary frame or an eyeglass device for coupling to a primary frame, is clearly rendered obvious by the Martin patent in view of the Nishioka and/or Sadler patents.

### 1. Independent claims 1, 4, 6, 12, 16-20, 23-24, and 31-34 are rendered obvious by the Martin patent in view of the Nishioka and/or Sadler patents.

Claims 1, 4, 6, 12, 16-20, 23-24, and 31-34 of US '545 are rendered obvious by the description and teachings of the Martin patent in view of the Nishioka and Sadler

patents and is therefore invalid under 35 U.S.C. 103(a). The limitations of claims 1, 4, 6, 12, 16-20, 23-24, and 31-34 are clearly set forth or suggested in the Martin, Nishioka, and/or Sadler patents as shown below.

Requestor notes that in the analysis presented below, various structures disclosed in the prior art structures have been proffered as potentially anticipatory of more than one element as claimed in US '545. For example, temple blocks 18 and 20 of the Martin patent are projections or extensions on a primary spectacle frame that extend to the side or laterally and also rearwardly as shown in FIG. 2 of Martin. Similarly, ferromagnetic material such as steel is well known in eyeglass frame construction and can be used in the temple blocks, particularly in view of the teachings of the Nishioka and Sadler patents that suggest the advantages of using magnetic attraction to affix an auxiliary spectacle frame to a primary spectacle frame. The temple blocks could therefore also be construed as magnetic members that would be read upon by the language of the claims addressed here. Requestor notes that the determination of the proper scope of the claims addressed herein and resolution of the question of whether the claims as currently stated in US '545 read upon the prior art is within the purview of the Patent Office.

| US '545 | The Martin patent |
|---|---|
| 1. An eyeglass device comprising: | Abstract (apparatus for installing auxiliary clip-on eyewear on conventional glasses) |
| a primary spectacle frame for supporting primary lenses therein, said primary spectacle frame including two side portions each having an extension extended therefrom for pivotally coupling a leg means thereto, said primary spectacle frame including two rear and side portions each having a projection secured thereto, said primary spectacle frame including an upper side portion, | FIG. 2, col. 3 lines 1-3 (conventional eyewear 10 including lens frames 12 and 13 [for supporting primary lenses], temples 14 and 16 [leg means], and temple blocks 18 and 20 [extension for pivotally coupling to leg means that includes rear and side portions with a projection secured thereto], the frames 12 and 13 including upper side portions, see FIG. 2) |
| a pair of first magnetic members secured in said projections respectively, | FIG. 2, col. 3, lines 1-3 (the temple blocks 18 and 20 can inherently be made of ferromagnetic material – steel is a well-known material for constructing eyeglass frames.) |

| US '545 | The Martin patent |
|---|---|
| an auxiliary spectacle frame for supporting auxiliary lenses therein, said auxiliary spectacle frame including two side portions each having an arm extended therefrom for extending over and for engaging with said upper side portion of said primary spectacle frame, and | FIG. 1, FIG. 2, col. 3 lines 7-10 and 19-23 (auxiliary frame 24, tinted lenses 36 and 38 [auxiliary lenses], outboard clips [side portions each having an arm extended therefrom for extending over and engaging with said upper side portion of said primary spectacle frame]) |
| a pair of second magnetic members secured to said arms respectively for engaging with said first magnetic members of said primary spectacle frame so as to secure said auxiliary spectacle frame to said primary spectacle frame, | Col. 3 lines 50-51 (outboard clips 40 and 42 can be in the form of thin stainless steel bars [ferromagnetic material]) |
| said arms being engaged with and supported on said upper side portion of said primary spectacle frame so as to allow said auxiliary spectacle frame to be stably supported on said primary spectacle frame and so as to prevent said auxiliary spectacle frame from moving downward relative to said primary spectacle frame and so as to prevent said auxiliary spectacle frame from being disengaged from said primary spectacle frame. | FIG. 2 and col. 3 lines 62-63 (outboard clips 40 and 42 are preferably just above temple blocks 18 and 20 [upper side portion of primary frame]. This prevents downward motion of the auxiliary frame relative to the primary frame] |

