# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61515-CIV-COOKE/BANDSTRA

ASPEX EYEWEAR, INC. and
CONTOUR OPTIK, INC.,

    Plaintiffs,

vs.

HARDY LIFE, LLC, MARCHON
EYEWEAR, INC., NIKE, INC.,
REVOLUTION EYEWEAR, INC., and
GARY MARTIN ZELMAN, an
individual,

    Defendants.
_____/

### PLAINTIFF CONTOUR OPTIK, INC.'S SUPPLEMENTAL RESPONSES TO DEFENDANT REVOLUTION'S INTERROGATORY NOS. 2, 3 AND 5, AND SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Contour Optik, Inc. ("Contour") provides the following supplemental responses to Defendant Revolution Eyewear, Inc.'s ("Revolution") interrogatory nos. 2, 3 and 5, and second supplemental response to Revolution's interrogatory. no. 1.

### GENERAL OBJECTIONS

1. Contour objects to these interrogatories to the extent they attempt to impose obligations on it other than those authorized or imposed by the applicable laws, the Federal Rules of Civil Procedure or the Local Civil Rules of the United States District Court for the Southern District of Florida.

2. Contour objects to Revolution's Definition of U.S. Patent No. US RE37,545, entitled "Auxiliary Lenses for Eyeglasses" (the "'545 Patent"), and thus the implication

REDACTED

Dated: March 15, 2010

Respectfully submitted,

By: /s/ Ericka Turk-Moore

Jacqueline Becerra
BecerraJ@gtlaw.com
Ericka Turk-Moore
TurkMooreE@gtlaw.com
GREENBERG TRAURIG, P.A.
1221 Brickell Avenue
Miami, Florida 33131
Telephone: (305) 579-0500
Facsimile: (305) 579-0717

and

Michael A. Nicodema, Admitted *Pro Hac Vice*
NicodemaM@gtlaw.com
Barry J. Schindler, Admitted *Pro Hac Vice*
SchindlerB@gtlaw.com
Todd L. Schleifstein, Admitted *Pro Hac Vice*
SchleifsteinT@gtlaw.com
GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, New Jersey 07932
Telephone: (973) 360-7900
Facsimile: (973) 301-8410

*Attorneys for Plaintiffs Aspex Eyewear, Inc. and Contour Optik, Inc.*

12

## CERTIFICATION

I, David Chao, certify that I am the Director and Vice President of International Sales, of Contour Optik, Inc., one of the Plaintiffs in this action, that I have read the foregoing Plaintiff Contour Optik, Inc.'s Supplemental Responses to Defendant Revolution Eyewear, Inc.'s Interrogatory Nos. 2, 3 and 5, and Second Supplemental Response to Revolution's interrogatory. No. 1., and that I believe, to the best of my knowledge and based on information provided to me by others, that the matters stated therein are true and correct.

Dated: March 18, 2010

_____
David Chao

Greenberg Traurig, P.A. | Attorneys at Law | 1221 Brickell Avenue | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717 | www.gtlaw.com

## CERTIFICATE OF SERVICE

I HEREBY certify that on this 15th day of March, 2010, the foregoing document is being served on all counsel of record on the attached Service List *via email and first class U.S. Mail.*

*/s/ Ericka Turk-Moore*
Ericka Turk-Moore

## SERVICE LIST

*Aspex Eyewear, Inc., et al., v. Hardy Life, LLC, et al.,*
Case No. 09-61515-CIV-Cooke/ Bandstra
United States District Court, Southern District of Florida

Janet T. Munn
jmunn@rascoklock.com
Rasco Klock Reininger Perez
Esquenazi Vigil & Nieto
283 Catalonia Avenue
Second Floor
Miami, Florida 33134
Telephone: 305-476-7101
Facsimile: 305-476-7102

*Attorneys for Defendants*
*Hardy Way, LLC, Revolution Eyewear, Inc.*
*and Gary Martin Zelman*

Steven M. Hanle, Admitted Pro Hac Vice
shanle@sheppardmullin.com
Jennifer A. Trusso, Admitted Pro Hac Vice
jtrusso@sheppardmullin.com
Aaron Fennimore, Admitted Pro Hac Vice
afennimore@sheppardmulli.com
Sheppard, Mullin, Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626
Telephone: 714-513-5100
Facsimile: 714-513-5130

*Attorneys for Defendants*
*Revolution Eyewear, Inc. and Gary Martin Zelman*

W. Barry Blum
bblum@gjb-law.com
Martin J. Keane
mkeane@gjb-law.com
Genovese Joblove & Battista, P.A.
100 S.E. 2nd Street, Suite 4400
Miami, Florida 33131
Telephone: 305-349-2300
Facsimile: 305-349-2310

Edgar H. Haug, Admitted Pro Hac Vice
ehaug@flhlaw.com
Brian S. Goncalves, Admitted Pro Hac Vice
bgoncalves@flhlaw.com
David Herman, Admitted Pro Hac Vice
dherman@flhlaw.com
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151
Telephone: 212-588-0888
Facsimile: 212-588-0500

