**FLH  FROMMER LAWRENCE & HAUG** LLP

New York
745 Fifth Avenue
New York, NY 10151
Telephone: (212) 588-0800
Fax: (212) 588-0500

www.flhlaw.com

Washington, DC
Tokyo

November 13, 2009

Edgar H. Haug
EHaug@flhlaw.com

**Via Electronic Transmittal & First Class Mail**

Barry J. Schindler, Esq.
Shareholder
Greenberg Traurig, LLP
200 Park Avenue
P.O. Box 677
Florham Park, NJ 07932

Re: **Aspex Eyewear et al. vs. Marchon Eyewear et al.
Civil Action No. 09-CV-61515**

Dear Barry:

We are in receipt of your letter of November 10 identifying six frame styles accused to infringe claims 23 and 35.

As outlined in my letter of November 4, we do not believe that there is any good faith basis for asserting patent infringement against our clients. The complaint is devoid of any specificity (in violation of Rule 8) as to what frames or activities are alleged to infringe by Marchon and Nike. The complaint further is silent as to the prior action and settlement between the parties. Under the authority of *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007), we believe you are required to plead with sufficient particularity to inform our clients of your claims. You have failed to do so.

We have inspected the six styles cited in your November 10 letter. As you know, claims 23 and 35 of reexamined U.S. Patent No. RE37,545 F1 (the "'545 patent") are limited to an auxiliary spectacle frame. The auxiliary spectacle frames of the allegedly infringing eyeglasses cited in your November 10 letter are identical to the auxiliary spectacle frames that were used in the eyeglass frames that were the subject of the prior suit (*Aspex Eyewear, Inc. et al. v. Marchon Eyewear, Inc.*, Case No. 06-08000 (C.D. Ca.)) and as covered by the settlement agreement between the parties ("the Agreement"). In this prior suit, your clients decided not to sue on claim 23 and entered into a dismissal with prejudice of its claims. Accordingly, your clients are now legally estopped under the doctrine of *res judicata* from bringing the patent infringement claims asserted in the complaint in this action.

Barry J. Schindler
November 13, 2009
Page 2

    Aspex and Contour are further barred from bringing the present action under the doctrine of equitable estoppel. Our clients relied upon the dismissal with prejudice by Aspex and Contour when it entered into the Agreement and understood that your clients did not then (nor will they in the future) assert infringement of any claims of the '545 patent other than claim 22 (including claim 23). Marchon relied on such conduct and will continue to be prejudiced if Aspex and Contour continue to assert claims 23 and 35.

    Finally, we do not believe Aspex and Contour have any information to support a good faith belief that Nike has induced infringement of the '545 patent. This was, essentially, admitted by you in our phone call.

    Please be advised that unless your clients dismiss this action with prejudice immediately, we reserve the right to seek an order of dismissal from the court and such sanctions as may be appropriate. We await your prompt response.

Sincerely,

*[signature]*

EHH/BSG/na

    cc:    Michael A. Nicodema, Esq.
                Barry Blum, Esq.

2



FOCUS - 16 of 37 DOCUMENTS

Copyright 1999 Business Wire, Inc.
Business Wire

June 14, 1999, Monday

**DISTRIBUTION:** Business Editors

**LENGTH:** 677 words

**HEADLINE:** Judge Says **Oakley** "Yes" and **Nike** "No," Again

**DATELINE:** FOOTHILL RANCH, Calif.

**BODY:**

June 14, 1999--**Oakley** Inc. (NYSE:OO) Monday announced that, in its **patent** infringement **lawsuit** filed against **Nike** (NYSE:NKE) on July 17, 1997, the Federal District Court for the Central District of California ruled that **Nike** has infringed the first of **Oakley's XYZ** Optics(TM) **patents**.

This ruling indicates that the infringement was so blatant that the issue need not wait until trial.

Of the two motions for summary judgment decided by the court, the first ruling that **Nike's** RV8 and RV12 sunglass models infringe **Oakley's XYZ** Optics patents clearly validates the technology. The ruling also provides judicial confirmation of **Oakley's** assertion that **Nike** has improperly used **Oakley's** proprietary technology.

The second Court ruling denied the fifth consecutive summary judgment motion **Nike** has made in its effort to invalidate the **Oakley XYZ** Optics patents. Conversely, the grant of **Oakley's** motion for a ruling of infringement is the fifth consecutive summary judgement decided in **Oakley's** favor.

"These rulings are an important milestone for **Oakley** in our effort to prevent unscrupulous copying of our proprietary technology," said Jim Jannard, **Oakley** chairman. "We are elated with this victory as it not only sends a clear message to **Nike**, but also moves us one step closer to enforcing these key patents against other infringers whose behavior we intend to correct."

Oakley's patented **XYZ** Optics technology optimizes the relationship between lens geometry and the as-worn orientation of the lens to the wearer's eye. With precise geometric correction along three axes, the resulting lens minimizes distortion for all angles of view. The wrapped and raked lens configurations maximize peripheral protection against sun, wind and hazards encountered by the active wearer.

The **Nike** lawsuit is significant to an industry in which consumers are becoming more savvy and demanding eyewear with higher optical quality. **Oakley** has said that its fundamental **XYZ** Optics technology is the only method the company knows of that provides such an unparalleled level of optical quality in a wrapped and raked non-prescription dual lens design.

Page 2

Judge Says Oakley "Yes" and Nike "No," Again Business Wire June 14, 1999, Monday

Oakley continues to ward off other eyewear manufacturers and pursues legal remedies against attempts by competitors to incorporate this technology in their products. In June 1998, the company filed a **complaint** against Bausch & Lomb (NYSE:BOL) alleging that certain of Bausch & Lomb's sunglass product lines incorporate technology which infringes on Oakley's **XYZ** Optics **patents**, as well as its Iridium(R) lens coating **patent**.

That lawsuit is currently in the early phase of litigation.

Oakley. A world brand.

This news release contains certain statements of a forward-looking nature. Such statements involve a number of risks and uncertainties that could cause actual results to differ materially from those projected, including risks related to the dependence on sales to Sunglass Hut; the ability to continue to develop and produce innovative new products and introduce them in a timely manner; the acceptance in the marketplace of new products; the ability to source raw materials at favorable prices to the company; currency fluctuation; and other risks outlined in the company's SEC filings, including but not limited to the Annual Report on Form 10-K for the year ended Dec. 31, 1998. The company undertakes no obligation to update this forward-looking information.

CONTACT: Oakley Inc., Foothill Ranch
      Renee Law, Director of Corporate Communications
      or
      Ron Parham, Investor Relations
      949/951-0991
      www.oakley.com

Today's News On The Net - Business Wire's full file on the Internet

with Hyperlinks to your home page.

URL: http://www.businesswire.com

**LOAD-DATE:** June 15, 1999