UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61515-CIV-COOKE/BANDSTRA

ASPEX EYEWEAR, INC. and
CONTOUR OPTIK, INC.,

    Plaintiffs,

vs.

HARDY LIFE, LLC, MARCHON
EYEWEAR, INC., NIKE, INC.,
REVOLUTION EYEWEAR, INC., and
GARY MARTIN ZELMAN, an
individual,

    Defendants.
_____/

## PLAINTIFFS' RULE 7.5 RESPONSE TO DEFENDANTS REVOLUTION EYEWEAR, INC.'S AND GARY MARTIN ZELMAN'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Local Rule 7.5, Plaintiffs Aspex Eyewear, Inc. and Contour Optik, Inc. (collectively "Plaintiffs") submit the following response to Defendant Revolution Eyewear, Inc.'s and Gary Martin Zelman's Statement of Undisputed Material Facts.[1] Plaintiffs' response herein tracks the headings and numbered paragraphs of Nike's Local Rule 7.5 statement:

1.     Undisputed.

2.     Plaintiffs dispute that the counterclaim filed in September 2002 identified asserted claims but otherwise does not otherwise dispute Paragraph 2.

3.     Plaintiffs do not dispute that the pleadings set forth as Exhibits D and R to the Hanle Declaration were filed in the California action but otherwise dispute any characterization of those pleadings.

---

[1] Plaintiffs adopt all defined terms used in their Memorandum of Law in Opposition to the Revolution Defendants' Motion for Summary Judgment.

4. Plaintiffs object to this paragraph and move to strike on the grounds that Revolution's characterization of the claims of '545 Patent is not a material fact. Plaintiffs otherwise do not dispute that the '545 Patent contains claims 6, 22 and 34 and that the claims are set out in Exhibit A to the Hanle Declaration.

5. Plaintiffs object to this paragraph and move to strike on the grounds that the identity of the products accused of infringement in the California Action is not a material fact. Plaintiffs do not dispute that the California Action included asserted claims that covered the combination of a primary frame and an auxiliary frame but otherwise dispute Paragraph 5.

6. Plaintiffs object to this paragraph and move to strike on the grounds that the claim construction in the California Action is not a material fact. Plaintiffs otherwise do not dispute that the California Court issued a claim construction on May 6, 2003 and that the construction contained the quoted language.

7. Plaintiffs object to this paragraph and move to strike on the grounds that what is contained in the specification is not a material fact. Plaintiffs do not otherwise dispute that the specification contains the quoted language but dispute any Revolution characterization of the specification that is not consistent with the specification.

8. Plaintiffs object to this paragraph and move to strike on the grounds that what is contained in the specification is not a material fact. Plaintiffs do not otherwise dispute that the specification contains the quoted language but dispute any Revolution characterization of the specification that is not consistent with the specification.

9. Plaintiffs object to this paragraph and move to strike on the grounds that what is contained in the specification and Revolution's interpretation of the specification is not a material fact. Plaintiffs does not dispute that the '545 Patent shows Figures 3 to 6 but disputes

Revolution's characterization of the figures and patent. Without in any way limiting the scope of the '545 Patent, the '545 Patent, among other things, discloses an auxiliary spectacle frame with rearward arms and magnetic members adapted to engage a primary frame from the top or from the bottom. Turk-Moore Decl., Exs. 1 and 2.

10. Plaintiffs object to this paragraph and move to strike on the grounds that Mr. Richard Chao's testimony is not material to construction of claims 23 and 35. Plaintiffs further dispute that paragraph 10 accurately sets out Mr. Richard Chao's testimony. Hanle Decl., Ex. G.

11. Plaintiffs object to this paragraph and move to strike on the grounds that the California court's construction of claims not at issue in this case is not a material fact. Plaintiffs do not dispute that the California court construed terms contained in claim 6 and that Ex. F is the California court's claim construction order but otherwise dispute any characterization of the claim construction that is contrary to the Court's ruling.

12. Plaintiffs object to this paragraph and move to strike on the grounds that the California court's construction of claims not at issue in this case is not a material fact Plaintiffs otherwise dispute that claim 6 and claim 23 asserted in this case have identical language. Turk-Moore Decl., Exs. 1 and 2.

13. Plaintiffs object to this paragraph and move to strike on the grounds that the California court's construction of claims not at issue in this case is not a material fact. Plaintiffs do not dispute that the California court construed claim 34 and that Ex. F contains the Court's claim construction but otherwise dispute any characterization of the claim construction that is inconsistent with the Court's ruling.

14. Plaintiffs object to this paragraph and move to strike on the grounds that the California court's construction of claims not at issue in this case is not a material fact. Plaintiffs

3

further dispute that claim 6 and claim 23 have almost identical language and that the construction of claim 6 in that case has any bearing on the construction in this case. Turk-Moore Decl., Exs. 1 and 2.

