UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-61515-CIV-COOKE
MAGISTRATE JUDGE BANDSTRA

ASPEX EYEWEAR, INC. AND
CONTOUR OPTIK, INC.

    Plaintiffs,

vs.

HARDY LIFE, LLC., MARCHON
EYEWEAR, INC., NIKE, INC.,
REVOLUTION EYEWEAR, INC.,
AND GARY MARTIN ZELMAN,
AN INDIVIDUAL,

    Defendants.
_____

### REPLY TO PLAINTIFFS' RULE 7.5 RESPONSE TO DEFENDANTS REVOLUTION EYEWEAR, INC. AND GARY MARTIN ZELMAN'S STATEMENT OF <u>UNDISPUTED MATERIAL FACTS</u>

    Fact 1. Undisputed. Fact 1 admitted.

    Fact 2. Plaintiffs dispute in part fact 2 because they did not identify in the counterclaim itself which claims of the '545 patent were being asserted against Defendants in the California Action. However, plaintiffs do not dispute the material fact that it asserted infringement of claims 6, 22 and 34 of the '545 patent in the California Action..

    Fact 3. Plaintiffs' do not dispute that Exhibits D and R were filed in the California Action but purport to dispute, without any support, the characterizations of those pleadings. These facts are deemed admitted pursuant to Federal Rule of Civil Procedure 56(e) and Local Rule 7.5(d) as they have cited no evidence to create a triable issue of fact. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial" supported by "<u>evidence</u> on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) (emphasis added); Fed.Rule Civ.Proc. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Fact 3 is deemed admitted.

    Facts 4 and 5. Plaintiffs do not dispute facts 4 and 5, but "object and move to strike" based on their contention that these facts are immaterial. Plaintiffs fail to provide a basis for their contention that Defendants' factual statements are immaterial. Materiality is based on the substantive law underlying the claims and defenses at issue. See *Anderson*, 477 U.S. at 248

(1986). The fact that two of the asserted claims (Claims 6 and 34) in the California Action accused Revolution's auxiliary frames (the same auxiliary frames accused here) is directly relevant to the legal issue under res judicata of whether the same claims are being asserted in this action. Plaintiffs' argument that res judicata should not apply does not render immaterial the facts supporting the application of res judicata. The substantive law is clear that what transpired in the California Action is highly material to Defendants' res judicata and collateral estoppel defenses. See Reply Memorandum. As such, facts 4 and 5 are deemed admitted.

Fact 6. Plaintiffs do not dispute fact 6 but rather argue that it is immaterial. The substantive law is clear that what transpired in the California Action is highly material to Defendants' res judicata and collateral estoppel defenses. See Reply Memorandum. As such, fact 6 is deemed admitted.

Facts 7, 8 and 9. Plaintiffs do not dispute what the written description provides but instead argue, without any support, that the specification of the '545 patent is immaterial. The '545 patent's specification is highly material to claim construction and thus infringement. *Phillips v. AWH Corp.*, 415 F.3d 1303, 1315-16 (Fed. Cir. 2005). Without any specifics or evidentiary support, Plaintiffs also dispute Defendants' alleged "characterization" of the specification. But Defendants simply quote the language and figures. Plaintiffs do not offer any evidentiary support for their contention that the figures of the '545 patent show both a top-mounting and bottom-mounting auxiliary frame. As such, facts 7, 8 and 9 are deemed admitted.

Fact 10. Plaintiffs do not dispute Mr. Richard Chao's testimony but instead, without any legal or factual support, argue that the inventor's testimony of what he invented is immaterial. It is established law that the claims of a patent do not "enlarge what is patented beyond what the inventor described as the invention." *Netword LLC v. Centraal Corp.*, 242 F.3d 1347, 1349 (Fed. Cir. 2001) (emphasis added). Also, without any evidentiary support, Plaintiffs dispute Defendants' alleged "characterization" of Mr. Chao's testimony. Plaintiffs fail to identify any portion of Defendants' recitation of Mr. Chao's testimony that is in error. Thus, fact 10 is deemed admitted.

