UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-61515-Civ-COOKE/BANDSTRA

ASPEX EYEWEAR, INC., *et al.*,

    Plaintiffs

vs.

HARDY LIFE, LLC, *et al.*,

    Defendants.

_____/

## ORDER DENYING MOTIONS TO DISMISS

**THIS CAUSE** is before me on Defendant Hardy Life, LLC's Motion to Dismiss the Complaint [ECF No. 21], Defendant Marchon Eyewear, Inc.'s Motion to Dismiss Complaint [ECF No. 23], and Defendant Nike, Inc.'s Motion to Dismiss Complaint [ECF No. 24]. The motions are fully briefed and ripe for review. For the reasons stated below, I am denying these motions.

**I. BACKGROUND**

Plaintiffs Aspex Eyewear, Inc. ("Aspex") and Contour Optik, Inc. ("Contour" and, collectively with Aspex, "Plaintiffs") are the assignees of record of United States Patent No. US RE37,545 (the "'545 Patent"). The patent, entitled "Auxiliary Lenses for Eyeglasses," was issued on February 12, 2002. The United States Patent and Trademark Office ("USPTO") issued a Reexamination Certificate on March 3, 2009, which reconfirmed the claims of the '545 Patent, including an amended claim 23 and a new claim 35. Plaintiffs allege that Defendants Marchon Eyewear, Inc. ("Marchon") and Revolution Eyewear, Inc. ("Revolution") are directly infringing on claims 23 and 35 of the '545 patent. Defendant Hardy Life, LLC ("Hardy") is allegedly aiding

and abetting Revolutions's direct infringement. Defendant Nike, Inc. ("Nike") is alleged to be aiding and abetting Marchon's direct infringement.

## II. RELEVANT STANDARD

In a Rule 12(b)(6) motion to dismiss, "the pleadings are construed broadly," *Levine v. World Fin. Network Nat'l Bank,* 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint are viewed in the light most favorable to the Plaintiff, *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir.1998).  While, "a formulaic recitation of the elements of a cause of action will not do," *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007), the Eleventh Circuit only requires a short and plain statement of the claim showing that a plaintiff is entitled to relief.  *See Harrison v. Benchmark Elec. Huntsville, Inc.*, 593 F.3d 1206, 1214 (11th Cir. 2010) (citing Fed. R. Civ. P. 8(a)(2)).[1]  The point is to give the defendant fair notice of what the claim is and the grounds upon which it rests.  *Id*. (citations omitted).  Finally, determining whether a complaint states a plausible claim for relief is a context specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Ashcroft v.Iqbal*, 129 S.Ct. 1937, 1950 (2009).

## III. DISCUSSION

### A. Marchon's Motion to Dismiss

Marchon argues that Plaintiffs' claim against it should be dismissed, with prejudice, because Plaintiffs are estopped from bringing the claim under the doctrines of *res judicata* and claim preclusion. Plaintiffs previously filed a patent infringement lawsuit against Marchon in 2007, which was dismissed pursuant to a stipulation by the parties. Def.'s Mot. to Dismiss Ex. 1-

---

[1] Motions to dismiss under Rule 12(b)(6) are purely procedural, therefore the law of the regional circuit will apply.  *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007).

2, ECF No. 23. Plaintiffs contend that, because the stipulation was the result of a settlement agreement, Marchon's *res judicata* defense is without merit. I agree with Plaintiffs.

A judgment dismissing an action with prejudice based upon the parties' stipulation, unlike a judgement imposed at the end of an adversarial proceeding, receives its legitimating force from the fact that the parties consented to it. *Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1288 (11th Cir. 2004). When determining the res judicata effect of an order of dismissal based on a settlement agreement, the court must effectuate the parties' intent. *See Id.* at 1289. A defendant who signs a settlement agreement stating that only some claims will be precluded in the future is preemptively waiving any potential *res judicata* defense he would have had as a result of the dismissal. Plaintiffs filed, under seal, a copy of the confidential settlement agreement reached in the 2007 lawsuit. After reviewing the terms of the agreement, I find that *res judicata* does not bar the current action.

**B. Nike's and Hardy's Motions to Dismiss**

Nike and Hardy argue that Plaintiffs fail to state claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Hardy contends that Plaintiffs' Complaint is deficient under *Twombly* and *Iqbal* because it lacks any factual allegations to support its legal conclusions. Nike makes a similar argument in its motion to dismiss. Both motions ignore that "[t]he point is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Harrison*, 593 F.3d at 1214 (citations omitted). I find that Plaintiffs' Complaint provides sufficient information to give Hardy and Nike notice of the claims against them.

To prove inducement of infringement, a patentee must demonstrate that the accused infringer had the intent to cause the acts which constitute the infringement. *Mee Indus. v. Dow Chemical Co.*, --- F.3d ---, 2010 WL 2367119, *10 (11th Cir. June 15, 1010). A finding of

inducement requires a threshold finding of infringement- either a finding of specific instances of direct infringement or a finding that the accused products necessarily infringe. *Id.* Plaintiffs' Complaint alleges that Defendants Marchon and Revolution are directly infringing the '545 patent by making, using, selling and/or offering for sale magnetic clip-on eyewear that uses elements of the patent. (Compl. at ¶¶ 16, 21, ECF No. 1). Hardy and Nike are allegedly aiding and abetting the infringement because the infringing eyewear is being sold under their brand name. (Compl. at ¶¶ 26, 31, ECF No. 1). While the complaint is somewhat light on factual allegations, it meets the minimal "short and plain statement" requirement. Accordingly, I am denying the motions to dismiss.

### IV. CONCLUSION

Based on the foregoing, I hereby **ORDER** and **ADJUDGE** as follows:

1. Defendant Marchon's Motion to Dismiss [ECF No. 23] is **DENIED**.

2. Defendant Hardy's Motion to Dismiss [ECF No. 21] is **DENIED**.

3. Defendant Nike's Motion to Dismiss [ECF No. 24] is **DENIED**.

4. Defendants are instructed to file an Answer to Plaintiffs' Complaint within twenty (20) days of the date of this Order.

**DONE** and **ORDERED** in Chambers at Miami, Florida, this 23rd day of July 2010.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

cc:
The Honorable Ted E. Bandstra
All counsel of record