UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61515-CIV-COOKE/BANDSTRA

ASPEX EYEWEAR, INC. and
CONTOUR OPTIK, INC.,

    Plaintiffs,

vs.

HARDY LIFE, LLC, MARCHON
EYEWEAR, INC., NIKE, INC.,
REVOLUTION EYEWEAR, INC., and
GARY MARTIN ZELMAN, an
individual,

    Defendants.
_____/

**PLAINTIFFS' ANSWER TO COUNTERCLAIMS OF
DEFENDANTS MARCHON EYEWEAR, INC. AND NIKE, INC.**

Plaintiffs Aspex Eyewear, Inc. ("Aspex") and Contour Optik, Inc. ("Contour") (collectively, "Plaintiffs"), by and through counsel, hereby answer the Counterclaims (the "Marchon/Nike Counterclaims") asserted by defendants Marchon Eyewear, Inc. ("Marchon"), and Nike, Inc. ("Nike"), as follows:

    1.    The allegations in paragraph 1 of the Marchon/Nike Counterclaims do not require a response.

    2.    Admit the allegations in paragraph 2 of the Marchon/Nike Counterclaims.

**THE PARTIES**

    3.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Marchon/Nike Counterclaims.

    4.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Marchon/Nike Counterclaims.

5. Admit the allegations in paragraph 5 of the Marchon/Nike Counterclaims.

6. Admit the allegations in paragraph 6 of the Marchon/Nike Counterclaims.

7. Admit the allegations in paragraph 7 of the Marchon/Nike Counterclaims.

## JURISDICTION AND VENUE

8. Admit the allegations in paragraph 8 of the Marchon/Nike Counterclaims.

9. Admit the allegations in paragraph 9 of the Marchon/Nike Counterclaims, to the extent that personal jurisdiction over Plaintiffs is premised upon their filing of suit in this judicial district.

10. Admit the allegations in paragraph 10 of the Marchon/Nike Counterclaims, to the extent that venue over the Marchon/Nike Counterclaims is premised upon Plaintiffs' filing of suit in this judicial district.

## FIRST COUNTERCLAIM -- DECLARATION OF NON-INFRINGEMENT

11. Repeat and reallege their responses to each of the preceding paragraphs as if fully set forth herein.

12. The allegations in paragraph 12 of the Marchon/Nike Counterclaims do not require a response, except Plaintiffs admit that an actual controversy exists between them and Marchon and Nike.

13. Deny the allegations in paragraph 13 of the Marchon/Nike Counterclaims.

14. The allegations in paragraph 14 of the Marchon/Nike Counterclaims do not require a response, except Plaintiffs refer to the cited decision and order for its contents, which speak for themselves.

15. The allegations in paragraph 15 of the Marchon/Nike Counterclaims do not require a response, except Plaintiffs refer to the cited decision and order for its contents, which speak for themselves.

16. The allegations in paragraph 16 of the Marchon/Nike Counterclaims do not require a response, except Plaintiffs refer to the cited decision and order for its contents, which speak for themselves.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Marchon/Nike Counterclaims.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Marchon/Nike Counterclaims.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Marchon/Nike Counterclaims.

20. Deny the allegations in paragraph 20 of the Marchon/Nike Counterclaims.

21. Deny the allegations in paragraph 21 of the Marchon/Nike Counterclaims.

22. Deny the allegations in paragraph 22 of the Marchon/Nike Counterclaims.

23. Deny the allegations in paragraph 23 of the Marchon/Nike Counterclaims.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Marchon/Nike Counterclaims.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Marchon/Nike Counterclaims.

26. The allegations in paragraph 26 of the Marchon/Nike Counterclaims do not require a response.

27. Deny the allegations in paragraph 27 of the Marchon/Nike Counterclaims.

28. Deny the allegations in paragraph 28 of the Marchon/Nike Counterclaims.

29. Deny the allegations in paragraph 29 of the Marchon/Nike Counterclaims.

30. Deny the allegations in paragraph 30 of the Marchon/Nike Counterclaims.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Marchon/Nike Counterclaims.

