UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61515-CIV-COOKE/BANDSTRA

ASPEX EYEWEAR, INC. and
CONTOUR OPTIK, INC.,

      Plaintiffs,

vs.

HARDY LIFE, LLC, MARCHON
EYEWEAR, INC., NIKE, INC.,
REVOLUTION EYEWEAR, INC., and
GARY MARTIN ZELMAN, an
individual,

      Defendants.

_____/

**PLAINTIFFS' RESPONSE TO DEFENDANT MARCHON EYEWEAR, INC.'S
RULE 7.5 COUNTER STATEMENT OF MATERIAL FACTS IN OPPOSITION TO
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Local Rule 7.5, Plaintiffs Aspex Eyewear, Inc. and Contour Optik, Inc.

(collectively "Plaintiffs") submit the following response to Marchon Eyewear, Inc.'s Rule 7.5

Counter Statement Of Material Facts. Plaintiffs' response herein tracks the headings and

numbered paragraphs of Marchon's Counter Statement.

1.     Disputed.  *See* Ifergan Decl. ¶¶ 2-5 (describing the construction of the primary frames);
Zaro Decl. ¶ 8 (at pg. 6, 8) (showing that Marchon's auxiliary frame do satisfy the following
limitation of Claim 23 of the "545 Patent: "…each of said side portions having an arm extended
therefrom, each of said arms having a rearwardly directed free end for securing a magnetic
member having a horizontal surface).

2.     Disputed.  *See* Ifergan Decl. ¶¶ 2-5 (describing the construction of the primary frames);
Zaro Decl. ¶ 8 (at pgs. 11-14) (showing that Marchon's products do satisfy the following
limitation of Claim 23 of the '545 patent: "…said arms and said pair of magnetic members
adapted to extend across respective portions of a primary spectacle frame…").

3.     Disputed.  *See* Ifergan Decl. ¶¶ 2-5 (describing the construction of the primary frames);
Zaro Decl. ¶ 8 (at pgs. 11-14) (showing that Marchon's products do satisfy the following

limitation of Claim 23 of the '545 Patent: "...so that said pair of magnetic members having a horizontal surface can vertically engage corresponding magnetic member surfaces on a primary spectacle frames..." ).

4.      Disputed.  The above elements are part of claim 35 and Marchon satisfies them. *See* 1-3 above.

5.      Disputed.  *See* Ifergan Decl. ¶¶ 2-5 (describing the construction of the primary frames); Zaro Decl. ¶ 8 (at pg. 8) (showing that Marchon's auxiliary frame do satisfy the following limitation of Claim 23 of the "545 Patent: "...each of said side portions having an arm extended therefrom, each of said arms having a rearwardly directed free end for securing a magnetic member having a horizontal surface).

6.      Disputed.  *See* Ifergan Decl. ¶¶ 2-5 (describing the construction of the primary frames); Zaro Decl. ¶ 8 (at pgs. 11-14) (showing that Marchon's products do satisfy the following limitation of Claim 23 of the '545 patent: "...said arms and said pair of magnetic members adapted to extend across respective portions of a primary spectacle frame...").

7.      Disputed.  *See* Ifergan Decl. ¶¶ 2-5 (describing the construction of the primary frames); Zaro Decl. ¶ 8 (at pgs. 13-14) (showing that Marchon's products do satisfy the following limitation of Claim 23 of the '545 Patent: "...so that said pair of magnetic members having a horizontal surface can vertically engage corresponding magnetic member surfaces on a primary spectacle frames..." ).

8.      Disputed.  The above elements are part of claim 35 and Marchon satisfies them. *See* 5-7 above.

9.      Disputed.  *See* Zaro Decl. ¶ 8 (at pg. 9).  In addition, the statement in paragraph 9 is not material for the reasons set forth in Plaintiff's Reply Brief at pgs. 5-6.

10.     Disputed.  Mr. Sodano's conclusory statement about another expert's testimony is not a fact.

11.     Disputed.  *See* Ifergan Decl. ¶¶ 2-5 (describing the construction of the primary frames); Zaro Decl. ¶ 8 (showing that Marchon's products meet the elements of claim 23).

12.     Disputed.  *See* Ifergan Decl. ¶¶ 2-5 (describing the construction of the primary frames); Zaro Decl. ¶ 8 (showing that Marchon's products meet the elements of claim 35).

2

Dated:  October 15, 2010                   Respectfully submitted,

                                           By: s/Jacqueline Becerra
                                           Jacqueline Becerra
                                           BecerraJ@gtlaw.com
                                           Ericka Turk-Moore
                                           TurkMooreE@gtlaw.com
                                           GREENBERG TRAURIG, P.A.
                                           1221 Brickell Avenue
                                           Miami, Florida 33131
                                           Telephone:  (305) 579-0500
                                           Facsimile:  (305) 579-0717

                                           and

                                           Michael A. Nicodema, Admitted *Pro Hac Vice*
                                           NicodemaM@gtlaw.com
                                           Barry J. Schindler, Admitted *Pro Hac Vice*
                                           SchindlerB@gtlaw.com
                                           Todd L. Schleifstein, Admitted *Pro Hac Vice*
                                           SchleifsteinT@gtlaw.com
                                           GREENBERG TRAURIG, LLP
                                           200 Park Avenue
                                           Florham Park, New Jersey 07932
                                           Telephone:  (973) 360-7900
                                           Facsimile:  (973) 301-8410

                                           *Attorneys for Plaintiffs Aspex Eyewear, Inc.*
                                           *and Contour Optik, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/EFC or in some other manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                           /s/Jacqueline Becerra
                                           JACQUELINE BECERRA

## SERVICE LIST

Aspex Eyewear, Inc., et al., v. Hardy Life, LLC, et al.,
Case No. 09-61515-CIV-Cooke/ Bandstra
United States District Court, Southern District of Florida

Janet T. Munn
jmunn@rascoklock.com
Rasco Klock Reininger Perez
Esquenazi Vigil & Nieto
283 Catalonia Avenue
Second Floor
Miami, Florida 33134
Telephone: 305-476-7101
Facsimile: 305-476-7102

*Attorneys for Defendants Hardy Way, LLC,*
*Revolution Eyewear, Inc. and Gary Martin*
*Zelman*

Steven M. Hanle, Admitted Pro Hac Vice
shanle@sheppardmullin.com
Jennifer A. Trusso, Admitted Pro Hac Vice
jtrusso@sheppardmullin.com
Aaron Fennimore, Admitted Pro Hac Vice
afennimore@sheppardmulli.com
Sheppard, Mullin, Richter & Hampton LLP
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626
Telephone: 714-513-5100
Facsimile: 714-513-5130

*Attorneys for Defendants Revolution*
*Eyewear, Inc. and Gary Martin Zelman*

W. Barry Blum
bblum@gjb-law.com
Martin J. Keane
mkeane@gjb-law.com
Genovese Joblove & Battista, P.A.
100 S.E. 2nd Street, Suite 4400
Miami, Florida 33131
Telephone: 305-349-2300
Facsimile: 305-349-2310

Edgar H. Haug, Admitted Pro Hac Vice
ehaug@flhlaw.com
Brian S. Goncalves, Admitted Pro Hac Vice
bgoncalves@flhlaw.com
David Herman, Admitted Pro Hac Vice
dherman@flhlaw.com
Frommer Lawrence & Haug LLP
745 Fifth Avenue
New York, NY 10151
Telephone: 212-588-0888
Facsimile: 212-588-0500

*Attorneys for Defendants*
*Marchon Eyewear, Inc. and Nike, Inc.*