# EXHIBIT E

UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| 09/182,862 | 10/21/98 | CHAO   R | CONT1013SRM/ |

MM42/0715

SHELDON R MEYER
FLIESLER DUBB MEYER AND LOVEJOY
FOUR EMBARCADERO CENTER
SUITE 400
SAN FRANCISCO CA 94111-4156

EXAMINER: MAI, H

ART UNIT: 2873

PAPER NUMBER: 5

DATE MAILED: 07/15/99

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

PTO-90C (Rev. 2/95)

1- File Copy

| **Office Action Summary** | Application No. 09/182,862 | Applicant(s) Chao |
|---|---|---|
| | Examiner Huy Mai | Group Art Unit 2873 |

☒ Responsive to communication(s) filed on *Oct 21, 1998*

☐ This action is **FINAL**.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire *three (3)* month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *1-35* is/are pending in the application.

Of the above, claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) *1-35* is/are rejected.

☐ Claim(s) _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☒ The proposed drawing correction, filed on *Oct 21, 1998* is ☐ approved ☒ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

☐ received.

☐ received in Application No. (Series Code/Serial Number) _____.

☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☒ Notice of References Cited, PTO-892

☒ Information Disclosure Statement(s), PTO-1449, Paper No(s). __2__

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

--- *SEE OFFICE ACTION ON THE FOLLOWING PAGES* ---

U.S. Patent and Trademark Office
PTO-326 (Rev. 9-95)      Office Action Summary      Part of Paper No. __5__

Application/Control Number: 09/182,862                                                                    Page 2

Art Unit: 2873

## DETAILED ACTION

### *Information Disclosure Statement*

1. The Information Disclosure Statement filed on October 21, 1998 is acknowledged.

### *Reissue Declaration*

2. The reissue oath/declaration filed with this application is defective because it fails to identify at least one error which is relied upon to support the reissue application. See 37 CFR 1.175(a)(1) and MPEP § 1414.

The applicant does not specifically identify the at least one error.

The reissue declaration filed with the application on October 21, 1998 refers to, on page 2, "3. I have review and understand the contents of the above-identified specification, including claims." is not acceptable because the declaration refers only to the patent specification and patent claims, and not to the reissue specification and reissue claims (no serial number for the reissue application was assigned at that time). Applicant should submit another supplemental reissue declaration that corrects this error.

A reissue oath or declaration *inter alia* must state at least one error for reissue. The statement included in paragraphs 12 and 13 of the declaration do not state an error that renders the patent invalid or inoperative for reissue. The statements regarding the fact that some limitations should have been claimed and some aspect of the invention should have been described are not adequate to meet the requirement that the declaration states "at least one error being relied upon as basis for reissue" pursuant to 37 CFR 1.175(a)(1).

It is not sufficient for an oath/declaration to merely state "As herein after more fully explained, ... , subject matter was disclosed in the figures of the Patent, but not described in the text; and vice versa. Through the Patent was not appropriately claimed, the disclosed figures and text show my intent to claim" and "failure to describe 'embodiments' ... and suggest broader and narrower claim language were errors." Rather, the oath/declaration must specifically identify an error. In addition,

Application/Control Number: 09/182,862 Page 3

Art Unit: 2873

it is not sufficient to merely reproduce the claims with brackets and underlining and state that such will identify the error. See In re Constant, 827 F.2d 728, 729, 3 USPQ2d 1479 (Fed. Cir.), cert. denied, 484 U.S. 894 (1987).

3.   Claims 1-35 are rejected as being based upon a defective reissue declaration under 35 U.S.C. § 251. See 37 C.F.R. § 1.175.

4.   Claims 8,9,12,13,16-22,25-35 are rejected under 35 U.S.C. 251 as being based upon new matter added to the patent for which reissue is sought. The added material which is not supported by the prior patent is as follows:

The subject matter of the first magnetic members being coupled, but not in contact, with the second magnetic member as claimed in claims 8,9,22,35 is new matter. Nowhere in the original specification provide support for such subject matter as claimed in claims 8,9,22,35.

