# EXHIBIT J

Our Docket No. <u>4216-4000</u>

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re Reissue of                                      :

**Letters Patent 5,568,207**                          :

                                                      :

Richard **CHAO**                                      :      Examiner: H. Mai

                                                      :

Serial No.:      09/182,862                           :      Group Art Unit: 2873

                                                      :

Filed:   October 21, 1998                             :

                                                      :

For: AUXILIARY LENSES FOR EYEGLASSES                  :

Commissioner of Patents
Washington, D.C. 20231

## AMENDMENT AND INTERVIEW SUMMARY

SIR:

    Kindly amend the above-identified application in response to the April 4, 2001 Interview
as follows:

## **IN THE DRAWINGS:**

    Please cancel Figure 8.

## **IN THE SPECIFICATION:**

    Column 2, after line 30, delete "<u>Figure 8 illustrates another embodiment of a cross</u>

<u>sectional view taken along lines 7-7 of FIG. 6.</u>" in its entirety.

23484 v2

Amendment and Interview Summary                                    Docket No. 4216-4000
Serial No. 09/182,862

Column 3, delete and rewrite the first paragraph as follows:

- Referring next to FIG. 7, it is preferable that the projections

13 and the magnetic members 14 are located slightly lower

than the upper portion of the primary spectacle frame 10; and

the end portions of the arms 21 and/or the magnetic members

22 are slightly extended downward toward the projections 13

such that the arms 21 and the magnetic members 22 may hook

on the primary spectacle frame 10 and such that the auxiliary

spectacle frame 20 may further be stably supported and secured

to the primary spectacle frame 10. -

**IN THE CLAIMS:**

**For the sake of clarity, all of the claims pending in this reissue, "original, amended and new" are being reproduced below for housekeeping purposes.**

1. **(Four Times Amended)** An eyeglass device comprising:

a primary spectacle frame for supporting primary lenses therein, said primary spectacle

frame including two side portions each having an extension extended therefrom for pivotally

coupling a leg means thereto, said primary spectacle frame including two rear and side portions

each having a projection secured thereto, said primary spectacle frame including an upper side

portion,

a pair of first magnetic members secured in said projections respectively,

an auxiliary spectacle frame for supporting auxiliary lenses therein, said auxiliary

spectacle frame including two side portions each having an arm extended therefrom for

23484 v2

Amendment and Interview Summary
Serial No. 09/182,862

Docket No. 4216-4000

extending over [and for engaging with] said upper side portion of said primary spectacle frame, and

a pair of second magnetic members secured to said arms respectively for engaging with said first magnetic members of said primary spectacle frame so as to secure said auxiliary spectacle frame to said primary spectacle frame,

said arms being [engaged with and] supported on said upper side portion of said primary spectacle frame so as to allow said auxiliary spectacle frame to be stably supported on said primary spectacle frame and so as to prevent said auxiliary spectacle frame from moving downward relative to said primary spectacle frame and so as to prevent said auxiliary spectacle frame from being disengaged from said primary spectacle frame.

2. (**Original**)  An eyeglass device according to Claim 1, wherein said projections and said first magnetic members are arranged lower than said upper side portion of said primary spectacle frame, said second magnetic members are extended downward toward said projections for hooking on said primary spectacle frame so as to further secure said auxiliary spectacle frame to said primary spectacle frame.

3. (NEW)      An eyeglass device as recited in Claim 1 wherein the first and the second magnetic members are magnets.

**Please cancel claims 4 – 11 without prejudice or disclaimer.**

-3-

23484 v2

Amendment and Interview Summary
Serial No. 09/182,862

Docket No. 4216-4000

**Please amend the claim 12 as follows:**

12. (**Once Amended**) An eyeglass device comprising:

a primary spectacle frame for supporting primary lenses therein with the lenses defining a

vertical plane, the primary spectacle frame including two side portions, each of the side portions

having an extension extended therefrom for pivotally coupling a leg thereto and a first magnet

having a horizontal surface and secured to a rear side of each of the side portions of the primary

spectacle frame, and

an auxiliary spectacle frame for supporting auxiliary lenses therein, and for disposing in

front of the primary spectacle frame, the auxiliary spectacle frame including two auxiliary side

portions, the auxiliary spectacle frame including two second magnets, each secured to one of the

auxiliary side portions for respectively engaging the horizontal surface of one of the first

magnets so as to secure the auxiliary spectacle frame to the primary spectacle frame.

**Please cancel claims 13 – 27 without prejudice or disclaimer.**

**Please amend the claim 28 as follows:**

28. (**Once Amended**) An eyeglass device as recited in Claim 12 wherein at least an end

portion of one auxiliary side portion extends downward toward one of the side portions of the

primary spectacle frame for hooking on the primary spectacle frame such that the auxiliary

spectacle frame is further stably supported and secured to the primary spectacle frame.

