# Exhibit "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 09-61515-CIV-COOKE/BANDSTRA

ASPEX EYEWEAR, INC. AND
CONTOUR OPTIK, INC.

    Plaintiffs,

vs.

MARCHON EYEWEAR, INC.,
NIKE, INC.,
REVOLUTION EYEWEAR, INC.,
AND GARY MARTIN ZELMAN,
AN INDIVIDUAL,

    Defendants.
_____/

## FINAL JUDGMENT

In light of this Court's November 3, 2010 Order [DE 210] denying the Motion for Partial Summary Judgment of Plaintiffs Aspex Eyewear, Inc. ("Aspex") and Contour Optik, Inc. ("Contour") (collectively "Plaintiffs"), granting the Motions for Summary Judgment of Defendants Marchon Eyewear, Inc. ("Marchon"), Revolution Eyewear, Inc. ("Revolution"), and Gary Martin Zelman ("Zelman") in part, and granting the Motion for Summary Judgment of Defendant Nike, Inc. ("Nike") (collectively "Defendants") in full,  it is ORDERED AND ADJUDGED as follows:

    1.    Pursuant to Federal Rule of Civil Procedure 54(b), <u>final judgment</u> is entered in favor of Defendants Marchon, Nike, Revolution, and Zelman against Plaintiffs Aspex and Contour on <u>all</u> counts of Plaintiffs' Complaint [DE 1].

    2.    The cause of action against Marchon (Count I) is barred by claim preclusion.

3. The cause of action against Revolution (Count II) is barred by claim preclusion.

4. The cause of action against Nike (Count IV) fails as a matter of law, as the cause of action against Marchon (Count I) is barred by claim preclusion.

5. The cause of action against Zelman (Count V) fails as a matter of law, as the cause of action against Revolution (Count II) is barred by claim preclusion.

6. The November 3, 2010 Order disposes of all of Plaintiffs' claims for the reasons stated above. Therefore, there is no need for this Court to address (i) Defendants' non-infringement defenses and counterclaims, or (ii) Defendants' invalidity defenses and counterclaims.

7. In the interest of judicial economy and efficient administration of this case, the Parties have filed an agreed joint motion to stay Marchon's counterclaims for Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealings, pending a further Order from this Court subsequent to any final decision from the Federal Circuit on Plaintiffs' appeal of this Judgment or, if certiorari is granted, from the Supreme Court.

8. Accordingly, the Court determines that there is no just reason for delay in entering final judgment pursuant to Federal Rule of Civil Procedure 54(b) with respect to this Court's November 3, 2010 Order.

9. Moreover, the Court finds that a delayed appeal of this Court's November 3, 2010 Order will cause undue hardship on the litigants that could be avoided by immediate appellate review of this Court's November 3, 2010 Order.

10. The Court believes that the interests of justice are best served by permitting appellate review of this Court's November 3, 2010 Order and dismissing without prejudice (i) Defendants' non-infringement counterclaims and (ii) Defendants' invalidity counterclaims.

11. Defendant Marchon's counterclaims for Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealings are stayed pending a further Order from this Court subsequent to any final decision from the Federal Circuit on Plaintiffs' appeal of this Judgment or, if certiorari is granted, from the Supreme Court, at which time Defendant Marchon may proceed with these counterclaims.

12. Defendants shall file their respective Motions pursuant to Local Rule 7.3 within sixty (60) days of entry of this Final Judgment.

**DONE AND ORDERED** in Chambers at Miami, Florida, this ____ day of December, 2010.

_____
MARCIA G. COOKE
UNITED STATES DISTRICT JUDGE

cc: All counsel of record