| US '545 | The Martin patent |
|---|---|
| 4. An eyeglass device comprising: | Abstract (apparatus for installing auxiliary clip-on eyewear on conventional glasses) |
| a primary spectacle frame for supporting primary lenses therein with the lenses defining a vertical plane, the primary spectacle frame including two side portion extensions extended therefrom for pivotally coupling a leg thereto and a first magnet having a horizontal surface and secured to said side portion extensions of the primary spectacle frame, and | FIG. 2, col. 3 lines 1-3 (conventional eyewear 10 including lens frames 12 and 13 [for supporting primary lenses], temples 14 and 16 [leg means], and temple blocks 18 and 20 [extensions for pivotally coupling a leg thereto, and if constructed of ferromagnetic material, being first magnets having a horizontal surface]) |
| an auxiliary spectacle frame for supporting auxiliary lenses therein, and for disposing in front of the primary spectacle frame, the auxiliary spectacle frame including two auxiliary side portions, the auxiliary spectacle frame including two second magnets, each secured to one of the auxiliary side portions for respectively engaging the horizontal surface of one of the first magnets so as to secure the auxiliary spectacle frame to the primary spectacle frame. | FIG. 1, FIG. 2, col. 3 lines 7-10 and 19-23 (auxiliary frame 24, tinted lenses 36 and 38 [auxiliary lenses], outboard clips [two auxiliary side portions]) FIG. 4 (showing horizontal surface 18 of the primary frame 10 and a coupling horizontal surface of the outboard clip 40 of the auxiliary frame 24) |

13

| US '545 | The Martin patent |
|---|---|
| 6. An eyeglass device comprising: | Abstract (apparatus for installing auxiliary clip-on eyewear on conventional glasses) |
| a primary spectacle frame for supporting primary lenses therein; | FIG. 2, col. 3 lines 1-3 (conventional eyewear 10 including lens frames 12 and 13 [for supporting primary lenses], |
| the primary spectacle frame including two side portion extensions extended therefrom for pivotally coupling a leg thereto; and | FIG. 2, col. 3 lines 1-3 (temples 14 and 16 [leg means], and temple blocks 18 and 20 [extensions for pivotally coupling a leg thereto]) |
| the primary spectacle frame including two first magnetic members respectively having a horizontal surface and being secured to one of the side portions extensions of the primary spectacle frame; and | FIG. 4 (showing the horizontal surface of the temple block 18 which can inherently be made of ferromagnetic material – steel is a well-known material for constructing eyeglass frames. The temple block 18 is secured to the side portion of the primary spectacle frame.) |
| an auxiliary spectacle frame for supporting auxiliary lenses therein, and for disposing in front of the primary spectacle frame, the auxiliary spectacle frame including two auxiliary side portions, wherein the auxiliary spectacle frame further includes two second magnetic members each secured to one of the auxiliary side portions and having a horizontal surface for coupling a corresponding horizontal surface of one of the first magnetic members so as to secure the auxiliary spectacle frame to the primary spectacle frame. | FIG. 1, FIG. 2, col. 3 lines 7-10 and 19-23 (auxiliary frame 24, tinted lenses 36 and 38 [auxiliary lenses], outboard clips [two auxiliary side portions]) Col. 3 lines 50-51 (outboard clips 40 and 42 can be in the form of thin stainless steel bars [magnetic members]) FIG. 4 (showing horizontal surface 18 of the primary frame 10 and a coupling horizontal surface of the outboard clip 40 of the auxiliary frame 24) |

| US '545 | The Martin patent |
|---|---|
| 12. An eyeglass device comprising: | Abstract (apparatus for installing auxiliary clip-on eyewear on conventional glasses) |
| a primary spectacle frame having two side portion extensions, each of said extensions having a front side, a rear side and a first magnetic member secured to said rear side, | FIG. 2, col. 3 lines 1-3 (conventional eyewear 10 including lens frames 12 and 13 [for supporting primary lenses, and temple blocks 18 and 20 [extensions having a front side and a rear side and which can serve as a magnetic member at the rear side if constructed of a ferromagnetic material]]) |