*Attorneys for Defendants*
*Marchon Eyewear, Inc. and Nike, Inc.*

# EXHIBIT 1
## CONTOUR'S CLAIM CONSTRUCTION

| Claim | Plaintiffs' Construction | Support for Plaintiffs' Construction |
|---|---|---|
| 23. An eyeglass device comprising: | No construction required: the preamble is not a claim limitation. | N/A |
| An auxiliary spectacle frame for supporting auxiliary lenses therein, | *auxiliary spectacle frame* means a clip-on frame that includes at least a nose bridge, lens rims (if provided), partial rims (if provided), structures that support lenses in rimless frames (if provided), magnetic members, and arms for securing the auxiliary frame magnetic members.<br><br>*for supporting auxiliary lenses therein* means for maintaining the auxiliary lenses in position within the auxiliary spectacle frame. | *auxiliary spectacle frame*<br>Reexamined '545 Patent: Figures 2 and 4-7; col. 1, lines 54-62; col. 2, lines 38-48.<br><br>*for supporting auxiliary lenses therein*<br>Reexamined '545 Patent: Figure 2; col. 1, lines 54-55; col. 2, lines 38-40.<br><br>Webster's II New College Dictionary (1st Ed. 1999) at page 155, defining the term "support" to mean: "to maintain in position so as to keep from falling, sinking or slipping". |
| said frame including a front side, a rear side, and oppositely positioned side portions, | *front side* means the front side of the auxiliary spectacle frame when worn.<br><br>*rear side* means the side of the auxiliary spectacle frame generally opposite the front side when the frame is worn. | *front side*<br>Reexamined '545 Patent: Figure 2 illustrates the front side of one embodiment of the auxiliary spectacle frame of the invention.<br><br>*rear side*<br>Reexamined '545 Patent: Figures 4 and 6 illustrate the rear side of one embodiment of |

# EXHIBIT 1
## CONTOUR'S CLAIM CONSTRUCTION

| | | |
|---|---|---|
| | | the auxiliary spectacle frame of the invention. |
| | ***oppositely positioned*** means the side portions of the auxiliary spectacle frame are positioned oppositely of one another.<br><br>***side portions*** means those portions of the auxiliary spectacle frame adjacent the lenses or lens rims (if provided) or other lens supporting structure, and which form part of the arms. | **oppositely positioned side portions**<br>Reexamined '545 Patent: Figures 2, and 4-6 illustrate the oppositely positioned side portions of one embodiment of the auxiliary spectacle frame of the invention; col. 1, lines 55-57; col. 2, lines 38-41. |
| each of said side portions having an arm extended therefrom, | ***arm*** means the portion of the auxiliary spectacle frame that secures one of the auxiliary frame magnetic members and extends outwardly and rearwardly of the auxiliary lenses.<br><br>***extended therefrom*** means extended away from the side portions. | **arm**<br>Reexamined '545 Patent: Figures 2, 4, and 5-7; col. 1, lines 55-57; col. 2, lines 38-41.<br><br>**extended therefrom**<br>Reexamined '545 Patent: Figures 2, 4, and 5-7 illustrate the arms being extended away from the side portions of the auxiliary spectacle frame. |
| each of said arms having a rearwardly directed free end for securing a magnetic member having a horizontal surface, | ***rearwardly directed free end*** means the end of the arm that extends substantially rearward of the lenses and is not attached to the side portions of the frame. | **rearwardly directed free end**<br>Reexamined '545 Patent: Figures 5-7 illustrate the rearwardly directed free ends of the auxiliary spectacle frame arms. |

# EXHIBIT 1
# CONTOUR'S CLAIM CONSTRUCTION

|  | | |
|---|---|---|
|  | *for securing* means for connecting in a manner such that the connection is not likely to fail or give way. | *for securing* Reexamined '545 Patent: Figures 5-7 illustrate rearwardly directed free ends for securing the magnetic members of the auxiliary spectacle frame.<br><br>Webster's II New College Dictionary (1st Ed. 1999) at page 150, defining the term "secure" to mean: "not likely to fail or give way". |
|  | *magnetic member* means a permanent magnet or a ferromagnetic member, but at least one magnetic member in each pair of corresponding auxiliary frame/primary frame magnetic members must be a permanent magnet. | *magnetic member* Dependent Claim 35 limits the term "magnetic members" to "magnets".<br><br>Webster's II New College Dictionary (1st Ed. 1999) at page 140, defining the term "magnetic" to mean: "having the properties of a magnet", and "capable of being magnetized or of being attracted by a magnet".<br><br>Sadler, U.S. Patent No. 5,416,357, col. 3, lines 21-25: The Sadler '357 patent was prior art disclosed in the reexamined '545 Patent specification and considered during prosecution of the '545 Patent. Sadler discloses a primary frame having first magnetic members and a front-mounting auxiliary frame having second magnetic members. Sadler further discloses that the first and second magnetic members are made of a permanent magnetic material or a ferromagnetic |