15. Plaintiffs object to this paragraph and move to strike on the grounds that the California court's claim construction is not a material fact. Plaintiffs do not dispute that claim 22 contains the recited language and that the California court construed terms in claim 22 but otherwise dispute any characterization inconsistent with the Court's ruling.

16. Plaintiffs object to this paragraph and move to strike on the grounds that whether or not claim 23 uses the words "capable of engaging" and any legal implications associated with the claim not containing those words is not a material fact. To the extent Revolution is contending that the legal principles that governed the interpretation of "capable of engaging" apply any differently to the "adapted to" language in Claim 23, Plaintiffs dispute this paragraph.

17. Plaintiffs object to this paragraph and move to strike on the grounds on the grounds that the nature of the products accused of infringement in the California Action is not a material fact. Plaintiffs otherwise dispute paragraph 17 on the basis that Plaintiffs did not accuse auxiliary frames of infringing in the California action other than as a primary and auxiliary combination. In addition, Plaintiffs dispute that the auxiliary frames did not have downward facing magnet surfaces.

18. Plaintiffs object to this paragraph and move to strike on the grounds that the California court's ruling as to claims 6 and 34 is not a material fact. Plaintiffs do not otherwise dispute paragraph 18.

19. Plaintiffs object to this paragraph and move to strike on the grounds that the allegations Plaintiffs made in the California Action with respect to the Revolution primary

frames accused of infringement in that case is not a material fact in this case. Further, Plaintiffs do not dispute that they accused Revolution of infringing claim 22, that claim 22 contained "capable of engaging" language, and that Plaintiffs constructed auxiliary frames as part of proving infringement of claim 22 but otherwise dispute the remaining characterizations in Paragraph 19.

20. Plaintiffs object to this paragraph and move to strike on the grounds that the California court's ruling with respect to claim 22 is not a material fact. Otherwise, Plaintiffs do not dispute that the California court ruled that Revolution infringed claim 22 for the reasons set out in the Court's decision but otherwise dispute any characterizations inconsistent with the Court's ruling.

21. Plaintiffs object to this paragraph and move to strike on the grounds that the California court's judgment entered on February 25, 2008 is not a material fact. Plaintiffs otherwise do not dispute this paragraph.

22. Plaintiffs objects to this paragraph and move to strike on the grounds that the Court's grant of summary judgment as to different products and different claims and the testimony of Mr. Ifergan with respect to the legal implications of such a ruling are not material facts. Plaintiffs do not dispute that they did not challenge the Court's grant of summary judgment with respect to claims 6 and 34 but do dispute that Plaintiffs have made any admission of the binding nature of the California Court's claim construction as it relates to the construction of claims 23 and 35 in this case. The questions asked of Mr. Ifergan and Mr. Chao were not directed to whether the California construction of different claims was binding on this case (Hanle Decl. Ex. K at p. 45-46; Hanle Decl. Ex. S at p. 88-89), and even if they had been asked

the question, the issue of whether a claim construction in one case applies in another case is a legal question for the Court to decide.

23. Plaintiffs objects to this paragraph and move to strike on the grounds that it does not set forth a material fact. Plaintiffs otherwise do not dispute paragraph 23.

24. Plaintiffs object to this paragraph and move to strike the portion of paragraph 24 that relates to whether or not Revolution's redesigned primary frames infringe any claim of the '545 Patent on the grounds that it does not set forth a material fact. Plaintiffs do not dispute that the Revolution Defendants' redesigned their primary frames such that the magnets were embedded in the frames but otherwise dispute Paragraph 24.

25. Plaintiffs object to this paragraph and move to strike on the grounds that whether the auxiliary frames have changed or not is not a material fact for the reasons set forth in Plaintiffs' Opposition Brief. Plaintiffs further object to this paragraph to the extent it intends to limit the accused auxiliary frames as only adapted to extend across the bottom of a primary frames. Revolution's auxiliary frames are also adapted to extend across the top of a primary frame. Zaro Decl. ¶ 8. In addition, Plaintiffs dispute that the design of the accused auxiliary fames is unchanged. Zelman Decl. ¶ 4; *see also* Berg Dep. Tr. at 60:13-22; 61:3-9; 67:6-68:22; 79:19-23 (Nike App., Ex. C).

26. Disputed. Revolution's auxiliary frames have magnetic members with upwardly and downwardly facing horizontal surfaces. Zaro Decl. ¶ 8.

27. Disputed. The arms and magnetic members of Revolution's auxiliary frames are adapted to extend across the top or bottom of a primary frame. Zaro Decl. ¶ 8.