Facts 11, 12, 13, 14 and 15. Plaintiffs do not dispute facts 11, 12, 13, 14 and 15 but rather argue that the California Court's claim construction order is immaterial. The substantive law is clear that the California Court's claim construction order is binding against Plaintiffs and, therefore, is highly material to Defendants' Motion. See Reply Memorandum. Further, without any legal or factual support, Plaintiffs dispute defendants' alleged characterization of the

California Court's order. Again, Plaintiffs fail to identify any portion of Defendants' recitation of the Court's order that is in error. Facts 11, 12, 13, 14 and 15 are thus deemed admitted.

Fact 16. Plaintiffs do not dispute fact 16 but rather contend that it is immaterial. Yet Plaintiffs contend that "adapted to", as used in claim 23, means the same thing as, "capable of" in claim 23. Under the doctrine of claim differentiation, this difference in language is highly material. Fact 16 is therefore material and deemed admitted.

Fact 17. Plaintiffs "object and move to strike" Fact 17 arguing that it is material, however, whether nature of the accused products in the California Action is highly material to res judicata, as addressed in Defendants' moving and reply papers. As such, fact 17 is material and is deemed admitted.

Fact 18. Plaintiffs argue that this fact is immaterial. The substantive law is clear that what transpired in the California Action is highly material to Defendants' res judicata defense. The fact that the asserted claims (Claims 6 and 34) in the California Action included Revolution's auxiliary frames and that Revolution's auxiliary frames were at issue in the prior action bars this action as all claims related to the auxiliary frames should and could have been asserted in that action. Fact 18 is deemed admitted.

Facts 19, 20 and 21. Plaintiffs argue that these facts are immaterial. The substantive law is clear that what transpired in the California Action is highly material to Defendants' res judicata and collateral estoppel defenses. Plaintiffs do not otherwise dispute what transpired in the California Action but instead, without any evidentiary support, dispute Defendants' alleged "characterization" of what transpired. Plaintiffs fail to identify any portion of Defendants' recitation of what transpired that is in error. Thus, facts 19, 20 and 21 are deemed admitted.

Fact 22. Plaintiffs argue that this fact is immaterial. Plaintiffs' materiality argument is based on their position that what transpired in the California Action and Plaintiffs' testimony regarding the binding effect of the California Court's order are irrelevant. Plaintiffs do not otherwise dispute what transpired in the California Action or that Mr. Ifergan and Mr. Chao testified that the plaintiffs are bound by the California Court's claim construction order. Plaintiffs now argue that the Court's Claim construction order is not binding as it relates to Claims 23 and 35. Yet, Plaintiffs' admit that "a claim term cannot be given a different meaning in the various claims of the same patent." *Georgia-Pacific Corp. v. U.S. Gypsum Co.*, 195 F.3d 1322, 1331 (Fed. Cir. 1999). See Plaintiffs' Opp., p. 14, fn. 7. Thus, fact 22 is deemed admitted.

3

Fact 23. Plaintiffs argue that this fact is immaterial. The substantive law is clear that what transpired in the California Action is highly material to Defendants' res judicata and collateral estoppel defenses. Plaintiffs do not otherwise dispute this fact. As such, fact 23 is deemed admitted.

Fact 24. Plaintiffs argue that this fact is immaterial. The substantive law is clear that what transpired in the California Action is highly material to Defendants' res judicata and collateral estoppel defenses. Without any evidentiary support, Plaintiffs appear to dispute that Revolution's redesigned primary frames do not infringe the '545 patent. Fact 24 is deemed admitted pursuant to Federal Rule of Civil Procedure 56(e) and Local Rule 7.5(d) as they have cited no evidence to create a triable issue of fact.