32. Deny the allegations in paragraph 32 of the Marchon/Nike Counterclaims.

33. Deny the allegations in paragraph 33 of the Marchon/Nike Counterclaims.

34. Deny the allegations in paragraph 34 of the Marchon/Nike Counterclaims.

35. Deny the allegations in paragraph 35 of the Marchon/Nike Counterclaims.

36. Deny the allegations in paragraph 36 of the Marchon/Nike Counterclaims.

37. Deny the allegations in paragraph 37 of the Marchon/Nike Counterclaims.

38. Deny the allegations in paragraph 38 of the Marchon/Nike Counterclaims.

39. Deny the allegations in paragraph 39 of the Marchon/Nike Counterclaims, except admit that counsel for Plaintiffs received a letter dated November 4, 2009 from counsel for Marchon and Nike, and refer to such letter for its contents, which speak for themselves.

40. Deny the allegations in paragraph 40 of the Marchon/Nike Counterclaims, except admit that Nike has taken the position in this action that the claim for inducement of infringement asserted against it is frivolous.

41. Deny the allegations in paragraph 41 of the Marchon/Nike Counterclaims.

42. Deny the allegations in paragraph 42 of the Marchon/Nike Counterclaims.

43. Deny the allegations in paragraph 43 of the Marchon/Nike Counterclaims.

44. Deny the allegations in paragraph 44 of the Marchon/Nike Counterclaims.

45. Deny the allegations in paragraph 45 of the Marchon/Nike Counterclaims.

46. Deny the allegations in paragraph 46 of the Marchon/Nike Counterclaims.

**SECOND COUNTERCLAIM -- DECLARATION OF INVALIDITY**

47. Repeat and reallege their responses to each of the preceding paragraphs as if fully set forth herein.

48. Deny the allegations in paragraph 48 of the Marchon/Nike Counterclaims, except admit that Plaintiffs allege that Marchon and Nike have infringed the '545 Patent (as that term is defined in the Complaint), and that an actual controversy exists between Plaintiffs and Marchon and Nike as to the validity or enforcement of one or more claims of the '545 Patent.

49. Deny the allegations in paragraph 49 of the Marchon/Nike Counterclaims.

### THIRD COUNTERCLAIM -- BREACH OF CONTRACT

#### A. Background

50. Repeat and reallege their responses to each of the preceding paragraphs as if fully set forth herein.

51. Admit the allegations in paragraph 51 of the Marchon/Nike Counterclaims.

52. Admit that Marchon filed a motion to dismiss in the cited lawsuit, and refer to that motion for the contents thereof, which speak for themselves.

53. Admit that Aspex filed a first amended complaint in the cited lawsuit, and refer to that pleading for the contents thereof, which speak for themselves.

54. Admit the allegations in paragraph 54 of the Marchon/Nike Counterclaims.

55. Admit the allegations in paragraph 55 of the Marchon/Nike Counterclaims.

56. Admit that on May 29, 2007, Aspex and Marchon filed a joint report to the court in the cited lawsuit, and refer to that report for the contents thereof, which speak for themselves.

#### B. The Settlement Agreement

57. Admit the allegations in paragraph 57 of the Marchon/Nike Counterclaims.

58. The allegations in paragraph 58 of the Marchon/Nike Counterclaims do not require a response, except Plaintiffs refer to the referenced Settlement Agreement for its terms, which speak for themselves.

59. The allegations in paragraph 59 of the Marchon/Nike Counterclaims do not require a response, except Plaintiffs refer to the referenced Settlement Agreement for its terms, which speak for themselves.

60. Admit the allegations in paragraph 60 of the Marchon/Nike Counterclaims.

61. The allegations in paragraph 61 of the Marchon/Nike Counterclaims do not require a response, except Plaintiffs refer to the referenced Settlement Agreement for its terms, which speak for themselves.

62. The allegations in paragraph 62 of the Marchon/Nike Counterclaims do not require a response, except Plaintiffs refer to the referenced Settlement Agreement for its terms, which speak for themselves.

63. The allegations in paragraph 63 of the Marchon/Nike Counterclaims state a legal conclusion, and therefore do not require a response.

### C. The '545 Patent Reexamination

64. Admit the allegations in paragraph 64 of the Marchon/Nike Counterclaims.

65. Admit that on March 3, 2009, the United States Patent and Trademark Office issued a reexamination certification for the '545 Patent (as defined in the Complaint), and refer to that certificate for the contents thereof, which speak for themselves.

66. The allegations in paragraph 66 of the Marchon/Nike Counterclaims state a legal conclusion, and therefore do not require a response.

67. The allegations in paragraph 67 of the Marchon/Nike Counterclaims state a legal conclusion, and therefore do not require a response.