The subject matter of the end portion of the arm of the auxiliary spectacle frame extended downward toward the projection for hooking on the primary spectacle frame as claimed in claims 25-33 and of newly added phrases in pages 2 and 3 of the original specification is new matter. Nowhere in the original specification provide support for such subject matter as claimed in claims 25-33.

Regarding claims 12,16,18,20,34,35, the subject matter of securing the magnetic members to the side portions of the primary spectacle frame and of the auxiliary spectacle frame is not supported in the original specification. Therefore, it is new matter.

The remaining claims are dependent upon the rejected base claims and thus inherit the deficiency thereof.

Application/Control Number: 09/182,862                                         Page 4

Art Unit: 2873

### *Drawings*

5.    The proposed drawing correction and/or the proposed substitute sheets of drawings, filed on 10/21/1998, have been disapproved because they introduce new matter into the drawings. 37 CFR 1.121(a)(6) states that no amendment may introduce new matter into the disclosure of an application. The original disclosure does not support the showing of the end portion, but not the magnetic member 22, of the arm extends downward toward the projection for hook on the primary spectacle frame as shown in the newly added Fig.8.

Applicant is notified that any changes to the drawings must comply with 37 CFR 1.121(b)(3).

### *Specification*

6.    . The amendment filed 10/21/1998 is objected to under 35 U.S.C. 132 because it introduces new matter into the disclosure. 35 U.S.C. 132 states that no amendment shall introduce new matter into the disclosure of the invention. The added material which is not supported by the original disclosure is as follows: The newly added phrases in pages 2 and 3 of the original disclosure are new matter.

Applicant is required to cancel the new matter in the reply to this Office action.

### *Claim Rejections - 35 USC § 112*

7.    The following is a quotation of the first paragraph of 35 U.S.C. 112:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same and shall set forth the best mode contemplated by the inventor of carrying out his invention.

8.    Claims 8,9,22,25-33,35 are rejected under 35 U.S.C. 112, first paragraph, as containing subject matter which was not described in the specification in such a way as to reasonably convey to one skilled in the relevant art that the inventor(s), at the time the application was filed, had possession of the claimed invention.

Application/Control Number: 09/182,862                                      Page 5

Art Unit: 2873

The original specification fails to disclose and/or discuss the reasons why the first magnetic member being coupled, but not in contact, with the second magnetic member as now claimed in claims 8,9,22,35. This renders how the auxiliary spectacle frame being stably supported on the primary spectacle frame as now claimed.

The original specification fails to disclose the subject matter of the end portion of the arm of the auxiliary spectacle frame extended downward toward the projection for hooking on the primary spectacle frame as claimed in claims 25-33 and of newly added phrases in pages 2 and 3 of the original specification is new matter. Nowhere in the original specification provide support for such subject matter as claimed in claims 25-33.

The original specification fails to disclose the subject matter of securing the magnetic members to the side portions of the primary spectacle frame and of the auxiliary spectacle frame as claimed in claims 12,16,18,20,34,35. Nowhere in the original specification provide support for such subject matter as claimed in claims 12,16,18,20,34,35. Therefore, this subject matter is new matter.

The remaining claims are dependent upon the rejected base claims and thus inherit the deficiency thereof.

9.   Claims 1-35 are rejected under 35 U.S.C. 112, first paragraph, as containing subject matter which was not described in the specification in such a way as to reasonably convey to one skilled in the relevant art that the inventor(s), at the time the application was filed, had possession of the claimed invention.