**Please cancel claims 29-35 without prejudice or disclaimer.**

23484 v2

Amendment and Interview Summary
Serial No. 09/182,862

Docket No. 4216-4000

**Please amend the claim 36 as:**

36. (**Once Amended**) An eyeglass device comprising:

a primary spectacle frame for supporting primary lenses therein;

the primary spectacle frame including two side portions, each side portion having an extension extended therefrom for pivotally coupling a leg thereto; and

the primary spectacle frame including two first magnetic members, each secured to one of the side portions of the primary spectacle frame; and

an auxiliary spectacle frame for supporting auxiliary lenses therein, and for disposing in front of the primary spectacle frame, the auxiliary spectacle frame including two auxiliary side portions, wherein the auxiliary spectacle frame further includes two second magnetic members, each secured to one of the auxiliary side portions, for coupling on a horizontal position with one of the first magnetic members so as to secure the auxiliary spectacle frame to the primary spectacle frame, the horizontal position being substantially perpendicular to a front surface of the primary spectacle frame.

37. (NEW)    An eyeglass device as recited in Claim 36 wherein the second magnetic members are magnets.

38. (NEW)    An eyeglass device as recited in Claim 36 wherein the first magnetic members are magnets.

39. (NEW)    An eyeglass device as recited in Claim 36 wherein the first and the second magnetic members are magnets.

23484 v2

Amendment and Interview Summary

Docket No. 4216-4000

Serial No. 09/182,862

40. (NEW)      An eyeglass device as recited in Claim 36 wherein the first magnetic members are not in contact with the second magnetic members.

41. (NEW)      An eyeglass device as recited in Claim 39 wherein the first magnetic members are not in contact with the second magnetic members.

**Please cancel claims 42- 66 without prejudice or disclaimer.**

**Please add the following new claims:**

67. (NEW)      An eyeglass device comprising:

a primary spectacle frame having two side portion extensions, each of said extensions having a front side, a rear side and a first magnetic member secured to said rear side,

an auxiliary spectacle frame including two side portions each having an arm extended therefrom for extending toward and beyond said rear side, each of said arms containing a second magnetic member, and

said arms and said first and second magnetic members cooperating to stably support said auxiliary spectacle frame on said primary spectacle frame.

68. (NEW)      An eyeglass device comprising:

a primary spectacle frame for supporting primary lenses therein, said primary spectacle frame including two side portions each having an extension extended therefrom for pivotally coupling a leg, each of said extensions also including an outer side, an inner side, and a top side with a projection secured to said inner side, each of said projections respectively securing a first magnetic member, and

-6-

23484 v2

Amendment and Interview Summary
Serial No. 09/182,862

Docket No. 4216-4000

an auxiliary spectacle frame for supporting auxiliary lenses therein, said auxiliary spectacle frame including two side portions each having an arm extended therefrom, said auxiliary spectacle frame further including a pair of second magnetic members secured to said arms respectively for engaging said first magnetic members of said primary spectacle, each of said arms adapted to extend over one of said top sides.

16.

69. (NEW)     An eyeglass device comprising:

a primary spectacle frame having two side portion extensions, each of said extensions having a front side and a rear side with a first magnetic member secured to said rear side, and

an auxiliary spectacle frame including two side portions, each of said side portions having an arm extended therefrom for extending beyond said rear side, said arms containing corresponding second magnetic members, said arms and said first and second magnetic members supporting said auxiliary spectacle frame on said primary spectacle frame.

17.

70. (NEW)     An eyeglass device comprising:

a primary spectacle frame having two side portion extensions, each of said extensions extending laterally away from one another and rearwardly of said frame, each of said extensions having a top side, a front side and a rear side with a first magnetic member secured to said rear side, and

an auxiliary spectacle frame including two side portions each having an arm extending from said front side over said top side, said arms containing corresponding second magnetic members, said arms and said first and second magnetic members supporting said auxiliary spectacle frame on said primary spectacle frame.

-7-

23484 v2

Amendment and Interview Summary                        Docket No. 4216-4000
Serial No. 09/182,862

71. (NEW)      An eyeglass device comprising:

a primary spectacle frame having two side portions, said side portions each having an

extension extending rearwardly therefrom having a top side and a rear side with a first magnetic

member secured thereto, and

an auxiliary spectacle frame including two arms for extending over a corresponding top

side of said extensions, said arms respectively containing second magnetic members for

cooperation with said first magnetic members and downwardly extended end portions for

hooking said auxiliary spectacle frame to said primary spectacle frame, said arms and said first

and second magnetic members supporting said auxiliary spectacle frame on said primary

spectacle frame.

72. (NEW)      An eyeglass device comprising:

a primary spectacle frame for supporting primary lenses therein having two side portion

extensions, said side portion extensions each having a top side and a projection attached to a rear

side thereof, each of said projections securing a first magnetic member, and

an auxiliary spectacle frame including two arms for extending over and engaging a

corresponding top side of said side portion extensions, said arms respectively containing second

magnetic members and downwardly extended end portions, at least said arms and said first and

second magnetic members supporting said auxiliary spectacle frame on said primary spectacle

frame.