14

| US '545 | The Martin patent |
|---|---|
| an auxiliary spectacle frame including two side portions each having an arm extended therefrom for extending toward and beyond said rear side, each of said arms containing a second magnetic member, and | FIG. 1, FIG. 2, col. 3 lines 7-10 and 19-23 (auxiliary frame 24), outboard clips [two side portions each having an arm extended therefrom for extending toward and beyond said rear side -- see FIG. 2]) Col. 3 lines 50-51 (outboard clips 40 and 42 can be in the form of thin stainless steel bars [second magnetic members]) |
| said arms and said first and second magnetic members cooperating to stably support said auxiliary spectacle frame on said primary spectacle frame. | FIG. 4 (showing the temple block 18 stably supporting the outboard clip 40 to stably support the auxiliary frame on the primary spectacle frame) |

| US '545 | The Martin patent |
|---|---|
| 16. An eyeglass device comprising: | Abstract (apparatus for installing auxiliary clip-on eyewear on conventional glasses) |
| a primary spectacle frame having two side portion extensions, each of said extensions having a front side and a rear side with a first magnetic member secured to said rear side, and | FIG. 2, col. 3 lines 1-3 (conventional eyewear 10 including lens frames 12 and 13 [for supporting primary lenses, and temple blocks 18 and 20 [extensions having a front side and a rear side and which can serve as a magnetic member at the rear side if constructed of a ferromagnetic material]) |
| an auxiliary spectacle frame including two side portions, each of said side portions having an arm extended therefrom for extending beyond said rear side, said arms containing corresponding second magnetic members, said arms and said first and second magnetic members supporting said auxiliary spectacle frame on said primary spectacle frame. | FIG. 1, FIG. 2, col. 3 lines 7-10 and 19-23 (auxiliary frame 24), outboard clips [two side portions each having an arm extended therefrom for extending toward and beyond said rear side -- see FIG. 2]) Col. 3 lines 50-51 (outboard clips 40 and 42 can be in the form of thin stainless steel bars [second magnetic members]) FIG. 4 (showing the temple block 18 stably supporting the outboard clip 40 to stably support the auxiliary frame on the primary spectacle frame) |

| US '545 | The Martin patent |
|---|---|
| 17. An eyeglass device comprising: | Abstract (apparatus for installing auxiliary clip-on eyewear on conventional glasses) |

15

| US '545 | The Martin patent |
|---|---|
| a primary spectacle frame having two side portion extensions, each of said extensions extending laterally away from one another and rearwardly of said frame, each of said extensions having a top side, a front side and a rear side with a first magnetic member secured to said rear side, and | FIG. 2, col. 3 lines 1-3 (conventional eyewear 10 including lens frames 12 and 13 [for supporting primary lenses, and temple blocks 18 and 20 [extensions having a front side and a rear side and which can serve as a magnetic member at the rear side if constructed of a ferromagnetic material]) |
| an auxiliary spectacle frame including two side portions each having an arm extending from said front side over said top side, said arms containing corresponding second magnetic members, said arms and said first and second magnetic members supporting said auxiliary spectacle frame on said primary spectacle frame. | FIG. 1, FIG. 2, col. 3 lines 7-10 and 19-23 (auxiliary frame 24], outboard clips [two side portions each having an arm extended therefrom for extending toward and beyond said rear side -- see FIG. 2]) Col. 3 lines 50-51 (outboard clips 40 and 42 can be in the form of thin stainless steel bars [second magnetic members]) FIG. 4 (showing the temple block 18 stably supporting the outboard clip 40 to stably support the auxiliary frame on the primary spectacle frame) |

| US '545 | The Martin patent |
|---|---|
| 18. An eyeglass device comprising: | Abstract (apparatus for installing auxiliary clip-on eyewear on conventional glasses) |
| a primary spectacle frame having two side portion extensions extending rearwardly therefrom having a top side and a rear side with a first magnetic member secured thereto, and | FIG. 2, col. 3 lines 1-3 (conventional eyewear 10 including lens frames 12 and 13 [for supporting primary lenses, and temple blocks 18 and 20 [extensions having a front side and a rear side and which can serve as a magnetic member at the rear side if constructed of a ferromagnetic material]) |
| an auxiliary spectacle frame including two arms for extending over a corresponding top side of said extensions, said arms respectively containing second magnetic members for cooperation with said first magnetic members and downwardly extended end portions for hooking said auxiliary spectacle frame to said primary spectacle frame, said arms and said first and second magnetic members supporting said auxiliary spectacle frame on said primary spectacle frame. | FIG. 1, FIG. 2, col. 3 lines 7-10 and 19-23 (auxiliary frame 24], outboard clips [two side portions each having an arm extended therefrom for extending toward and beyond said rear side -- see FIG. 2]) Col. 3 lines 50-51 (outboard clips 40 and 42 can be in the form of thin stainless steel bars [second magnetic members]) FIG. 4 and col. 3 lines 47-49 (showing and disclosing outboard clips 40 and 42 with downward extending resilient sleeve 48, and temple block 18 stably supporting the outboard clip 40 to stably support the auxiliary frame on the primary spectacle frame) |