# EXHIBIT 1
# CONTOUR'S CLAIM CONSTRUCTION

| | | |
|---|---|---|
| | | material, but "[a]t least the one of the first and second magnetic members must be of a permanent magnetic material for a magnetic attraction to exist". |
| | ***horizontal surface*** means a surface in a substantially horizontal plane when the frame is worn (i.e., in a plane substantially perpendicular to the plane of the lenses of the auxiliary spectacle frame). | ***horizontal surface***<br>Reexamined '545 Patent: Figures 3-7 illustrate auxiliary frame magnetic members having a horizontal surface; col. 2, lines 63-67. |
| and a pair of magnetic members respectively secured in the free ends of said arms, | ***secured in the free ends of said arms*** means connected to the free ends of the arms in a manner such that the connection is not likely to fail or give way. | ***secured in the free ends of said arms***<br>Reexamined '545 Patent: Figures 5-7 illustrate auxiliary spectacle frame magnetic members that are secured in the free ends of the arms; col. 2, lines 43-45, 57-60.<br><br>Webster's II New College Dictionary (1st Ed. 1999) at page 150, defining the term "secure" to mean: "not likely to fail or give way". |
| said arms and said pair of magnetic members adapted to extend across respective side portions of a primary spectacle frame | ***primary spectacle frame*** means the main frame and includes at least a nose bridge, legs which extend back over the wearer's ears, lens rims (if provided), partial rims (if provided), structures that support lenses in rimless frames (if provided), extensions, and primary frame magnetic members. | ***primary spectacle frame***<br>Reexamined '545 Patent: Figures 1, 3, and 5-7; col. 1, lines 46-56; col. 2, lines 31-39.<br><br>The primary spectacle frame does not have to be the particular primary frame sold for a particular product. *See Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, 563 F.3d 1358 (Fed. Cir. 2009) (holding that Claim 22 of the '545 Patent, directed to the primary |

# EXHIBIT 1
# CONTOUR'S CLAIM CONSTRUCTION

| | | |
|---|---|---|
| | | spectacle requires, requires that it be capable of magnetically connecting to "an" auxiliary spectacle frame, not any particular auxiliary spectacle fame). |
| | *side portions* means those portions of the primary spectacle frame adjacent the lenses or lens rims (if provided) or other lens supporting structure, and which extend outwardly to connect to the legs that fit over the wearer's ears.<br><br>*adapted to extend across respective side portions of a primary spectacle frame* means the magnetic members and at least some portion of the auxiliary spectacle frame arms are suitable for reaching across the top or bottom of the corresponding side portion of a primary spectacle frame. | *adapted to extend across respective side portions of a primary spectacle frame*<br>Reexamined '545 Patent: Figures 1-7 illustrate one embodiment of the invention in which the arms and magnetic members of an auxiliary spectacle frame are suitable for extending across respective side portions of a primary spectacle frame; col. 1, lines 46-56; col. 2, lines 31-39.<br><br>*www.merriam-webster.com*: defining the term "adapted" to mean "to make fit (as for a specific or new use or situation) often by modification"; synonyms include, e.g., adjust, accommodate, and conform.<br><br>*www.thefreedictionary.com*: defining the term "adapted" to mean "[t]o make suitable to or fit for a specific use or situation.<br><br>*www.macmillandictionary.com*: defining the term "adapted" to mean "especially suitable for someone or something"; synonyms include, e.g., fitting, |

# EXHIBIT 1
## CONTOUR'S CLAIM CONSTRUCTION

|  |  | apt, and possible. |
|---|---|---|
| so that said pair of magnetic members having a horizontal surface can vertically engage corresponding magnetic member surfaces on a primary spectacle frame. | ***vertically engage*** refers to the orientation of the magnetic poles when the horizontal surfaces of the corresponding primary frame/auxiliary frame magnetic members are engaged, and means that the horizontal surfaces of the auxiliary spectacle frame magnetic members engage corresponding magnetic member surfaces on a primary spectacle frame through actual contact, or through magnetic attraction without actual contact, in a plane that is substantially parallel to the plane of the lenses of the primary spectacle frame. | **_vertically engage_** Reexamined '545 Patent: Figures 5-7 illustrate one embodiment of the invention in which the auxiliary spectacle frame magnetic members vertically engage corresponding magnetic surfaces on a primary spectacle frame; col. 2, lines 63-67 (further supporting Plaintiffs' construction of "vertically engage" by describing the "horizontal" magnetic surfaces shown in Figure 7).<br><br>*Aspex Eyewear, Inc., et al. v. Miracle Optics, Inc.*, CV 01-10396 LGB (C.D. Cal. 2003) (construing the magnetic engagement of required by the asserted '545 Patent claims as being facilitated through actual contact or through magnetic attraction without actual contact); *Aspex Eyewear, Inc., et al. v. Concepts In Optics, Inc.*, 00-7067 CIV Moreno/Dube (2005) (same). |
| 35. The eyeglass device according to claim 23, wherein, said magnetic members of said auxiliary frame are magnets | ***magnets*** means permanent magnets. | **_magnets_** *See* support for the term "magnetic member". |
|  |  |  |