28. Disputed. The arms and magnetic members of Revolution's auxiliary frames are adapted to vertically engage the top or bottom of a primary frame. Zaro Decl. ¶ 8.

29. To the extent Paragraph 29 is stating that the auxiliary spectacle frames of the new designs at issue are dimensionally different than the auxiliary frame of the old design and that the new auxiliary frames are not interchangeable with the old auxiliary frames and that the new auxiliary frames at issue here will not even work with the older primary design, Plaintiffs do not dispute this paragraph. Plaintiff otherwise dispute Paragraph 29.

30. Plaintiffs object to this paragraph and moves to strike on the grounds that whether auxiliary frames -- that were sold prior to issuance of claims 23 and 35 in this case and that are not being accused of infringement -- are identical when compared with the auxiliary frames accused of infringement in this case is not a material fact. Plaintiffs further dispute that the design of the accused auxiliary fames is the same as the older design auxiliary frames. Zelman Decl. ¶ 4; *see also* Berg Dep. Tr. at 60:13-22; 61:3-9; 67:6-68:22; 79:19-23 (Nike App., Ex. C).

31. Plaintiffs object to this paragraph and move to strike on the grounds that Revolution's interpretation of claim scope is not a material fact. Plaintiffs otherwise dispute paragraph 31 to extent it sets forth characterizations of claims 23 and 35 that are not consistent with language of claims 23 and 35. Turk-Moore Decl., Ex. 2.

32. Plaintiffs object to this paragraph and move to strike on the grounds that whether Plaintiffs formed the belief that the auxiliary frames in existence prior to the April 2007 summary judgment ruling in the California Action "infringed the '545 patent" is not a material fact for the reasons set forth in Plaintiffs' Opposition Brief. Plaintiffs do not dispute that they became aware of Revolution's redesigned products at or around the time they were released in or around April 2007 but otherwise dispute Paragraph 32 to the extent inconsistent with Mr. Ifergran's testimony. Hanle Ex. K at pgs. 197-98.

33. Plaintiffs object to this paragraph and move to strike on the grounds that Plaintiffs' non-filing of a claim of infringement prior to the March 3, 2009 issuance of claims 23 and 35 is not a material fact for the reasons set forth in Plaintiffs' Opposition Brief.  Plaintiffs do not dispute that it brought this action in September 23, 2009 but otherwise dispute paragraph 33.

34. Plaintiffs do not dispute that a third party filed a request for reexamination in September 2007 and that Ex. M sets out that request for reexamination but dispute that the request for reexamination was for claim 23 at issue here since the new claim 23 at issue here was not in existence at the time of the reexamination request.  New claim 23 was amended as a result of the reexamination.  Turk-Moore Decl., Ex. 2.

35. Plaintiffs object to this paragraph and move to strike on the grounds that whether the PTO initially rejected claims not at issue here is not a material fact.  Plaintiffs otherwise do not dispute Paragraph 35.

36. Plaintiffs object and move to strike the portion of this paragraph relating to the California court's claim construction as not setting forth material facts.  Plaintiffs do not dispute that the new claim 23 asserted here was amended during the reexamination and that Exhibit O is the amendment that plaintiffs filed but dispute the remainder of Paragraph 36.

37. Plaintiffs do not dispute that new claim 23 is not the same as the prior claim 23 that existed prior the reexamination, that its claim scope is not broader than the prior claim 23 and that claim 35 is narrower than claim 23.  Plaintiffs dispute the remainder of Paragraph 37.

38. Undisputed.

39. Plaintiffs do not dispute that they filed this lawsuit on September 23, 2009, that they sued Revolution, and that the Revolution they sued was the same Revolution involved in the California case.  Plaintiffs dispute the remainder of Paragraph 39.  Patents are not infringed.

Claims are infringed, and claims 23 and 35 did not exist prior to March 3, 2009. Turk-Moore Decl. Ex. 2.

40. Plaintiffs object to paragraph and move to strike on the grounds that whether Zelman makes, uses, sells or offers to sell any eyewear products is not a material fact. Further, Plaintiffs dispute this paragraph and have answered interrogatories with respect to this issue.

## **PLAINTIFFS' STATEMENT OF ADDITIONAL DISPUTED MATERIAL FACTS**

Pursuant to Local Rule 7.5, Plaintiffs set forth additional disputed material facts that are not set forth in response to Revolution's Local Rule 7.5 statement:

41. Claim 23 covers an auxiliary frame in which the arms and magnetic members are "adapted to extend across respective side portions of a primary frame." Turk Moore Decl., Exh. 2.

42. The arms and magnetic members of the Revolution auxiliary frames are adapted to extend across the top of "a primary frame" by constructing "a primary frame" in which the arms of the unmodified Revolution auxiliary frame extend across the top of "a primary frame." *See* Ifergan Decl., ¶¶ 2-5; Zaro Decl. ¶ 8.