Facts 25, 26, 27 and 28. Plaintiffs argue that these facts are immaterial. The substantive law is clear that whether the auxiliary frames at issue in the California Action are different than the auxiliary frames at issue in this action is highly material to Defendants' res judicata defense. Furthermore, Plaintiffs dispute over the structure and design of the auxiliary frames is dependent on plaintiffs' incorrect claim construction[1]. The evidentiary support Plaintiffs rely on to dispute this fact fails as a matter of law. The self-serving, uncorroborated testimony of plaintiffs' expert Lee Zaro does not create a triable issue of fact. See *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 113 S. Ct. 2578, 2598 (1993) ("When an expert opinion is not supported by sufficient evidence to validate it in the eyes of the law, or when indisputable record facts render the opinion unreasonable, it cannot support a jury verdict" or establish a genuine issue of material fact); *Ralston Purina Co. v. Hobson*, 554 F.2d 725, 729 (5th Cir. 1977) ("Evidence manifestly at variance with the laws of nature and the physical facts is of no probative value and may not support a jury verdict.") Here, the physical evidence establishes beyond dispute that: (1) the magnet surfaces on the accused auxiliary frames are upwardly facing; (2) the downwardly facing surface on the auxiliary frames is epoxy, not a magnetic member; (3) the arm on the

---

[1] A dispute over claim construction, a legal issue, does not create a disputed fact which precludes summary judgment. *SafeTCare Mfg. v. Tele-Made, Inc.*, 497 F.3d 1262, 1269 (Fed. Cir. 2007). If the parties only dispute claim construction and the relevant facts concerning the structure and operation of the accused products are undisputed, as here, "the question of literal infringement collapses into claim construction and is amenable to summary judgment." *Gen. Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978, 983 (Fed. Cir. 1997); see also *Mymail, Ltd. v. America Online, Inc.*, 476 F.3d 1372, 1378 (Fed. Cir. 2007).

accused auxiliary frame is adapted to extend underneath the primary frame; and (4) when one attempts to place the arm across the top of the primary frame, the lenses are badly misaligned and the auxiliary frames do not adhere to the primary frames – that is, the arms are specifically adapted not to extend across the top of the primary frames. Facts 25, 26, 27 and 28 are deemed admitted.

Fact 29. Plaintiffs fail to provide any evidentiary support to dispute this fact. As such, Fact 29 is deemed admitted.

Facts 30 and 31. Plaintiffs argue that these facts are immaterial. The substantive law is clear that whether the auxiliary frames at issue in the California Action are different than the auxiliary frames at issue in this action is highly material to Defendants' res judicata defense. Furthermore, Plaintiffs dispute over the structure and design of the auxiliary frames is dependent on plaintiffs' incorrect claim construction. The evidentiary support Plaintiffs rely on to dispute this fact fails as a matter of law. The self-serving, uncorroborated testimony of plaintiffs' expert Lee Zaro does not create a triable issue of fact. See discussion supra re Facts 25, 26, 27 and 28. Facts 30 and 31 are deemed admitted.

Facts 32 and 33. Plaintiffs do not dispute facts 32 and 33 but rather argue that the facts are immaterial. Further, without any legal or factual support, Plaintiffs dispute defendants' recitation of the facts. Again, Plaintiffs fail to identify any portion of Defendants' recitation of the facts that are in error. Facts 32 and 33 are thus deemed admitted.

Facts 34, 35, 36, and 37. Plaintiffs do not dispute these facts but instead argue that these facts are immaterial. The reexamination of the asserted claims is material to this action as it demonstrates, in accordance with the law, that the scope of the asserted reexamined claims were not broadened during reexamination but rather narrowed. Furthermore, Plaintiffs rely on the reexamination as a basis for bringing this suit, which makes what transpired during reexamination relevant. Plaintiffs' broad statement that it disputes unspecified parts of Facts 34, 35, 36 and 37 without specifying which portions and offering any evidentiary support in support thereof is insufficient. As such, facts 34, 35, 36 and 37 are admitted.

Fact 38. Undisputed. Fact 38 admitted.