### D. Pending Litigation Between the Parties

68. The allegations in paragraph 68 of the Marchon/Nike Counterclaims do not require a response.

69. The allegations in paragraph 69 of the Marchon/Nike Counterclaims do not require a response.

70. Deny the allegations in paragraph 70 of the Marchon/Nike Counterclaims, except admit that counsel for Plaintiffs received a letter dated November 4, 2009 from counsel for Marchon and Nike, and refer to such letter for its contents, which speak for themselves.

71. Deny the allegations in paragraph 71 of the Marchon/Nike Counterclaims, except admit that counsel for Plaintiffs sent a letter dated November 10, 2009 to counsel for Marchon and Nike, and refer to such letter for its contents, which speak for themselves.

72. Deny the allegations in paragraph 72 of the Marchon/Nike Counterclaims.

73. The allegations in paragraph 73 of the Marchon/Nike Counterclaims do not require a response.

74. The allegations in paragraph 74 of the Marchon/Nike Counterclaims do not require a response.

75. The allegations in paragraph 75 of the Marchon/Nike Counterclaims do not require a response.

76. The allegations in paragraph 76 of the Marchon/Nike Counterclaims do not require a response.

77. Deny the allegations in paragraph 77 of the Marchon/Nike Counterclaims.

78. Deny the allegations in paragraph 78 of the Marchon/Nike Counterclaims.

79. Deny the allegations in paragraph 79 of the Marchon/Nike Counterclaims.

80. Deny the allegations in paragraph 80 of the Marchon/Nike Counterclaims.

81. Deny the allegations in paragraph 81 of the Marchon/Nike Counterclaims.

82. Deny the allegations in paragraph 82 of the Marchon/Nike Counterclaims.

83. Deny the allegations in paragraph 83 of the Marchon/Nike Counterclaims.

84. The allegations in paragraph 84 of the Marchon/Nike Counterclaims state a legal conclusion, and therefore do not require a response.

85. The allegations in paragraph 85 of the Marchon/Nike Counterclaims do not require a response, except Plaintiffs refer to the referenced Settlement Agreement for its terms, which speak for themselves.

86. The allegations in paragraph 86 of the Marchon/Nike Counterclaims do not require a response, except Plaintiffs refer to the referenced Settlement Agreement for its terms, which speak for themselves.

87. The allegations in paragraph 87 of the Marchon/Nike Counterclaims do not require a response, except Plaintiffs refer to the referenced Settlement Agreement for its terms, which speak for themselves.

88. The allegations in paragraph 88 of the Marchon/Nike Counterclaims do not require a response, except Plaintiffs refer to the referenced Settlement Agreement for its terms, which speak for themselves.

89. Deny the allegations in paragraph 89 of the Marchon/Nike Counterclaims.

90. Deny the allegations in paragraph 90 of the Marchon/Nike Counterclaims.

91. Deny the allegations in paragraph 91 of the Marchon/Nike Counterclaims.

92. Deny the allegations in paragraph 92 of the Marchon/Nike Counterclaims.

93. Deny the allegations in paragraph 93 of the Marchon/Nike Counterclaims, and specifically deny that Aspex breached the referenced Settlement Agreement.

94. Deny the allegations in paragraph 94 of the Marchon/Nike Counterclaims.

95. Deny the allegations in paragraph 95 of the Marchon/Nike Counterclaims.

## FOURTH COUNTERCLAIM - BREACH OF IMPLIED
## COVENANT OF GOOD FAITH AND FAIR DEALINGS

96. Repeat and reallege their responses to each of the preceding paragraphs as if fully set forth herein.

97. The allegations in paragraph 97 of the Marchon/Nike Counterclaims state a legal conclusion, and therefore do not require a response.