Regarding claim 1, adding the phrase "at least one of" before the phrase "said arms" and deleting the function "engaged with" of the arms not only enlarge the scope of the claimed invention, but also render the invention, as a whole, as claimed become inoperative. The above-mentioned adding and deleting render whether or not "a pair of second magnetic members secured to said arms respectively for engaging with said first magnetic members of said primary spectacle frame" (claim 1, lines 17-19) because the "at least one of said arms" may be supported on along the upper side portion of the lens rim of the primary spectacle frame. The above-mentioned adding and deleting also

Application/Control Number: 09/182,862                                                Page 6

Art Unit: 2873

render whether or not all the functions "so as to allow ... and so as to prevent ... and so as to prevent ..." (claim 1, lines 23-29) are existed.

Regarding newly added claims 5,10,12,14,16,18,20,22,34,35, the phrase "at least one of" before the word "arms" and missing the function "engaged with" of the arms not only enlarge the scope of the patent claimed invention, but also render the invention, as a whole, as claimed become inoperative. The discussion of these claims is the same as that discussed in claim 1. Therefore, repeating such a discussion is unnecessary.

The remaining dependent claims are dependent upon the rejected base claims and thus inherit the deficiency thereof.

10.    Claims 5-9,10-13,22,32-35 are rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to particularly point out and distinctly claim the subject matter which applicant regards as the invention.

The limitation "configured to engage" (claim 5, line 17 and claim 10, line 16) is unclear. What does the Applicant mean by "configured to engage"? Since the second magnetic member engages with the first magnetic member by the magnetic attraction, it is unclear how the second magnetic member coupled, but not in contact, with the first magnetic member in order to the auxiliary frame stably supported by the primary frame as claimed in claim 8 and 22. The phrase "the side portions" (claim 6, line 2; claim 9, line 2; claim 13, line 10) should read -- the side portions of the primary frame--; otherwise, the feature "the side portion" is undefined. The feature "each side portion" (claim 22, line 8) is undefined clearly. Which side portions? The phrases "the primary spectacle frame" (claim 12, lines 3,6; claim 13, line 2; claim 35, lines 3,6) and "the auxiliary spectacle frame (claim 12, line 10; claim 35, line 10) have no antecedent basis. The limitations in claim 12, 34 and 35 are unclear because of "engaging on a horizontal position" and of "coupling on a horizontal position, but not in contact with...". The structure of the eyeglass device in claims 12,34,35 does not draw such a horizontal position.

Regarding claim 10, the word "means" is preceded by the word "upper" in an attempt to use a "means" clause to recite a claim element as a means for performing a specific function. However, since no function being specified by the word preceding "means." It is impossible to determine the equivalent of the claim element, as set forth by 35 U.S.C. 112, sixth paragraph. See *Ex Parte Klumb*, 159 USPQ 694 (Bd. App. 1967).

The remaining claims are dependent upon the rejected base claims and thus inherit the deficiency thereof.

### *Claim Rejections - 35 USC § 102*

11. The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless --
>
> (a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for a patent.
>
> (e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent, or on an international application by another who has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371© of this title before the invention thereof by the applicant for patent.

12. Claims 12,34 are rejected under 35 U.S.C. 102(e) as being anticipated by Nishioka (5,642,177).

The limitations in claims 12,34 are shown in Nishioka's Figs 1-3, column 2, lines 10-64. Nishioka discloses an eyeglass device comprising a primary frame 5a having two side portions, each side portion having an extension extended therefrom for pivotally coupling a temple thereto, the primary frame 5a including two first magnets 7, each secured to one of said side portion; and an auxiliary frame 1a for disposed in front of the primary frame 5a, the auxiliary frame including two auxiliary side portions, the auxiliary frame including two second magnets 3, each secured to one of the auxiliary side portions, for engaging on a horizontal position with one of the first magnets 7 so as to secure the auxiliary frame 1a to the primary frame 5a.