-8-

Amendment and Interview Summary
Serial No. 09/182,862

Docket No. 4216-4000

73. (NEW)    An eyeglass device comprising:

a primary spectacle frame for supporting primary lenses therein having two side portions,

said side portions each having an extension with a top side and a rear side with a first magnetic

member secured to said rear side, and

an auxiliary spectacle frame including two arms for extending over and engaging a

corresponding top side of said extensions, said arms respectively containing downwardly

extended second magnetic members for hooking said auxiliary spectacle to said primary

spectacle frame, said arms and said first and second magnetic members cooperating to support

said auxiliary spectacle frame on said primary spectacle frame.

74. (NEW)    An eyeglass device comprising:

a primary spectacle frame for supporting primary lenses therein having an extension at

each side for pivotal coupling to a leg, each of said extensions having a front side, a rear side, a

top side and a projection attached to said rear side, each of said projections securing first

magnetic members, and

an auxiliary spectacle frame for supporting auxiliary lenses therein and including two

side portions, each of said side portions having an arm extended therefrom and adapted to extend

from said front side to beyond said rear side of said extension of said primary spectacle frame,

said arms each containing corresponding second magnetic members, said arms locating each of

said second magnetic members in an engagement position to engage respective first magnetic

members of said primary spectacle frame and inhibit relative vertical movement therebetween.

-9-

Amendment and Interview Summary                                    Docket No. 4216-4000
Serial No. 09/182,862

75. (NEW)     An eyeglass device comprising:

a primary spectacle frame for supporting primary lenses therein and having two side portions, an extension extending rearwardly from each of said side portions and having a front side, a rear side, a top side, and a rear end, each of said rear ends pivotally coupling a leg configured to conform to a user at a distal end thereof, each of said extensions of said primary spectacle frame further having a projection attached to each of said rear sides, and a pair of first magnetic members respectively secured in said projections, said first magnetic members capable of engaging second magnetic members of an auxiliary spectacle frame.

76. (NEW)     An eyeglass device comprising:

an auxiliary spectacle frame for supporting auxiliary lenses therein, said frame including a front side, a rear side, and oppositely positioned side portions, each of said side portions having an arm extended therefrom, each of said arms having a rearwardly directed free end for securing a magnetic member, and a pair of magnetic members respectively secured in the free ends of said arms, said arms and said pair of magnetic members adapted to extend across respective side portions of a primary spectacle frame so that said pair of magnetic members can vertically engage corresponding magnetic members on a primary spectacle frame.

-10-

23484 v2

Amendment and Interview Summary                                     Docket No. 4216-4000
Serial No. 09/182,862

77. (NEW)      An eyeglass device comprising:

an auxiliary spectacle frame for supporting auxiliary lenses therein, said frame including a front side, a rear side, and oppositely positioned side portions, each of said side portions having an arm extended therefrom, each of said arms having a rearwardly directed end for securing a magnetic member, a pair of magnetic members respectively located at said ends of said arms, each of said ends further including a downwardly extended end portion for hooking onto a primary spectacle, said arms and said pair of magnetic members adapted to extend across respective side portions of a primary spectacle frame so that said pair of magnetic members can engage corresponding magnetic members on a primary spectacle frame.

78. (NEW)      An eyeglass device comprising:

a primary spectacle frame having two side portions each having an extension extending therefrom and adapted to pivotally couple a leg thereto, said extensions each having a front side, a rear side, a top side and a projection extending from said rear side, each of said projections securing a first magnetic member, and

an auxiliary spectacle frame including two side portions each having an arm extended therefrom for extending over said top side, said arms containing corresponding second magnetic members, said arms with said second magnetic members engaging said first magnetic members thereby securing said auxiliary frame to said primary spectacle frame to prevent said auxiliary spectacle frame from moving downward relative to and/or disengaging from said primary spectacle frame.

-11-

Amendment and Interview Summary
Serial No. 09/182,862

Docket No. 4216-4000

79. (NEW)    The eyeglass device according to claim 67, wherein said first and second magnets members are magnets.

80. (NEW)    The eyeglass device according to claim 68, wherein said first and second magnets members are magnets.

81. (NEW)    An eyeglass device, comprising:

a primary spectacle frame for supporting primary lenses therein;

a pair of extensions mounted to said primary spectacle frame at laterally spaced locations and each projecting toward a wearer when the eyeglass device is worn;

a first pair of magnetic members, each affixed to a respective one of a pair of projections attached to a rear side of said extensions so as to be concealed by said extensions when said eyeglass is worn, said first pair of magnetic members each having a first surface;

an auxiliary spectacle frame for supporting auxiliary lenses therein;

a pair of spaced apart arms mounted to said auxiliary spectacle frame and projecting toward the wearer when the eyeglass device is worn; and

a second pair of magnetic members, each affixed to said pair of arms, said second pair of magnetic members each having a second surface, said auxiliary spectacle frame capable of being supported by said primary spectacle frame by mounting said second pair of magnetic members to said first pair of magnetic members, said first and second surfaces being oppositely directed so that said surfaces are juxtaposed.