16

| US '545 | The Martin patent |
|---|---|
| 19. An eyeglass device comprising: | Abstract (apparatus for installing auxiliary clip-on eyewear on conventional glasses) |
| a primary spectacle frame for supporting primary lenses therein having two side portion extensions, said side portion extensions each having a top side and a projection attached to a rear side thereof, each of said projections securing a first magnetic member, and | FIG. 2, col. 3 lines 1-3 (conventional eyewear 10 including lens frames 12 and 13 [for supporting primary lenses, and temple blocks 18 and 20 [extensions having a top side and a rear side that includes a rearward projection -- for example where the temple block 18 connects to the leg -- which can serve as a magnetic member at the rear side if constructed of a ferromagnetic material]) |
| an auxiliary spectacle frame including two arms for extending over and engaging a corresponding top side of said side portion extensions, said arms respectively containing second magnetic members and downwardly extended end portions, at least said arms and said first and second magnetic members supporting said auxiliary spectacle frame on said primary spectacle frame. | FIG. 1, FIG. 2, col. 3 lines 7-10 and 19-23 (auxiliary frame 24], outboard clips [two side portions each having an arm extended therefrom for extending toward and beyond said rear side -- see FIG. 2]) <br><br> Col. 3 lines 50-51 (outboard clips 40 and 42 can be in the form of thin stainless steel bars [second magnetic members]) <br><br> FIG. 4 and col. 3 lines 47-49 (showing and disclosing outboard clips 40 and 42 with downward extending resilient sleeve 48, and temple block 18 stably supporting the outboard clip 40 to stably support the auxiliary frame on the primary spectacle frame) |

| US '545 | The Martin patent |
|---|---|
| 20. An eyeglass device comprising: | Abstract (apparatus for installing auxiliary clip-on eyewear on conventional glasses) |
| a primary spectacle frame for supporting primary lenses therein having two side portion extensions having a top side and a rear side with a first magnetic member secured to said rear side, and | FIG. 2, col. 3 lines 1-3 (conventional eyewear 10 including lens frames 12 and 13 [for supporting primary lenses, and temple blocks 18 and 20 [extensions having a top side and a rear side, wherein the temple block can have a magnetic member at the rear side if constructed of a ferromagnetic material]) |

17

| US '545 | The Martin patent |
|---|---|
| an auxiliary spectacle frame including two arms for extending over and engaging a corresponding top side of said extensions, said arms respectively containing downwardly extended second magnetic members for hooking said auxiliary spectacle frame to said primary spectacle frame, said arms and said first and second magnetic members cooperating to support said auxiliary spectacle frame on said primary spectacle frame. | FIG. 1, FIG. 2, col. 3 lines 7-10 and 19-23 (auxiliary frame 24], outboard clips [two side portions each having an arm extended therefrom for extending toward and beyond said rear side -- see FIG. 2]) <br><br> Col. 3 lines 50-51 (outboard clips 40 and 42 can be in the form of thin stainless steel bars [second magnetic members]) <br><br> FIG. 4 and col. 3 lines 47-49 (showing and disclosing outboard clips 40 and 42 with downward extending resilient sleeve 48, and temple block 18 stably supporting the outboard clip 40 to stably support the auxiliary frame on the primary spectacle frame) |

| US '545 | The Martin patent |
|---|---|
| 23. An eyeglass device comprising: | Abstract (apparatus for installing auxiliary clip-on eyewear on conventional glasses) |
| an auxiliary spectacle frame for supporting auxiliary lenses therein, said frame including a front side, a rear side, and oppositely positioned side portions, each of said side portions having an arm extended therefrom, each of said arms having a rearwardly directed free end for securing a magnetic member, and a pair of magnetic members respectively secured in the free ends of said arms, said arms and said pair of magnetic members adapted to extend across respective side portions of a primary spectacle frame so that said pair of magnetic members can vertically engage corresponding magnetic members on a primary spectacle frame. | FIG. 1, FIG. 2, col. 3 lines 7-10 and 19-23 (auxiliary frame 24], outboard clips [two side portions each having an arm extended therefrom for extending toward and beyond said rear side -- see FIG. 2]) <br><br> Col. 3 lines 50-51 (outboard clips 40 and 42 can be in the form of thin stainless steel bars [second magnetic members]) <br><br> FIG. 4 and col. 3 lines 47-49 (showing and disclosing outboard clips 40 and 42 with downward extending resilient sleeve 48 that extend across temple block 18 [side portions of a primary frame] to vertically engage the temple block 18 [which can be a corresponding magnetic member if it is constructed of a ferromagnetic material]) |

| US '545 | The Martin patent |
|---|---|
| 24. An eyeglass device comprising: | Abstract (apparatus for installing auxiliary clip-on eyewear on conventional glasses) |