43. The picture below shows that the Revolution auxiliary frames are adapted to extend across the top of "a primary frame" by constructing "a primary frame" in which the arms of the unmodified Revolution auxiliary frame extend across the top of "a primary frame":



Zaro Decl., ¶ 8 (at pg. 13)

44.     The below picture is the top view of a Revolution auxiliary frame and shows the upward facing surfaces:



Zaro Decl. ¶ 8 (at pg 9).

45.     The below picture is the bottom view of a Revolution auxiliary frame and shows one of the downward facing surfaces:



Zaro Decl. ¶ 8 (at pg 9).

10

46. The only difference between the upward and downward facing horizontal surfaces of the Revolution auxiliary frames is that the downward facing surfaces have an epoxy coating, but this coating does not block the magnetic attraction. Zaro Decl. ¶ 8 (at pg 9).

47. The Revolution products meet all the elements of Claims 23 and 35 even under the Revolution's claim construction. Zaro Decl., Decl. ¶ 8 .

48. Figure 4 of the '545 Patent is pictured below:



Turk-Moore Decl. Ex. 1.

51. Figure 4 of the '545 Patent shown an auxiliary frame with arms (21) and magnetic members (22) that are adapted to extend across the top or bottom of a primary frame. Turk-Moore Decl. Ex. 1.

52. Figure 4 of the '545 Patent is a top view of an auxiliary frame so the magnetic members disclosed therein show an upwardly facing surface in addition to a downwardly facing surface. Turk-Moore Decl. Ex. 1.

Dated: June 14, 2010

                           Respectfully submitted,

                           By: s/Jacqueline Becerra
                           Jacqueline Becerra
                           BecerraJ@gtlaw.com
                           Ericka Turk-Moore
                           TurkMooreE@gtlaw.com
                           GREENBERG TRAURIG, P.A.

       1221 Brickell Avenue
       Miami, Florida 33131
       Telephone: (305) 579-0500
       Facsimile: (305) 579-0717

       and

       Michael A. Nicodema, Admitted *Pro Hac Vice*
       NicodemaM@gtlaw.com
       Barry J. Schindler, Admitted *Pro Hac Vice*
       SchindlerB@gtlaw.com
       Todd L. Schleifstein, Admitted *Pro Hac Vice*
       SchleifsteinT@gtlaw.com
       GREENBERG TRAURIG, LLP
       200 Park Avenue
       Florham Park, New Jersey 07932
       Telephone: (973) 360-7900
       Facsimile: (973) 301-8410

       *Attorneys for Plaintiffs Aspex Eyewear, Inc.*
       *and Contour Optik, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>14th</u> day of June 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/EFC or in some other manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

       /s/Jacqueline Becerra
       JACQUELINE BECERRA

**SERVICE LIST**

Aspex Eyewear, Inc., et al., v. Hardy Life, LLC, et al.,
Case No. 09-61515-CIV-Cooke/ Bandstra
United States District Court, Southern District of Florida

Janet T. Munn
jmunn@rascoklock.com
Rasco Klock Reininger Perez
Esquenazi Vigil & Nieto
283 Catalonia Avenue
Second Floor
Miami, Florida 33134
Telephone: 305-476-7101
Facsimile: 305-476-7102

*Attorneys for Defendants Hardy Way, LLC, Revolution Eyewear, Inc. and Gary Martin Zelman*

Steven M. Hanle, Admitted Pro Hac Vice
shanle@sheppardmullin.com
Jennifer A. Trusso, Admitted Pro Hac Vice
jtrusso@sheppardmullin.com
Aaron Fennimore, Admitted Pro Hac Vice
afennimore@sheppardmulli.com
Sheppard, Mullin, Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626
Telephone: 714-513-5100
Facsimile: 714-513-5130

*Attorneys for Defendants Revolution Eyewear, Inc. and Gary Martin Zelman*

W. Barry Blum
bblum@gjb-law.com
Martin J. Keane
mkeane@gjb-law.com
Genovese Joblove & Battista, P.A.
100 S.E. 2nd Street, Suite 4400
Miami, Florida 33131
Telephone: 305-349-2300
Facsimile: 305-349-2310

Edgar H. Haug, Admitted Pro Hac Vice
ehaug@flhlaw.com
Brian S. Goncalves, Admitted Pro Hac Vice
bgoncalves@flhlaw.com
David Herman, Admitted Pro Hac Vice
dherman@flhlaw.com
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151
Telephone: 212-588-0888
Facsimile: 212-588-0500

*Attorneys for Defendants Marchon Eyewear, Inc. and Nike, Inc.*

NJ 226,922,164v4 6-14-10
NJ 226,922,164v4 6-14-10