Fact 39. Plaintiffs do not dispute that they filed this lawsuit on September 23, 2009, against, among others, Revolution, the same party involved in the California Action. However, Plaintiffs do not dispute that their counterclaim filed in the California Action generally alleged that Revolution infringed the '545 patent. See Plaintiffs' Response to Fact No. 2 ("Plaintiffs

dispute that the counterclaim filed in September 2002 identified asserted claims but otherwise does not otherwise dispute Paragraph 2"). Under the applicable law, this barred later assertion of <u>any claims</u> of the '545 patent against the same products. (See Defendants' Moving and Reply Briefs.) Further, claim 23 <u>did</u> exist prior to March 3, 2009 (Turk-Moore Ex. 1) and dependent claim 35 is narrower than original claim 23 such that it did not create a new cause of action. (Turk-Moore Ex. 2; Defendants' Moving and Reply Briefs) Fact 39 is thus admitted.

Fact 40. Plaintiffs purport to dispute and allege that this fact is immaterial. Plaintiffs have sued Gary Martin Zelman for direct infringement of the '545 patent and, as such, whether Mr. Zelman makes, uses, sells or offers to sell any eyewear products is highly material to this motion. Plaintiffs also fail to provide any evidentiary support for their dispute. As such, fact 40 is deemed admitted.

## RESPONSES TO PLAINTIFFS' STATEMENT OF ADDITIONAL DISPUTED MATERIAL FACTS

41. Undisputed but incomplete. The arms and magnetic members are "adapted to extend across respective side portions of a primary frame <u>so that said pair of magnetic members having a horizontal surface can vertically engage corresponding magnetic member surfaces on a primary spectacle frame</u>." Turk Moore Decl., Exh. 2. The adaptations to the arms and magnetic members must be directed to enable engagement to the top of the primary frame. (UMF No 6.)

42. Plaintiffs purported fact is disputed and is dependent on plaintiffs' incorrect claim construction. It is <u>undisputed</u> that the arms and magnetic members of the Revolution auxiliary frames are adapted to extend across the <u>bottom</u> of a primary frame because (1) the magnetic members extend upwards and have upwardly facing horizontal surfaces and (2) the bottom of the arms cover the magnet and also have a rounded epoxy surface. (Hanle Decl. Ex. L, ¶ 18.) These adaptations make the Revolution auxiliary frame <u>unsuitable</u> for engagement to the top of <u>any</u> primary frame because the magnetic attraction is weak and the auxiliary frames may not be securely mounted. (Sodano Decl. (DE 133-3) ¶ 55.)

43. Plaintiffs purported fact is disputed and is dependent on plaintiffs' incorrect claim construction. It is <u>undisputed</u> that the photograph shows that arms and magnetic members of the Revolution auxiliary frames are adapted to extend across the <u>bottom</u> of a primary frame because (1) the magnetic members extend upwards and have upwardly facing horizontal surfaces and (2) the bottom of the arms have a rounded epoxy surface (not visible in the photo) which creates a

gap (visible in the photo between the arms of the auxiliary frame and the extensions of the primary frame.

44. Undisputed.

45. Undisputed.

46. Disputed. As shown in the photos, the upwardly facing surface is the surface of a magnetic member. The downwardly facing surface is epoxy, which covers the arm material, which in turn covers the magnet. (Zelman Decl. (DE 133-1) ¶ 5.) Thus, there is no downwardly facing magnetic member surface.

47. Plaintiffs purported fact is disputed. It is <u>undisputed</u> that the Revolution products do not meet all the elements of Claims 23 and 35 under Revolution's claim construction. UMF Nos. 26-28.

48. Undisputed.

51. Plaintiffs purported fact is disputed. It is <u>undisputed</u> that Figure 4 of the '545 Patent shown an auxiliary frame with arms (21) and magnetic members (22) that are adapted to extend <u>only</u> across the top of a primary frame, as further shown in Figs. 5-7. Turk-Moore Decl. Ex. 1.