98. Deny the allegations in paragraph 98 of the Marchon/Nike Counterclaims.

99. Deny the allegations in paragraph 99 of the Marchon/Nike Counterclaims.

100. Deny the allegations in paragraph 100 of the Marchon/Nike Counterclaims.

101. Deny the allegations in paragraph 101 of the Marchon/Nike Counterclaims.

## EXCEPTIONAL CASE

102. Repeat and reallege their responses to each of the preceding paragraphs as if fully set forth herein.

103. Admit the allegations in paragraph 103 of the Marchon/Nike Counterclaims.

104. Deny the allegations in paragraph 104 of the Marchon/Nike Counterclaims.

105. Deny the allegations in paragraph 105 of the Marchon/Nike Counterclaims.

106. Admit the allegations in paragraph 106 of the Marchon/Nike Counterclaims.

107. Admit the allegations in paragraph 107 of the Marchon/Nike Counterclaims.

108. Deny the allegations in paragraph 108 of the Marchon/Nike Counterclaims.

109. Deny the allegations in paragraph 109 of the Marchon/Nike Counterclaims.

110. Deny the allegations in paragraph 110 of the Marchon/Nike Counterclaims.

111. Deny the allegations in paragraph 111 of the Marchon/Nike Counterclaims.

112. Deny the allegations in paragraph 112 of the Marchon/Nike Counterclaims.

113. The allegations in paragraph 113 of the Marchon/Nike Counterclaims seek a response which would, by their inherent nature, require Plaintiffs to reveal the substance of communications protected by the attorney/client privilege.  No response is therefore required.

114. The allegations in paragraph 114 of the Marchon/Nike Counterclaims seek a response which would, by their inherent nature, require Plaintiffs to reveal the substance of communications protected by the attorney/client privilege.  No response is therefore required.

115. Deny the allegations in paragraph 115 of the Marchon/Nike Counterclaims.

116. Deny the allegations in paragraph 116 of the Marchon/Nike Counterclaims.

117. Deny the allegations in paragraph 117 of the Marchon/Nike Counterclaims.

118. Deny the allegations in paragraph 118 of the Marchon/Nike Counterclaims.

119. Deny the allegations in paragraph 119 of the Marchon/Nike Counterclaims.

120. Deny the allegations in paragraph 118 of the Marchon/Nike Counterclaims.

121. Deny the allegations in paragraph 118 of the Marchon/Nike Counterclaims.

122. Deny the allegations in paragraph 122 of the Marchon/Nike Counterclaims.

123. Deny the allegations in paragraph 123 of the Marchon/Nike Counterclaims, except Plaintiffs refer to the transcript of the referenced deposition for its testimony, which speaks for itself.

124. Deny the allegations in paragraph 124 of the Marchon/Nike Counterclaims, except Plaintiffs refer to the transcript of the referenced deposition for its testimony, which speaks for itself.

125. Deny the allegations in paragraph 125 of the Marchon/Nike Counterclaims.

126. Deny the allegations in paragraph 126 of the Marchon/Nike Counterclaims.

127. Deny the allegations in paragraph 127 of the Marchon/Nike Counterclaims.

128. Deny the allegations in paragraph 128 of the Marchon/Nike Counterclaims.

129. Deny the allegations in paragraph 129 of the Marchon/Nike Counterclaims.

130. Deny the allegations in paragraph 130 of the Marchon/Nike Counterclaims.

131. Deny the allegations in paragraph 131 of the Marchon/Nike Counterclaims.

132. Deny the allegations in paragraph 132 of the Marchon/Nike Counterclaims.

133. Deny the allegations in paragraph 133 of the Marchon/Nike Counterclaims.

134. Deny the allegations in paragraph 134 of the Marchon/Nike Counterclaims.

135. Deny the allegations in paragraph 135 of the Marchon/Nike Counterclaims.

136. Deny the allegations in paragraph 136 of the Marchon/Nike Counterclaims.

137. Deny the allegations in paragraph 137 of the Marchon/Nike Counterclaims.

138. Deny the allegations in paragraph 138 of the Marchon/Nike Counterclaims.

139. Deny the allegations in paragraph 139 of the Marchon/Nike Counterclaims.

140. Deny the allegations in paragraph 140 of the Marchon/Nike Counterclaims.

141. The allegations in paragraph 141 of the Marchon/Nike Counterclaims do not require a response.

142. Defendant denies all allegations of the Marchon/Nike Counterclaims not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Marchon/Nike Counterclaims fail to state a claim against Plaintiffs upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Nike lacks standing to assert counterclaims for breach of contract or breach of the implied covenant of good faith and fair dealing, as it is not a party to either the referenced Settlement Agreement, or to any other contract with either Aspex or Contour.

### THIRD AFFIRMATIVE DEFENSE

Marchon's and Nike's counterclaims for breach of contract and for breach of the implied covenant of good faith and fair dealing are barred by the doctrines of estoppel and waiver.

### FOURTH AFFIRMATIVE DEFENSE

Neither Marchon nor Nike has suffered any damages.