Application/Control Number: 09/182,862                                                    Page 8

Art Unit: 2873

13.     Claims 1,3-7,10-21,23,24,34 are rejected under 35 U.S.C. 102(a) as being anticipated by Twincome-Pentax.

The Applicant's claimed invention as claimed in claims 1,3-7,10-21,23,24,34 is anticipated over Twincome-Pentax (Pentax). While the applicant is challenging on the publication date of the documents of the Twincome-Pentax, a rejection under 35 U.S.C. 102 (a) is applicable because the claimed invention meets the quotation "the invention was known ... by others ... described in a "printed publication" (see discussion below) in this or foreign country before the invention thereof by the applicant for a patent" as set forth 35 U.S.C.102(a) over the described Twincome in the documents of the Pentax.

The documents of the Twincome-Pentax constitute a "printed publication" in view of *In re Wyer*, 655 F.2d 221, 210 USPQ 790 (CCPA 1981) and *In re Bayer*, 568 F.2d 1357, 196 USPQ 670 (CCPA 1978).

According to *In re Wyer*, 655 F.2d 221, 210 USPQ 790 (CCPA 1981), "A reference is proven to be a "printed publication" upon a satisfactory showing that such document has been disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art, exercising reasonable diligence, can locate it." and "in any event, interpretation of the words 'printed' and 'publication' to mean 'probability of dissemination' and 'public accessibility' respectively."

It appears that the Twincome documents including products, at least models, were delivered to the individuals as well as the large retails and displayed at the IOFT (International Optical Fair Tokyo). Thus, the documents of the Twincome-Pentax have been disseminated and were public accessible.

The evident, shown in the Twincome-Pentax, are sufficient to constitute a "printed publication" as long as a presumption is raised that the portion of the public concerned with the art would know of the invention. *In re Bayer*, 568 F.2d 1357, 196 USPQ 670 (CCPA 1978).

Application/Control Number: 09/182,862                                            Page 9

Art Unit: 2873

14.     Applicant is reminded of the continuing obligation under 37 CFR 1.56 to timely apprise the Office of any litigation information, or other prior or concurrent proceeding, involving Patent No. 5,568,207, which is material to patentability of the claims under consideration in this reissue application. This obligation rests with each individual associated with the filing and prosecution of this application for reissue. See MPEP §§ 1404, 1442.01 and 1442.04.

15.     Any inquiry concerning this communication or earlier communications from the examiner should be directed to Huy Mai whose telephone number is (703) 308-4874. The fax phone number for the organization where this application or proceeding is assigned is (703) 308-7722 (or 7724).

Any inquiry of a general nature or relating to the status of this application or proceeding should be directed to the receptionist whose telephone number is (703) 308-0956.

                                                                                    Huy Mai
                                                                                    Primary Examiner
                                                                                    Technology Center 2800

HM/
July 14, 1999

| | | | **Notice of References Cited** | | Application No. 09/182,862 | Applicant(s) Chao | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | Examiner Huy Mai | Group Art Unit 2873 | | Page 1 of 1 |

### U.S. PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| X | A | 5,416,537 | 5/1995 | Sadler | 351 | 47 |
| | B | | | | | |
| | C | | | | | |
| | D | | | | | |
| | E | | | | | |
| | F | | | | | |
| | G | | | | | |
| | H | | | | | |
| | I | | | | | |
| | J | | | | | |
| | K | | | | | |
| | L | | | | | |
| | M | | | | | |

### FOREIGN PATENT DOCUMENTS

| * | | DOCUMENT NO. | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|---|
| | N | | | | | | |
| | O | | | | | | |
| | P | | | | | | |
| | Q | | | | | | |
| | R | | | | | | |
| | S | | | | | | |
| | T | | | | | | |

### NON-PATENT DOCUMENTS

| * | | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|---|
| | U | | |
| | V | | |
| | W | | |
| | X | | |

\* A copy of this reference is not being furnished with this Office action.
(See Manual of Patent Examining Procedure, Section 707.05(a).)

U. S. Patent and Trademark Office
PTO-892 (Rev. 9-95)            Notice of References Cited            Part of Paper No. 5