-12-

23484 v2

Amendment and Interview Summary                              Docket No. 4216-4000
Serial No. 09/182,862

82. (NEW)   An eyeglass device according to claim 81 wherein said auxiliary frame includes an abutment surface for engagement with an oppositely directed surface on said primary frame to inhibit relative movement therebetween.

83. (NEW)   An eyeglass device according to claim 82 wherein said abutment surface is provided on each of said arms on said auxiliary frame.

84. (NEW).   An eyeglass device according to claim 82 wherein said extensions are located adjacent respective ones of said arms.

85. (NEW)   An eyeglass device according to claim 84 wherein said auxiliary frame includes an abutment surface for engagement with an oppositely directed surface on said primary frame to inhibit relative movement therebetween.

86. (NEW)   An eyeglass device comprising:

a primary spectacle frame having two side portions, said side portions each having an extension extending rearwardly therefrom with a top side and a rear side with a first magnetic member secured thereto, and

an auxiliary spectacle frame including two arms for extending over a corresponding top side of said extensions, said arms respectively containing second magnetic members for cooperation with said first magnetic members and downwardly extended end portions for hooking said auxiliary spectacle frame to said primary spectacle frame, said arms and said first and second magnetic members supporting said auxiliary spectacle frame on said primary

-13-

23484 v2

Amendment and Interview Summary                                    Docket No. 4216-4000
Serial No. 09/182,862

spectacle frame, wherein at least one of said first magnetic members and said second magnetic

members are magnets.

87. (NEW)    An eyeglass device comprising:

a primary spectacle frame having two side portion extensions, each of said extensions

having a front side, a rear side and a first magnetic member secured to said rear side,

an auxiliary spectacle frame including two side portions each having an arm extended

therefrom and traversing said extension from said front side to said rear side, each of said arms

containing a second magnetic member, and

said first and second magnetic members engaging one another to support said auxiliary

spectacle frame on said primary spectacle frame.

88. (NEW)    An eyeglass device comprising:

a primary spectacle frame having two side portion extensions, each of said extensions

having a front side, a rear side and a first magnetic member secured to said rear side,

an auxiliary spectacle frame including two side portions each having an arm extended

therefrom, each of said arms containing a second magnetic member, said arms extending across

said extension from said front side to said rear side, and

said arms and said first and second magnetic members stably support said auxiliary

spectacle frame on said primary spectacle frame.

-14-

23484 v2

Amendment and Interview Summary
Serial No. 09/182,862

Docket No. 4216-4000

89. (NEW)   An eyeglass device comprising:

a primary spectacle frame having two side portions, each of said portions having an extension with a front side, a rear side and a first magnetic member secured to said rear side,

an auxiliary spectacle frame including two side portions each having an arm extended therefrom, each of said arms containing a second magnetic member, said arms extending across a respective extension from said front side to said rear side so that said first and second magnetic members engage one another whereby said auxiliary spectacle frame is supported by said primary spectacle frame.

## REMARKS

Upon entry of the above Amendment, claims 4 – 11, 13 – 27, 29 – 35 and 41- 66 will have been canceled, claims 12, 28 and 36 will have been amended and claims 67 – 89 will have been added.  As a result of the above Amendment, claims 1-3, 12, 28, 36-41 and 67 – 89 will be pending in the reissue application, and the number of claims for consideration will have been reduced from 66 to 34.  No new matter has been introduced by this Amendment.  Entry and reconsideration are respectfully requested.

I-      **THE APRIL 4, 2001 INTERVIEW:**

On April 4, 2001, an Interview was conducted with Primary Examiner Mai, Supervisor Ms. Georgia Epps, and SPREs Ed Glick and Clayton LaBalle.  During the Interview the Office Action dated July 15, 1999, the Richard Chao Supplemental Reissue Declaration filed May 29, 2001, Applicant's November 22, 2000 response, and a set of proposed claims were discussed.

-15-

23484 v2

Amendment and Interview Summary                                      Docket No. 4216-4000
Serial No. 09/182,862

1.     **DISCUSSION OF APPLICANT'S COMPLIANT**
       **SUPPLEMENTAL REISSUE OATH 35 USC § 251**

The Richard Chao supplemental reissue declaration filed on March 29, 2001 was

discussed during the interview, at which time both Examiner Mai and SPRE Glick indicated that

the declaration was in complete compliance with the reissue rules.  As a result, it is applicant's

understanding that the Examiner's observations/rejections set forth at ¶s 2 and 3 of the July 1999

Office Action are moot and withdrawn, as indicated in the Examiner's Interview Summary

Record.