18

| US '545 | The Martin patent |
|---|---|
| an auxiliary spectacle frame for supporting auxiliary lenses therein, said frame including a front side, a rear side, and oppositely positioned side portions, each of said side portions having an arm extended therefrom, each of said arms having a rearwardly directed end for securing a magnetic member, a pair of magnetic members respectively located at said ends of said arms, each of said ends further including a downwardly extended end portion for hooking onto a primary spectacle, said arms and said pair of magnetic members adapted to extend across respective side portions of a primary spectacle frame so that said pair of magnetic members can engage corresponding magnetic members on a primary spectacle frame. | FIG. 1, FIG. 2, col. 3 lines 7-10 and 19-23 (auxiliary frame 24, tinted lenses 36 and 38 [auxiliary lenses], outboard clips [two auxiliary side portions that are adapted to extend across temple block 18 [side portions] so that the second and first magnetic members can engage]) FIG. 2 and col. 3 lines 50-51 (outboard clips 40 and 42 [arms having a rearwardly directed end]) FIG. 4 (showing outboard clip 40 [arm] with resilient sleeve 48 which extends downwardly from the outboard clip 40 [arm]) Col. 3 lines 19-20 (outboard clips 40 and 42 clip around conventional eyewear 10) |

| US '545 | The Martin patent |
|---|---|
| 31. An eyeglass device comprising: | Abstract (apparatus for installing auxiliary clip-on eyewear on conventional glasses) |
| a primary spectacle frame having two side portion extensions extending rearwardly therefrom with a top side and a rear side with a first magnetic member secured thereto, and | FIG. 2, col. 3 lines 1-3 (conventional eyewear 10 including lens frames 12 and 13 [for supporting primary lenses, and temple blocks 18 and 20 [two side portion extensions having a top side and a rear side, wherein the temple block can have a magnetic member at the rear side if constructed of a ferromagnetic material]) |
| an auxiliary spectacle frame including two arms for extending over a corresponding top side of said extensions, said arms respectively containing second magnetic members for cooperation with said first magnetic members and downwardly extended end portions for hooking said auxiliary spectacle frame to said primary spectacle frame, said arms and said first and second magnetic members supporting said auxiliary spectacle frame on said primary spectacle frame, wherein at least one of said first magnetic members and said second magnetic members are magnets. | FIG. 1, FIG. 2, col. 3 lines 7-10 and 19-23 (auxiliary frame 24, tinted lenses 36 and 38 [auxiliary lenses], outboard clips [two arms for extending over a top side of said side portion extensions]) Col. 3 lines 50-51 (outboard clips 40 and 42 can be in the form of thin stainless steel bars [second magnetic members]) FIG. 4 (showing outboard clip 40 [arm] with resilient sleeve 48 which extends downwardly from the outboard clip 40 [arm] and being supported on temple block 18 [side portion extensions and/or magnetic members]) Col. 3 lines 19-20 (outboard clips 40 and 42 clip around conventional eyewear 10) |

19

| US '545 | The Martin patent |
|---|---|
| 32. An eyeglass device comprising: | Abstract (apparatus for installing auxiliary clip-on eyewear on conventional glasses) |
| a primary spectacle frame having two side portion extensions, each of said extensions having a front side, a rear side and a first magnetic member secured to said rear side, | FIG. 2, col. 3 lines 1-3 (conventional eyewear 10, and temple blocks 18 and 20 [two side portion extensions having a top side and a rear side, wherein the temple block can have a magnetic member at the rear side if constructed of a ferromagnetic material]) |
| an auxiliary spectacle frame including two side portions each having an arm extended therefrom and traversing said extension from said front side to said rear side, each of said arms containing a second magnetic member, and | FIG. 1, FIG. 2, col. 3 lines 7-10 and 19-23 (auxiliary frame 24, outboard clips [two side portions each having an arm extended therefrom and traversing said extensions from the front side to the rear side) <br> Col. 3 lines 50-51 (outboard clips 40 and 42 can be in the form of thin stainless steel bars [second magnetic members]) |
| said first and second magnetic members engaging one another to support said auxiliary spectacle frame on said primary spectacle frame. | FIG. 2 and col. 3 lines 62-63 (outboard clips 40 and 42 [arms that can include a magnetic member] are preferably just above temple blocks 18 and 20 [side portions of primary frame that can inherently be made of steel, a ferromagnetic material]. |