52. Plaintiffs purported fact is disputed. It is <u>undisputed</u> that the '545 patent only discloses a engagement through a downwardly facing magnetic member surface. (Turk-Moore Decl. Ex. 1 ('545 patent) cols. 1-3, Figs. 5-7; Sodano Decl. ¶¶ 15-20.) Thus, there is nothing in the '545 patent that suggests that Fig. 4 shows an upwardly facing magnetic member surface.

s/ Steven M. Hanle

Steven M. Hanle, Admitted Pro Hac Vice
shanle@sheppardmullin.com
Jennifer A. Trusso, Admitted Pro Hac Vice
jtrusso@sheppardmullin.com
Aaron M. Fennimore, Admitted Pro Hac Vice
afennimore@sheppardmullin.com
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone:   714.513.5100
Telecopy:    714.513.5130

and

s/ Janet T. Munn
Janet T. Munn

7

jmunn@rascoklock.com
Florida Bar No. 501281
Rasco, Klock, Reininger, Perez, Esquenazi, Vigil & Nieto, P.L.
283 Catalonia Avenue
Suite 200
Coral Gables, FL  33134
Telephone: 305.476.7100
Telecopy: 305.476.7102

*Attorneys for Defendants Revolution Eyewear, Inc., Hardy Way, LLC and Gary Martin Zelman*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 1, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/EFC system. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified on the Notice of Electronic Filing generated by CM/ECF.

By: s/ Janet T. Munn
Janet T. Munn

## SERVICE LIST

*Attorney for Plaintiffs Aspex Eyewear, Inc., and Contour Optik, Inc.*
Jacqueline Becerra, Esquire
email: becerraj@gtlaw.com
Ericka Yolanda Turk, Esquire
email: turkmooree@gtlaw.com
**GREENBERG TRAURIG**
1221 Brickell Avenue
Miami, Florida 33131
Telephone: 305.379.0534
Telecopy: 305.579.0717

*Attorney for Defendants Marchon Eyewear, Inc., and Nike, Inc.*
W. Barry Blum, Esquire
email: bblum@gjb-law.com
Martin J. Keane, Esquire
email: mkeane@gjb-law.com
**GENOVESE JOBLOVE & BATTISTA, P.A.**
100 S.E. 2nd Street, Suite 4400
Miami, Florida 33131
Telephone: 305.349.2300
Telecopy: 305.349.2310

Scott W. Hansen, Admitted Pro Hac Vice
email: shansen@reinhartlaw.com
**REINHART BOERNER VAN DEUREN**
1000 N. Water Street
PO Box 2965
Milwaukee, WI 53201-2965
Telephone: 414.298.8123
Telecopy: 414.298.8097

*Attorney for Plaintiffs Aspex Eyewear, Inc., and Contour Optik, Inc.*
Michael Nicodema, Esquire
email: nicodemam@gtlaw.com
Barry J. Schindler, Admitted Pro Hac Vice
email: schindlerb@gtlaw.com
MetLife Building
**GREENBERG TRAURIG**
200 Park Avenue
New York, New York 10166-1400
Telephone: 212.801.9200
Telecopy: 212.801.6400

Todd Schleifstein, Admitted Pro Hac Vice
**GREENBERG TRAURIG**
200 Park Avenue
Florham Park, NJ 07932
email: schleifsteint@gtlaw.com
Telephone: 973.360.7900
Telecopy: 973.301.8410

*Attorney for Defendants Marchon Eyewear, Inc., and Nike, Inc.*
Edgar H. Haug, Admitted Pro Hac Vice
email: ehaug@flhlaw.com
Brian S. Goncalves, Admitted Pro Hac Vice
email: bgoncalves@flhlaw.com
David Herman, Admitted Pro Hac Vice
email: dherman@flhlaw.com
Porter F. Fleming, Admitted Pro Hac Vice
email: pfleming@flhlaw.com
**FROMMER LAWRENCE & HAUG LLP**
745 Fifth Ave.
New York, New York 10151
Telephone: 212.588.0800
Telecopy: 212.588.0500

Mark P. Walters, Admitted Pro Hac Vice
email: mwalters@flhlaw.com
**FROMMER LAWRENCE & HAUG LLP**
1191 2nd Avenue, Suite 2000
Seattle, WA 98101
Telephone: 206.336.5690
Telecopy: 212.588.0500