### FIFTH AFFIRMATIVE DEFENSE

Marchon's and Nike's counterclaims for breach of contract and for breach of the implied covenant of good faith and fair dealing are barred by the doctrines of set-off and recoupment.

### SIXTH AFFIRMATIVE DEFENSE

To the extent that Marchon or Nike have suffered any damages, their counterclaims for breach of contract and for breach of the implied covenant of good faith and fair dealing are barred because they have each failed to mitigate their alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs intend to rely on any additional affirmative defenses which become available or apparent during remaining discovery or trial of this action, and thus reserve the right to amend this Reply to assert such additional defenses.

WHEREFORE, Plaintiffs request that this Court grant Judgment in their favor, and award them the following relief:

1. For a judgment against Marchon and Nike and in favor of Plaintiffs on the Marchon/Nike Counterclaims.

2. Grant all of the relief sought by Plaintiffs in the Complaint, including such other and further relief as the equity of the case may require and as this Court may deem just and proper, together with costs and disbursements of this action, including attorneys' fees.

Dated:   September 2, 2010                Respectfully submitted,

                                                              GREENBERG TRAURIG, P.A.
                                                           1221 Brickell Avenue
                                                           Miami, Florida 33131
                                                           Telephone:  (305) 579-0500
                                                           Facsimile:  (305) 579-0717

                                            By: __s/ Jacqueline Becerra_____
                                                           JACQUELINE BECERRA
                                                           Florida Bar No. 025135
                                                           BecerraJ@gtlaw.com
                                                           ERICKA TURK-MOORE
                                                           Florida Bar No. 0038198
                                                           TurkmooreE@gtlaw.com

                                                           MICHAEL NICODEMA
                                                           *Pro hac vice*
                                                           NicodemaN@gtlaw.com
                                                           TODD L. SCHLEIFSTEIN
                                                           *Pro hac vice* (pending)
                                                           SchleifsteinT@gtlaw.com

                                                           GREENBERG TRAURIG, LLP
                                                           200 Park Avenue
                                                           Florham Park, New Jersey 07932
                                                           Telephone:  (973) 360-7900
                                                           Facsimile:  (973) 301-8410

                                                           *Attorneys for Plaintiffs Aspex Eyewear, Inc.*
                                                           *and Contour Optik, Inc.*

## CERTIFICATE OF SERVICE

     I HEREBY certify that on this 2nd day of September, 2010, I electronically filed the foregoing document with the Court using CM/ECF.  I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                                             s/Jacqueline Becerra_____
                                                                             JACQUELINE BECERRA

## SERVICE LIST

Aspex Eyewear, Inc., et al., v. Hardy Life, LLC, et al.,
Case No. 09-61515-CIV-Cooke/ Bandstra
United States District Court, Southern District of Florida

Janet T. Munn
jmunn@rascoklock.com
Rasco Klock Reininger Perez
Esquenazi Vigil & Nieto
283 Catalonia Avenue
Second Floor
Miami, Florida 33134
Telephone: 305-476-7101
Facsimile: 305-476-7102

*Attorneys for Defendants Hardy Way, LLC, Revolution Eyewear, Inc. and Gary Martin Zelman*

Steven M. Hanle, Admitted Pro Hac Vice
shanle@sheppardmullin.com
Jennifer A. Trusso, Admitted Pro Hac Vice
jtrusso@sheppardmullin.com
Aaron Fennimore, Admitted Pro Hac Vice
afennimore@sheppardmulli.com
Sheppard, Mullin, Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626
Telephone: 714-513-5100
Facsimile: 714-513-5130

*Attorneys for Defendants Revolution Eyewear, Inc. and Gary Martin Zelman*

W. Barry Blum
bblum@gjb-law.com
Martin J. Keane
mkeane@gjb-law.com
Genovese Joblove & Battista, P.A.
100 S.E. 2nd Street, Suite 4400
Miami, Florida 33131
Telephone: 305-349-2300
Facsimile: 305-349-2310

Edgar H. Haug, Admitted Pro Hac Vice
ehaug@flhlaw.com
Brian S. Goncalves, Admitted Pro Hac Vice
bgoncalves@flhlaw.com
David Herman, Admitted Pro Hac Vice
dherman@flhlaw.com
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151
Telephone: 212-588-0888
Facsimile: 212-588-0500

*Attorneys for Defendants
Marchon Eyewear, Inc. and Nike, Inc.*