2.     **DISCUSSION OF REJECTION OF REISSUE CLAIMS 8, 9, 12, 13,**
       **16-22, 25-35 AS CONTAINING NEW MATTER UNDER 35 USC § 251**

The rejection of claims 8, 9, 12, 13, 16-22, 25-35 under 35 USC § 251 as containing new

matter, set forth in ¶(4) of the July 1999 Office Action, was discussed, and has been withdrawn.

During the Interview, reissue claims 8, 9, 12, 13, 16-22, 25-35 as filed, and the claims set forth in

the November 2000 Amendment were discussed.   Applicant's representative argued that reissue

claims 8, 9, 12, 13, 16-22, 25-35 presented when the reissue was filed on October 21, 1998, and

the corresponding claims in Applicant's November 2000 Amendment, and the phrases objected

to in the ¶(4) rejection under 35 USC § 251, do not contain new matter, and that each phrase

objected to is in fact fully supported by the original application which matured into the Chao

'207 patent.

For example, the "first magnetic members being coupled, but not in contact, with the

second magnetic member," recited in claims 8, 9, 22 and 35 does not constitute new matter, and

is fully supported by the original specification, claims and drawings.  Similarly, the subject

matter "the end portion of the arm of the auxiliary spectacle frame extended downward toward

-16-

23484 v2

the projection for hooking on the primary spectacle frame" in claims 25-33 does not constitute

new matter, and is expressly taught at column 3 of the Chao patent for which reissue is sought.

Similarly, the "securing the magnetic members to the side portions of the primary spectacle"

feature recited in claims 12, 16, 18, 20, 34 and 35 does not constitute new matter, and is fully

supported by the original specification, claims and drawings.

Further, according to the Interview Summary Record, the Examiner and applicant's

representative agreed that the language in the November 27, 2000 and March 1, 2001

Amendments overcame this rejection, and therefore the Examiner has expressly withdrawn the

rejection under 35 USC § 251.

## 3.   **DISCUSSION OF PROPOSED FIGURE 8**

Proposed Figure 8 was discussed during the Interview and objected to in ¶(5) of the July

1999 Office Action. At the interview the Examiner acknowledged that the Chao '207 patent at

column 3 expressly teaches, "and the end portions of the arms 21 and/or the magnetic members

22 are slightly extended downward toward the projections 13 such that the arms 21 and the

magnetic members 22 may hook on the primary spectacle frame 10…" However, in the ¶(5)

objection to the drawing as containing new matter, set forth in the July 1999 Office Action, the

Examiner indicated "the original disclosure does not support an arm which extends downward

toward the projection for hook on the primary spectacle frame as shown in the newly added Fig.

8." During the Interview, the Examiner clarified his objection by stating that he was not

objecting to a downwardly extending end portion per se, but to the fact that the end portion

extends laterally past the rear edge of the projection.

-17-

Amendment and Interview Summary                                    Docket No. 4216-4000
Serial No. 09/182,862

Applicant is of the opinion that the original specification supports new Figure 8 for at least the following reason. The disclosure at column 3 expressly states that the end portion of the arm extends downward towards the projection. In addition, the original specification expressly discloses that the end portion may hook onto the spectacle frame. The original Chao '207 patent also expressly discloses that the projection is part of the spectacle frame, to wit, "the primary spectacle frame including two rear and side portions each having a projection secured thereto." Since the original patent expressly states that the end portion of the arm can hook to the frame, this disclosure conveys to the skilled practitioner that the end portion can hook onto the frame, e.g., via the "extension 11" which is part of the frame, or to "the end of the projection" which is also part of the frame, to help retain the auxiliary frame on the primary frame.

In any event, during the interview, the Examiner indicated that claims directed to the feature, "the end portion of the arm of the auxiliary spectacle frame extended downward towards the projection for hooking on the primary spectacle frame," are supported by the original disclosure, and would not require a separate drawing figure to show this feature. Thus, the Examiner expressly waived the requirements of 37 CFR 1.83 with respect to this feature. Accordingly, Figure 8 and its corresponding description in the specification have been deleted.

4.      **DISCUSSION OF NEW MATTER IN THE SPECIFICATION**

During the interview, applicant's representative discussed the objection to the specification set forth in ¶(6) of the July 1999 Office Action relating to the description of Figure 8. In view of the above Amendment, and as discussed above, reference to Figure 8 and its corresponding description in the reissue application have been eliminated. Accordingly, this objection is moot.

-18-

23484 v2

Amendment and Interview Summary
Serial No. 09/182,862

Docket No. 4216-4000

## 5.   DISCUSSION OF REJECTION OF REISSUE CLAIMS 8, 9, 12, 13, 16-22, 25-35 AS CONTAINING NEW MATTER UNDER 35 USC § 112, 1ST ¶

The rejection of claims 8, 9, 12, 13, 16-22, 25-35 under 35 USC § 112, 1st ¶, as containing new matter, as set forth in ¶(8) of the July 1999 Office Action is withdrawn. During the April 4, 2001 Interview, Applicant's representative argued that reissue claims 8, 9, 12, 13, 16-22, 25-35, presented when the reissue was filed on October 21, 1998, and the phrases objected to in the ¶(8) rejection under 35 USC § 112, 1st ¶, do not contain new matter, and that each phrase objected to is in fact fully supported by the original specification, claims and drawings. Further, according to the Interview Summary Record, the Examiner and applicant's representative agreed that the language in the November 27, 2000 and March 1, 2001 Amendments overcame this rejection, and therefore the Examiner has expressly withdrawn the ¶(8) rejection under 35 USC § 112, 1st ¶.