| US '545 | The Martin patent |
|---|---|
| 33. An eyeglass device comprising: | Abstract (apparatus for installing auxiliary clip-on eyewear on conventional glasses) |
| a primary spectacle frame having two side portion extensions, each of said extensions having a front side, a rear side and a first magnetic member secured to said rear side, | FIG. 2, col. 3 lines 1-3 (conventional eyewear 10 and temple blocks 18 and 20 [two side portion extensions having a top side and a rear side, wherein the temple block can have a magnetic member at the rear side if constructed of a ferromagnetic material]) |
| an auxiliary spectacle frame including two side portions each having an arm extended therefrom, each of said arms containing a second magnetic member, said arms extending across said extension from said front side to said rear side, and | FIG. 1, FIG. 2, col. 3 lines 7-10 and 19-23 (auxiliary frame 24, outboard clips [two side portions each having an arm extended therefrom) <br> Col. 3 lines 50-51 (outboard clips 40 and 42 can be in the form of thin stainless steel bars [second magnetic members]) |
| said arms and said first and second magnetic members stably support said auxiliary spectacle frame on said primary spectacle frame. | FIG. 4 (showing outboard clip 40 [arm] engaged on temple block 40 [side portion extension/first magnetic member] to stably support the auxiliary spectacle frame on the primary spectacle frame) |

20

| US '545 | The Martin patent |
|---|---|
| 34. An eyeglass device comprising: | Abstract (apparatus for installing auxiliary clip-on eyewear on conventional glasses) |
| a primary spectacle frame having two side portion extensions with a front side, a rear side and a first magnetic member | FIG. 2, col. 3 lines 1-3 (conventional eyewear 10 including lens frames 12 and 13 [for supporting primary lenses], temples 14 and 16 [leg means], and temple blocks 18 and 20 [side portion extensions with a front side and a rear side]) |
| an auxiliary spectacle frame including two side portions each having an arm extended therefrom, each of said arms containing a second magnetic member, said arms extending across a respective extension from said front side to said rear side so that said first and second magnetic members engage one another whereby said auxiliary spectacle frame is supported by said primary spectacle frame. | FIG. 1, FIG. 2, col. 3 lines 7-10 and 19-23 (auxiliary frame 24, outboard clips [two side portions each having an arm extended therefrom]) Col. 3 lines 50-51 (outboard clips 40 and 42 can be in the form of thin stainless steel bars [magnetic members]) FIG. 4 (showing outboard clip 40 [arm] engaged on temple block 40 [side portion extension] to support the auxiliary spectacle frame on the primary spectacle frame) |

In its the recent ruling in *KSR International Co. v. Teleflex, Inc.*, 127 S.Ct. 1727 (2007), the U.S. Supreme Court clarified the test for obviousness of subject matter claimed in a United States Patent.  The Supreme Court stated that:

> [I]t will often be necessary ... to look to interrelated teachings of multiple patents; the effects of demands the effects of demands known to the design community or present in the marketplace; and the background knowledge possessed by a person having ordinary skill in the art, all in order to determine whether there was an apparent reason to combine the known elements in the fashion claimed by the patent at issue.

The references cited herein provide precisely the kind of interrelated teachings discussed in the *KSR* ruling.  For example, the Martin patent discloses devices for securing auxiliary spectacle frames to primary spectacle frames using hook-like mechanisms while the Nishioka and Sadler patents disclose devices for securing auxiliary spectacle frames to primary spectacle frames using magnetic attraction between magnetic members on the

21

auxiliary and primary spectacle frames. In combination, these references disclose all of the structures recited in the claims shown above.