## 6.   DISCUSSION OF REJECTION OF REISSUE CLAIMS 1-35 UNDER 35 USC § 112, 1ST ¶

During the interview the phrases "at least one" and "engaged with," deleted from original patent claim 1 and its dependent claims were discussed. As the Examiner's Interview Summary Record indicates, Examiner Mai was insistent that the specification does not support a spectacle device where "at least one arm" extends over the side portion of the primary spectacle frame, i.e., that only one arm extends over the side portion. However, the Examiner did agree that it was not necessary for applicant to recite in claim 1 that the arms which extend over the upper side portion, also "engage with" the upper side portion. Although applicant does not share the Examiner's opinion that there is no support for reciting "at least one arm" in the claims, the

23484 v2

reissue claims have been amended to delete reference to "at least one" to advance prosecution of this reissue application. Accordingly, this rejection should be withdrawn.

7.    **DISCUSSION OF REJECTIONS BASED ON THE
      NISHIOKA PATENT AND TWINCOMB DOCUMENT**

Each of the rejections under 35 USC §102 set forth in the July 1999 Office Action was discussed at the Interview, but no agreement was reached, except to the extent that the Examiner agreed to reconsider the declarations submitted by applicant in support of applicant's position that the Twincomb documents are not available as prior art under 35 USC § 102(a) or any other provision of 35 USC § 102.

**II-   RESPONSES TO REJECTIONS/OBJECTIONS RAISED
       IN THE JULY 1999 OFFICE ACTION**

1.    **APPLICANT'S REISSUE OATH - 35 USC § 251**

In the July 1999 Office Action, the Examiner in ¶s 2 and 3 thereof objected to the reissue declaration, and rejected the claims under 35 USC § 251. These objections/rejections are moot and have been withdrawn. In addition, during the April 4, 2001 interview, SPRE Ed Glick indicated that should all the specific errors identified in the supplemental reissue declaration be eliminated, a second, supplemental reissue declaration may be necessary.

Applicant respectfully submits that the supplemental reissue declaration filed in March 2001 specifically identifies at least one error still being corrected by this reissue, to wit:

VII.    I verily believe the '207 patent is wholly or partly inoperative by failing to
        include the following description of FIG. 7, that describes the spacing

-20-

between the magnets 14 and 22 which "spacing" is clearly depicted in

original application FIG. 7.

> *In one embodiment, as shown in FIG. 7, magnetic members
> 14 and 22 are not in contact with each other, magnetic members
> 14 and 22 are engaged with, but not supported on, each other.
> Instead, the arms 21 securing the magnetic member 22 is
> supported on an upper side portion of the primary spectacle frame
> 10. As shown in FIG. 7, the upper side portion can be an upper
> part of the side portion securing the projection 13.*

Thus, applicant respectfully submits that no additional supplemental declaration should

be required. In addition, applicant respectfully submits that the supplemental reissue declaration

filed on March 29, 2001, when combined with the intent of the original reissue declaration, is

sufficiently adequate to comply with the requirements of the rules, particularly in view of at least

paragraphs 12 and 13 of the original declaration which identify numerous errors in the original

Chao '207 patent, e.g., numerous features that were not expressly claimed in the Chao '207

patent.

## 2.  RESPONSE TO REJECTION OF REISSUE CLAIMS 8, 9, 12, 13, 16-22, 25-35 AS CONTAINING NEW MATTER UNDER 35 USC § 251

Claims 8, 9, 12, 13, 16-22, 25-35 have been rejected under 35 USC § 251 as containing

new matter as set forth in ¶(4) of the July 1999 Office Action. This rejection has been

withdrawn, in view of applicant's arguments that these claims do not contain new matter and are

fully supported by the "original specification, claims and drawings," and as acknowledged by the

Examiner in the Interview Summary Record dated April 4, 2001.

23484 v2

Amendment and Interview Summary                    Docket No. 4216-4000
Serial No. 09/182,862

3.     **DISCUSSION OF PROPOSED FIGURE 8**

Proposed Figure 8 has been canceled and thus the objection to Figure 8 is moot.  In addition, as discussed supra, Figure 8 is supported by the original Chao '207 patent disclosure. Since the Examiner indicated during the April 4, 2001 interview that he would waive the requirements of the rule to have a specific Figure for claims drawn to the downwardly extended end portion of the arm, 37 CFR § 1.83, applicant has decided not to provide any Figure 8 showing this feature.