Ample motivation to combine the cited references is provided in the Martin patent, for example at col. 2 lines 56-59, and 64-68 where objectives of the disclosed structure include making the attachment mechanisms of the auxiliary frame and the primary frame undetectable to maintain the aesthetic appearance of the device. The Sadler patent includes similar statements regarding the use of magnets to secure auxiliary lenses in a manner which is not readily visible (the Sadler patent at col. 1 lines 46-49). The Martin patent also suggests that a retaining clip 46 can be included to provide a force to maintain the auxiliary and primary frames in contact with the primary frame. Magnets are well known in general, and more specifically in the field of eyeglass design as demonstrated in the Nishioka and Sadler patents, as a means for providing an attractive force that can keep two bodies in contact with one another. As such, it would have been obvious for one of skill in the art to combine the clips of the Martin patent with one or more magnets to provide a retaining force to keep the auxiliary frame in proper contact with the primary frame as claimed in the identified claims of US '545.

The Nishioka and Sadler patents also cure any potential deficiency in the disclosure of the Martin patent with regard to magnetic members by teaching the use of magnets for retaining an auxiliary spectacle frame attached to a primary spectacle frame in an eyewear device. For example, at col. 2 lines 43-45 and col. 3 lines 4-7, the Sadler patent discloses the use of magnetic members attached to frames 1 and second magnetic members attached to the auxiliary lenses 15. Further, Sadler teaches at col. 3 lines 14-16 that it is preferable to support the auxiliary lenses from the top (resting on the primary frames). Similarly, the Nishioka patent discloses "two rear and side portions each having a projection secured thereto" (FIG. 1 and FIG. 2) which show outboard temple pieces that each include a magnet 7 projecting therefrom and also the magnets 3 in the arms extending from the sides of the lenses 6 of the templeless sunglasses for engaging with the magnetic members 7 on the primary frames. The Nishioka patent also suggests at col. 2 lines 45-40 that one or the other of the auxiliary frame and the primary frame can be made of a ferromagnetic material while the other includes a magnet so as to create an

attraction between them.  These teachings and suggestions provide a clear and apparent reason to combine the known elements (hooks and magnets for securing auxiliary frames to a primary frame) in the fashion claimed by the identified claims of US '545.

Therefore, it would have been obvious for one of skill in the art to have modified the device disclosed in the Martin patent based on the teachings and suggestions of the Nishioka and/or Sadler patents to produce the subject matter claimed in claims 1, 4, 6, 12, 16-20, 23-24, and 31-34 of US '545.  Thus, claims 1, 4, 6, 12, 16-20, 23-24, and 31-34 are invalid as obvious under 35 U.S.C. §103(a).

### 2. Dependent Claims 2-3, 5, 7-9, and 13 are also rendered obvious by the Martin patent in view of the Nishioka and/or Sadler patents.

Requestor respectfully submits that for the same reasons as given above with regard to claims 1, 6, and 12, the Martin patent in view of the Nishioka and/or Sadler patents render the subject matter claimed in dependent claims 3, 7-9, and 13 of US '545 unpatentably obvious.  As noted above, each of the Nishioka and the Sadler patents disclose and suggest the use of magnets to affix an auxiliary spectacle frame to a primary spectacle frame.  As such, it would have been obvious for one of skill in the art to modify the Martin device to include permanent magnets on either or both of the auxiliary spectacle frame and the primary spectacle frame.  Thus, in view of the discussion above, Requestor respectfully submits that claims 3, 7-9, and 13 of US '545 are also invalid under 35 U.S.C. §103(a) as obvious over the Martin patent in view of the Nishioka and/or Sadler patents.

Requestor also respectfully submits that for the same reasons as given above with regard to claim 1, the Martin patent in view of the Nishioka and/or Sadler patents render the subject matter claimed in dependent claim 2 of US '545 unpatentably obvious. Dependent claim 2 adds the limitations that the projections and the first magnetic members are arranged lower than the upper side portion of the primary spectacle frame, and the second magnetic members are extended downward toward the projections for hooking on the primary spectacle frame so as to further secure the auxiliary spectacle frame to the primary spectacle frame.  As noted above, the Martin patent shows in FIG. 4 and discloses at col. 3 lines 47-49 that the outboard clips 40 and 42 can have a downward

23

extending resilient sleeve 48 that can serve to hook on the temple blocks 18 and 20 that include the projections.  At col. 3 lines 50-51, the Martin patent also discloses that the outboard clips 40 and 42 can be in the form of thin stainless steel bars that can be second magnetic members.