4.     **RESPONSE TO REJECTION OF REISSUE CLAIMS 8, 9, 12, 13, 16-22, 25-35 AS CONTAINING NEW MATTER UNDER 35 USC § 112, 1ST ¶**

Reissue claims 8, 9, 12, 13, 16-22 and 25-32 have been rejected under 35 USC § 112, 1st paragraph as containing new matter.  According to the Examiner's Interview Summary Record, the Examiner and applicant's representative agreed that these claims and the phrases objected to in the ¶(8) rejection under 35 USC § 112, 1st ¶, do not contain new matter, and each phrase objected to is in fact fully supported by the original "specification, claims and drawings." Accordingly, this rejection is improper, and has been withdrawn.

5.     **RESPONSE TO REJECTION OF REISSUE CLAIMS 1-35 UNDER 35 USC § 112, 1ST ¶**

Claim 1, and all other claims including the phrase "at least one" have been amended and the phrase deleted.  The phrase "engaged with," deleted from original patent claim 1, and its dependent claims remain.  During the Interview, the Examiner indicated that he no longer objected to the deletion of the phrase "engaged with." Therefore, it is respectfully submitted that this rejection is no longer applicable and the rejection should be withdrawn.

-22-

Amendment and Interview Summary
Serial No. 09/182,862

Docket No. 4216-4000

6. **RESPONSE TO REJECTION UNDER 35 USC § 112, 2ND ¶**

Claims 5-9, 10-13, 22 and 32-35 have been rejected under 35 USC § 112, 2nd ¶.

Applicant respectfully submits that the November 27, 2000 Amendment corrects the form of the

claims and does not narrow the claimed invention.  See Festo Corp. v. Shoketsu Kinzoku Kogyo

Kabushiki Co., 234 F.3d 558 (Fed. Cir. 2000).

7. **RESPONSE TO THE REJECTION BASED ON THE NISHIOKA PATENT**

Claims 12 and 34 have been rejected under 35 USC § 102 (e) as being anticipated by

U.S. patent No. 5,642,177 (Nishioka).  Applicant respectfully submits that the Nishioka patent

does not teach or suggest the invention of claims 12 and 34 for reasons of record.  Claim 34 has

been canceled without prejudice or disclaimer for the subject matter recited therein.

The Nishioka patent, as previously argued in the November 27, 2000 Amendment, shows

magnetic engagement along a vertical plane, which is not being recited in Claim 12.  Further, a

clarifying amendment to claim 12 has been made to more clearly distinguish the horizontal

attraction between the first and second magnets.  Accordingly, in view of the above Amendment

to claim 12, it is respectfully submitted that this rejection is improper and should be withdrawn.

8. **RESPONSE TO THE REJECTION BASED ON THE TWINCOMB DOCUMENTS**

Claims 1, 3-7, 10-21, 23, 24 and 34 have been rejected under 35 USC § 102(a) as being

anticipated by Twincome-Pentax.  Applicant respectfully traverses this rejection for all the

reasons of record.

23484 v2

Amendment and Interview Summary                                    Docket No. 4216-4000
Serial No. 09/182,862

During the Interview, Examiner Mai informed the undersigned that he had not as of yet
had an opportunity to evaluate the Richards Samuel's declaration filed in support of applicant's
position, i.e., a declaration in support of the argument that with respect to the Le Coane meeting,
any documents provided to the attendees do not constitute a publication because it was not a
"public meeting." Applicant requests that the Examiner consider the Samuel's declaration which
supports the proposition that any document provided during the Le Coane meeting does not
constitute "a publication."

In addition, applicant respectfully submits that neither the documents provided during the
Le Coane group meeting, nor those allegedly presented at the 1995 IOFT meeting constitute
prior art. The Le Coane group meeting allegedly occurred on June 21, 1995, and the 1995 IOFT
Meeting occurred in October 1995.

On October 8, 1998, Interference No. 104,051 (the '051 Interference) was declared
between the Chao '207 patent (the involved Chao patent) and Iwamoto application Serial No.
08/655,828 (the involved Iwamoto application). The involved Iwamoto application had a filing
date of May 31, 1996, and was accorded benefit of its Japanese priority applications, the earliest
of which had a filing date of May 31, 1995. (Exhibit No. 1). Thus, Iwamoto was initially
designated the senior party of the interference. Applicant's reissue declaration filed on October
21, 1998 notified the USPTO of the declared interference. The notice identified the opposing
party, Iwamoto; the involved Iwamoto application serial number; and the counts of the
interference. A copy of the index for party Chao's pleadings in the '051 Interference is attached
for the Examiner's convenience. (Exhibit No. 2).