Requestor further respectfully submits that for the same reasons as given above with regard to claim 4, the Martin patent in view of the Nishioka and/or Sadler patents render the subject matter claimed in dependent claim 5 of US '545 unpatentably obvious.  Dependent claim 5 adds the limitation that an end portion of the auxiliary side portion extends downward toward one of the side portions of the primary spectacle.  As noted above, this limitation is disclosed in the Martin patent, at least in FIG. 4 and the description at col. 3 lines 47-49 pertaining to the resilient sleeve 48 which extends downward from outboard clip 40.  As such, it would have been obvious for one of skill in the art to modify the Martin device to include the claimed downward extension on the auxiliary frame.  Thus, in view of the discussion above, Requestor respectfully submits that claim 5 of US '545 is also invalid under 35 U.S.C. §103(a) as obvious over the Martin patent in view of the Nishioka and/or Sadler patents.


## IV.  CERTIFICATION UNDER 37 C.F.R. §1.510(B)(5).

Requester hereby certifies that a copy of this Reexamination Request, including its attachments, has been served in its entirety by Express Mail (EM 029998150 US and EM 029998163US), at the following address as provided for under 37 C.F.R. 1.33(c), on:

> Fliesler, Dubb, Meyer, & Lovejoy
> 650 California Street
> 14th Floor
> San Francisco, CA 94108.
> Telephone: 415.362.3800
> Facsimile: 415.362.2928
>                     and
> Matthew Wagner, Esq.
> Jeffrey A. LindenBaum, Esq.
> Collen IP P.C.
> The Holyoke-Manhattan Building
> 80 South Highland Avenue
> Ossing-on-Hudson, Westchester County, New York 10562
> Telephone: 914.941-5668 Facsimile: 914-941-6091

**V.      CO-PENDING LITIGATION**

The patent is being asserted in litigation, including *Aspex Eyewear, Inc. et al. v. Clariti Eyewear, Inc.*, currently pending in the United States District Court, Southern District of New York (Case No. 07-2373).

**IV.     CONCLUSION.**

In view of the substantial new questions of patentability, Requester respectfully submits that reexamination of claims 1-9, 12-13, 16-20, 23-24, and 31-34 of U.S. Patent No. RE 37,545 is proper and requests that the Examiner reexamine U.S. Patent No. RE 37,545.  Upon reexamination, Requester respectfully submits that the Examiner will conclude that claims 1-9, 12-13, 16-20, 23-24, and 31-34 are invalid as obvious over the prior art as detailed hereinabove.

Respectfully submitted,
Attorneys for Requestor,

Date: September 13, 2007

Ivor R. Elrifi, Reg. No. 39,529
Andrew Skale, Reg. No. 44,338
Michael D. Van Loy Reg. No. 52,315

Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.
9255 Towne Centre Drive, Suite 600
San Diego, CA 92121
**Customer No. 64046**
Tel.: 858/320-3000
Fax: 858/320-3001

25

4141094v.1

Sheet _1_ of _1_

| Substitute Form PTO-1449 (Modified) U.S. PTO | U.S. Department of Commerce Patent and Trademark Office | Attorney's Docket No. 36337-002 | Application No. 08/554,854 |
|---|---|---|---|
| **Information Disclosure Statement by Applicant** (Use several sheets if necessary) (37 CFR §1.98(b)) | | Applicant Richard Chao and Chi Y. Hsien | |
| | | Filing Date November 7, 1995 | Group Art Unit 2873 |

09/13/07

## U.S. Patent Documents

| Examiner Initial | Desig. ID | Document Number | Issue or Publication Date | Patentee | Class | Subclass | Filing Date If Appropriate |
|---|---|---|---|---|---|---|---|
| | A | U.S. 5,867,244 | 02/02/1999 | Gary Martin | | | |
| | B | U.S. 5,642,177 | 06/24/1997 | Takahiro Nishioka | | | |
| | C | U.S. 5,416,537 | 05/16/1995 | Frank Sadler | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

## Foreign Patent Documents or Published Foreign Patent Applications

| Examiner Initial | Desig. ID | Document Number | Publication Date | Country or Patent Office | Class | Subclass | Translation Yes | No |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

X*= An English language abstract is provided
X+= An English language translation is provided

## Other Documents (include Author, Title, Date, and Place of Publication)

| Examiner Initial | Desig. ID | Document |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |

| Examiner Signature | Date Considered |
|---|---|
| | |

EXAMINER: Initials citation considered. Draw line through citation if not in conformance and not considered. Include copy of this form with next communication to applicant.

Substitute Disclosure Form (PTO-1449)