-24-

23484 v2

Amendment and Interview Summary
Serial No. 09/182,862

Docket No. 4216-4000

On April 23, 1999, the Board of Patent Appeals and Interferences (BPAI) issued their

decision on Iwamoto's Revised Preliminary Motion 2. (Exhibit No. 3). In "denying" Iwamoto's

Preliminary Motion 2, the BPAI set forth at least the following findings of fact:

>   5.    Live testimony of Messrs. Richard and David Chao was taken by direct
>   examination on February 24 and 25, 1999, in the presence of Judges McKelvey
>   and Lee. ("Chao Interference Exhibit 1112")
>
>   6.    Richard Chao came up with the idea within the scope of claim 1 in
>   September or October of 1994 while taking a shower. (Chao Interference Exhibit
>   1112, page 191, lines 14-21).
>
>   7.    Richard Chao considered his invention as that of creating a "hook" type
>   engagement between the primary spectacle frame and the auxiliary spectacle
>   frame. To Richard Chao, so long as the hook function is achieved, it did not
>   matter to Richard Chao from what material the hook is made. (Chao Interference
>   Exhibit 1112, page 206, lines 14-16).
>
>   8.    After having initially thought of the idea of a hooked arrangement
>   between the primary and auxiliary spectacle frames, Richard Chao shared his idea
>   with other persons in discussions about his invention. The other persons included
>   family members, for example, David Chao, a brother of Richard Chao. (Chao
>   Interference Exhibit 1162, page 198, line 2 to page 199, line 22).
>
>   9.    David Chao, after hearing Richard Chao's idea and discussing the same
>   with Richard Chao, drew in his 1994 Day Planner, as an entry for September 5,
>   1994, a figure to depict what he thought Richard Chao had invented and
>   communicated to him. (Chao Interference Exhibit 1105).
>
>   10.   David Chao also drew in his 1994 day Planner, in the entry for
>   October 20, 1994, another figure to depict what he thought Richard Chao had
>   invented and communicated to him. (Chao Interference Exhibit 1106).
>
>   11.   The drawings of David Chao on the September 5 and October 20, 1994,
>   i.e., the entries of his Day Planner, illustrate a magnetic member extending
>   downward from an auxiliary frame toward a projection on the primary spectacle
>   frame holding a magnetic member, as does Figure 7 of the Chao patent. (Chao
>   Interference Exhibits 1105 and 1106).

On April 7, 2000, the BPAI issued an Order that stated that the results of forensic ink-

testing of David Chao's "Day Planner" "be unsealed and disclosed to the parties." (Exhibit No.

23484 v2

4) In the Order, the BPAI stated that "Counsel for the parties indicated that precisely which party will prevail depends on the results of the ink-testing that was performed previously by an independent expert." (Exhibit No. 4, p. 2.)

On or about May 26, 2000, Senior Party Iwamoto and Junior Party Chao filed a "Joint Motion for Entry of Adverse Judgment Against Senior Party Iwamoto." (Exhibit 5). On May 30, 2000, the BPAI entered judgment against senior party Iwamoto. According to the Judgment, Administrative Judge Lee ordered that "the subject matter of both counts 1 and 2 is herein entered against the senior party Toshikazu Iwamoto" and "senior party is not entitled to its application claims" 1, 3, 4, 7-9, 14-18 and 21-47. (Exhibit No. 6, p. 2)

In addition, as indicated by the attached David Y. Chao Declaration under 37 CFR § 1.131, David Y. Chao brought the same Day Planner referred to above in the finding of facts by the BPAI, which included the drawings of Chao Interference Exhibits 1105 and 1106 (Exhibits 8 and 9), and expressly mentioned in Exhibit No. 3, and at least one spectacle prototype device embodying Richard Chao's concepts, into the United States before May 31, 1995. (Exhibit No. 7). In addition, David Y. Chao stated in his declaration that "shortly before March 25, 1995, active exercise began and continued in a diligent effort toward reducing the inventive concepts illustrated in my Day Planner to practice in the US."

It is respectfully submitted that in view of the above evidence, the documents distributed at the Le Coane meeting and the IOFT '95 Tradeshow are not "prior art." Accordingly, the rejection of 1, 3-7, 10-21, 23, 24 and 34, or any of the pending claims under 35 USC § 102(a) based on the Twincomb documents is improper and should be withdrawn

-26-

Amendment and Interview Summary                         Docket No. 4216-4000
Serial No. 09/182,862

## AUTHORIZATIONS:

No petition or fee is necessary.

The Commissioner is also hereby authorized to charge any additional fees which may be
required for timely consideration of this Amendment under 37 C.F.R. §§ 1.16 and 1.17, or credit
any overpayment to Deposit Account No. 13-4500, <u>Order No. 4216-4000</u>.

Respectfully submitted,

Date: **April 20, 2001**                    By: _Michael S Marcus_

Michael S. Marcus, Esq.
Registration No. <u>31,727</u>
(202)-857-7887 Telephone
(202)-857-7929 Facsimile

**Correspondence Address:**
MORGAN & FINNEGAN, L.L.P.
345 Park Avenue
New York, New York 10154
(212) 758-4800 Telephone
(212) 758-6849 Facsimile

-27-

23484 v2